UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

RECEIVED
01 JUN 11 PM 4:50
CLERK, U.S. DIST. COURT
MINNEAPOLIS, MN

Case No.: 00-CV-2548 RHK/AJB

Andersen Corporation,

Plaintiff,

vs.

Fiber Composites, LLC,

Defendant.

**STIPULATION AND PROTECTIVE ORDER**

WHEREAS, to facilitate production and receipt of information during discovery in the above-referenced case, plaintiff Andersen Corporation ("Andersen") and defendant Fiber Composites, LLC, have agreed and stipulated, through their respective counsel, to the entry of an order for the protection of trade secrets and other confidential research, development, financial, or commercial information that may be produced or otherwise disclosed by them during the course of this action.

NOW, THEREFORE, Andersen and Fiber Composites stipulate that the following procedure shall be adopted for the protection of confidential and proprietary information:

**DEFINITIONS:**

1. For purposes of this Order, CONFIDENTIAL INFORMATION means any confidential or proprietary technical, scientific, or business information that is not generally known and that the "Producing Party" would normally maintain in confidence and not reveal to a third party. Any information that is derived from CONFIDENTIAL INFORMATION also constitutes CONFIDENTIAL INFORMATION to the extent the derived information embodies, contains, or discloses any CONFIDENTIAL INFORMATION.

FILED JUN 13 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

2282646 WORD

2. For purposes of this Order, CONFIDENTIAL-ATTORNEY EYES ONLY INFORMATION means any very sensitive CONFIDENTIAL INFORMATION the Producing Party reasonably believes the disclosure of which is likely to seriously harm the competitive positions of the Producing Party. Any information that is derived from CONFIDENTIAL-ATTORNEY EYES ONLY INFORMATION also constitutes CONFIDENTIAL-ATTORNEY EYES ONLY INFORMATION to the extent the derived information embodies, contains, or discloses any CONFIDENTIAL-ATTORNEY EYES ONLY INFORMATION.

3. For purposes of this Order, "Producing Party" means a party to this action or any non-party, on behalf of which information is furnished or produced during the course of this action. CONFIDENTIAL INFORMATION or CONFIDENTIAL-ATTORNEY EYES ONLY INFORMATION of the Producing Party may be furnished or produced in response to requests for production of documents, interrogatories, requests for admissions, depositions, subpoenas, or any other request for discovery pursuant to the Federal Rules of Civil Procedure or by the local rules of the United States District Court for the District of Minnesota; or may be furnished or produced in compliance with initial disclosures or any other disclosures required by the Federal Rules of Civil Procedure or by the local rules of the United States District Court for the District of Minnesota; or may be furnished or produced in the form of pleadings, briefs, memoranda, expert reports, testimony adduced at trial, or materials to be introduced into evidence; or may be furnished or produced voluntarily or informally by a party to this action or any third party.

4. For purposes of this Order, "Receiving Party" means a party to this action or any non-party to which information is furnished or produced during the course of this action. CONFIDENTIAL INFORMATION or CONFIDENTIAL-ATTORNEY EYES ONLY INFORMATION may be furnished or produced to the Receiving Party in response to requests for production of documents, interrogatories, requests for admissions, depositions, subpoenas, or any

other request for discovery pursuant to the Federal Rules of Civil Procedure or by the local rules of the United States District Court for the District of Minnesota; or may be furnished or produced in compliance with initial disclosures or any other disclosures required by the Federal Rules of Civil Procedure or by the local rules of the United States District Court for the District of Minnesota; or may be furnished or produced in the form of pleadings, briefs, memoranda, expert reports, testimony adduced at trial, or materials to be introduced into evidence; or may be furnished or produced voluntarily or informally by a party to this action or any third party.

5. By way of example and without limitation, the term "documents" shall have the same meaning as set forth in Rule 34(a) of the Federal Rules of Civil Procedure, and shall include but not be limited to correspondence, memoranda, bulletins, circulars, advertisements, catalogs, publications, or other printed matter, interoffice and/or intracorporate communications, minutes, telegrams, letters, statements, canceled checks, contracts, invoices, drafts, maps, charts, books of accounts, work sheets, notes of conversations, desk diaries, appointment books, expense accounts, recordings, specifications, photographs, motion pictures, compilations from which information can be obtained and translated as required through detection devices into reasonably usable form, any media (whether disk, tape, ROM, CD-ROM, punch card, electromagnetic, optical, or mechanical) from which data can be obtained, sketches, drawings, notes (including laboratory notebooks and records), blueprints, disclosures, models, data, reports, work assignments, instructions, and other writings.

**DESIGNATION OF INFORMATION:**

6. It is contemplated that one or more of the parties may make available certain of their files for inspection by the other party, which files may contain confidential as well as nonconfidential material, and that following such inspection an inspecting party will designate documents to be copied and the copies furnished or produced to it. All documents and their contents made available for such inspection shall be assumed to be CONFIDENTIAL-ATTORNEY EYES ONLY INFORMATION and shall be treated as such until the Producing Party has had the opportunity to designate and mark selected furnished documents as CONFIDENTIAL INFORMATION or CONFIDENTIAL-ATTORNEY EYES ONLY INFORMATION according to paragraphs 7-8 hereof. Any documents not designated to be copied shall remain CONFIDENTIAL-ATTORNEY EYES ONLY INFORMATION.

7. Whenever a document or thing produced by any party involves a disclosure of information that the Producing Party deems to be CONFIDENTIAL INFORMATION and wishes to be made subject to this Protective Order, the Producing Party shall designate the appropriate level of confidentiality by marking the document or thing with the following (or similar) legend at the time it is turned over to the Receiving Party:

**CONFIDENTIAL**
**SUBJECT TO PROTECTIVE ORDER**

Any copy made of such document or thing or any abstract, summary, or memorandum embodying information designated pursuant to this Protective Order shall bear on its face the same (or similar) legend.

8. Whenever a document or thing produced by any party involves a disclosure of information that the Producing Party deems to be CONFIDENTIAL-ATTORNEYS EYES ONLY INFORMATION and wishes to be made subject to this Protective Order, the Producing

Party shall designate the appropriate level of confidentiality by marking the document with the following (or similar) legend at the time it is turned over to the Receiving Party:

**CONFIDENTIAL**
**ATTORNEY EYES ONLY**

Any copy made of such document or thing or any abstract, summary, or memorandum embodying information designated pursuant to this Protective Order shall bear on its face the same (or similar) legend.

9. If, during the course of discovery in this action, the parties hereto, or their representatives, are authorized to inspect another party's facilities, or processes of product manufacture, any information learned or documents or things generated as a consequence of any such inspection shall be deemed by the inspecting party, subject to the other provisions of this Protective Order, to comprise or to be CONFIDENTIAL-ATTORNEY EYES ONLY INFORMATION and shall be treated as such.

10. All information disclosed at a deposition shall initially be treated as CONFIDENTIAL-ATTORNEY EYES ONLY INFORMATION until 30 days after the transcript is available for review (pursuant to Rule 30(e) of the Federal Rules of Civil Procedure). Parties (and deponents) may, at any time within that 30 day period designate by page and line numbers any portions of the deposition transcript as CONFIDENTIAL INFORMATION or CONFIDENTIAL-ATTORNEY EYES ONLY INFORMATION. The designation shall be made in writing and sent to counsel for the other party or both parties if the designation is made by the deponent. Pages of each copy of the transcript containing such information shall be so marked. All portions of the transcript not so designated shall be considered non-confidential after the 30 days period expires.

11. In the event that any documents, things, or information that have been designated CONFIDENTIAL or CONFIDENTIAL-ATTORNEY EYES ONLY INFORMATION is included with or the contents thereof are in any way disclosed in any pleading, motion, deposition transcript, or other paper filed with the clerk of the court, such documents, things, or information and related materials shall be filed with the clerk of the court in sealed envelopes prominently marked with the caption of this case, the identity of the party filing the envelope, and the following (or similar)notation:

**CONFIDENTIAL**
**ATTORNEY EYES ONLY**
**DATED _________, 2001**
**Case No. 00-CV-2548 RHK/AJB**

**THIS ENVELOPE IS NOT TO BE OPENED NOR THE CONTENTS THEREOF DISPLAYED, COPIED, OR REVEALED EXCEPT BY COURT ORDER OR BY AGREEMENT OF THE PARTIES**

**USE OF CONFIDENTIAL INFORMATION:**

12. Any and all CONFIDENTIAL INFORMATION and/or CONFIDENTIAL-ATTORNEY EYES ONLY INFORMATION which has been obtained during the course of this action shall be maintained subject to the following restrictions:

a) It shall be used only for purposes of this action, and not for any business or other purpose whatsoever; and

b) The Receiving Party may disclose it only to the specific people allowed to see it pursuant to paragraphs 13(a)-(g) of this Protective Order; and

c) Notwithstanding paragraphs 13(a)-(g), such material shall not be given, shown, made available to, or communicated in any way to any attorney, agent or anyone employed in the course of assisting the same, who is directly responsible for: 1) the preparation and/or prosecution in the U.S. Patent Office of any continuation, continuation-in-part, divisional, or

otherwise related application to any of the patents-in-suit; 2) the preparation and/or prosecution of any foreign application that is related to any of the patents-in-suit; and/or 3) the preparation and/or prosecution of any patent application relating to polymer/wood composites and/or structures made therefrom.

13. All material produced by any party pursuant to pretrial discovery in this action which is designated by the Producing Party as containing or comprising CONFIDENTIAL-ATTORNEY EYES ONLY INFORMATION shall be maintained in confidence according to the terms of this Protective Order by the Receiving Party and used solely in the preparation, prosecution, or trial of this action. Subject to the provisions of paragraphs 12(c) hereof, the Receiving Party can only disclose CONFIDENTIAL-ATTORNEY EYES ONLY INFORMATION to:

a) the attorneys from ROBINS, KAPLAN, MILLER & CIRESI LLP, who are actively involved in this litigation as well as their paralegals, law clerks, secretaries and support staff;

b) the attorneys from FISH & RICHARDSON P.C., who are actively involved in this litigation as well as their paralegals, law clerks, secretaries and support staff, but excluding those attorneys who participated in Andersen's pre-litigation selection process and who are screened from this litigation as specified in the Order of Magistrate-Judge Boylan dated March 23, 2001;

c) two in-house counsel of Andersen who are to be designated and who are not prohibited from receiving CONFIDENTIAL INFORMATION and/or CONFIDENTIAL-ATTORNEY EYES ONLY INFORMATION under paragraph 12(c);

d) two in-house counsel of Fiber Composites who are to be designated and who are not prohibited from receiving CONFIDENTIAL INFORMATION and/or CONFIDENTIAL-

ATTORNEY EYES ONLY INFORMATION under paragraph 12(c);

e) in accordance with the provisions of paragraph 14 below, testifying experts and/or litigation consulting firms employed by counsel and retained for this litigation;

f) authors and recipients (as identified on the document) of such designated material; and

g) the Court, (including court reporters, official translators, persons operating video recording equipment at depositions, and any special master appointed by the Court).

All CONFIDENTIAL INFORMATION produced under this Protective Order may be made available, disclosed to, or inspected by any of those designated under paragraph 13(a)-(g) herein and in addition to two in-house employees of each party. The names of such in-house employees will be disclosed to the other party in writing prior to any such disclosure.

Nothing in this Protective Order precludes the Producing Party from disclosing to anyone information which has been generated by its employees or its former employees in the course of their work and which only the Producing Party has designated as CONFIDENTIAL INFORMATION or CONFIDENTIAL-ATTORNEY EYES ONLY INFORMATION.

14. Before any disclosure of CONFIDENTIAL INFORMATION or CONFIDENTIAL-ATTORNEY EYES ONLY INFORMATION of the Producing Party is made to any testifying expert witness and/or litigation consulting firms retained by counsel for the Receiving Party for assistance in the preparation, prosecution, or trial of this action, each such expert and/or firm shall be furnished with a copy of this Protective Order and shall execute a written statement under oath, in the form attached hereto as "Exhibit A," acknowledging that he or she is familiar with the provisions of this Protective Order and will abide by them, and such statement shall be kept by the employing counsel for reference should such be necessary. For a business, the statement shall be signed by a person authorized to bind the business organization

who shall advise any other personnel of such consultant to whom CONFIDENTIAL INFORMATION or CONFIDENTIAL-ATTORNEY EYES ONLY INFORMATION is disclosed of the obligations imposed by this Protective Order.

15. Notwithstanding the provisions of paragraph 14, no disclosure of CONFIDENTIAL INFORMATION or CONFIDENTIAL-ATTORNEY EYES ONLY INFORMATION of the Producing Party shall be made to any outside testifying expert witness of the Receiving Party before the Receiving Party identifies the individual and provides the Producing Party with a copy of the signed "Exhibit A" signed by the expert. The Producing Party has 10 calendar days to object to any disclosure to the witness. If objection is made, no disclosure shall be made to the witness without order of the Court, but the Producing Party shall have the burden of establishing the basis for the objection.

16. Before any disclosure of CONFIDENTIAL INFORMATION or CONFIDENTIAL-ATTORNEY EYES ONLY INFORMATION of another party is made to mock jurors, focus group members, and the like selected by trial consultants, jury consultants or by counsel in preparation for trial, any such person shall execute a confidentiality agreement in the form attached hereto as "Exhibit B" and such statement shall be kept by counsel for reference should such be necessary. No documents or physical things embodying CONFIDENTIAL, INFORMATION or CONFIDENTIAL-ATTORNEY EYES ONLY INFORMATION of another party shall be left in the possession of any such person.

17. Notwithstanding the provisions of paragraph 16, no disclosure of CONFIDENTIAL INFORMATION or CONFIDENTIAL-ATTORNEY EYES ONLY INFORMATION shall be made by counsel for the Receiving Party to any mock juror, focus group member, or the like, if it is known, either through execution of a confidentiality agreement in the form attached as "Exhibit B" or for some other reason, that the individual or the individual's spouse had a past or

present employment or consulting agreement or arrangement with the opposing party. In that event, the Receiving Party will identify the individual and provide to the Producing Party a copy of the signed "Exhibit B" prior to making any disclosure in sufficient time (not less than ten (10) calendar days) for the Producing Party to object. If objection is made, no disclosure shall be made to the individual until the matter is resolved.

**INFORMATION DESIGNATED IMPROPERLY:**

17. The restrictions set forth in any of the preceding paragraphs shall not apply to:

(a) any information which at the time of disclosure is available to the public;

(b) any information which after disclosure becomes available to the public through no act, or failure to act, on behalf of the Receiving Party, its counsel, or its independent consultants;

(c) any information which the Receiving Party is able to prove: (i) was already known to the Receiving Party from legitimate sources, (ii) was independently developed by the Receiving Party, (iii) was obtained from the Producing Party without having been identified as CONFIDENTIAL INFORMATION or CONFIDENTIAL-ATTORNEY EYES ONLY INFORMATION (subject to the provisions and circumstances provided for in paragraphs 22-24 hereof), or (iv) was received after the time of disclosure hereunder from a third party having the right to make such disclosure and was not required to be held in confidence; or

(d) any information which the Producing Party would normally reveal to third parties without causing those third parties to maintain the information in confidence.

18. The receipt of any document, thing, pleading, or response to any interrogatory designated as CONFIDENTIAL INFORMATION or CONFIDENTIAL-ATTORNEY EYES ONLY INFORMATION by a party shall not be construed as an agreement by any party that any such document, thing, pleading, or response to an interrogatory is in fact confidential, and shall not operate as a waiver of any party's right to challenge any such designation as provided herein.

19. The parties shall act in good faith in designating information and materials as CONFIDENTIAL INFORMATION or CONFIDENTIAL-ATTORNEY EYES ONLY INFORMATION. A party may object to the designation of such materials at any time. If a party objects, the party shall give written notice of its objection to the other party. The parties shall then attempt to resolve the dispute by negotiation. If such negotiations fail to resolve the dispute, any party wishing to challenge the designation may file a motion for an appropriate order. The information shall be treated in the manner designated by the Producing Party until resolved by the Court. Any party asserting that the materials are CONFIDENTIAL INFORMATION or CONFIDENTIAL-ATTORNEY EYES ONLY INFORMATION shall have the burden of making such a showing in support of its position. Any party asserting that it was possessed of the materials prior to disclosure by the Producing Party, or that the materials were acquired or developed independently, or that the materials are public knowledge, shall have the burden of making such a showing in support of its position. During the time the Court considers any such request, the materials will continue to be treated as CONFIDENTIAL INFORMATION or CONFIDENTIAL-ATTORNEYS EYES ONLY INFORMATION in accordance with this Order.

20. No party shall be obligated to challenge the propriety or correctness of the designation of information as CONFIDENTIAL INFORMATION or CONFIDENTIAL-ATTORNEY EYES ONLY INFORMATION and a failure to do so shall not preclude a subsequent challenge of a designation. The parties' conduct in discovery as to producing and

receiving CONFIDENTIAL INFORMATION or CONFIDENTIAL-ATTORNEY EYES ONLY INFORMATION shall have no effect on the substantive issues in this dispute or the burdens of proof at trial.

**INFORMATION INADVERTENTLY DISCLOSED:**

21. If a Producing Party inadvertently discloses to a Receiving Party any document, thing, or information containing information that the Producing Party deems confidential without designating it as CONFIDENTIAL INFORMATION or CONFIDENTIAL-ATTORNEY EYES ONLY INFORMATION, the Producing Party shall promptly upon discovery of such inadvertent disclosure inform the Receiving Party in writing and the Receiving Party shall thereafter treat the document, thing, or information as CONFIDENTIAL INFORMATION or CONFIDENTIAL-ATTORNEY EYES ONLY INFORMATION under this Protective Order. To the extent such document, thing, or information may have been disclosed to persons other than authorized persons described in this Protective Order, the Receiving Party shall make every reasonable effort to retrieve the document, thing, or information promptly from such persons and to prevent any further disclosure to unauthorized persons.

22. If a Producing Party inadvertently discloses to a Receiving Party information that is privileged or otherwise immune from discovery, said Producing Party shall promptly upon discovery of such disclosure so advise the Receiving Party in writing and request that the item or items of information be returned, and no party to this action shall thereafter assert that such disclosure waived any privilege or immunity. It is further agreed that the Receiving Party will return such inadvertently produced item or items of information, and all copies thereof, within ten (10) days of the earliest of (a) discovery by the Receiving Party of the inadvertent production, or (b) receiving a written request for the return of such item or items of information. The party having returned such inadvertently produced item or items of information may

thereafter seek production of any such documents, things, or information in accordance with the Federal Rules of Civil Procedure.

23. It is understood that no person or party shall incur liability with respect to any disclosure by the Receiving Party of CONFIDENTIAL INFORMATION or CONFIDENTIAL-ATTORNEY EYES ONLY INFORMATION that was inadvertently disclosed without proper designation by the Producing Party, provided the disclosure by the Receiving Party occurred prior to the receipt by the Receiving Party of a written notice of the inadvertent disclosure without proper designation.

**TERMINATION OF LITIGATION OR SETTLEMENT:**

24. Within 90 days of the conclusion or final settlement of this action and any appeal, all persons subject to the terms hereof shall destroy or assemble and return to the party who produced the CONFIDENTIAL INFORMATION or CONFIDENTIAL-ATTORNEY EYES ONLY INFORMATION, all such CONFIDENTIAL INFORMATION or CONFIDENTIAL-ATTORNEY EYES ONLY INFORMATION, including depositions and deposition exhibits designated as CONFIDENTIAL INFORMATION or CONFIDENTIAL-ATTORNEY EYES ONLY INFORMATION, and all copies thereof; and shall destroy any outlines, summaries, abstracts, compilations, memoranda, documents and the like which constitute, embody, contain, or disclose the contents of CONFIDENTIAL INFORMATION or CONFIDENTIAL-ATTORNEY EYES ONLY INFORMATION; except that Counsel may retain one archival copy of court filings and attorney work-product containing CONFIDENTIAL INFORMATION or CONFIDENTIAL-ATTORNEY EYES ONLY INFORMATION, which materials will otherwise remain subject to this Stipulation and Protective Order. The parties shall notify and advise the producing party whether they plan to destroy or assemble and return to the producing party the

CONFIDENTIAL INFORMATION or CONFIDENTIAL-ATTORNEY EYES ONLY INFORMATION.

**ADDITIONAL PROTECTION OF CONFIDENTIAL INFORMATION AND CONFIDENTIAL-ATTORNEYS EYES ONLY INFORMATION:**

25. Nothing in the foregoing provisions of this Protective Order shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, additional protection with respect to the confidentiality of documents or other discovery material, or relief from this Protective Order with respect to particular material designated hereunder.

**PRODUCTION OF CONFIDENTIAL INFORMATION OR CONFIDENTIAL-ATTORNEYS EYES ONLY INFORMATION BY NON-PARTIES:**

26. The production of any CONFIDENTIAL INFORMATION or CONFIDENTIAL-ATTORNEY EYES ONLY INFORMATION by non-parties shall be subject to all the terms and conditions of this Stipulation and Protective Order. Pursuant to this Protective Order, a non-party shall be considered to be a Producing Party and shall have the same rights as the parties to designate information as CONFIDENTIAL INFORMATION or CONFIDENTIAL-ATTORNEY EYES ONLY INFORMATION and the same rights to object to disclosures of their CONFIDENTIAL INFORMATION or CONFIDENTIAL-ATTORNEY EYES ONLY INFORMATION to individuals or businesses other than those specified in paragraphs 12 or 13.

**OBLIGATION OF PARTIES:**

27. Each of the parties named above and their counsel of record undertakes to abide by and be bound by its provisions and to use due care to see that its provisions are known and adhered to by those under their supervision or control.

28. Nothing in this Stipulation and Protective Order shall bar counsel from rendering advice to their client with respect to this litigation and, in the course thereof, relying upon any CONFIDENTIAL INFORMATION or CONFIDENTIAL-ATTORNEY EYES ONLY

INFORMATION, provided counsel does not disclose CONFIDENTIAL INFORMATION or CONFIDENTIAL-ATTORNEY EYES ONLY INFORMATION in a manner not specifically authorized under this Stipulation and Protective Order.

**ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**

Dated: June 8, 2001.

By: Rita Coyle DeMeules

Ronald J. Schutz (#130489)
Rita Coyle DeMeules (#191644)
Scott R. Strand (#147151)
Nicholas S. Boebel (#030217X)

800 LaSalle Avenue, Suite 2800
Minneapolis, MN 55402-2015
Telephone: (612) 349-8500

**ATTORNEYS FOR PLAINTIFF ANDERSEN CORPORATION**

FISH & RICHARDSON P.C.

Dated: June 11, 2001. By ______________________

R. J. Zayed
Jonathan E. Singer

3300 Dain Ruscher Plaza
60 South 6th Street
Minneapolis, MN 55402
Telephone: (612) 335-5070

John M. Skenyon
James M. Hall
FISH & RICHARDSON P.C.
225 Franklin Street
Boston, MA 02110-2804

**ATTORNEYS FOR DEFENDANT FIBER COMPOSITES, LLC.**

So Ordered.

June 13, 2001

US Magistrate Judge

2282646 WORD

## EXHIBIT A

## ACKNOWLEDGMENT AND CONSENT TO PROTECTIVE ORDER

I, ________________________________, state:

I reside at ______________________________;

I have read the Protective Order dated __________, 2001 and have been engaged as a _______________ on behalf of _____________________________in preparation and conduct of the litigation between *Andersen Corporation and Fiber Composites, LLC, Court File No. 00-CV-2548 RHK/AJB,* in the United States District Court for the District of Minnesota.

The following is a description of any past or present employment or consulting arrangement that I or my spouse have had with any of the parties in this case:

Names of Companies:

Type of Relationship (e.g., employee): ________________________________________

Time Periods: ____________________________________________________________

Subject Matter: __________________________________________________________

I am fully familiar with and agree to comply with and be bound by the provisions of said Order. I understand that I am to retain all copies of any documents or things designated as CONFIDENTIAL INFORMATION or CONFIDENTIAL-ATTORNEY EYES ONLY INFORMATION in a secure manner, and that all copies are to remain in my personal custody until I have completed my assigned duties, whereupon the copies and any writings prepared by me containing any information designated as CONFIDENTIAL INFORMATION or CONFIDENTIAL-ATTORNEY EYES ONLY INFORMATION are to be returned to counsel who provided me with such material.

I will not divulge to persons other than those specifically authorized by said Protective Order, and will not copy or use except solely for the purpose of these actions, any information obtained pursuant to said Protective Order, except as provided in said Protective Order. I also agree to notify any stenographic or clerical personnel who are required to assist me of the term of said Protective Order.

I consent to the jurisdiction of the United States District Court for the District of Minnesota for purposes of enforcing my obligations hereunder, and submit to that Court's authority for any violations hereunder.

I state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on ____________________, 2001.

______________________________
(Signature)

## EXHIBIT B

## ACKNOWLEDGMENT AND CONSENT TO PROTECTIVE ORDER

I, ______________________________, state:

I reside at ______________________________;

I have read the Protective Order dated __________, 2001 and have been engaged as a ______________ on behalf of ____________________________in preparation and conduct of the litigation between *Andersen Corporation and Fiber Composites, LLC, Court File No. 00-CV-2548 RHK/AJB,* in the United States District Court for the District of Minnesota.

The following is a description of any past or present employment or consulting arrangement that I or my spouse have had with any of the parties in this case:

Names of Companies: ____________________________________________

Type of Relationship (e.g., employee): ______________________________

Time Periods: ____________________________________________

Subject Matter: ____________________________________________

I am fully familiar with and agree to comply with and be bound by the provisions of said Order.

I will not divulge to persons other than those specifically authorized by said Protective Order, and will not copy or use except solely for the purpose of these actions, any information obtained pursuant to said Protective Order, except as provided in said Protective Order. I also agree to notify any stenographic or clerical personnel who are required to assist me of the term of said Protective Order.

I consent to the jurisdiction of the United States District Court for the District of Minnesota for purposes of enforcing my obligations hereunder, and submit to that Court's authority for any violations hereunder.

I state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on __________________, 2001.

______________________________
(Signature)

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
OFFICE OF THE CLERK
316 N. Robert St., Rm 708
St. Paul, MN 55101

**Clerks Notice In Re: Protective Order**

---

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing confidential original documents with the Clerk of U. S. District Court. Failure to do so will cause the documents to be returned.

***Guidelines for filing with the Clerk:***

A. Documents are to be sealed (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 (LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 ½ x 11 inch white paper...flat and unfolded. This rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)

B. Each envelope must list the following information, and each document is to be in a separate envelope.
- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents).
- The word "SEALED" or "CONFIDENTIAL"

***Guidelines for filing with a U. S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U. S. District Judge or U. S. Magistrate Judge are to be marked accordingly and bound together as a set.