**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**THIRD DIVISION**

Andersen Corporation,

Plaintiff,

v.

Fiber Composites, LLC,

Defendant.

Civil No. 00-2548 RHK/AJB

**ORDER ON MOTION TO COMPEL AND MOTION FOR PROTECTIVE ORDER**

This matter is before the Court, Magistrate Judge Arthur J. Boylan, on defendant's motion for protective order relating to third party subpoenas and plaintiff's motion to compel discovery of financial and product distribution information. Plaintiff's motion to extend the fact discovery deadline and motion for protective order barring the deposition of Donald Garofalo were also before the Court. Hearing was held on March 11, 2002, at the U.S. Courthouse, 316 No. Robert St., St. Paul MN 55101. Rita Coyle DeMeules, Esq., and Nicholas S. Boebel, Esq., appeared and spoke on behalf of the plaintiff. John M. Skenyon, Esq., and R.J. Zayed, Esq., appeared and spoke on behalf of the defendant.

Based upon the file, memorandums, affidavits and exhibits, the Court makes the following:

**ORDER**

1. Plaintiff's Motion for Protective Order quashing the deposition of Donald Garofalo is **denied** [Docket No. 84]. Defendant shall be permitted to take Mr. Garofalo's deposition which shall not exceed three and one-half hours in length. Defendant shall further be



MAR 13 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

permitted to take the deposition of Mr. Mike Koenig.

2. Plaintiff's Motion to Compel Discovery and for an Extension of the Amended Scheduling Order is **granted** [Docket No. 78] as further provided herein.

3. Plaintiff's motion to extend the deadline for fact discovery is **granted**. The deadline is hereby extended to April 2, 2002, for the purpose of taking depositions only.

4. Plaintiff's motion to compel discovery of sales, marketing, distribution and financial information relating to collateral sales of decking products is **granted**. Plaintiff's motion to compel identification of opinions of counsel which may be relied upon as a defense is **denied as moot**. Defendant asserts that the requested discovery relates to products which are not directly involved in this litigation and is not relevant to damages as alleged. Plaintiff contends that decking materials were co-marketed with products that are alleged to be infringing and the effect of sales is relevant to royalty rate analysis. The Court finds that the requested information is relevant to subject matter involved in this action and is discoverable. Fed. R. Civ. P. 26(b)(1). Information that is disclosed pursuant to this discovery request shall be subject to the level of confidentiality which limits access to "outside counsel's eyes only."

5. Defendant's Motion for Protective Order Against Plaintiff's Third Party Subpoenas is **denied** [Docket No. 78]. Plaintiff served a number of subpoenas from federal courts other than the District of Minnesota on third party suppliers and distributors that do business with defendant, as well as defendant's accountant. Defendant opposes the subpoenas on procedural grounds and further objects to the scope of the productions requested in the subpoena. The Court is advised that some third parties had already provided materials pursuant to a subpoena and the motion is therefore moot with respect to those parties. Yet other parties had

served objections in the respective district court which issued the subpoenas and compliance will be subject to enforcement of the subpoenas by the issuing courts. Several additional third party subpoena recipients have neither produced materials as requested nor served objections to the subpoenas. The Court concludes that it lacks jurisdiction with respect to subpoenas issued by district courts other than the District of Minnesota, In re Digital Equipment Corporation, 949 F.2d 228, 230-31 (8th Cir. 1991), and therefore declines to decide either the procedural validity or the proper scope of production requests pursuant to the subpoenas. See In re Sealed Case, 141 F.3d 337 (D.C. Cir. 1998).

Dated: 3/12/02

Arthur J. Boylan
United States Magistrate Judge