# Exhibit 1

Westlaw.



H

**Motions, Pleadings and Filings**

Only the Westlaw citation is currently available.

United States District Court, S.D. New York.
R.C.M. EXECUTIVE GALLERY CORP., Carmen Martinez, and Roger Mojer, Plaintiffs,
v.
ROLS CAPITAL CO., Marvin Goldman, Paul Goldman, Jerome Goldman, and Alex Reizner, Defendants.
**No. 93 CIV. 8571 (JGK).**

Jan. 25, 1996.

Carmen A. Pacheco, Betty Lugo, William Inzerillo, Pacheco & Lugo, New York City.

Jordan B. De Flora, Robert Beacham, Englewood Cliffs, NJ.

Paul Kaufman, Adam J. Brauer, Kaufman, Gelbert & Bern, Fort Lee, New Jersey.

Jerome E. Goldman, Law Offices of Jerome E. Goldman, Hollywood, Florida.

*MEMORANDUM AND ORDER*

FRANCIS, United States Magistrate Judge.

***1** The plaintiffs in this action, R.C.M. Executive Gallery Corp., Carmen Martinez, and Roger Mojer, have moved for an order permitting them to designate expert witnesses beyond the discovery deadline. For the reasons that follow, the motion is denied.

*Background*

The plaintiffs filed this action in 1993. By order dated June 1, 1994, I directed that discovery be completed by October 3, 1994. In an order dated November 16, 1994, I extended the discovery deadline to January 31, 1995. On January 4, 1995, the deadline was extended again to March 31, 1995. On May 12, 1995, I noted that the discovery deadline had passed and ordered the pretrial order to be submitted by June 30, 1995. Plaintiffs' counsel thereafter prevailed upon me to permit further discovery, and by order dated October 16, 1995, I set a final deadline of December 15, 1995.

Because of scheduling difficulties, I have permitted counsel to take specifically designated depositions beyond the discovery deadline. However, I did not authorize discovery in general to extend beyond December 15, 1995.

Meanwhile, on February 28, 1995, the defendants propounded interrogatories, one of which asked the plaintiffs to identify any proposed expert witnesses and supply expert reports. The plaintiffs responded as follows:

> Plaintiffs have not yet determined whom they may call as an expert witness at trial. When such a witness has been identified, this answer will be supplemented accordingly, at the appropriate time.

The plaintiffs provided no such supplemental interrogatory answers prior to the discovery deadline.

Nevertheless, the plaintiffs now move for an order permitting them to designate expert witnesses beyond the discovery deadline. Now, for the first time, they identify two experts that they intend to call as witnesses, and three more that they "may call." According to plaintiffs' counsel, these experts were not retained until January 1996. Letter of Betty Lugo dated January 15, 1996.

*Discussion*

The plaintiffs advance two arguments in support of their motion. First, they contend that discovery is still open because depositions are continuing. That argument is frivolous. As noted above, the parties received numerous extensions of the discovery deadline. When I permitted them to schedule

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

specific depositions after the final deadline, I made clear that I was not extending that deadline for other types of discovery. Therefore, the time for the plaintiffs to supplement their interrogatory answers and identify expert witnesses has passed.

Second, the plaintiffs contend that the discovery deadline did not explicitly include identification of experts, so that such a designation may be made at any time up to ninety days prior to trial pursuant to Rule 26(a)(2)(C) of the Federal Rules of Civil Procedure. This argument fails because the premise is wrong: the comprehensive discovery deadline necessarily encompassed designation and discovery of experts. In response to a similar contention, one court of appeals has said, "[w]e find [plaintiff's] argument that the discovery deadline did not include expert testimony because it was not specifically mentioned in the order to be wholly without merit." *Derby v. Godfather's Pizza, Inc.,* 45 F.3d 1212, 1215 (8th Cir. 1995) (footnote omitted). Moreover, in a telphone conference with counsel prior to December 15, 1995, I indicated that experts would have to be identified by that date.

***2** The plaintiffs' case will undoubtedly be prejudiced to some extent by the inability to present expert testimony. But the defendants are prejudiced if they are unable to rely on court-imposed deadlines, and judicial efficiency is impaired if such deadlines are ignored with impunity. Here, any prejudice that the plaintiffs may suffer is attributable to counsel's inability to adhere to a reasonable schedule.

*Conclusion*

For the reasons set forth above, the plaintiffs' motion is denied, and no expert witnesses may be designated beyond the discovery deadline.

SO ORDERED.

1996 WL 30457 (S.D.N.Y.)

**Motions, Pleadings and Filings (Back to top)**

. 1:93CV08571 (Docket)
(Dec. 10, 1993)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.