**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Andersen Corporation,

Plaintiff,

v.

Fiber Composites, LLC,

Defendant.

Case No. 00-CV-2548 JNE/JGL

**PLAINTIFF ANDERSEN'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION IN LIMINE TO EXCLUDE ALL EVIDENCE AND ARGUMENT REGARDING U.S. PATENT NOS. 6,015,612; 5,932,334; 5,827,607; AND 6,015,611**

Plaintiff Andersen Corporation ("Andersen") moves to exclude all evidence and argument regarding U.S. Patent Nos. 6,015,612 ("the '612 patent"); 5,932,334 ("the '334 patent"); 5,827,607 ("the '607 patent"); and 6,015,611 ("the '611 patent") as irrelevant under Federal Rules of Evidence 401 and 402. At the beginning of this case, Andersen asserted six patents against Fiber Composites, LLC ("Fiber Composites"): the '612, '334, '607, and '611 patents, as well as U.S. Patent Nos. 5,539,027 ("the '027 patent") and 5,486,553 ("the '553 patent"). (Compl. at 4-9; First Am Compl. at 4-9.) In response, Fiber Composites asserted four affirmative defenses, but did not counterclaim against Andersen on any of the patents. (Answer at 7-8; Answer to First Am. Compl. at 7-8.) Now, based on the Court's summary judgment order, two of these six patents, the '027 and '553 patents, remain at issue in this case. (Order dated July 22, 2003 at 10-11.) The other four patents are no longer at issue. (*Id.*)

"Evidence which is not relevant is not admissible." Fed. R. Evid. 402. "Relevant evidence" is defined as "evidence having any tendency to make the existence of any fact that is

of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401.

Because the '612, '334, '607, and '611 patents are no longer at issue, evidence and argument regarding these four patents, or any Court Order relating solely to those patents including portions of the Claim Construction or Summary Judgment Orders, do not meet the threshold standard for relevance. Such evidence, therefore, is not admissible at trial. Fed. R. Evid. 401, 402. The issues at trial relate to validity, willful infringement, and damages regarding the '027 and '553 patents. Fiber Composites did not counterclaim on any of Andersen's patents. Evidence and argument regarding the '612, '334, '607, and '611 patents, then, are irrelevant to the jury's validity, willful infringement, and damages determination with respect to the '027 and '553 patents.

**CONCLUSION**

Andersen respectfully requests that the Court grant its motion in limine to exclude all evidence and argument regarding the '612, '334, '607, and '611 patents because such evidence and argument are irrelevant, and, therefore, inadmissible at trial.

Dated: March 18, 2005.

**ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**

By: /s/ Misti Nelc
Ronald J. Schutz (#130849)
Becky R. Thorson (#254861)
Misti Nelc (#296090)
Nicholas S. Boebel (#030217X)

2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, Minnesota 55402-2015
(612) 349-8500

**ATTORNEYS FOR PLAINTIFF ANDERSEN CORPORATION**