# Exhibit 1

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| ANDERSEN CORPORATION,<br>Plaintiff,<br>v.<br>FIBER COMPOSITES, LLC.,<br>Defendant. | CIV NO. 00-CV-2548 (JNE/JGL) |

**FIBER COMPOSITES, LLC'S WITNESS LIST**

I. Fiber Composites identifies the following witnesses whom it currently expects to present at trial. However, if Andersen's case-in-chief is narrowed, either as a result of Court orders or Andersen's trial strategy, this list may shorten.

Douglas J. Gardner, Ph.D. (expert)
Professor of Wood Science
5793 AEWC Building
University of Maine
Orono, ME 04469

Prof. Gardner will provide expert testimony concerning the field of wood-fiber composites generally; the level of ordinary skill in this art; Andersen's expert's infringement report and testimony; and his ability to make to the material disclosed in the prior art.

Douglas Mancosh
Fiber Composites, LLC
30 Kennedy Plaza, Suite 408
Providence, RI 02903

Mr. Mancosh will testify about Fiber Composites' history, the accused products, and various sales, marketing and financial matters.

James P. Przybylinski
Fiber Composites, LLC
34570 Random Drive
New London, NC 28127

Mr. Przybylinski will testify about Fiber Composites' history, the accused products, various research and development, manufacturing and other technical issues.

II. Fiber Composites identifies the following witnesses whom it may call at trial if the need arises:

Mohini M. Sain, Ph.D. (expert)
Professor and Director, Centre for Biocomposites and Biomaterials Processing University of Toronto
33 Willcocks Street,
Toronto, ON, M5S 3B3

Prof. Sain may be asked to provide expert testimony about the asserted patents, the prior art and Fiber Composites' invalidity contentions.

Christopher C. Barry (expert)
PricewaterhouseCoopers LLP
One Post Office Square
Boston, MA 02109

Mr. Barry may provide testimony concerning Andersen's expert's damages theories and various financial and accounting matters.

Michael J. Deaner
1696 35th Avenue
Osceola, WI 54020

Mr. Deaner may be asked to testify about the patents-in-suit, Andersen's research and development of the technology related to the patents-in-suit and prior art.

Peter Domalavage
Fiber Composites, LLC
34570 Random Drive
New London, NC 28127

Mr. Domalavage may be asked to testify about various manufacturing, quality control and other technical issues related to the accused products.

Donald L. Garofalo
10633 Stonebridge Trail
Stillwater, MN 55082

Mr. Garofalo may be asked to testify about various sales and marketing activities concerning Andersen and the wood-fiber composites market.

Kurt E. Heikkila
c/o Andersen Corporation
100 Fourth Ave. North
Bayport, MN 55003-1096

Mr. Heikkila may be asked to testify about the patents-in-suit, Andersen's research and development of the technology related to the patents-in-suit and prior art.

Giuseppe Puppin
c/o Andersen Corporation
100 Fourth Ave. North
Bayport, MN 55003-1096

Mr. Puppin may be asked to testify about the patents-in-suit, Andersen's research and development of the technology related to the patents-in-suit and prior art.

Dated: ___________

FISH & RICHARDSON P.C.

By: ______________________________

Jonathan E. Singer (#283459)
Katherine A. Moerke (#312277)
3300 Dain Rauscher Plaza
60 South Sixth Street
Minneapolis, MN 55402
Telephone: (612) 335-5070

John M. Skenyon
Michael E. Zeliger
Fish & Richardson P.C.
225 Franklin Street
Boston, MA 02110-2804
Tel.: (617) 542-5070
Fax: (617) 542-8906

Attorneys for Defendant
FIBER COMPOSITES, LLC.

21042988.doc

# Exhibit 2

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**ANDERSEN CORPORATION,**

Plaintiff,

v.

**FIBER COMPOSITES, LLC,**

Defendant.

Civil No. 00-2548 (JNE/JGL)

**O R D E R**

APPEARANCES

Rita Coyle DeMeules, Esq. and Nicholas Boebel, Esq. for Plaintiff

R.J. Zayed, Esq. and Christina Szitta, Esq. for Defendant

JONATHAN LEBEDOFF, Chief United States Magistrate Judge

The above-entitled matter came on for hearing before the undersigned Chief Magistrate Judge of District Court on October 17, 2003 on Plaintiff's Motion to Strike the Supplemental Expert Report of Douglas A. Gardner (Doc. No. 219). The case has been referred to the undersigned for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1.

This is a patent infringement case in which Plaintiff Andersen Corporation claims that Defendant Fiber Composites infringes six patents relating to a polymer and wood composite material used to make deck and

FILED OCT 21 2003
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD ______
DEPUTY CLERK ______

porch railings. Discovery is closed in this case, and the District Court has ruled on the parties' motions for summary judgment. The parties acknowledge that they are simply awaiting a trial date. On September 15, 2003, however, Defendant served a "Supplemental Expert Report of Douglas Gardner, PhD," which focuses on the validity of Plaintiff's patents in light of the prior art. Plaintiff contends the report cannot be "supplemental" because it is unrelated to Dr. Gardner's first report, which addressed infringement, not invalidity. Moreover, Defendant has already designated Dr. Mohini Sain as its invalidity expert. According to Plaintiff, Dr. Gardner's supplemental report is essentially a new report on invalidity submitted by a new expert. Plaintiff argues that neither Federal Rule of Civil Procedure 26 nor the scheduling order in this case permits the report.

Defendant responds that the District Court's summary judgment order necessitated the supplemental report. Defendant moved for summary judgment based on invalidity of the '027 and '553 patents on the basis of a 1974 article, "Fill Thermoplastics With Wood," published in Modern Plastics. Plaintiff responded to this argument with evidence from its invalidity expert, Dr. John Simonsen. The District Court denied Defendant's motion, finding that it failed to provide evidence of invalidity.

> Fiber has failed to submit such evidence. Instead, its motion is based almost entirely on arguments made by its counsel. These arguments are particularly unavailing with respect to Fiber's theories of obviousness and anticipation under the doctrine of

> inherency, both of which require an analysis of prior art from the point of view of one of ordinary skill in the art.

(Order of July 21, 2003 at 12) (emphasis in original).

It appears, based on the District Court's order and subsequent events, Defendant now needs Dr. Gardner's supplemental report to show enablement. Prior to the summary judgment order, Defendant presumed that the Modern Plastics article would establish enablement as a matter of law. Thus, it was a strategic decision on the part of Defendant not to obtain expert opinions on enablement within the parameters of the pretrial schedule. Although Defendant complains that it was not aware it would have to prove enablement, this argument is particularly unavailing given that in November of 2002, this Court noted:

> The law is clear that the party asserting lack of enablement has the burden to show by clear and convincing evidence the facts establishing lack of enablement. See Morton Int'l, Inc. v. Cardinal Chem. Co., 5 F.3d 1464, 1469 (Fed. Cir. 1993). Thus, because Plaintiff is asserting lack of enablement as a response to the Modern Plastics article, which is Defendant's main reference for invalidating Plaintiff's patents, Plaintiff had the burden to come forth with evidence of lack of enablement, or at least put Defendant on notice of the issue, during discovery. Because Plaintiff did not, Defendant is entitled to respond after the discovery period to this issue, and Plaintiff's objection to Defendant's untimely disclosure of such information in the Notice is rejected. Defendant was entitled to include outside sources in the Notice to show enablement of the Modern Plastics article.

(Order of Nov. 21, 2002 at 5-6.) Thus, not only was Defendant aware of the enablement issue, it had decided to rely on the Modern Plastics article to show enablement. Further, the Court allowed Defendant to include "new, outside sources in the Notice to show enablement of the Modern Plastics article." (Id. at 7.) Defendant did not mention any supplemental expert report or additional expert evidence on invalidity in the Amended 282 Notice. Defendant has already successfully relied on Plaintiff's failure to timely disclose its lack of enablement theory once and obtained relief as a result, but the Court will not now, almost a year later, permit a second trip to the well. See Firefighter's Inst. for Racial Equal. ex rel. Anderson v. City of St. Louis, 220 F.3d 898, 903 (8th Cir. 2000) (affirming decision to strike expert where party waited two months after expert reports were due to raise issue of insufficiency as to opponent's disclosures).

Pursuant to Federal Rule of Civil Procedure 37(c)(1), Dr. Gardner's Supplemental Report is stricken. Defendant has failed to show a substantial justification for the untimely report. See Fed. R. Civ. P. 37(c)(1). Defendant waited more than a year before submitting an expert report on specific issues relating to enablement, despite learning of Dr. Simonsen's report no later than August of 2002. Moreover, the information on which Dr. Gardner's report is based has been available to Defendant for over a year. As previously stated, Defendant made a strategic decision to not obtain certain expert opinions on invalidity. An adverse decision at summary judgment on this issue does not

provide substantial justification for Dr. Gardner's supplemental report. To find that issues do not ripen for discovery until after summary judgment motions are decided, as suggested by Defendant (Def. Opp'n Mot. Strike at 9), would be counter to the rules of discovery.

Based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Strike the Supplemental Expert Report of Douglas A. Gardner (Doc. No. 219) is **GRANTED**.

Dated: October 21, 2003

JONATHAN LEBEDOFF
Chief United States Magistrate Judge