# EXHIBIT 14

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

**ANDERSEN CORPORATION,**

Plaintiff,

v.

**FIBER COMPOSITES, LLC,**

Defendant.

Civil No. 00-2548 (JEL/JGL)

**O R D E R**

---

APPEARANCES

Nicholas Boebel, Esq. for Plaintiff

J. Richard Soderberg, Esq. for Defendant

---

JONATHAN LEBEDOFF, Chief United States Magistrate Judge

The above-entitled matter came on for hearing before the undersigned Chief Magistrate Judge of District Court on November 19, 2002 on Plaintiff's Motion to Strike Defendant's Notice Under 35 U.S.C. § 282 (Doc. No. 197). The case has been referred to the undersigned for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1.

This is a patent infringement case in which Plaintiff Anderson Corporation claims that Defendant Fiber Composites infringes six patents relating to a polymer and wood composite material used to make deck and porch railings. Discovery is closed in this case, and the parties have filed and argued their motions for summary judgment. As Plaintiff stated at the hearing,

NOV [illegible]
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

trial is "imminent." On October 1, 2002, Defendant filed a notice ("Notice") pursuant to 35 U.S.C. § 282, which provides in relevant part:

> In actions involving the validity or infringement of a patent the party asserting invalidity or noninfringement shall give notice in the pleadings or otherwise in writing to the adverse party at least thirty days before the trial, of the country, number, date, and name of the patentee of any patent, the title, date, and page numbers of any publication to be relied upon as anticipation of the patent in suit or, except in actions in the United States Court of Federal Claims, as showing the state of the art, and the name and address of any person who may be relied upon as the prior inventor or as having prior knowledge of or as having previously used or offered for sale the invention of the patent in suit. In the absence of such notice proof of the said matters may not be made at the trial except on such terms as the court requires.

35 U.S.C. § 282.

Plaintiff objects to the Notice and asks the Court to strike it on the grounds that it includes new prior art references, articles, patents, and witnesses, which were never disclosed in discovery, Defendant's Prior Art Statement, or expert reports. Plaintiff contends that new information contained in the Notice violates the Court's pretrial scheduling order and the expert disclosure requirements of Federal Rule of Civil Procedure 26. Defendant responds that its Notice does not violate the scheduling order because the order does not mention § 282 and because § 282 requires a broader notice than the order requires.

There is no question that an incongruity exists between the 30-day statutory notice provision and the discovery requirements in the Federal Rules of Civil Procedure and the Court's pretrial schedule. Some courts have held that the Rules and the statutory notice provision operate "entirely independently" of each other, and thus, one does not supersede or exclude the other. See Thermo King Corp. v. White's Trucking Serv., Inc., 292 F.2d 668, 674 (5th Cir. 1961); see also Eaton Corp. v. Appliance Valves Corp., 790 F.2d 874, 879 (Fed. Cir. 1986); Donnelly Corp. v. Gentex Corp., 37 U.S.P.Q.2d 1146, 1149 (W.D. Mich. 1995) (citations omitted). However, the most recent guidance from the Federal Circuit is that the Federal Rules and the pretrial discovery schedule preempt the statutory notice provision:

> We agree that they [the Federal Rules of Civil Procedure and § 282] coexist. However, when the court has set and the parties have agreed to a discovery period, that procedure necessarily governs that trial. Thus[,] although § 282 sets a minimum period for the identification of prior art to be introduced as evidence of anticipation, a specific judicial directive for the timing of discovery establishes the procedures to which the parties are bound.

ATD Corp. v. Lydall, Inc., 159 F.3d 534, 551 (Fed. Cir. 1998); see also ADC Telecomm., Inc. v. Thomas & Betts Corp., No. 98-CV-2055, 2001 WL 1381098, at *4 (D. Minn. Oct. 18, 2001) (discussing the inconsistency between the Rules and the Act and declaring that "scheduling orders must mean something if the

parties and the court are ever to achieve some sort of finality.").[1] The ATD court explained that the objective of the notice provision "is to prevent unfair and prejudicial surprise by the production of unexpected and unprepared-for prior art references at trial." Id. Noting that the party gave no explanation for not disclosing during discovery a patent contained in its notice, the court upheld the district court's decision to exclude the patent. See id. (concluding that "[t]he solid entrenchment of the Federal Rules and the principles of orderly discovery weigh heavily against Lydall's argument that § 282 governs the requirement of notice of prior art despite the elaborate discovery procedures, interrogatories, and explicit directives by which the trial was managed.").

Therefore, in this case, the Court must agree with Plaintiff that the new prior art references, articles, patents, and witnesses contained in Defendant's Notice violates the Court's pretrial scheduling order and the discovery provisions of the Federal Rules. Defendant's position that the Notice does not violate the scheduling order because the order does not mention § 282 and because § 282 requires a broader notice than the order requires cannot be reconciled with ATD.

However, ATD recognized that if a party offers a justifiable reason for the evidence's submission after the close of discovery, a Court may decide

[1] Defendant attempts to distinguish ATD on the basis that the case addressed what prior art could be introduced after a district court construed the claims. This distinction does not affect the court's holding and rationale on which this Court relies.

not to exclude the new sources or information contained in the notice. See id. To this end, Defendant argues that the Court must accept the Notice because Plaintiff has constantly changed its position on what is enabled in the prior art and what is covered by the patents-in-suit. As to the issue of enablement, Defendant contends that Plaintiff did not raise lack of enablement as an issue until after the discovery period closed. This delay ostensibly deprived Defendant of the opportunity to conduct discovery on this issue and necessitated Defendant's reliance on sources other than those provided in discovery. To this, Plaintiff replies that it does not have the burden to prove lack of enablement; rather, Defendant has the burden to show enablement, and therefore, Defendant should have been aware of this issue long before the discovery period closed.

The law is clear that the party asserting lack of enablement has the burden to show by clear and convincing evidence the facts establishing lack of enablement. See Morton Int'l, Inc. v. Cardinal Chem. Co., 5 F.3d 1464, 1469 (Fed. Cir. 1993). Thus, because Plaintiff is asserting lack of enablement as a response to the Modern Plastics article, which is Defendant's main reference for invalidating Plaintiff's patents, Plaintiff had the burden to come forth with evidence of lack of enablement, or at least put Defendant on notice of the issue, during discovery. Because Plaintiff did not, Defendant is entitled to respond after the discovery period to this issue, and Plaintiff's objection to Defendant's untimely disclosure of such information in the Notice is rejected. Defendant

was entitled to include outside sources in the Notice to show enablement of the Modern Plastics article.

Defendant next avers that Plaintiff has repeatedly changed its infringement contentions, thereby changing the scope of the prior art relevant to invalidity. Specifically, Defendant claims that Plaintiff "has gone from alleging infringement by Fiber Composites' deck railing and spindle products, to the underlying composition of such products, to an ingredient of some compositions." (Def. Mem. Opp. Mot. Strike Notice at 6.) Accepting Defendant's position as true, Defendant could have nevertheless complied with the pretrial scheduling order and the Federal Rules by amending its Prior Art Statement in accordance with guidelines established by the Amended Pretrial Scheduling Order of May 4, 2001 by showing that (1) the art could not have been located earlier; (2) the new art was not cumulative of art already disclosed; and (3) prejudice to Defendant would result if amendment was not allowed. However, Defendant chose not to avail itself this procedure. In addition, according to Defendant, the most recent time Plaintiff allegedly changed an infringement contention occurred after the District Court construed the term "composite composition" on April 9, 2002. (Id. at 3.) Defendant did not move to reopen fact discovery so that it could investigate the new infringement contention, nor, apparently, did Defendant utilize the expert

discovery period, which was ongoing at the time,[2] to challenge the new infringement contention. In conclusion, Defendant has not offered a justifiable reason for including new sources and references pertaining to Plaintiff's allegedly new infringement contentions in its Notice after the close of discovery.

Finally, Defendant contends that if the District Court construes additional claim terms, it should be allowed to assert prior art not previously relied upon to the extent it becomes relevant because of the claim construction. While Defendant's argument potentially has merit, the District Court has not yet construed any additional claims, and therefore, this argument is premature, and any sources preemptively included in the Notice relating to this possibility are also premature. Defendant was not entitled to include such sources in the Notice.

In light of the above, Defendant's Notice is stricken. Defendant is permitted to refile the Notice, but may not include prior art references, articles, patents, witnesses, or other sources pertaining to possible claim constructions or to Plaintiff's allegedly new infringement contentions unless the sources were previously disclosed in discovery, the Prior Art Statement, or an expert report. Defendant may include new, outside sources in the Notice to show enablement of the Modern Plastics article. The Notice must be filed as soon as possible but no later than Monday, December 2, 2002. This Order does not address

[2] The most recent modification to the deadline for initial expert reports established the date as July 12, 2002. (Order of June 11, 2002.)

Defendant's ability at a later date to assert prior art not relied upon previously in response to any future claim construction by the District Court. As Defendant states, the admissibility of references that become relevant during trial should be decided in the context of trial, and those decisions are left to the discretion of the District Court.

Based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Strike Defendant's Notice Under 35 U.S.C. § 282 (Doc. No. 197) is **GRANTED**. Defendant is ordered to refile the Notice in accordance with the parameters set forth in the body of this Order. The Notice must be filed as soon as possible but no later than Friday, December 6, 2002.

Dated: November 21, 2002

JONATHAN LEBEDOFF
Chief United States Magistrate Judge