UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| ANDERSEN CORPORATION,<br>Plaintiff,<br>v.<br>FIBER COMPOSITES, LLC.,<br>Defendant. | CIV NO. 00-CV-2548 (JNE/JGL) |

**FIBER COMPOSITES' MEMORANDUM IN SUPPORT OF ITS MOTION IN LIMINE TO LIMIT TESTIMONY OF THE INFRINGEMENT AND INVALIDITY EXPERTS TO MATTERS ADDRESSED IN THEIR EXPERT REPORTS**

The defendant, Fiber Composites, hereby moves in limine for an order limiting the trial testimony of the experts on the infringement and invalidity issues this case to the opinions and underlying evidence as expressly set forth in their respective expert reports submitted under Rule 26(a)(2)(B), as of August 26, 2002.[1] These opinions and the bases for them are well known to both sides. To allow any expert at trial to add any additional opinions or any additional basis for even any existing opinion would violate Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure and be highly prejudicial under Rule 403 of the Federal Rules of Evidence.[2]

The pre-trial disclosure of the proposed trial testimony of such expert witnesses is mandated by Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure, which reads in relevant part:

> "(B) Except as otherwise stipulated or directed by the court, *this disclosure shall*, with respect to a witness who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony, *be accompanied by a written report* prepared and signed by the witness. ***The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefore; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions***;"

[1] This is the date the last rebuttal expert report was due.

[2] Fiber Composites recognizes that supplementation of the damages expert reports is a possibility, although not a necessity. Andersen appears to disagree and insists that there be no supplementation even there.

In short, to avoid surprise at trial, the Rule requires a *complete* statement of all the witness' opinions and all the bases for them. This is the reason other courts have precluded such witnesses from testifying as to the non-disclosed information. For example, in *Lamarca v. United States*, 31 F. Supp. 2d 110, 122 (E.D.N.Y. 1998), the Court explained:

> "Expert testimony exceeding the bounds of the expert's report is excludable pursuant to Rule 37(c)(1). *In re Kreta Shipping, S.A.*, 181 F.R.D. 273, 275 (S.D.N.Y. 1998).
>
> > A party that without substantial justification fails to disclose information required by Rule 26(a) ... shall not, unless such failure is harmless be permitted to use as evidence at trial ... any witness or information not so disclosed ....
>
> Fed.R.Civ.P. 37(c)(1).
>
> This result is self executing and is an automatic sanction that is designed to provide a strong inducement for disclosure of relevant material that the disclosing party expects to use as evidence. *Fund Comm'n Svce., II, Inc. v. Westpac Banking Co.*, 1996 WL 469660, *3 (S.D.N.Y. Aug. 16, 1996) (citing Fed.R.Civ.P. 37(c) advisory committee's note). This duty to disclose information concerning expert testimony is intended to allow opposing parties to have a reasonable opportunity [to] prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses. *Kreta*, 181 F.R.D. at 275 (citing Fed.R.Civ.P. 26(a)(2) advisory committee's note)."
>
> (Internal quotes omitted)

Accordingly, Fiber Composites seeks an order that limits the testimony of all infringement and invalidity expert witnesses at trial to: 1) the opinions set forth in their written reports served on or before August 26, 2002; 2) the bases and reasons for those opinions as expressed in those written reports served on or before August 26, 2002; and 3) the data, information and exhibits referenced in those written reports served on or before August 26, 2002.

Dated: March 18, 2005

FISH & RICHARDSON P.C., P.A.

By: s/ Katherine A. Moerke

Jonathan E. Singer (#283459)
Katherine A. Moerke (#312277)
3300 Dain Rauscher Plaza
60 South Sixth Street
Minneapolis, MN 55402
Telephone: (612) 335-5070

John M. Skenyon
Michael E. Zeliger
Fish & Richardson P.C.
225 Franklin Street
Boston, MA 02110-2804
Tel.: (617) 542-5070
Fax: (617) 542-8906

Attorneys for Defendant
FIBER COMPOSITES, LLC.

21043254.doc