UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| ANDERSEN CORPORATION,<br>Plaintiff,<br>v.<br>FIBER COMPOSITES, LLC.,<br>Defendant. | CIV NO. 00-CV-2548 (JNE/JGL) |

**FIBER COMPOSITES' MEMORANDUM IN SUPPORT OF IT MOTION IN LIMINE TO EXCLUDE ANDERSEN FROM INTRODUCING ANY EVIDENCE RELATING TO THE PRIOR ART NOT SPECIFIED IN ANDERSEN'S RESPONSE OF JANUARY 8, 2002**

The defendant, Fiber Composites, hereby moves in limine to exclude Andersen from introducing any evidence relating to the prior art that it did not include in its January 8, 2002 response to Fiber Composites' prior art statement.

## I. Procedural Background

Magistrate-Judge Boylan's scheduling order in this case set two dates relating to the prior art. First, Fiber Composites was to list and describe all the prior art that Fiber Composites intended to use at trial. The scheduling order then required Andersen to respond to Fiber Composites' prior art statement. It expressly required that Andersen "*shall state in detail* what the prior art relied upon by defendant shows, if its interpretation differs from defendant's and *its position on why the prior art does not invalidate the patents in suit*" (Exhibit A).[1]

On November 1, 2001, Fiber Composites served its notice (Exhibit B). It includes a detailed description of the art on which Fiber Composites would rely. One example was the article from the 1974 issue of *Modern Plastics* entitled "Fill Thermoplastic With Wood". As to this article, Fiber Composites not only included the required description, but as for the '553 patent and '027 patents (the two remaining patents-in-suit), it identified exactly what it was in

[1] The dates for Fiber Composites' filing and Andersen's response were extended from the dates in the Order.

the article that matched up with the various claim limitations of the asserted independent and dependent claims.

On January 8, 2002, Andersen served its responsive statement (Exhibit C). In it, Andersen listed the deficiencies it thought existed in each prior art reference cited in Fiber Composites' November 1, 2001 filing. As to the reference to the *Modern Plastics* article, Andersen said only the following:

> "The author of this article reports on the advertised results claimed to have been achieved by a third party. *See* Page 55. This reference is therefore no more than hearsay. Andersen believes actual testing of the material described in the article (which the author did not do) does not yield the results recited. Further, the reference has no teachings on fiber sizes, and the only disclosure is to use "wood flour" as a "filler" as opposed to a reinforcing agent. Page 55."

Andersen never supplemented this response. As a result, Fiber Composites submitted its expert report on invalidity on July 12, 2002, which dealt with the art disclosed in Fiber Composites' November 1, 2001 submission, and which addressed Andersen's responses in its January 8, 2002 submission.

Andersen then filed its responsive expert report on August 23, 2002. In it, Andersen added for the first time *additional* bases for distinguishing the art not found in its January 8, 2002 submission. Further, the additions were clearly things that should have been included in Andersen's January 8, 2002 submission. For example, as noted above, Fiber Composites' original November 1, 2001 submission detailed how the *Modern Plastics* article anticipated various claims of what are now the two remaining patent-in-suits.[2] It is well established that to be anticipating under 35 USC § 102(b) a reference must be enabling. It is a defense to anticipation if it is not, *see Chester v. Miller,* 906 F.2d 1574, 1576-7 fn 2 (Fed. Cir. 1990). However, Andersen raised no lack of enablement issue with respect to the reference when it filed its response on January 8, 2002, even though it was required to state its position on why the prior art did not invalidate the asserted claims. Eight months later, however, it appears in its expert's

[2] At this time, the Court had not yet granted summary judgment of non-infringement as to four of the asserted patents.

report for the first time. Even worse, after the close of discovery, Andersen produced documents dated from the 1970s that relate to this new enablement issue. Andersen did not explain why its original response lacked this information or why its production was not made earlier.

Fiber Composites' filed a motion for summary judgment as to invalidity[3], and in response, Andersen raised another new alleged deficiency with the *Modern Plastics* article. This one dealt with the "dispersed in a continuous phase" limitation of the claims. That nowhere appears in Andersen's January 8, 2002 submissions. As a result, Andersen continued to provide a moving target, and one that Fiber Composites has no opportunity to respond to, as its expert report on invalidity was necessarily limited to only what Andersen had disclosed at up until that time.[4] As a result, Andersen's attack on this and other references continues to be an ever-changing one. This is highly prejudicial.

The purpose of discovery rules and deadlines in civil matters is to avoid "surprise" or "trial by ambush." *See, e.g., Transclean Corp. v. Bridgewood Servs., Inc.*, 77 F. Supp. 2d 1045, 1061 (D. Minn. 1999) ("[Rule 26(e)(2)] has a simple but important purpose; namely, to prevent [t]rial by ambush."), *aff'd in relevant part*, 290 F.3d 1364 (Fed. Cir. 2002); *Loral Fairchild Corp. v. Victor Co. of Japan, Ltd.*, 911 F. Supp. 76, 79-80 (E.D.N.Y.1996) (explaining that Rule 26(e)(2) is designed to facilitate the objective of the Federal Rules of Civil Procedure by "eliminat[ing] surprise"). As this Court has explained, "patent law litigation is not so very different from other types of complex civil litigation, and scheduling orders must mean something if the parties and the court are ever to achieve some sort of finality." *ADC Telecommunications, Inc. v. Thomas Betts Corp.*, No. 98CV2055, 2001 WL 1381098, at *4 (D. Minn. Oct. 18, 2001).

---

[3] The Court denied Fiber Composites' summary judgment motion of invalidity, but the summary judgment papers did not address whether or not Andersen had the right to make these additional arguments.

[4] The Court has allowed Fiber Composites some partial relief as to the enablement issue. It was allowed to add to its § 282 prior art list a patent which provided the enabling information supposedly missing from the article, but it was not allowed to supplement its expert report on the subject.

Accordingly, Andersen should be precluded from relying on any response to Fiber Composites' cited prior art other than that which is expressly found in its January 8, 2002 submission. That was the purpose of the submission in the first place, and Andersen's failure to be all inclusive should not prejudice Fiber Composites.

Dated: March 18, 2005

FISH & RICHARDSON P.C., P.A.

By: s/ Katherine A. Moerke
Jonathan E. Singer (#283459)
Katherine A. Moerke (#312277)
3300 Dain Rauscher Plaza
60 South Sixth Street
Minneapolis, MN 55402
Telephone: (612) 335-5070

John M. Skenyon
Michael E. Zeliger
Fish & Richardson P.C.
225 Franklin Street
Boston, MA 02110-2804
Tel.: (617) 542-5070
Fax: (617) 542-8906

Attorneys for Defendant
FIBER COMPOSITES, LLC.

21047497.doc