UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| ANDERSEN CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>FIBER COMPOSITES, LLC.,<br><br>Defendant. | CIV NO. 00-CV-2548 (JNE/JGL) |

**FIBER COMPOSITES' MEMORANDUM IN SUPPORT OF ITS MOTION IN LIMINE TO LIMIT ANDERSEN'S INFRINGEMENT CONTENTIONS TO THE ACCUSED PRODUCTS MADE WITH FORMULAS AFTER JANUARY 1, 2001**

The defendant, Fiber Composites, hereby moves in limine for an order limiting Andersen's proof of infringement at trial to Fiber Composites' railing products made with its post-January 1, 2001 formulas. This Court has already decided the infringement question for Fiber Composites' railing products made with its pre-January 1, 2001 formulas.

**I. Only Fiber Composites' Railing Products Made from Post-January 1, 2001 Formulas Are at Issue**

The claims of the two remaining patents-in-suit, U.S. Patent Nos. 5,486,553 ("the '553 patent") and U.S. 5,539,027 ("the '027 patent"),[1] cover structural members which are extruded from a wood fiber and polyvinyl chloride composition. On August 29, 2002, Andersen moved for partial summary judgment of infringement (Docket Entry No. 187), and in response, Fiber Composites admitted that some parts of its railing systems extruded from its wood and polyvinyl chloride formulas, as they existed *prior* to January 1, 2001, infringed the claims of these patents, if they are valid (Docket Entry No. 190, p. 7).[2] Accordingly, this Court granted Andersen's motion for summary judgment of infringement as to the railing systems made by Fiber

[1] The Court ruled on summary judgment that there was no infringement of the asserted claims of four of the patents-in-suit (Docket Entry No. 215).

[2] The docket incorrectly lists Entry No. 190 as one of Andersen's memorandums. It is actually one of Fiber Composites.

Composites' pre-January, 2001 formulas (Docket Entry No. 215, p. 12). Consequently, there is no infringement issue for the jury as to those products.

At the same time, however, this Court granted Fiber Composites' motion for summary judgment of non-infringement in part. It ruled that the railing parts made by Fiber Composites with its *post* January 1, 2001 formulas (with all wood fiber percentages below 30%) did not literally infringe any of the claims of the '553 patent and the '027 patent. However, for these products, the Court ruled that summary judgment was inappropriate on the issue of infringement under the doctrine of equivalents (Docket Entry No. 215, p. 11). As such, the infringement question at trial is limited to whether or not Fiber Composites' railing products made by its *post*-January 1, 2001 formulas infringe under the doctrine of equivalents.

Infringement under the doctrine of equivalents is made for each asserted claim on a limitation-by-limitation basis, *Pennwalt Corp. v. Durand-Wayland, Inc.*, 833 F.2d 931, 935 (Fed. Cir. 1987) (en banc), cert. denied, 485 U.S. 961 (1988). As to that, claim 1 of the '553 patent reads as follows:

> 1. A polymer wood thermoplastic composite structural member, suitable for use as a replacement for a wood structural member, which thermoplastic composite structural member comprises a composite member with a Youngs modulus of greater than 500,000 and a coefficient of thermal expansion less than $3x10^{-5}$ in/in-ºF. and which composite member comprises a continuous organic phase comprising about 35 to 65 wt-% of a polymer comprising vinyl chloride and, dispersed in the continuous phase, about 35 to 55 wt-% of wood fiber having an aspect ratio of at least about 2.

Independent claim 22 of the '553 patent and independent claim 1 of the '027 patent are similar.

Accordingly, it is Andersen's burden to prove that *each* limitation in these claims is met either literally or under the doctrine of equivalents by Fiber Composites' railing products made using its *post* January 1, 2001 formulas which have wood fiber percentages of less than 30%, *see Pennwalt,* supra, at 934-5; *Lemelson v. United States,* 752 F.2d 1538, 1547 (Fed. Cir. 1988).

Accordingly, as this is the only infringement issue remaining, the Court should limit Andersen's proof of infringement at trial to just that, and the Court should expressly exclude any evidence directed to Fiber Composites' railing products made with pre-January 1, 2001 formulas.

Allowing the latter in evidence would be completely irrelevant, confusing for the jury and highly prejudicial to Fiber Composites.

Dated: March 18, 2005

FISH & RICHARDSON P.C., P.A.

By: s/ Katherine A. Moerke

Jonathan E. Singer (#283459)
Katherine A. Moerke (#312277)
3300 Dain Rauscher Plaza
60 South Sixth Street
Minneapolis, MN 55402
Telephone: (612) 335-5070

John M. Skenyon
Michael E. Zeliger
Fish & Richardson P.C.
225 Franklin Street
Boston, MA 02110-2804
Tel.: (617) 542-5070
Fax: (617) 542-8906

Attorneys for Defendant
FIBER COMPOSITES, LLC.

21046551.doc