UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

ANDERSEN CORPORATION,

Plaintiff,

v.

FIBER COMPOSITES, LLC.,

Defendant.

CIV NO. 00-CV-2548 (JNE/JGL)

**EXHIBIT A**

**FIBER COMPOSITES' MOTION IN LIMINE TO PRECLUDE ANDERSEN FROM ASSERTING INFRINGEMENT UNDER THE DOCTRINE OF EQUIVALENTS**

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Andersen Corporation,

Plaintiff,

v.

Fiber Composites, LLC,

Defendant.

CIV NO. 00-CV-2548 JEL/AJB

# EXPERT REPORT OF ASPEN RESEARCH CORPORATION BY ROBERT LIUKKONEN

(CONFIDENTIAL – UNDER SEAL)

27-28; Mancosh Depo. at 130. I also considered the Aspen's tests conducted in September 2000 on similar Fiber Composites products. Together, these tests show that Fiber Composites uses wood fiber with a wide range of width and length dimensions but in general some portion of that fiber falls within the range stated in this claim. For all the reasons stated above, therefore, it is my opinion that Fiber Composites' railing products infringe Claim 16 of the '612 Patent.

No. 27. **The composition of Claim 1 wherein the water comprises about 0.1 to 5 wt-% of the composition.**

Aspen's tests showed the water percentage ranged from 0.7 to 3.1% for the composition. For all the reasons stated above, therefore, it is my opinion that Fiber Composites' railing products infringe Claim 27 of the '612 Patent.

**C. Infringement Under Doctrine of Equivalents.**

In my opinion, the FIBERON rail products literally infringe each of the Claims above for the reasons stated above under each individual claim. Those railings products therefore would also infringe under the doctrine of equivalents. However, if the fact finder were to disagree with this conclusion, it is also my opinion that the FIBERON rail products infringe under the doctrine of equivalents. There is no dispute, for example, that Fiber Composites' rail system is made with wood, that the wood is a wood fiber, that the railing system is made with a polymer, that the polymer is polyvinyl chloride or PVC, that the polymer is a homopolymer, that the Fiber Composites railings are suitable alternatives for wood, that the railings are extruded, that Fiber Composites intentionally uses recycled materials (such as its Repro or recycled PVC) and that the composite composition or railings were literally within the specified ranges of polymer and wood fibers (based on the formulas). And, Aspen's testing confirms the actual or literal presence in Fiber Composites' railing

products of the other claim elements (percentages of wood fiber and polymer, coefficient of thermal expansion, Youngs modulus, aspect ratio, and fiber dimensions).

To the extent that Fiber Composites would contend that any claim element is not met because some numeric claim element is not present within the exact numeric range or number stated, as I pointed out above, most of these claims use flexible language such as "about" or "at least" with respect to those numeric elements, e.g., "about 35 to 55 wt-%," "at least about 2," "about 30 to 50 wt-%," greater than about 1.8," "minimum width of about," "less than about." It is this flexible language, as well as the test results (and all other information discussed above), in my opinion that supports the conclusion that these claim elements are literally infringed even if the exact number stated for a range or dimension is not present. However, in my opinion, one of ordinary skill in the art, reading the patents in their entirety with respect to the ranges, percentages, or dimensions, would recognize the teachings and disclosures are broad, e.g., that "various proportions" of wood fiber can be used, the disclosure that fiber sizes are "commonly" based on a "random selection of about 100 fibers," and similar language. Thus, one of skill in the art would recognize that quantities and dimensions outside the specific ranges or dimensions stated could be used in amounts or dimensions that are insubstantially different than those stated, or in substantially the same way, with substantially the same function, to achieve substantially the same results, namely a superior replacement for a wooden structural member. This is my opinion with respect to claims that use the language mentioned, as well as the claim that uses a range, "30 to 50 wt-%" without "about." Again, it is undisputed that Fiber Composites is using wood fiber and polymer in substantially the same way, namely in ranges and dimensions that are the same as, similar to, or within acceptable extensions of those ranges and dimensions, and then mixing and extruding the material into railing parts. Further,

it is apparent that Fiber Composites is using the composite material of blended PVC and wood fiber to achieve substantially the same results. For example, Doug Mancosh admitted that using wood fiber will improve physical properties, including stiffness. Mancosh Depo. at 172-73, 177. He also recognized that PVC and wood fiber is a strong material than pure PVC, and the ability to add stiffness is an important feature. Mancosh Depo. at 172, 177. And, based on Aspen's test results, Fiber Composites has achieved a superior railing product that is a replacement or alternative to a wood railing product, as well as a product that has a high strength properties and low coefficient of thermal expansion.

**TESTIMONY AND EXHIBITS AT TRIAL.**

I expect to testify to the above opinions at trial. I may use demonstrative exhibits to aid my testimony at trial, but those exhibits have not yet been determined pending the outcome of the remaining discovery as well as any rulings on Motions that remain pending or have yet to be filed. Any demonstrative exhibits will be made available for inspection prior to trial at a time that I expect will be agreed upon between counsel for the parties

I declare under penalty of perjury that I have personal knowledge of the foregoing unless otherwise stated and that the foregoing is true and correct and if called as a witness, I could and would testify to the truth of these matters.

Dated: 7/12, 2002.

[signature]
Robert Liukkonen