UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

ANDERSEN CORPORATION,

Plaintiff,

v.

FIBER COMPOSITES, LLC.,

Defendant.

CIV NO. 00-CV-2548 (JNE/JGL)

**FIBER COMPOSITES' MEMORANDUM IN SUPPORT OF ITS MOTION IN LIMINE TO PRECLUDE ANDERSEN FROM INTRODUCING ANY EVIDENCE CONCERNING ADVICE OF COUNSEL AS IT RELATES TO ANDERSEN'S ALLEGATION OF WILLFUL INFRINGEMENT**

The defendant, Fiber Composites, hereby moves in limine to preclude the plaintiff, Andersen from introducing any evidence, or making argument or attempting to draw any adverse inference relating to whether or not Fiber Composites obtained and relied on advice of counsel regarding the patents-in-suit, pursuant to *Knorr-Bremse Systeme Fuer Nutzfahzeuge GMBH v. Dana Corp.*, 383 F.3d 1337 (Fed. Cir. 2004).

One defense to an allegation of willful infringement has been reliance on advice of counsel. An accused infringer could introduce testimony that it received a clearance opinion from competent counsel. However, invoking this defense required a party to waive its attorney-client privilege as to the opinion. This has always been a complicated, delicate and risky decision. Once a party waives its attorney-client privilege at all it had great trouble limiting the scope of that waiver. To complicate matters further, the law had provided that if a party failed to get advice, or received advice but declined to disclose it, an "adverse inference" could arise. In fact, courts instructed juries that the accused infringer's failure to disclose an opinion of counsel allowed them to infer that the advice was unfavorable.

However, in September, 2004 an *en banc* panel of the Court of Appeals for the Federal Circuit reconsidered and markedly changed this area of law. In *Knorr-Bremse*, supra, the

Federal Circuit expressly rejected any "adverse inference" from the failure to disclose any such opinion (at 1341):

> "We now hold that no adverse inference that an opinion of counsel was or would have been unfavorable flows from an alleged infringer's failure to obtain or produce an exculpatory opinion of counsel. Precedent to the contrary is overruled.

Accordingly, no adverse inference may arise from Fiber Composites' decision whether or not to obtain or rely on advice of counsel.

To give full effect to the *Knorr-Bremse* decision, Andersen should not be allowed to inquire of Fiber Composites' witnesses whether they obtained advice of counsel concerning the patents-in-suit or to suggest to the jury that one could have been obtained. If these witnesses answer no, the jury will likely infer some negative or unfavorable reason for Fiber Composites' conduct, even without the Court's instruction. If these witnesses answer yes, and then refuse to discuss the advice they received, the jury is likely to make the same assumption. This would continue to cause what the *Knorr-Bremse* decision characterized as "inappropriate burdens on the attorney-client relationship." *Id.* at 1343.

Thus, if Fiber Composites is forced to respond at trial that it did not seek advice of counsel, or it did seek advice of counsel but refuses to disclose the advice, then the jury is likely to infer that the defendant expected to or did receive unfavorable advice. This prejudice is exactly what *Knorr-Bremse* proscribed.

Accordingly, Fiber Composites requests that Andersen be precluded from presenting evidence or soliciting testimony concerning whether Fiber Composites sought advice of counsel relating to the patents-in suit, or received advice of counsel about the patents-in-suit, as well as the substance of any such advice.

Dated: March 18, 2005

FISH & RICHARDSON P.C., P.A.

By: s/ Katherine A. Moerke
Jonathan E. Singer (#283459)
Katherine A. Moerke (#312277)
3300 Dain Rauscher Plaza
60 South Sixth Street
Minneapolis, MN 55402
Telephone: (612) 335-5070

John M. Skenyon
Michael E. Zeliger
Fish & Richardson P.C.
225 Franklin Street
Boston, MA 02110-2804
Tel.: (617) 542-5070
Fax: (617) 542-8906

Attorneys for Defendant
FIBER COMPOSITES, LLC.

21048296.doc