UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

ANDERSEN CORPORATION,

Plaintiff,

v.

FIBER COMPOSITES, LLC.,

Defendant.

CIV NO. 00-CV-2548 (JNE/JGL)

**EXHIBIT B**

**FIBER COMPOSITES' MOTION IN LIMINE TO PRECLUDE ANDERSEN FROM OFFERING ANY EVIDENCE CONCERNING A RANGE OF EQUIVALENCE FOR THE 30% - 50% WOOD FIBER LIMITATION IN THE CLAIMS OF THE '027 PATENT**

**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| SERIAL NUMBER | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. |
|---|---|---|---|
| [illegible] | [illegible]/94 | DEANE [illegible] | 9340.353US02 |

EXAMINER: DEWITT, L

15M1/0808

MARK [illegible]
MERCHANT [illegible] SMITH EDELL WELTER
AND [illegible]
[illegible] CENTER
[illegible] 55101

ART UNIT: 1511

PAPER NUMBER: #9

DATE MAILED: 08/08/95

This is a communication from the examiner in charge of your application.
COMMISSIONER OF PATENTS AND TRADEMARKS

☒ This application has been examined ☒ Responsive to communication filed on 4/28/95 ☒ This action is made final.

A shortened statutory period for response to this action is set to expire Three month(s), — days from the date of this letter.
Failure to respond within the period for response will cause the application to become abandoned. 35 U.S.C. 133

**Part I THE FOLLOWING ATTACHMENT(S) ARE PART OF THIS ACTION:**

1. ☐ Notice of References Cited by Examiner, PTO-892.
2. ☐ Notice of Draftsman's Patent Drawing Review, PTO-948.
3. ☐ Notice of Art Cited by Applicant, PTO-1449.
4. ☐ Notice of Informal Patent Application, PTO-152.
5. ☐ Information on How to Effect Drawing Changes, PTO-1474.
6. ☐ ____________.

**Part II SUMMARY OF ACTION**

1. ☒ Claims 27 and 29-43 are pending in the application.

   Of the above, claims ____________ are withdrawn from consideration.

2. ☒ Claims 1-26 and 28 have been cancelled.
3. ☐ Claims ____________ are allowed.
4. ☒ Claims 27 and 29-43 are rejected.
5. ☐ Claims ____________ are objected to.
6. ☐ Claims ____________ are subject to restriction or election requirement.
7. ☐ This application has been filed with informal drawings under 37 C.F.R. 1.85 which are acceptable for examination purposes.
8. ☐ Formal drawings are required in response to this Office action.
9. ☐ The corrected or substitute drawings have been received on ____________. Under 37 C.F.R. 1.84 these drawings are ☐ acceptable; ☐ not acceptable (see explanation or Notice of Draftsman's Patent Drawing Review, PTO-948).
10. ☐ The proposed additional or substitute sheet(s) of drawings, filed on ____________, has (have) been ☐ approved by the examiner; ☐ disapproved by the examiner (see explanation).
11. ☐ The proposed drawing correction, filed ____________, has been ☐ approved; ☐ disapproved (see explanation).
12. ☐ Acknowledgement is made of the claim for priority under 35 U.S.C. 119. The certified copy has ☐ been received ☐ not been received ☐ been filed in parent application, serial no. ____________; filed on ____________.
13. ☐ Since this application apppears to be in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under Ex parte Quayle, 1935 C.D. 11; 453 O.G. 213.
14. ☐ Other

EXAMINER'S ACTION

1.

The Office action is in response to applicants amendment and response (April 28, 1995) which was received by this office after the examiner's office action of May 24, 1995. Applicant's representative (Mark DiPietro) was notified (June 28, 1995) that the examiner would await applicant's response to the May 24, 1995 office action to avoid the possibility of the correspondences getting crossed in the mail. Applicant's representative assured me that a response was forthcoming. However, since there has been no response to the May office action, the examiner will respond to the April 28, 1995 response by applicant.

2.

The terminal disclaimer filed on March 6, 1995 disclaiming the terminal portion of any patent granted on this application which would extend beyond the expiration date of serial number 08/224,399 has been reviewed and is accepted. The terminal disclaimer has been recorded.

3.

The 35 USC 112(1) objection over the specification has been withdrawn. The rejection over claim 28 has also been withdrawn.

4.

The following is a quotation of 35 U.S.C. § 103 which forms the basis for all obviousness rejections set forth in this Office action:

> A patent may not be obtained though the invention is not identically disclosed or described as set forth in section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains. Patentability shall not be negatived by the manner in which the invention was made.
>
> Subject matter developed by another person, which qualifies as prior art only under subsection (f) or (g) of section 102 of this title, shall not preclude patentability under this section where the subject matter and the claimed invention were, at the time the invention was made, owned by the same person or subject to an obligation of assignment to the same person.

5.

Claims 27 and 29-43 are rejected under 35 U.S.C. § 103 as being unpatentable over Goettler, US Patent 4,376,144 or Hamed, US Patent 3,943,079 in view of Brooks et al., US Patent 5,082,605.

Goettler teaches a structural composite of a polyvinyl chloride continuous matrix (column 4, lines 37-39) dispersed with wood fibers (column 2, lines 15-24). The fibers have an aspect ratio of at least 2 (column 2, lines 25-28).

Hamed teaches a structural composite of a plastic matrix, i.e., polyvinyl chloride, polyethylene, etc., (column 5, lines 17-22) and wood fiber having an aspect ratio of at least 2 (column 4, lines 43-49). Neither Goettler or Hamed teach the Young modulus or coefficient of thermal expansion as the instant invention.

Brooks teaches a structural composite comprised of wood fibers (column 3, lines 4-20) in a continuous matrix of polymeric material (column 4, lines 10-15). Brooks disclosed that the composite material was useful for making synthetic building materials such as paneling, moldings, steps, door window sill and sashes, etc. (column 2, lines 18-27). It would have been obvious to one of ordinary skill in the art to utilize the structural composite of Goettler or Hamed for making the synthetic building materials of Brooks, since each of the references

disclose the same components as the instant invention. It would also have been obvious to one in the art to discover the optimum ranges for the coefficient of thermal expansion and Young's modulus by routine experimentation, since the general conditions of the claimed invention are taught by the prior art.

6.

Applicant's amendment necessitated the new grounds of rejection. Accordingly, **THIS ACTION IS MADE FINAL**. See M.P.E.P. § 706.07(a). Applicant is reminded of the extension of time policy as set forth in 37 C.F.R. § 1.136(a).

A SHORTENED STATUTORY PERIOD FOR RESPONSE TO THIS FINAL ACTION IS SET TO EXPIRE THREE MONTHS FROM THE DATE OF THIS ACTION. IN THE EVENT A FIRST RESPONSE IS FILED WITHIN TWO MONTHS OF THE MAILING DATE OF THIS FINAL ACTION AND THE ADVISORY ACTION IS NOT MAILED UNTIL AFTER THE END OF THE THREE-MONTH SHORTENED STATUTORY PERIOD, THEN THE SHORTENED STATUTORY PERIOD WILL EXPIRE ON THE DATE THE ADVISORY ACTION IS MAILED, AND ANY EXTENSION FEE PURSUANT TO 37 C.F.R. § 1.136(a) WILL BE CALCULATED FROM THE MAILING DATE OF THE ADVISORY ACTION. IN NO EVENT WILL THE STATUTORY PERIOD FOR RESPONSE EXPIRE LATER THAN SIX MONTHS FROM THE DATE OF THIS FINAL ACTION.

7.

**Crystal Mall 1 Fax Center**

A facsimile center has been established in Crystal Mall 1, Room 7C11. The hours of operation are Monday through Friday, 8:45 AM to 4:45 PM. This new location should be used in all instances when faxing any correspondence to Group 150. The Patent examining Fax Center telecopier numbers are (703) 305-3596 and (703) 305-3612. Use of the new Crystal Mall 1 center will facilitate rapid delivery of materials to the Group. The faxing of all papers must conform with the notice published in the Official Gazette, 1096 O.G. 30 (November 15, 1989).

8.

Any inquiry concerning this communication or earlier communications from the examiner should be directed to LaVonda R. DeWitt whose telephone number is (703) 308-4354.

PAUL R. MICHL
SUPERVISORY PATENT EXAMNINER
ART UNIT 156

LaVonda R. DeWitt
**LaVonda R. DeWitt**:cb
Patent Examiner

August 4, 1995

TO SEPARATE, HO'. TOP AND BOTTOM EDGES, SNAP–APART AND DISCARD CARBON

FORM PTO-892 (REV. 2-92)

U.S. DEPARTMENT OF COMMERCE
PATENT AND TRADEMARK OFFICE

NOTICE OF REFERENCES CITED

| SERIAL NO. | GROUP ART UNIT | ATTACHMENT TO PAPER NUMBER |
|---|---|---|
| 08/326,472 | 1511 | |

APPLICANT(S): Michael J. Deaner et al

## U.S. PATENT DOCUMENTS

| * | | DOCUMENT NO. | DATE | NAME | CLASS | SUB-CLASS | FILING DATE IF APPROPRIATE |
|---|---|---|---|---|---|---|---|
| | A | 3 9 4 3 0 7 9 | 3/9/76 | HAMED | 260 | 17.4BB | |
| | B | 4 3 7 6 1 4 4 | 3/8/83 | GOETTLER | 428 | 36 | |
| | C | | | | | | |
| | D | | | | | | |
| | E | | | | | | |
| | F | | | | | | |
| | G | | | | | | |
| | H | | | | | | |
| | I | | | | | | |
| | J | | | | | | |
| | K | | | | | | |

## FOREIGN PATENT DOCUMENTS

| * | | DOCUMENT NO. | DATE | COUNTRY | NAME | CLASS | SUB-CLASS | PERTINENT SHTS. DWG | PERTINENT PP. SPEC. |
|---|---|---|---|---|---|---|---|---|---|
| | L | | | | | | | | |
| | M | | | | | | | | |
| | N | | | | | | | | |
| | O | | | | | | | | |
| | P | | | | | | | | |
| | Q | | | | | | | | |

## OTHER REFERENCES (Including Author, Title, Date, Pertinent Pages, Etc.)

| | | |
|---|---|---|
| | R | |
| | S | |
| | T | |
| | U | |

| EXAMINER | DATE |
|---|---|
| Lawanda Dewitt | April 26, 1995 |

* A copy of this reference is not being furnished with this office action.
(See Manual of Patent Examining Procedure, section 707.05 (a).)