UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

ANDERSEN CORPORATION,

Plaintiff,

v.

FIBER COMPOSITES, LLC.,

Defendant.

CIV NO. 00-CV-2548 (JNE/JGL)

**EXHIBIT C**

**FIBER COMPOSITES' MOTION IN LIMINE TO PRECLUDE ANDERSEN FROM OFFERING ANY EVIDENCE CONCERNING A RANGE OF EQUIVALENCE FOR THE 30% - 50% WOOD FIBER LIMITATION IN THE CLAIMS OF THE '027 PATENT**

9340.333US02

Patent

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

#12 / 8m
12.5.95

| | |
|---|---|
| In re Application of: | |
| MICHAEL J. DEANER et al. | Before the Examiner |
| Serial No.: 08/326,472 | L. Dewitt |
| Filed: 10/20/94 | Group Art Unit 1511 |
| ADVANCED POLYMER/WOOD COMPOSITE STRUCTURAL MEMBER | |

**AMENDMENT AND RESPONSE**

Enter Amendment LW 12/7/95

Commissioner of Patents
and Trademarks
Washington, D.C. 20231

Sir:

The following amendment and remarks are submitted in response to the Office Action mailed on August 8, 1995. Because this response is submitted within three months of the mailing date of that Office Action, no extensions of time or additional fees are required. There is also an Office Action outstanding that was mailed on May 24, 1995. That Action is identical in substance to the August 8, 1995 Action, and Applicants submit that this amendment and remarks are sufficient to constitute a complete response to both Office Actions. If this is not the case, Applicants request prompt notification to that effect so the situation can be remedied.

In the Claims

Please amend the following claim:

27. (Once amended) A wood-thermoplastic polymer composite structural member, suitable for use as a replacement for a wood

structural member, which thermoplastic composite structural member comprises an extrudate having a Youngs modulus of greater than 500,000, and a coefficient of thermal expansion less than $3x10^{-5}$ in/in-°F and which composite member comprises a continuous organic phase comprising [polymer comprising vinyl] polyvinyl chloride and, dispersed in the continuous phase, [an effective amount] 30-50 wt-% of a wood fiber having an aspect ratio of at least about 2 to provide structural properties to the composite.

Remarks

Support for the amendments to the claims may be found in the specification, for example at page 16, lines 1 to 4.

35 U.S.C. § 112

Claim 28 has been rejected under 35 U.S.C. § 112, first paragraph, as not being enabled by the specification. Applicants note that claim 28 was canceled in an amendment filed on April 24, 1995, rendering the issues raised by the rejection moot.

35 U.S.C. § 103

Claims 27 to 43 have been rejected under 35 U.S.C. § 103 as unpatentable over either Goettler, US 4,376,144 or Hamed, US 3,943,079 in view of Brooks, US 5,082,605. Reconsideration of these rejections is respectfully requested.

In the rejection the Examiner states that "Goettler teaches a structural composite". Although Goettler does state that the materials are composites, the Examiner has not pointed to any

specific teaching by Goettler stating that the composites may be used as structural materials. Goettler teaches the preparation of treated cellulosic fibers that may be used in composite materials. In the Goettler invention the fibers are treated with a vinyl chloride polymer, a plasticizer and an isocyanate bonding agent. The bonding agent operates to form an adhesive bond between the cellulose fiber and the vinyl chloride matrix. See Col.4 lines 50-66.

The composites prepared by Goettler for testing in the Examples each contained about 20 wt-% cellulosic fiber. In contrast, the claimed composites contain about 30 to 50 wt-% wood (cellulosic) fiber. Goettler teaches that treatment of the fibers with a bonding agent results in "maximum strength and stiffness", but the properties of the composites as reported in Table II are considerably inferior to those of the claimed structural composites. By way of illustration, the maximum reported Youngs modulus of a Goettler composite is 126 MPa, as seen at the last line of Table II. When the MPa units are converted to psi, the units used in the instant claims, the Youngs modulus of 126 MPa is equivalent to 18,270 psi. This low Youngs modulus indicates that the Goettler composites would be unsatisfactory structural materials.

The claimed structural composites, having a Youngs modulus of at least 500,000 psi, are more than 27 times stronger than the strongest Goettler composites. This strength allows the composites of the invention to be used as structural members.

While one might expect that an increase in wood fiber content will cause the strength of the material to increase, this extraordinary difference in properties is completely unexpected. Nothing in Goettler motivates one of skill in the art to even attempt to make a structural composite that is so much stronger than the Goettler examples based on that patent's teachings. One would not even realize that such strength is attainable. Even if one were somehow motivated to make such a structural composite, Goettler does not teach one of skill in the art how to make structural composites with the outstanding physical properties of the claimed composites. Without such suggestions or teachings, Goettler does not render the claimed invention obvious.

With respect to the Hamed reference, Applicants point out that again the reference composites are not designed to be used as structural materials, but as floor tiles which do not require as much strength. The highest Youngs modulus of a composite reported by Hamed is substantially lower than that required by the instant claims. In Table VII the highest Youngs modulus value is listed as 4851.252 ksc, which is equivalent to about 69,000 psi. This is much lower than the 500,000 psi required by the claims currently pending herein, for composites having similar amounts of wood fiber.

This is again an unexpected difference in properties that could not be predicted from the reference teachings. Although one might expect that compositions containing large amounts of fibers may be stronger (for example the fiber concentrates at

Col.13 lines 20 and following) than compositions having less fiber, the outstanding properties of the claimed compositions that contain only 30 to 50 wt-% fiber are truly unexpected.

Brooks does not provide any additional teachings that when combined with Goettler or Hamed render obvious the claimed structural composites. Brooks teaches the preparation of composite materials that may be used as structural components, but a general statement of the desirability of composite structural components does not render the claimed invention obvious when combined with the Goettler or Hamed teachings.

The current claims are directed to structural composites containing 30 to 50 wt-% fiber in a continuous organic phase, having a Youngs modulus of at least 500,000 and a coefficient of thermal expansion less than $3x10^{-5}$ in/in-°F. As seen above, the strength of these composites in view of their fiber content is surprising and unobvious over the Goettler and Hamed teachings. Brooks does not identify the strength and thermal expansion properties of the claimed composites, and so cannot serve as motivation for one to modify the Goettler or Hamed materials in such a way as to arrive at composites having the claimed properties. Even if there were some such motivation, Brooks does not enable the skilled worker to modify the prior art teachings in such a way that the claimed composites, having the claimed proportions of wood fiber and the claimed physical properties, are obtained.

No reason has been given for the Examiner's statement that

it would have been obvious to find the optimal physical properties for structural components; the assertion is unsupported by any statement in any of the references. Further, there is nothing to explain how the references teach one to prepare a composite having the claimed characteristics, as the reference composites either have more wood fiber than the claims allow or are much less strong. For an obviousness rejection to be proper, some motivation must be found <u>in the references</u> to modify them in such a way so as to arrive at the claimed invention; the mere assertion that something is obvious is insufficient. Reconsideration of the obviousness rejections is requested.

## Conclusion

The foregoing amendments and remarks address each of the issues raised by the Examiner in the previous office action. Reconsideration and favorable action are requested. If any issues remain that the undersigned can help resolve, the Examiner is invited to contact her at the telephone number listed below.

Respectfully submitted,
MICHAEL J. DEANER et al.
By their Attorneys,

7 Nov. 95
Date

Mary Susan H. Gabilan

Mary Susan H. Gabilan
Reg. No. 38,729
MERCHANT, GOULD, SMITH, EDELL, WELTER & SCHMIDT, P.A.
1000 Norwest Center
St. Paul, Minnesota 55101
Telephone: 612/298-1055