**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Andersen Corporation,

Plaintiff,

v.

Fiber Composites, LLC,

Defendant.

Case No. 00-CV-2548 JNE/JGL

**PLAINTIFF ANDERSEN'S MEMORANDUM IN RESPONSE TO DEFENDANT FIBER COMPOSITES' MOTION IN LIMINE TO PRECLUDE ANDERSEN FROM ASSERTING AT TRIAL THAT THERE IS A RANGE OF EQUIVALENCE FOR THE 30% - 50% WOOD FIBER LIMITATION IN THE CLAIMS OF THE '027 PATENT**

At this trial Plaintiff Andersen Corporation ("Andersen") will not assert infringement under the doctrine of equivalents against Defendant Fiber Composites, LLC ("Fiber Composites"). Accordingly, Plaintiff Andersen does not oppose Fiber Composites' motion in limine to preclude Andersen from asserting at trial that there is a range of equivalence for the 30% - 50% wood fiber limitation in the claims of the '027 patent because the issue is moot. Specifically, at this trial Andersen will not assert a range of equivalence. In not opposing Fiber Composites' motion, however, Andersen does not concede that the prosecution history of the '027 patent demonstrates that Andersen narrowed this claim limitation to overcome a rejection based on the prior art and precludes Andersen's assertion of the doctrine of equivalents. Further, Andersen does not make any concessions about the range of equivalence. Moreover, Andersen does not waive any rights to assert infringement under the doctrine of equivalents against any infringer to the extent allowed by law. At trial against Fiber Composites, Andersen will try the

following issues: willful infringement, damages and validity of the Deaner patents. Therefore, Fiber Composites' motion in limine should be denied as moot.

After trial, when the issue is ripe, Andersen will move for a post-judgment accounting of infringing product production and sales that have occurred since discovery closed to ensure that Andersen is adequately compensated for all of Fiber Composites' infringement of the Deaner patents. 35 U.S.C. § 284 (2003); *Maxwell v. J. Baker*, 879 F. Supp. 1007, 1011 (D. Minn. 1995). Andersen, of course, does reserve its right to examine Fiber Composites' post-discovery products for infringement to the extent necessary during the post-judgment accounting process.

Dated: March 23, 2005.

**ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**

By: /s/ Misti Nelc
Ronald J. Schutz (#130849)
Becky R. Thorson (#254861)
Misti Nelc (#296090)
Nicholas S. Boebel (#030217X)

2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, Minnesota 55402-2015
(612) 349-8500

**ATTORNEYS FOR PLAINTIFF**
**ANDERSEN CORPORATION**