**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Andersen Corporation,

Plaintiff,

v.

Fiber Composites, LLC,

Defendant.

Case No. 00-CV-2548 JNE/JGL

**PLAINTIFF ANDERSEN'S MEMORANDUM IN RESPONSE TO FIBER COMPOSITES' MOTION IN LIMINE TO LIMIT TESTIMONY OF THE INFRINGEMENT AND INVALIDITY EXPERTS TO MATTERS ADDRESSED IN THEIR EXPERT REPORTS**

Andersen Corporation ("Andersen") does not oppose Fiber Composites, LLC's ("Fiber Composites'") motion in limine to limit the testimony of both parties' infringement and validity experts to matters addressed in their expert reports. In fact, Andersen has filed several motions in limine seeking to limit Fiber Composites' experts to matters addressed in their expert reports or to preclude experts from testifying about topics for which no expert report was timely submitted. Fiber Composites' motion to limit testimony underscores the reasons Andersen's motions in limine on this subject should be granted. *See* Andersen's Motion to Preclude Mohini Sain From Testifying on Matters Not Contained in His Expert Report; Motion to Exclude the Testimony of Fiber Composites' Expert Witnesses with Respect to Certain Andersen Test Reports and Technical Data; and Motion to Exclude the Testimony of Douglas J. Gardner.

Andersen's response, therefore, is limited to addressing Fiber Composites' suggestion that the reports of the parties' damages experts might be supplemented at this late date and that these expert reports are somehow excluded from this Court's Scheduling Orders, the Federal

Rules of Civil Procedure and the Federal Rules of Evidence. In footnote 2 of its Memorandum, Fiber Composites states:

> Fiber Composites recognizes that supplementation of the damages expert reports is a possibility, although not a necessity. Andersen appears to disagree and insists that there be no supplementation even there.

Def.'s Mem. at 1, n.2. The Court should not permit supplementation of any expert report. This Court has already taken the position that discovery has closed and the time has passed for either party to supplement their expert reports when it struck Fiber Composites' "supplemental" expert report of Professor Gardner. (Boebel Decl. Ex. 1 at 2, 4-5 and Ex. 2.) (Oct. 21, 2003 Order and December 5, 2003 Order.) The parties agreed to complete all fact discovery before July 3, 2002. (*Id.* Ex. 3.) (June 12, 2002 Stipulation and Order.) During the summer of 2002, the parties served their respective damages expert reports in this case. (*Id.* Exs. 4 and 5.) (Ludington and Barry Reports.) Both parties' damages experts prepared their opinions based on the information exchanged during the discovery period. (*Id.*) At this late stage, because neither party has supplemented its document production since August 29, 2002, (*Id.* Ex. 6), it would be impossible to complete a fair supplementation of reports for both parties. Therefore, supplementation of any expert report, including damages reports, on the eve of trial should not be allowed.

In this situation, the proper procedure for updating damages through the date of final judgment is an accounting. *See Itron, Inc. v. Benghiat*, Civ. No. 99-501, 2003 WL 22037710, at *15 (D. Minn. Aug. 29, 2003) (unpublished) (attached as Ex. 7 to Boebel Decl.). Andersen is entitled to damages for infringing "use or manufacture that occurs between the filing of the original petition and . . . the entry of final judgment. *Calhoun v. United States*, 354 F.2d 337, 340 (Ct. Cl. 1965). Because the jury will necessarily be limited to considering the evidence produced before the close of discovery, Andersen will move for a post-judgment accounting to

determine the infringing sales that have occurred since discovery closed, and to ensure that Andersen is adequately compensated for all of Fiber Composites' infringement of the Deaner patents. 35 U.S.C. § 284 (2003); *Maxwell v. J. Baker, Inc.*, 879 F. Supp. 1007, 1011 (D. Minn. 1995). Andersen, of course, does reserve its right to examine Fiber Composites' post-discovery products for infringement to the extent necessary during the post-judgment accounting process.

Dated: March 23, 2005. **ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**

By: /s/ Misti Nelc
Ronald J. Schutz (#130849)
Becky R. Thorson (#254861)
Misti Nelc (#296090)
Nicholas S. Boebel (#030217X)

2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, Minnesota 55402-2015
(612) 349-8500

**ATTORNEYS FOR PLAINTIFF**
**ANDERSEN CORPORATION**