# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

**ANDERSEN CORPORATION,**

Plaintiff,

v.

**FIBER COMPOSITES, LLC,**

Defendant.

Civil No. 00-2548 (JNE/JGL)

**O R D E R**

---

APPEARANCES

Rita Coyle DeMeules, Esq. and Nicholas Boebel, Esq. for Plaintiff

R.J. Zayed, Esq. and Christina Szitta, Esq. for Defendant

---

JONATHAN LEBEDOFF, Chief United States Magistrate Judge

The above-entitled matter came on for hearing before the undersigned Chief Magistrate Judge of District Court on October 17, 2003 on Plaintiff's Motion to Strike the Supplemental Expert Report of Douglas A. Gardner (Doc. No. 219). The case has been referred to the undersigned for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1.

This is a patent infringement case in which Plaintiff Andersen Corporation claims that Defendant Fiber Composites infringes six patents relating to a polymer and wood composite material used to make deck and

OCT 21 2003
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

porch railings. Discovery is closed in this case, and the District Court has ruled on the parties' motions for summary judgment. The parties acknowledge that they are simply awaiting a trial date. On September 15, 2003, however, Defendant served a "Supplemental Expert Report of Douglas Gardner, PhD," which focuses on the validity of Plaintiff's patents in light of the prior art. Plaintiff contends the report cannot be "supplemental" because it is unrelated to Dr. Gardner's first report, which addressed infringement, not invalidity. Moreover, Defendant has already designated Dr. Mohini Sain as its invalidity expert. According to Plaintiff, Dr. Gardner's supplemental report is essentially a new report on invalidity submitted by a new expert. Plaintiff argues that neither Federal Rule of Civil Procedure 26 nor the scheduling order in this case permits the report.

Defendant responds that the District Court's summary judgment order necessitated the supplemental report. Defendant moved for summary judgment based on invalidity of the '027 and '553 patents on the basis of a 1974 article, "Fill Thermoplastics With Wood," published in Modern Plastics. Plaintiff responded to this argument with evidence from its invalidity expert, Dr. John Simonsen. The District Court denied Defendant's motion, finding that it failed to provide evidence of invalidity.

> Fiber has failed to submit such evidence. Instead, its motion is based almost entirely on arguments made by its counsel. These arguments are particularly unavailing with respect to Fiber's theories of obviousness and anticipation under the doctrine of

> inherency, both of which require an analysis of prior art from the point of view of one of ordinary skill in the art.

(Order of July 21, 2003 at 12) (emphasis in original).

It appears, based on the District Court's order and subsequent events, Defendant now needs Dr. Gardner's supplemental report to show enablement. Prior to the summary judgment order, Defendant presumed that the Modern Plastics article would establish enablement as a matter of law. Thus, it was a strategic decision on the part of Defendant not to obtain expert opinions on enablement within the parameters of the pretrial schedule. Although Defendant complains that it was not aware it would have to prove enablement, this argument is particularly unavailing given that in November of 2002, this Court noted:

> The law is clear that the party asserting lack of enablement has the burden to show by clear and convincing evidence the facts establishing lack of enablement. See Morton Int'l, Inc. v. Cardinal Chem. Co., 5 F.3d 1464, 1469 (Fed. Cir. 1993). Thus, because Plaintiff is asserting lack of enablement as a response to the Modern Plastics article, which is Defendant's main reference for invalidating Plaintiff's patents, Plaintiff had the burden to come forth with evidence of lack of enablement, or at least put Defendant on notice of the issue, during discovery. Because Plaintiff did not, Defendant is entitled to respond after the discovery period to this issue, and Plaintiff's objection to Defendant's untimely disclosure of such information in the Notice is rejected. Defendant was entitled to include outside sources in the Notice to show enablement of the Modern Plastics article.

(Order of Nov. 21, 2002 at 5-6.) Thus, not only was Defendant aware of the enablement issue, it had decided to rely on the Modern Plastics article to show enablement. Further, the Court allowed Defendant to include "new, outside sources in the Notice to show enablement of the Modern Plastics article." (Id. at 7.) Defendant did not mention any supplemental expert report or additional expert evidence on invalidity in the Amended 282 Notice. Defendant has already successfully relied on Plaintiff's failure to timely disclose its lack of enablement theory once and obtained relief as a result, but the Court will not now, almost a year later, permit a second trip to the well. See Firefighter's Inst. for Racial Equal. ex rel. Anderson v. City of St. Louis, 220 F.3d 898, 903 (8th Cir. 2000) (affirming decision to strike expert where party waited two months after expert reports were due to raise issue of insufficiency as to opponent's disclosures).

Pursuant to Federal Rule of Civil Procedure 37(c)(1), Dr. Gardner's Supplemental Report is stricken. Defendant has failed to show a substantial justification for the untimely report. See Fed. R. Civ. P. 37(c)(1). Defendant waited more than a year before submitting an expert report on specific issues relating to enablement, despite learning of Dr. Simonsen's report no later than August of 2002. Moreover, the information on which Dr. Gardner's report is based has been available to Defendant for over a year. As previously stated, Defendant made a strategic decision to not obtain certain expert opinions on invalidity. An adverse decision at summary judgment on this issue does not

provide substantial justification for Dr. Gardner's supplemental report. To find that issues do not ripen for discovery until after summary judgment motions are decided, as suggested by Defendant (Def. Opp'n Mot. Strike at 9), would be counter to the rules of discovery.

Based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Strike the Supplemental Expert Report of Douglas A. Gardner (Doc. No. 219) is **GRANTED**.

Dated: October 21, 2003

JONATHAN LEBEDOFF
Chief United States Magistrate Judge

# EXHIBIT 2

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Andersen Corporation,

Plaintiff,

v.

Civ. No. 00-2548 (JNE/JGL)
ORDER

Fiber Composites, LLC,

Defendant.

This case is before the Court on Defendant's appeal from an Order issued by the Honorable Jonathan G. Lebedoff, Chief United States Magistrate Judge, on October 21, 2003. Having reviewed the record, the Court concludes that the Magistrate Judge's Order must be affirmed because it is neither "clearly erroneous" nor "contrary to law." *See* 28 U.S.C. § 636(b)(1)(A) (2000); Fed. R. Civ. P. 72(a); D. Minn. R. 72.1(b)(2). Therefore, IT IS ORDERED THAT:

1. The Magistrate Judge's October 21, 2003, Order [Docket No. 226] is AFFIRMED.

Dated: December 4, 2003

JOAN N. ERICKSEN
United States District Judge

DEC 05 2003
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTERED
DEPUTY CLERK'S INITIALS

# EXHIBIT 3

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Andersen Corporation,

Plaintiff,

v.

Fiber Composites, LLC,

Defendant.

Case No. 00-CV-2548 JEL/AJB

**STIPULATION IN SUPPORT OF JOINT MOTION TO EXTEND CERTAIN DATES IN THE PRETRIAL SCHEDULE AND ~~PROPOSED~~ ORDER**

Pursuant to Local Rule 16.3, Plaintiff Andersen Corporation ("Andersen") and Defendant Fiber Composites, LLC ("Fiber Composites") jointly move the Court through the following Stipulation to grant a limited extension of the deadlines for expert reports and for filing non-dispositive Motions, for reasons explained more fully below.

As background, counsel for the parties have been making reasonable efforts to schedule the depositions that remained to be completed after the expiration on May 20, 2002 of the previously entered stay. The only remaining deposition to be scheduled is that of Mr. Donald Garofalo, Andersen's President and Chief Executive Officer. Both Mr. Garofalo and lead counsel for Andersen, Ronald Schutz, will be out of the country for extended business travel in June and July, 2002. Mr. Schutz and lead counsel for Fiber Composites have discussed the deposition schedule in light of these issues and have agreed that Mr. Garofalo's deposition can be scheduled in July. As of the date of this Stipulation, counsel expect the deposition will take

JUN 1 2 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

place on July 3, 2002. This date would be after the current date for exchange of opening expert reports (June 14) and less than two weeks before the date for exchange of rebuttal expert reports (July 15).

Fiber Composites believes it is preferable to exchange expert reports and file dispositive motions after all fact witness depositions, including Mr. Garofalo's, have been completed. Andersen believes that the dates for expert reports and dispositive motion filings should remain the same, with counsel for the parties accommodating reasonable requests for supplementation where necessitated by the last fact witness deposition. However, in order to avoid further Motion practice, and to complete fact discovery and the exchange of expert reports in the most expeditious manner, counsel for the parties have agreed that the following extensions of expert report dates and dispositive motion filings are appropriate.

| | |
|---|---|
| **7/12/02** | **Exchange of Initial Expert Reports** |
| **8/09/02** | **Exchange Rebuttal Expert Reports** |
| **8/30/02** | **Dispositive Motions Served and Filed** |

The parties propose that the deadline for non-dispositive Motions remain the same with a single exception. Since Mr. Garofalo's deposition will be taken after the deadline for filing non-dispositive motions, Fiber Composites may have up until one week after that deposition to file a non-dispositive motion, but only with respect to information or discovery that comes to light in Mr. Garofalo's deposition, that was not otherwise available to Fiber Composites before that deposition, and that would be the subject of a non-dispositive motion. No other dates shall be adjusted, and the parties jointly stipulate and agree that the trial ready date shall remain on October 1, 2002.

Because the parties have shown that good cause exists to modify the Pretrial Order, the parties respectfully request that the Court grant this Joint Motion for an Extension and enter an Order for Extending the Deadlines for exchanging expert reports and filing and serving dispositive motions, as set forth in the Proposed Order below.

Dated: June 11, 2002.

**ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**

By Rita Coyle DeMeules

Ronald J. Schutz (#130849)
Rita Coyle DeMeules (#191644)
Becky R. Thorson (#254861)
Nicholas S. Boebel (#030217X)

800 LaSalle Avenue, Suite 2800
Minneapolis, Minnesota 55402-2015
Phone: (612) 349-8500
**ATTORNEYS FOR ANDERSEN CORPORATION**

Dated: June 11, 2002.

**FISH & RICHARDSON P.C.**

By ______________________

R. J. Zayed (#309849)
Jonathan E. Singer (#283459)
J. Richard Soderberg (#0305637)
3300 Dain Rauscher Plaza
60 South 6th Street
Minneapolis, MN 55402
Telephone: (612) 335-5070
and
John M. Skenyon
**FISH & RICHARDSON P.C.**
225 Franklin Street
Boston, MA 02110-2804
**ATTORNEYS FOR DEFENDANT FIBER COMPOSITES, LLC.**

**PROPOSED ORDER**

Having considered the parties' Stipulation In Support of Joint Motion to Extend Certain Dates in the Pretrial Schedule, the Court hereby GRANTS the Motion. The schedule for exchanging expert reports shall be as follows:

**7/12/02** **Exchange of Initial Expert Reports**

**8/09/02** **Exchange Rebuttal Expert Reports**

The deadline for serving and filing dispositive motions shall be **August 30, 2002.** Fiber Composites may no more than one week (7 days) after the currently scheduled Garofalo deposition, file a non-dispositive motion, but only with respect to information or discovery that comes to light in Mr. Garofalo's deposition, that was not otherwise available to Fiber Composites before that deposition, and that would be the subject of a non-dispositive motion All other dates in the Amended Pretrial Schedule shall remain the same, including the trial ready date (October 1, 2002).

BY THE COURT

Dated: 6/11, 2002.

Arthur J. Boylan
Magistrate Judge of United States District Court