UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| ANDERSEN CORPORATION,<br>Plaintiff,<br>v.<br>FIBER COMPOSITES, LLC.,<br>Defendant. | CIV NO. 00-CV-2548 (JNE/JGL) |

**FIBER COMPOSITES' OPPOSITION TO ANDERSEN'S MOTION IN LIMINE TO COMPEL FIBER COMPOSITES TO MAKE AVAILABLE ITS WITNESSES TO ANDERSEN DURING TRIAL**

Andersen has moved for an Order that "any witness who will testify live be made available to testify live during the case-in-chief of the opposing party" (Docket Entry No. 245). This can only be understood as a request that Andersen wants the option of calling any of Fiber Composites' witnesses during its case-in-chief. Andersen cites no facts or law that support such a request in this case, and Fiber Composites opposes the motion. In particular, Andersen's motion is burdensome in view of Andersen's recent actions in apparently abandoning in doctrine of equivalents case, it is not clear that Fiber Composites need call as witnesses a number of people on its witness list now.

**I. The Law On Calling Adverse Witnesses**

The two district court cases on which Andersen bases its motion are premised on unique facts that are completely absent from this case, and Andersen's statement that "courts routinely enter orders mandating that a party not rely on evidence that it makes unavailable to the opposing party" is far from true (Docket Entry No. 247, p. 1).

In *Gulf Oil v. Chevron U.S.A., Inc.*, 776 F. Supp. 838, 839 (S.D.N.Y. 1991), the issue was "whether Harold Hammer, a former officer and director of Gulf, may testify during the defendants' case if he refuses to appear and testify during plaintiffs' case." The plaintiffs wanted to call Mr. Hammer during their case in chief, but he wanted to absent himself during their case,

and then strategically decide whether or not it was in his interest to testify during defendants' case. *Id*. Because of these unique facts, the court exercised the discretion available to federal district courts under Rule 611(a) of the Federal Rules of Evidence " to preclude parties who refuse to honor a reasonable request for production of a key witness subject to their control, and thereby force an opponent to use a deposition, from calling the witness to testify personally during their presentation of evidence." *Id*. In *Gulf Oil*, the court found "every reason to use such discretion" based on the facts of that case: "Hammer is a party to this case, and a central figure in the underlying events. If he elects to absent himself during plaintiffs' case, he will not testify at all, and plaintiffs will be free to comment upon his absence." *Id*.

In this case, there is not even a single reason—either presented by Andersen or apparent to Fiber Composites—for the Court to consider doing the same thing as in *Gulf Oil*. Andersen has not made any request for production of a key witness subject to Fiber Composites' control, let alone a reasonable one. And Fiber Composites has refused no such request as part of its trial strategy. Accordingly, *Gulf Oil* is not controlling, persuasive, or even on-point.

In *Niebur v. Cicero*, 212 F. Supp. 2d 790, 806-07 (N.D. Ill. 2002), a key witness refused to appear and testify in the case in chief. After the plaintiffs had the witness's deposition read into the record, he then decided he was willing to testify in the defendants' case. *Id*. Pursuant to Rule 611 and in accordance with *Gulf Oil*, the court refused to allow him to testify because of his refusal to honor plaintiff's reasonable request. *Id*.

Again, in this case, there is no reasonable request by the plaintiffs. Nor is there any indication that a key witness of Fiber Composites is laying in wait deciding whether or not it would be advantageous to appear later in Fiber Composites' case. In short, the factual scenarios justifying the court rulings in both *Gulf Oil* and *Niebur* are unique and totally absent here.

**II. Andersen Abandoned Its Doctrine Of Equivalents Argument**

As shown, Andersen has no basis for its motion. It is unwarranted and burdensome. It should be denied. This is particularly so in view of Andersen's recent apparent abandonment of its doctrine of equivalents case. In the discussion between the parties as to the proposed jury

instructions on March 21, 2005, Andersen's counsel represented for the first time that it was abandoning its doctrine of equivalents argument. This effectively eliminates the infringement issue from the case, and severely reduces the need for certain of Fiber Composites' witnesses (none of which are from the local area) to attend trial. If Fiber Composites determines it does not need certain witnesses, it would otherwise bring because of Andersen's recent change in its case, Andersen should not be allowed to compel their attendance.

Dated: March 23, 2005

FISH & RICHARDSON P.C., P.A.

By: s/ Katherine A. Moerke
Jonathan E. Singer (#283459)
Katherine A. Moerke (#312277)
3300 Dain Rauscher Plaza
60 South Sixth Street
Minneapolis, MN 55402
Telephone: (612) 335-5070

John M. Skenyon
Michael E. Zeliger
Fish & Richardson P.C.
225 Franklin Street
Boston, MA 02110-2804
Tel.: (617) 542-5070
Fax: (617) 542-8906

Attorneys for Defendant
FIBER COMPOSITES, LLC.

21052323.doc