**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Andersen Corporation,

Plaintiff,

v.

Fiber Composites, LLC,

Defendant.

Case No. 00-CV-2548 JNE/JGL

# PLAINTIFF ANDERSEN'S MEMORANDUM IN OPPOSITION TO FIBER COMPOSITES' CONDITIONAL MOTION IN LIMINE TO CHANGE THE ORDER OF PROOF

## INTRODUCTION

Andersen is the Plaintiff in this action. Its claims against Defendant, Fiber Composites – which arise from Fiber Composites' infringement of Andersen's patents – will be presented at trial. Fiber Composites, having asserted only affirmative defenses and no counterclaims, is the Defendant. As Plaintiff, Andersen should proceed first in presenting its case-in-chief. Even if infringement under the doctrine of equivalents is not at issue in this trial against Fiber Composites, there is no support for reordering the traditional order of proof. Fiber Composites' proposal to put an affirmative defense first, would confuse the jury and this confusion would significantly and unfairly prejudice Plaintiff Andersen. Therefore, Fiber Composites' motion should be denied and Andersen should proceed first at trial.

## FACTUAL BACKGROUND

This Court has already ruled that certain Fiber Composites products literally infringe all of the asserted claims of the Deaner patents. (Summ. J. Order dated July 22, 2003 at 12). The remaining issues at trial include Andersen's claim of willful infringement and proof of damages.

Fiber Composites is defending Andersen's claims by asserting affirmative defenses related to patent validity. (*Id.*) (Def.'s Answer To Compl. Aff. Defenses dated January 3, 2001, at 7; Def.'s Answer To First Am. Compl. Aff. Defenses dated November 27, 2001, at 7). Fiber Composites asserted no counterclaims.

**ARGUMENT**

There is no basis to change the traditional order of proof in this patent case. As noted by Judge Lay of the United States Circuit Court of Appeals, Eighth Circuit, the traditional order of proof begins with the party, ordinarily the plaintiff, who bears the burden of production presenting its case. 5 AM. JUR. TRIALS, *Mapping the Trial - Order of Proof*, § 5, at 509-10 (1966). The plaintiff presents its case-in-chief and rests upon completion. *Id*. Thereafter, the defendant offers evidence in denial of the plaintiff's case and proves any affirmative defenses it may have. *Id*. Upon completion of the defendant's case-in-chief, the plaintiff is entitled to present evidence in rebuttal. *Id*.

This sequence overwhelmingly supports Andersen, the plaintiff, proceeding first. Andersen filed this action and there are no counterclaims. Andersen carries the burden of proof on its claims of willful infringement and damages. *Crystal Semiconductor Corp. v. Tritech Microelectronics Int'l Inc.*, 246 F.3d 1336, 1346 (Fed. Cir. 2001) (stating plaintiff must prove willfulness); *Lindemann Maschinenfabrik GmbH v. Am. Hoist & Derrick Co.*, 895 F.2d 1403, 1405 (Fed. Cir. 1990) (stating plaintiff must prove amount of damages). Thus, Andersen should proceed first in presenting its case-in-chief. *Anheuser-Busch, Inc. v. John Labatt*, 89 F.3d 1339, 1344 (8th Cir. 1996) ("Ordinarily, the trial court extends the privilege of opening and closing the case to the party that has the burden of proof.") (citation omitted). Only after Andersen rests its case-in-chief is Fiber Composites entitled to present its case-in-chief, including affirmative

defenses. 5 AM. JUR. TRIALS, *Mapping the Trial - Order of Proof*, § 5, at 510 (1966); *accord* 28 CHARLES ALAN WRIGHT & VICTOR JAMES GOLD, FEDERAL PRACTICE AND PROCEDURE, § 6164, at 370 (1993).

Simply because it has an evidentiary burden to establish its affirmative defense of invalidity is no reason to subject the jury to Fiber Composites' approach. Courts have denied re-juggling the traditional order of proof in patent cases, even when a defendant has filed counterclaims asserting invalidity, which Fiber Composites has not.[1] For example, in *Anheuser-Busch*, the plaintiff filed a complaint in which it had the burden of proof for one claim, but the defendant had the burden of proof on several counterclaims. Noting that both parties bore the burden of proof on their "distinct causes of action**,**" the court held that it was not an error to "allow the actual plaintiff, the party that filed the lawsuit, to proceed first." *Anheuser-Busch*, 89 F.3d at 1344. Fiber Composites is in a worse position to argue for reordering of trial than the unsuccessful defendant in *Anheuser-Busch*.

Moreover, Fiber Composites' proposal would subject the jury to confusion by presenting an affirmative defense to the jury before giving it the opportunity to develop an understanding of the dispute. It is utterly illogical to force the jury to hear testimony relating to the defense of a claim that, from the jury's perspective, would not yet exist. Practically, the jury would have no context with which to understand Fiber Composites' defense and such a presentation would surely confuse the jury. Moreover, this confusing presentation of proof would unfairly prejudice Andersen.

The traditional order of proof, on the other hand, will best allow the jury to understand and evaluate the case. Andersen intends to begin its case presentation by examining background

---

[1] Fiber Composites could have brought a counterclaim for a declaratory judgment of invalidity, thereby establishing itself as a counter-plaintiff on that issue, but failed to do so.

fact-witnesses, including inventor, Michael Deaner, as is ordinarily the case in patent cases. Such a presentation will benefit the jury by providing sufficient context with which to better understand the evidence presented relating to all remaining issues.

Not only would Fiber Composites' proposal likely cause jury confusion, it would provide no attendant advantages. In fact, Fiber Composites has asserted no advantages in support of its motion. This trial is not phased or bifurcated; witnesses may, and likely will, provide testimony relevant to all remaining issues, including willful infringement, damages, non-obviousness and validity. Most critical is the orderly presentation of the evidence to assist the jury in understanding the case. This goal will be most effectively accomplished by Andersen proceeding first in presenting its case-in-chief.

In sum, Andersen is the plaintiff and should proceed first at trial. Fiber Composites has provided no support for its proposal. Any concerns Fiber Composites may have regarding jury confusion on which party carries the burden of proof can be easily solved with an instruction to the jury, and is significantly outweighed by the real risk of jury confusion that will likely result from Fiber Composites presenting its affirmative defense first.

## CONCLUSION

Andersen respectfully requests that this Court deny Fiber Composites' motion in limine to change the order of proof.

Dated: March 23, 2005

**ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**

By: /s/ Misti Nelc
Ronald J. Schutz (#130849)
Becky R. Thorson (#254861)
Misti Nelc (#296090)

Nicholas S. Boebel (#030217X)

800 LaSalle Avenue, Suite 2800
Minneapolis, Minnesota 55402-2015
Phone: (612) 349-8500

**ATTORNEYS FOR PLAINTIFF ANDERSEN CORPORATION**