**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Andersen Corporation,

Plaintiff,

v.

Fiber Composites, LLC,

Defendant.

**Case No.: 00-CV-2548 (JNE/JGL)**

**PLAINTIFF ANDERSEN'S MEMORANDUM IN OPPOSITION TO DEFENDANT FIBER COMPOSITES' MOTION IN LIMINE TO EXCLUDE ANDERSEN FROM INTRODUCING ANY EVIDENCE RELATING TO THE PRIOR ART NOT SPECIFIED IN ANDERSEN'S RESPONSE OF JANUARY 8, 2002**

## INTRODUCTION

Fiber Composites has no legitimate basis to request that this Court preclude Andersen's expert, Dr. John Simonsen, from testifying about matters contained in his expert report. Dr. Simonsen's report rebutted the opinions of Fiber Composites' expert on validity and concluded the sequence of pre-trial exchanges relating to prior art required by this Court's Scheduling Order. The notion that Andersen's expert cannot fully rebut the allegations of Fiber Composites' expert is absurd. To the contrary, a fully developed expert report is required under Federal Rules of Civil Procedure 26(a)(2)(B) (a testifying expert's report "shall contain a complete statement of all opinions to be expressed and the basis and reasons therefore; the data or other information considered by the witness in forming the opinions; [and] any exhibits to be used as a summary of or support for the opinions"). Andersen's expert report fully complies with this Court's Order and Federal Rule of Civil Procedure 26; thus, Andersen's expert may testify on any matters contained in his report.



Word 20127813.1

Fiber Composites cannot demonstrate any prejudice because the prior art discussed in Andersen's expert report were identified in Andersen's Prior Art Response. Moreover, the exchange of expert reports followed by expert depositions ensures no unfair surprise. Accordingly, Fiber Composites' motion in limine must be denied.

## ARGUMENT

### I. Andersen's Expert Report Was Filed According To Rule 26 And This Court's Scheduling Order.

All of Andersen's submissions relating to prior art have been in accordance with the Court's Amended Pretrial Scheduling Order ("Scheduling Order") and Rule 26. The Court's Scheduling Order is mandatory and must be followed with specificity. See Fed. R. Civ. P. 16(e); *Sylla-Sawdon v. Uniroyal Goodrich Tire Co.*, 47 F.3d 277, 284 (8th Cir. 1995). As this Court has stated, "a specific judicial directive for the timing of discovery establishes the procedures to which the parties are bound." *ADC Telecommunications, Inc. v. Thomas & Betts Corp.*, 2001 U.S. Dist. LEXIS 17796, at *10 (D. Minn. Oct. 18, 2001) (attached as Ex. 1 to Boebel Decl.) (*quoting ATD Corp. v. Lydall, Inc.*, 159 F.3d 534, 551 (Fed. Cir. 1998)). The *ADC* court warned that "scheduling orders must mean something if the parties and the court are ever to achieve some sort of finality." *Id.* at *11.

The Court's Scheduling Order explicitly required the parties to exchange information about the prior art in an orderly sequence: (1) Fiber Composites' Prior Art Statement; (2) Andersen's response to Fiber Composites' Prior Art Statement ("Prior Art Response"); (3) Fiber Composites' expert report; and (4) Andersen's rebuttal expert report to Fiber Composites' report. In accordance with this order, Fiber Composites served its Prior Art Statement and Andersen served its response to that statement. Fiber Composites served one expert report on validity, and



Word 20127813.1

Andersen timely served a rebuttal expert report on validity. Each party's validity expert was deposed.

Fiber Composites' motion improperly seeks to preclude Andersen's expert from testifying about matters timely and properly disclosed in his expert report. Fiber Composites' argument that Andersen's expert report cannot contain any additional explanation or analysis beyond what was said in Andersen's Prior Art Response has no basis in law and defies common sense. Following Fiber Composites' logic, experts would be required to completely parrot a party's earlier prior art statement. This kind of "expertise" could never "assist the trier of fact to understand the evidence or to determine a fact at issue" as Federal Rule of Evidence 705 instructs. The Court's Scheduling Order provides for the filing of *both* a prior art statement and expert reports for good reason. Andersen's expert, Dr. Simonsen, properly set forth his opinions and provided his own analysis of the prior art discussed in: (1) Andersen's Prior Art Response; and (2) in rebuttal to Fiber Composites' opening expert report. This he was permitted to do under both the Scheduling Order in this case and Rule 26.

If this Court were to grant Fiber Composites' motion, it would require the exclusion of the expert report of Fiber Composites' own expert. The report of Fiber Composites' expert, Dr. Sain, contains numerous additional prior art claims that are not contained in its Prior Art Statement. For example, Fiber Composites' Prior Art Statement lists the first element of claim 22 as: "A polymer wood composite rail, suitable for use as a replacement for a wood rail." (Moerke Decl. Ex. C, Attachment B) (Prior Art Statement). The statement lists a patent entitled "Process Producing a Wood-Plastic Agglomerate and Use Thereof" as the reference that anticipates that claim element. (*Id.* at p. 2). If you turn to Fiber Composites' expert, Dr. Sain's report, the same claim element lists a completely different reference as the anticipating reference:

"Fill Thermoplastics With Wood". (Boebel Decl. Ex. 2 at 13) (Expert Report of Mohini M. Sain). This is but one example of a pattern of additional prior art claims contained in Fiber Composites' expert report.[1]

Andersen should not be denied the opportunity, as provided in the Court's Scheduling Order and the Federal Rules of Civil Procedure, to rely on its own expert report to rebut Fiber Composites' assertion that the asserted claims of the Deaner patents are invalid.

**II. Andersen's Expert Report Appropriately Rebuts Fiber Composites' Expert Reports Alleging the Deaner Patents Are Invalid.**

Fiber Composites concedes that it "must show by clear and convincing evidence that a single reference discloses every element of the alleged invalid claim, and that single reference enables one of skill in the art to make the subject matter of the claim." (Moerke Decl. Ex. C at 3) (Andersen's Prior Art Response) (*citing Toro Co. v. John Deere & Co.*, 143 F. Supp. 2d 1122, 1129 (D. Minn. 2001) (emphasis added)). To meet its burden, Fiber Composites had the burden to establish that any alleged anticipating art enabled "one of ordinary skill in the art to make or carry out the claimed invention without undue experimentation." *Elan Pharm., Inc. v. Mayo Found. for Med. Educ. & Research*, 346 F.3d 1051, 1054 (Fed. Cir. 2003). Since Fiber Composites' expert failed to provide any opinion on whether the *Modern Plastics* article was enabling, Dr. Simonsen's report appropriately pointed out Fiber Composites' lack of opinion (or actual evidence) supporting the legal requirement of enablement. Fiber Composites should not be allowed to foreclose Andersen's right to rebut all of Fiber Composites' expert's arguments and also identify deficiencies in his opinions.

---

[1] Other examples are evident from comparing Fiber Composites' Prior Art Statement Attachment B to its expert report: element one of claim one of the '027 patent; claim 9 of the '027 patent; claim 21 element (c) of the '607 patent; claim 22 of the '027 patent; and others.

Fiber Composites' claim that Andersen is engaging in "trial by ambush" is simply untrue. Although the content of Andersen's expert report is grounded in its Prior Art Response,[2] even if that were not the case, the expert report exchange governed by the Scheduling Order and Rule 26 ensures no unfair surprise at trial. Moreover, Fiber Composites had the full opportunity to depose Andersen's expert, Dr. Simonsen, to test the veracity of his opinions contained in his report. And, in fact, Fiber Composites questioned Dr. Simonsen extensively during his deposition about his opinions. (See e.g., Boebel Decl. Ex. 3 at 69-82) (Deposition of Dr. John Simonsen). Under these circumstances, Fiber Composites' assertions of "surprise" ring hollow. Fiber Composites has not been prejudiced in any way.

**CONCLUSION**

For the foregoing reasons, Andersen respectfully requests that the Court deny Fiber Composites' motion.

Dated this 23rd day of March, 2005.

**ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**

By /s/ Misti Nelc
Ronald J. Schutz (#130849)
Becky R. Thorson (#254861)
Misti Nelc (#0296090)
Nicholas S. Boebel (#030217X)

2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, Minnesota 55402-2015

[2] Andersen's Prior Art Response was not silent on the issue of enablement with respect to the *Modern Plastics* reference. Andersen's Prior Art Response sets forth several grounds for lack of enablement of the *Modern Plastics* article: there was no "actual testing", the process described in the article does not achieve the "results recited" in the article, and there is insufficient teaching about "fiber sizes", "filler", and "wood flour." (Moerke Decl. Ex. C at 7) (Andersen's Prior Art Response).

(612) 349-8500

**ATTORNEYS FOR PLAINTIFF ANDERSEN CORPORATION**