**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Andersen Corporation,

Plaintiff,

v.

Fiber Composites, LLC,

Defendant.

Case No. 00-CV-2548 JNE/JGL

**PLAINTIFF ANDERSEN'S MEMORANDUM IN OPPOSITION TO FIBER COMPOSITES, LLC'S MOTION IN LIMINE TO PRECLUDE ANDERSEN FROM INTRODUCING ANY EVIDENCE CONCERNING ADVICE OF COUNSEL AS IT RELATES TO ANDERSEN'S ALLEGATION OF WILLFUL INFRINGEMENT**

## INTRODUCTION

Plaintiff Andersen Corporation ("Andersen") contends that Defendant Fiber Composites ("Fiber Composites") has willfully infringed the patents-in-suit ("the Deaner patents"). By at least February of 2000, Fiber Composites was aware of the existence and literal scope of the Deaner patents. Nonetheless, Fiber Composites continued to manufacture infringing product.

Fiber Composites has filed a motion in limine to prevent the jury from learning whether Fiber Composites sought an opinion of counsel once it learned about the Deaner patents. However, under *Underwater Devices*, the fact of a failure to obtain opinion of counsel is relevant to the issue of willfulness, and thus is admissible at trial. Nothing in *Knorr-Bremse* precludes Andersen from offering such evidence. In fact, Fiber Composites' Memorandum In Support of this Motion ("Memorandum") shows just how far Fiber Composites must, and is willing to, overreach to exclude admissible testimony by impermissibly extending the *Knorr-Bremse* holding.

Andersen does not seek an adverse inference that if Fiber Composites obtained an opinion of counsel, it would have been unfavorable. Rather, Andersen intends to introduce the facts relating to whether Fiber Composites' satisfied its duty of due care at trial. Andersen intends to establish the fact that Fiber Composites did not seek an opinion of counsel, and this fact is not excluded under *Knorr-Bremse*. Accordingly, Fiber Composites' motion should be denied.

## FACTUAL BACKGROUND

Andersen has asserted claims for willful infringement of the Deaner patents. (Pl.'s First Am. Compl and Demand for Jury Trial.). Andersen intends to show at trial that Fiber Composites never sought an opinion of counsel regarding its infringement of the Deaner patents.

## ARGUMENT

### I. Evidence related to whether Fiber Composites obtained advice of counsel is relevant to the issue of willful infringement and thus should be admitted at trial.

The fact of whether Fiber Composites obtained advice of counsel is relevant to the issue of willful infringement and is admissible at trial. A determination of willfulness is made upon consideration of the totality of the circumstances. *Knorr-Bremse Systeme Fuer Nutzfahrzeuge GmbH v. Dana Corp.*, 383 F.3d 1337, 1342 (Fed. Cir. 2004). The Federal Circuit has developed guidelines to determine whether an infringer's actions were in such bad faith that an award of enhanced damages is appropriate. *Read Corp. v. Protec, Inc.*, 970 F.3d 816, 827-28 (Fed. Cir. 1992). A critical factor is whether the alleged infringer investigated the scope of the patent and formed a good faith belief that it was invalid and/or infringed:

> Although various criteria have been stated for determining 'willful infringement,' which is the term designating behavior for which enhanced damages may be assessed, the primary consideration is whether the infringer, acting in good faith and upon due inquiry, had a sound reason to believe that it had the right to act in the manner that was found to be infringing.



Word 20128340.1

*SRI Int'l, Inc. v. Advanced Tech. Labs., Inc.*, 127 F.3d 1462, 1464 (Fed. Cir. 1997) (emphasis added).

Indeed, Fiber Composites had an affirmative duty of due care to avoid infringing Andersen's patents, which could have been discharged, in part, by seeking an opinion of counsel before engaging in any potential infringing activity. *Vulcan Eng'g Co. v. Fata Aluminum, Inc.*, 278 F.3d 1366, 1378 (Fed. Cir. 2002); *see Knorr-Bremse*, 383 F.3d at 1345 ("there continues to be 'an affirmative duty of due care to avoid infringement of the known patent rights of others'"). Fiber Composites knew the Deaner patents existed when it engaged in its infringing activity. The fact of whether Fiber Composites sought advice of counsel is relevant to whether Fiber Composites complied with its duty to investigate in good faith.

Andersen intends to establish at trial that Fiber Composites did not seek an opinion of counsel once it learned about the Deaner patents. Evidence that it did not obtain advice of counsel is highly relevant to the issue of whether Fiber Composites willfully infringed under the "totality of the circumstances." *Knorr-Bremse*, 383 F.3d at 1342. Indeed, the law of willful infringement exists to prevent parties from adopting the type of "aggressive strategy" illustrated by Fiber Composites' conduct here. *Id.* at 1343 ("Fundamental to determination of willful infringement is the duty to act in accordance with law."); *Ryco, Inc. v. Ag-bag Corp.*, 857 F.2d 1418, 1428-29 (Fed. Cir. 1988).

## II. Fiber Composites' interpretation of *Knorr-Bremse* as precluding evidence related to whether it obtained opinion of counsel is wholly unsupported by *Knorr-Bremse*.

Fiber Composites interpretation of *Knorr-Bremse* is over broad and wholly unsupported by *Knorr-Bremse* itself. *Knorr-Bremse* held that "no adverse inference that an opinion of counsel was or would have been unfavorable flows from an alleged infringer's failure to obtain



Word 20128340.1

or produce an exculpatory opinion of counsel." 383 F.3d at 1341 (emphasis added). This holding precludes adverse inferences, not relevant evidence concerning whether an alleged infringer obtained opinion of counsel, as Fiber Composites suggests. In so suggesting, Fiber Composites ignores the narrow holding of *Knorr-Bremse* emphasized by the *Knorr-Bremse* court itself:

> [the question of whether the jury can be told whether or not counsel was consulted] is not raised by this case, was not before the district court, and has not been briefed on this appeal. Today we resolve only the question of whether adverse inferences of unfavorable opinions can be drawn, and hold that they can not.

383 F.3d at 1346-47. Thus, Fiber Composites' attempt to characterize *Knorr-Bremse* as precluding evidence of whether it obtained advice of counsel is wholly unsupported by the plain language of the Federal Circuit.

Nothing in *Knorr-Bremse* precludes Andersen from presenting evidence relevant to willfulness. Rather, the Federal Circuit has recognized its decision in *Underwater Devices Inc. v. Morrison-Knudsen Co.*, 717 F.2d 1380, 1389-90 (Fed. Cir. 1983), as accurately setting forth the law of willful infringement:

> Thus in *Underwater Devices, Inc. v. Morrison-Knudsen Co.*, 717 F.2d 1380 (Fed. Cir. 1983) the court stressed the legal obligation to respect valid patent rights. The court's opinion quoted the infringer's attorney who, without obtaining review by patent counsel of the patents at issue, advised the client to "continue to refuse to even discuss the payment of a royalty." *Id*. at 1385. The attorney advised that "courts, in recent years, have -- in patent infringement cases -- found the patents claimed to be infringed upon invalid in approximately 80% of the cases," and that for this reason the patentee would probably not risk filing suit. *Id*. On this record of flagrant disregard of presumptively valid patents without analysis, the Federal Circuit ruled that "where, as here, a potential infringer has actual notice of another's patent rights, he has an affirmative duty to exercise due care to determine whether or not he is infringing," including "the duty to seek and obtain competent

> legal advice from counsel before the initiation of any possible infringing activity." *Id*. at 1389-90.
>
> *Underwater Devices* did not raise any issue of attorney-client privilege, while applying precedent that a finding of willfulness requires the factfinder to find by clear and convincing evidence "that the infringer acted in disregard of the patent," *citing Stickle v. Heublein, Inc*., 716 F.2d 1550, 1565 (Fed. Cir. 1983).

*Knorr-Bremse*, 383 F.3d at 1343 (Fed. Cir. 2004) (emphasis added). As the Federal Circuit stated, the mere fact that the infringer failed to secure an opinion of counsel "did not raise any issue of attorney-client privilege." *Id.* The *Knorr-Bremse* court eliminated the adverse inference with respect to the content, or prospective content, of Fiber Composites' opinion, *i.e.*, "that an opinion of counsel was or would have been unfavorable." *Id.* But the fact of whether an opinion of counsel was even sought is plainly relevant to whether Fiber Composites satisfied its "affirmative duty of due care" under the "totality of the circumstances." *Underwater Devices, Inc. v. Morrison-Knudsen Co.*, 717 F.2d 1380 (Fed. Cir. 1983); *Royce Ltd. v. GTE Valeron Corp.*, 800 F.2d 1101, 1110 (Fed. Cir. 1986); *Crystal Semiconducter Corp. v. Tritech, Inc.*, 246 F.3d 1336, 1351-52 (Fed. Cir. 2001).

## CONCLUSION

Andersen respectfully requests that this Court deny Fiber Composites' motion in limine to exclude evidence related to whether Fiber Composites obtained advice of counsel.

Dated: March 23, 2005

**ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**

By: /s/ Misti Nelc
Ronald J. Schutz (#130849)
Becky R. Thorson (#254861)
Misti Nelc (#296090)
Nicholas S. Boebel (#030217X)

800 LaSalle Avenue, Suite 2800
Minneapolis, Minnesota 55402-2015
Phone: (612) 349-8500

**ATTORNEYS FOR PLAINTIFF ANDERSEN CORPORATION**