**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Andersen Corporation,

Plaintiff,

v.

Fiber Composites, LLC,

Defendant.

**Case No.: 00-CV-2548 (JNE/JGL)**

---

**PLAINTIFF ANDERSEN'S PROPOSED SPECIAL VERDICT FORM PURSUANT TO RULE 39.1(b)(2)(C)**

ANSWER ALL OF THE FOLLOWING QUESTIONS:

**WILLFUL INFRINGEMENT**

**1. HAS ANDERSEN PROVEN BY CLEAR AND CONVINCING EVIDENCE THAT FIBER COMPOSITES' INFRINGEMENT OF THE 5,539,027 AND 5,486,553 PATENTS WAS WILLFUL?**

*Answer the following question regarding willful infringement with a "Yes" or "No." A "Yes" is a finding for Andersen. A "No" is a finding for Fiber Composites.*

Yes_____ No______

**VALIDITY**

**2. HAS FIBER COMPOSITES PROVEN BY CLEAR AND CONVINCING EVIDENCE THAT THE FOLLOWING CLAIMS OF US PATENT NUMBER 5,539,027 ARE INVALID ON THE GROUND OF ANTICIPATION?**

*Answer the following questions regarding validity of the '027 patent with a "Yes" or "No." A "Yes" is a finding for Fiber Composites. A "No" is a finding for Andersen.*

| | | | |
|---|---|---|---|
| (A) | Claim 1 | Yes_____ | No______ |
| (B) | Claim 3 | Yes_____ | No______ |
| (C) | Claim 4 | Yes_____ | No______ |
| (D) | Claim 5 | Yes_____ | No______ |
| (E) | Claim 6 | Yes_____ | No______ |
| (F) | Claim 9 | Yes_____ | No______ |

If you found any claim of the '027 patent invalid by reason of anticipation, state separately for each claim the specific art you find anticipates ________________________________
________________________________________________________________________________

**3. HAS FIBER COMPOSITES PROVEN BY CLEAR AND CONVINCING EVIDENCE THAT THE FOLLOWING CLAIMS OF US PATENT NUMBER 5,486,553 ARE INVALID ON THE GROUND OF ANTICIPATION?**

*Answer the following questions regarding validity of the '553 patent with a "Yes" or "No." A "Yes" is a finding for Fiber Composites. A "No" is a finding for Andersen.*

| | | | |
|---|---|---|---|
| (A) | Claim 1 | Yes_____ | No______ |
| (B) | Claim 2 | Yes_____ | No______ |
| (C) | Claim 5 | Yes_____ | No______ |
| (D) | Claim 6 | Yes_____ | No______ |
| (E) | Claim 22 | Yes_____ | No______ |

If you found any claim of the '553 patent invalid by reason of anticipation, state separately for each claim the specific art you find anticipates________________________________
________________________________________________________________________________

**4. HAS FIBER COMPOSITES PROVEN BY CLEAR AND CONVINCING EVIDENCE THAT THE FOLLOWING CLAIMS OF US PATENT NUMBER 5,539,027 ARE INVALID ON THE GROUND OF OBVIOUSNESS?**

*Answer the following questions regarding validity of the '027 patent with a "Yes" or "No." A "Yes" is a finding for Fiber Composites. A "No" is a finding for Andersen.*

(A) Claim 1 Yes_____ No______

(B) Claim 2 Yes_____ No______

(C) Claim 3 Yes_____ No______

(D) Claim 4 Yes_____ No______

(E) Claim 5 Yes_____ No______

(F) Claim 6 Yes_____ No______

(G) Claim 9 Yes_____ No______

If you found any claim of the '027 patent invalid by reason of obviousness, list separately for each claim the combinations of prior art upon which you based the decision of obviousness_______________________________________________________________________

_______________________________________________________________________________

**5. HAS FIBER COMPOSITES PROVEN BY CLEAR AND CONVINCING EVIDENCE THAT THE FOLLOWING CLAIMS OF US PATENT NUMBER 5,486,553 ARE INVALID ON THE GROUND OF OBVIOUSNESS?**

*Answer the following questions regarding validity of the '553 patent with a "Yes" or "No." A "Yes" is a finding for Fiber Composites. A "No" is a finding for Andersen.*

(A) Claim 1 Yes_____ No______

(B) Claim 2 Yes_____ No______

(C) Claim 3 Yes_____ No______

(D) Claim 4 Yes_____ No______

(E) Claim 5 Yes_____ No______

(F) Claim 6 Yes_____ No______

(G) Claim 22 Yes_____ No______

If you found any claim of the ‘553 patent invalid by reason of obviousness, list separately for each claim the combinations of prior art upon which you based the decision of obviousness____________________________________________________________________________________________

**DAMAGES**

**IF YOU FIND ANY CLAIM OF THE PATENTS IN SUIT IS VALID, YOU MUST NOW REACH A DECISION ON DAMAGES. THE COURT HAS RULED THAT FIBER COMPOSITES’ PRODUCTS WITH 30% OR MORE WOOD FIBER WEIGHT INFRINGE ALL THE ASSERTED CLAIMS OF THE 5,486,553 AND 5,539,027 PATENTS. YOU MUST NOW DETERMINE THE REASONABLE ROYALTY FOR THE SALE OF THOSE INFRINGING PRODUCTS.**

**6. WHAT IS THE REASONABLE ROYALTY RATE TO WHICH ANDERSEN IS ENTITLED ON THE SALE OF FIBER COMPOSITES’ INFRINGING PRODUCTS?**

_____%

*Divide percentage by 100 for decimal form of reasonable royalty rate =* ______________

**7. WHAT IS THE DOLLAR AMOUNT OF FIBER COMPOSITES’ INFRINGING SALES AND INVENTORY FROM NOVEMBER 16, 2000 AND DECEMBER 31, 2000 UPON WHICH THE REASONABLE ROYALTY SHOULD APPLY?**

$___________________________

**8. BASED UPON YOUR RESPONSE TO QUESTIONS 6 AND 7 ABOVE, WHAT TOTAL AMOUNT OF DAMAGES SHOULD BE AWARDED TO ANDERSEN AS A REASONABLE ROYALTY?**

$_________________ No. 7 above

x _________ Decimal royalty rate from No. 6 above

$_________________ **TOTAL**

**9. WAS ANDERSEN DAMAGED IN EXCESS OF THE AMOUNT OF A REASONABLE ROYALTY AS A RESULT OF FIBER COMPOSITES' INFRINGEMENT?**

*Answer the following questions regarding validity of the '553 patent with a "Yes" or "No." A "Yes" is a finding for Andersen. A "No" is a finding for Fiber Composites.*

Yes_____ No______

**10. IF YOU ANSWERED "YES" TO QUESTION 9 ABOVE, WHAT ADDITIONAL AMOUNT OF MONEY WILL COMPENSATE ANDERSEN FOR ADDITIONAL DAMAGES, IF ANY, IT SUSTAINED AS A RESULT OF THE INFRINGEMENT?**

$________________________

Dated: ________________

________________________
Jury Foreperson