UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Andersen Corporation,

Plaintiff,

v.

Fiber Composites, LLC,

Defendant.

Case No. 00-CV-2548 JNE/JGL

**ANDERSEN AND FIBER COMPOSITES' AGREED AND PROPOSED PRELIMINARY AND FINAL JURY INSTRUCTIONS**

Plaintiff Andersen Corporation ("Andersen") and Defendant Fiber Composites, LLC ("Fiber Composites") respectfully submit the foregoing Agreed and Proposed Preliminary and Final Jury Instructions. The parties exchanged proposed jury instructions on March 18, 2005. They met and conferred just three days later, on March 21, 2005, in an effort to resolve their differences and reach an agreement on the jury instructions.

Those instructions on which the parties agree are so noted. To the extent the parties have any objections to specific instructions, it is indicated that the instruction is "Proposed." Specifically, if one party objects to an instruction in its entirety, it indicates which party is proposing the instruction, and it will state that it is "Andersen's Proposed" or "Fiber Composites' Proposed" instruction. If the parties agree to an instruction, but have objections to portions of the instruction, it indicates that it is "Proposed," and the objections are contained within the instruction.

# TABLE OF CONTENTS

INTRODUCTION ........ 1

THE PARTIES AND THE NATURE OF THE CASE—ANDERSEN'S PROPOSED ........ 2

THE PARTIES—FIBER COMPOSITES' PROPOSED ........ 4

PLAINTIFF'S CONTENTIONS—ANDERSEN'S PROPOSED ........ 5

PLAINTIFF'S CONTENTIONS—FIBER COMPOSITES' PROPOSED ........ 6

DEFENDANT'S CONTENTIONS—ANDERSEN'S PROPOSED ........ 7

DEFENDANT'S CONTENTIONS—FIBER COMPOSITES' PROPOSED ........ 8

CONSTITUTIONAL BASIS FOR PATENT GRANT—ANDERSEN'S PROPOSED ........ 9

CONSTITUTIONAL BASIS FOR PATENT GRANT—
FIBER COMPOSITES' PROPOSED ........ 10

THE SIGNIFICANCE OF PATENT CLAIMS—ANDERSEN'S PROPOSED ........ 11

EXCLUSIONARY RIGHT AND TERM OF A PATENT—
FIBER COMPOSITES' PROPOSED ........ 12

WHAT A PATENT IS AND HOW ONE IS OBTAINED—ANDERSEN'S PROPOSED ........ 13

THE PARTS OF A PATENT—FIBER COMPOSITES' PROPOSED ........ 16

CONTINUATION PATENT APPLICATIONS—ANDERSEN'S PROPOSED ........ 18

SUMMARY OF PATENT ISSUES—ANDERSEN'S PROPOSED ........ 19

SUMMARY OF THE PATENT ISSUES—FIBER COMPOSITES' PROPOSED ........ 20

JUROR'S DUTIES ........ 21

EVIDENCE ........ 23

BURDENS OF PROOF—ANDERSEN'S PROPOSED ........ 25

BURDENS OF PROOF—FIBER COMPOSITES' PROPOSED ........ 28



Word 20128255.1

JUROR'S CONDUCT .......... 30

COURSE OF THE TRIAL—ANDERSEN'S PROPOSED .......... 32

COURSE OF THE TRIAL— FIBER COMPOSITES' PROPOSED .......... 33

CREDIBILITY OF WITNESSES - WEIGHING CONFLICTING TESTIMONY .......... 34

GENERAL INSTRUCTIONS—INTRODUCTION .......... 35

BURDENS OF PROOF—ANDERSEN'S PROPOSED .......... 36

BURDENS OF PROOF—FIBER COMPOSITES' PROPOSED .......... 39

EVIDENCE DEFINED .......... 41

DIRECT AND CIRCUMSTANTIAL EVIDENCE .......... 42

CONSIDERATION OF EVIDENCE .......... 43

CREDIBILITY OF WITNESSES .......... 44

EXPERT WITNESSES .......... 45

NUMBER OF WITNESSES .......... 46

DEPOSITION TESTIMONY—ANDERSEN'S PROPOSED .......... 47

THE PARTIES—ANDERSEN'S PROPOSED .......... 48

THE PARTIES—FIBER COMPOSITES' PROPOSED .......... 49

PLAINTIFF'S CONTENTIONS—ANDERSEN'S PROPOSED .......... 50

ANDERSEN'S CONTENTIONS—FIBER COMPOSITES' PROPOSED .......... 51

DEFENDANT'S CONTENTIONS—ANDERSEN'S PROPOSED .......... 52

FIBER COMPOSITES' CONTENTIONS .......... 53

STIPULATED FACTS .......... 54

CONSTITUTIONAL BASIS FOR PATENT GRANT—ANDERSEN'S PROPOSED .......... 55

WHAT A PATENT IS AND HOW ONE IS OBTAINED—ANDERSEN'S PROPOSED .......... 56

SUMMARY OF PATENT ISSUES—ANDERSEN'S PROPOSED .......... 59

CONSTRUCTION OF CLAIMS—ANDERSEN'S PROPOSED .......... 60

CONSTRUCTION OF CLAIMS—FIBER COMPOSITES' PROPOSED .......... 61

INDEPENDENT AND DEPENDENT CLAIMS .......... 62

TRANSITIONAL STATEMENT .......... 63

INFRINGEMENT GENERALLY—ANDERSEN'S PROPOSED .......... 64

PATENT CLAIMS—GENERALLY .......... 65

PATENT INFRINGEMENT—FIBER COMPOSITES' PROPOSED .......... 66

KNOWLEDGE IMMATERIAL—FIBER COMPOSITES' PROPOSED .......... 68

THE DOCTRINE OF EQUIVALENTS—ALL ELEMENTS—
FIBER COMPOSITES' PROPOSED .......... 69

THE DOCTRINE OF EQUIVALENTS—DEFINED—
FIBER COMPOSITES' PROPOSED .......... 70

THE DOCTRINE OF EQUIVALENTS—INSUBSTANTIAL DIFFERENCES—
FIBER COMPOSITES' PROPOSED .......... 71

OBJECTIVE EVIDENCE—FIBER COMPOSITES' PROPOSED .......... 72

INDEPENDENT EXPERIMENTATION—FIBER COMPOSITES' PROPOSED .......... 73

INFRINGEMENT OF DEPENDENT CLAIMS—FIBER COMPOSITES' PROPOSED .......... 74

CLAIM CONSTRUCTION—FIBER COMPOSITES' PROPOSED .......... 75

WILLFUL INFRINGEMENT—ANDERSEN'S PROPOSED .......... 76

WILLFUL INFRINGEMENT—FIBER COMPOSITES' PROPOSED .......... 78

DEFENSE OF INVALIDITY .......... 80

INVALIDITY—GENERAL—FIBER COMPOSITES' PROPOSED .......... 81

PRESUMPTION OF VALIDITY—ANDERSEN'S PROPOSED .......... 82

PRIOR ART DEFINED—ANDERSEN'S PROPOSED ........ 83

PRIOR ART—FIBER COMPOSITES' PROPOSED ........ 84

PATENT VALIDITY—CLAIMS TO BE CONSIDERED SEPARATELY—ANDERSEN'S PROPOSED ........ 85

ANTICIPATION—ANDERSEN'S PROPOSED ........ 86

ANTICIPATION—FIBER COMPOSITES' PROPOSED ........ 88

SAME CLAIM INTERPRETATION—FIBER COMPOSITES' PROPOSED ........ 89

CLAIMS CONTAINING RANGES—FIBER COMPOSITES' PROPOSED ........ 90

PRIOR PRINTED PUBLICATION—ANDERSEN'S PROPOSED ........ 91

EXPERIMENTAL USE—ANDERSEN'S PROPOSED ........ 92

OBVIOUSNESS—ANDERSEN'S PROPOSED ........ 94

OBVIOUSNESS—FIBER COMPOSITES' PROPOSED ........ 96

SCOPE AND CONTENT OF THE PRIOR ART—ANDERSEN'S PROPOSED ........ 98

THE SCOPE AND CONTENT OF PRIOR ART—FIBER COMPOSITES' PROPOSED ........ 99

DIFFERENCES BETWEEN PRIOR ART AND INVENTION—ANDERSEN'S PROPOSED ........ 100

DIFFERENCES BETWEEN THE INVENTION OF THE CLAIMS AND THE PRIOR ART—FIBER COMPOSITES' PROPOSED ........ 101

LEVEL OF ORDINARY SKILL—ANDERSEN'S PROPOSED ........ 102

LEVEL OF ORDINARY SKILL—FIBER COMPOSITES' PROPOSED ........ 103

MOTIVATION TO COMBINE—ANDERSEN'S PROPOSED ........ 104

MOTIVATION TO COMBINE—FIBER COMPOSITES' PROPOSED ........ 105

OBJECTIVE EVIDENCE OF NON-OBVIOUSNESS—ANDERSEN'S PROPOSED ........ 106

OBJECTIVE INDICATIONS CONCERNING OBVIOUSNESS—
FIBER COMPOSITES' PROPOSED ....... 108

OBVIOUSNESS - MANNER OF INVENTING IMMATERIAL—
ANDERSEN'S PROPOSED ....... 110

PATENT CLAIMS INVOLVING COMBINATIONS OF
KNOWN ELEMENTS—ANDERSEN'S PROPOSED ....... 111

OBVIOUSNESS - HINDSIGHT—ANDERSEN'S PROPOSED ....... 112

WRITTEN DESCRIPTION—ANDERSEN'S PROPOSED ....... 114

WRITTEN DESCRIPTION—FIBER COMPOSITES' PROPOSED ....... 115

ENABLEMENT—ANDERSEN'S PROPOSED ....... 116

ENABLEMENT—FIBER COMPOSITES' PROPOSED ....... 117

INOPERATIVE EMBODIMENTS—FIBER COMPOSITES' PROPOSED ....... 118

CLAIM SCOPE UNDER 35 U.S.C. § 112(2)—FIBER COMPOSITES' PROPOSED ....... 119

DAMAGES—ANDERSEN'S PROPOSED ....... 120

DAMAGES—GENERALLY—FIBER COMPOSITES' PROPOSED ....... 121

RESOLUTION OF DOUBTS—ANDERSEN'S PROPOSED ....... 122

COMPENSATORY PATENT DAMAGES—FIBER COMPOSITES' PROPOSED ....... 123

REASONABLE ROYALTY AS A MEASURE OF DAMAGES—
ANDERSEN'S PROPOSED ....... 124

REASONABLE ROYALTY—FIBER COMPOSITES' PROPOSED ....... 126

TIME OF HYPOTHETICAL NEGOTIATION, DAMAGES PERIOD,
AND ROYALTY RATE—ANDERSEN'S PROPOSED ....... 127

FACTORS FOR DETERMINING A REASONABLE ROYALTY—
ANDERSEN'S PROPOSED ....... 128

REASONABLE ROYALTY FACTORS—FIBER COMPOSITES' PROPOSED ....... 130

ADDITIONAL DAMAGES—ANDERSEN'S PROPOSED ....... 133

NONINFRINGING ALTERNATIVE—ANDERSEN'S PROPOSED ....................................134

ENTIRE MARKET VALUE RULE—ANDERSEN'S PROPOSED ....................................136

DAMAGES INSTRUCTIONS—FIBER COMPOSITES' PROPOSED ....................................137

DELIBERATIONS ....................................138

UNANIMOUS VERDICT ....................................141

## AGREED PRELIMINARY JURY INSTRUCTION NO. 1

## INTRODUCTION

Ladies and gentlemen: I will take a few moments now to give you some initial instructions about this case and about your duties as jurors. At the end of the trial I will give you further instructions. I may also give you instructions during the trial. Unless I specifically tell you otherwise, all such instructions—both those I give you now and those I give you later—are equally binding on you and must be followed.

SOURCE: 8th Cir. Civil Jury Instr. 1.01 (2001) (modified).

**[ANDERSEN'S PROPOSED] PRELIMINARY JURY INSTRUCTION NO. 2**

**THE PARTIES AND THE NATURE OF THE CASE**

**[Fiber Composites Objects to the Following Instruction]**

This is a patent case. It involves United States Patent No. 5,539,027, and U.S. Patent No. 5,486,553. Patents are often referred to by their last three digits, or by the named inventor of the patents. The patents in this case will be referred to as the '027 and '553 patents, or sometimes called the "Deaner patents." The Deaner patents concern composite structural members made from polymer and wood fiber, which are suitable alternatives to wood. Products made from these composite structural members include building materials such as windows, doors, framing, railing, and decking. During the trial the parties will offer testimony to familiarize you with this technology.

Andersen, the plaintiff in this case, is a Minnesota corporation based in Bayport, Minnesota. Andersen manufactures and sells windows and doors, among other products. Andersen is the owner by assignment of the Deaner patents. Michael Deaner, Giuseppe Puppin, and Kurt Heikkila are the inventors of the inventions disclosed in the Deaner patents. While employed by Andersen, the inventors assigned, that is transferred, their patents to Andersen. Andersen now owns the Deaner patents and that is why the plaintiff is Andersen instead of the inventors.

Defendant Fiber Composites is a Delaware limited liability corporation based in New London, North Carolina. Fiber Composites has developed, designed, manufactured and sold FIBERON Decking Railing Systems in the State of Minnesota and elsewhere in the United States that are the subject of this lawsuit.

SOURCE: Jury instruction given in *Honeywell v. Victor Co.*, Civ. No. 99-1607 (D. Minn. 2003) (Frank, J.) at 13 (modified); American Intellectual Property Law Association Model Patent Jury Instructions at 1 (modified); Federal Circuit Bar Association Model Patent Jury Instructions, No. 2.1 (modified); First Am. Compl. at 1-2; Answer to Am. Compl. at 1.

**[FIBER COMPOSITES' PROPOSED] PRELIMINARY JURY INSTRUCTION NO. 3**

**THE PARTIES**

**[Andersen Objects to the Following Instruction]**

Before I begin with those instructions, however, allow me to give you an overview of who the parties are and what each contends.

You may recall that during the process that led to your selection as jurors, I advised you that this is a civil action for patent infringement arising under the patent laws of the United States.

The parties in this case are the plaintiff, Andersen Corporation, and the defendant, Fiber Composites.

The dispute between the parties relates to railing products made from a wood fiber and polyvinyl chloride composition. During the trial, the parties will offer testimony to familiarize you with this technology.

Andersen owns United States Patent No. 5,486,553 and 5,539,027, which it alleges that Fiber Composites infringes. Because these numbers are so long, patents are usually referred to by their last three digits. For example, U.S. Patent No. 5,486,553 is called simply "the '553 patent." U.S. Patent No. 5,539,027 is called "the '027 patent." These patents may also be referred to as the "patents-in-suit."

SOURCE: Delaware Uniform Jury Instructions Proposed Preliminary Instruction.

## [ANDERSEN'S PROPOSED] PRELIMINARY JURY INSTRUCTION NO. 4

## PLAINTIFF'S CONTENTIONS

**[Fiber Composites Objects to the Following Instruction]**

Andersen, the owner of the Deaner patents, filed a lawsuit against Fiber Composites, contending that Fiber Composites infringes the asserted claims of the Deaner patents by manufacturing, using, offering to sell and selling FIBERON Decking Railing System.

Andersen specifically asserted that Fiber Composites' products infringed claims 1, 2, 3, 4, 5, 6, and 9 of the '027 patent, and claims 1, 2, 3, 4, 5, 6, and 22 of the '553 patent. I have already ruled that Fiber Composites' products with 30% or more of wood-fiber weight literally infringe all of the asserted claims of the Deaner patents. Andersen contends that it has suffered damages as a result of Fiber Composites' infringement, and therefore, it is entitled to damages in an amount not less than a reasonable royalty. Andersen also contends that Fiber Composites' infringement of the Deaner patents was willful.

Andersen also contends that Fiber Composites has failed to rebut the presumption that the Deaner Patents are valid.

SOURCE: 35 U.S.C. §§ 271, 282, 284 (2003); Court's Summ. J. Order dated July 22, 2003 at 12.

## [FIBER COMPOSITES' PROPOSED] PRELIMINARY JURY INSTRUCTION NO. 5

## PLAINTIFF'S CONTENTIONS

**[Andersen Objects to the Following Instruction]**

Andersen contends that Fiber Composites' railing parts made with Fiber Composites' formulas after January 1, 2001 infringe these patents, and that Fiber Composites' infringement is willful. Andersen seeks damages for Fiber Composites' alleged infringement

SOURCE: Delaware Uniform Jury Instructions Proposed Preliminary Instruction.

## [ANDERSEN'S PROPOSED] PRELIMINARY JURY INSTRUCTION NO. 6

## DEFENDANT'S CONTENTIONS

**[Fiber Composites Objects to the Following Instruction]**

I have already ruled that Fiber Composites' products with 30% or more of wood-fiber weight literally infringe all of the asserted claims of the Deaner patents.

Fiber Composites denies that its infringement of the Deaner patents is willful. Fiber Composites also contends that certain claims of the Deaner patents are invalid. Accordingly, Fiber Composites denies that Andersen is entitled to any damages or relief.

SOURCE: Court's Summ. J. Order dated July 22, 2003 at 12; Fiber Composites' Opp'n to Andersen's Mot. Partial Summ. J. of Infringement at 1; Fiber Composites's Answer to First Am. Compl. at 3-6.

## [FIBER COMPOSITES' PROPOSED] PRELIMINARY JURY INSTRUCTION NO. 7

## DEFENDANT'S CONTENTIONS

**[Andersen Objects to the Following Instruction]**

Fiber Composites denies that any of its railing products made with its formulas from January 1, 2001 and thereafter infringe. In addition, Fiber Composites contends that Andersen's patents-in-suit are invalid.

SOURCE: Delaware Uniform Jury Instructions Proposed Preliminary Instruction.

## [ANDERSEN'S PROPOSED] PRELIMINARY JURY INSTRUCTION NO. 8

**[Andersen proposes that the Court play the patent law video in lieu of this instruction. If the video is not played, Andersen proposes the following instruction:]**

## CONSTITUTIONAL BASIS FOR PATENT GRANT

**[Fiber Composites Objects to the Use of the Patent Law Video and the Following Instruction]**

In this country, the federal government encourages invention by granting to inventors patents for their inventions. The basis for the grant of patents is found in the United States Constitution, which provides:

> The Congress shall have the power . . . to promote the progress of science and useful arts, by securing for limited times to authors and inventors the exclusive right to their respective writings and discoveries.

In accordance with the Constitution, the United States Congress passed the Patent Statute, which provides that:

> Whoever invents or discovers any new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof, may obtain a patent therefor.

SOURCE: Jury instruction given in *Honeywell, Inc. v. Victor Co. of Japan*, Civ. No. 99-1607 (D. Minn. 2003) (Frank, J.) at 10; 4-86 *Modern Federal Jury Instructions-Civil*, P. 86-2 (Matthew Bender 3d ed.) (modified); U.S. Const. Art. 1, § 8, cl. 8; 35 U.S.C. § 101; *Kewanee Oil Co. v. Bicron Corp.*, 416 U.S. 470, 477-78 (1974).

## [FIBER COMPOSITES' PROPOSED] PRELIMINARY JURY INSTRUCTION NO. 9

## CONSTITUTIONAL BASIS FOR PATENT GRANT

**[Andersen Objects to the Following Instruction]**

The United States Constitution, Article I, Section 8, grants the Congress of the United States the power to enact laws "to promote the progress of science and the useful arts, by securing for limited times to authors and inventors the exclusive right to their respective writings and discoveries."

SOURCE: Delaware Uniform Jury Instructions Proposed Preliminary Instruction.

**[ANDERSEN'S PROPOSED] PRELIMINARY JURY INSTRUCTION NO. 10**

**[Andersen proposes that the Court play the patent law video in lieu of this instruction. If the video is not played, Andersen proposes the following instruction:]**

**THE SIGNIFICANCE OF PATENT CLAIMS**

**[Fiber Composites Objects to the Use of the Patent Law Video and the Following Instruction]**

The claims of a patent are the main focus of a patent case because it is the claims that define the patent owner's rights under the law. That is, the claims define what the patent owner may exclude others from doing during the term of the patent. Whenever a patent is issued by the United States Patent and Trademark Office, the patent law gives the patent owner, here Andersen, the right to exclude others from importing, manufacturing, using, offering to sell, and selling the invention throughout the United States for the life of the patent.

The claims of a patent serve two purposes. First, they set out the boundaries of the invention covered by the patent. Second, they provide notice to the public of those boundaries. Thus, when the validity of a patent is challenged, it is the patent claims that are at issue. In reaching your determination with respect to validity, you must consider each claim separately.

SOURCE: Federal Circuit Bar Association Model Patent Jury Instructions, No. 2.4 (modified); 35 U.S.C. § 271.

**[FIBER COMPOSITES' PROPOSED] PRELIMINARY JURY INSTRUCTION NO. 11**

**EXCLUSIONARY RIGHT AND TERM OF A PATENT**

The United States Patent and Trademark Office is responsible for reviewing patent applications and granting patents. Once the "Patent Office" or "PTO" has issued a patent, the patent is presumed to be valid and the patent owner has the right to exclude others from making, using, selling, and/or offering for sale the invention throughout the United States for the length of the patent term.

A person who, without the patent owner's permission makes, uses, sells, or offers to sell a product that is covered by one or more claims of a valid patent, infringes the patent.

SOURCE: Delaware Uniform Jury Instructions Proposed Preliminary Instruction.

## [ANDERSEN'S PROPOSED] PRELIMINARY JURY INSTRUCTION NO. 12

**[Andersen proposes that the Court play the patent law video in lieu of this instruction. If the video is not played, Andersen proposes the following instruction:]**

### WHAT A PATENT IS AND HOW ONE IS OBTAINED

**[Fiber Composites Objects to the Use of the Patent Law Video and the Following Instruction]**

A patent is a property right granted by the United States. To obtain this right, the inventor must file a patent application and be granted a patent by the Patent and Trademark Office. The patent gives its owner the right to exclude others from making, using or selling the invention anywhere in the United States during the term of the patent.

The patent owner may transfer, sell or convey to another person, all or part of the owner's property interest in the patent, that is, the right to exclude others from making, using or selling the invention. The person to whom this interest is transferred is called an assignee. In this case, Messrs. Deaner, Puppin, and Heikkila assigned their patents to Andersen.

The patent laws of the United States permit a patent owner or assignee to protect his or her patent rights, by bringing a patent infringement lawsuit against whoever, without authority, makes, uses or sells any patented invention, within the United States during the term of the patent.

During the trial, the parties will offer testimony to familiarize you with how one obtains a patent from the United States Patent and Trademark Office (sometimes referred to as "the PTO"), as well as with the contents of a patent, including the specification or written description and the claim or claims by which the applicant defines the subject matter of his or her invention.

I will briefly describe some of the terms for you so that you have some background in patent terminology. The PTO is in the Washington, D.C. area and is an agency of the Federal

Government. It has more than a thousand technically educated examiners who examine applications for patents.

The application is the initial set of papers filed with the PTO by the applicant. In addition to some other papers, the application includes the inventor's oath and a specification. The inventor's oath provides, among other things, that: "I acknowledge my duty to disclose information of which I am aware is material to the examination of this application . . . ."

The specification must have written description of the invention telling what the invention is, how it works, and how to make and use it so as to enable others skilled in the art (i.e. knowledgeable in that field) to do so. The specification concludes with one or more numbered sentences. These are the claims. The purpose of the claims is to particularly point out what the applicant regards as his or her invention. When the patent is eventually issued by the PTO, the claims define the scope of the patent owner's exclusive rights during the life of the patent. In a few minutes, I will describe for you the meaning of the claims of the Deaner patents.

After the applicant files the application, a PTO patent examiner reviews the patent application to determine whether the claims are patentable and whether the specification adequately describes the invention claims. In examining a patent application, the patent examiner makes a search of the PTO records for prior art to the patent application claims. The examiner considers, among other things, whether each claim defines an invention that is new, useful, and not obvious in view of this prior art. The prior art is defined by statute and I will give specific instructions regarding prior art shortly. But generally it is technical information and knowledge that was known to the public either before the invention by the applicant or more than a year before the filing date of the application.

Following the prior art search and examination of the application, the patent examiner advises the applicant in writing what the examiner has found and whether he or she has "allowed" any claim. The writing from the PTO examiner is called an office action. More often than not, the patent examiner's initial office action rejects the claims. The applicant then responds to this, and sometimes changes the claims or submits new claims. This process may go back and forth between the patent examiner in the PTO and the applicant for several months or even for years until the examiner is satisfied that the application and claims meet the conditions for patentability or the application is abandoned. The papers generated during this time of corresponding back and forth between the PTO patent examiner and the applicant is what is called the "prosecution history."

SOURCE: Jury instruction given in *Honeywell, Inc. v. Victor Co.*, Civ. No. 99-1607 (D. Minn. 2003) (Frank, J.) at 10-13; American Intellectual Property Law Association Model Jury Instructions, at 1-4 (modified); U.S. Const. Art. I § 8, cl. 8; 35 U.S.C.§ 1 *et. seq.* (2003).

**[FIBER COMPOSITES' PROPOSED] FINAL JURY INSTRUCTION NO. 13**

**THE PARTS OF A PATENT**

**[Andersen Objects to the Following Instruction]**

I will next briefly describe the parts of a patent and some of the procedures followed by those attempting to obtain patents.

Under the patent laws, the United States Patent and Trademark Office examines patent applications and issues patents to determine if the subject matter is patentable. For an invention to be patentable, it must be new, useful, and, at the time the invention was made, must not have been obvious to a person having ordinary skill in the art to which the subject matter pertains. I will instruct you later concerning the legal standards which you must employ in making such determinations.

A person applying for a patent must include a number of items in his or her application. The application must includes a written description of the invention called a "specification" and may include drawings that illustrate the invention. The specification must conclude with one or more claims that particularly point out and distinctly claim the subject matter that the inventor regards as his or her particular invention.

When a patent application is received at the Patent and Trademark Office, it is assigned to a government official called an Examiner. The Examiner reviews the application, including the claims, to determine whether the application complies with the requirements of the U.S. patent laws. As part of the examination process, the Examiner reviews the prior work of others in the form of voluminous files and electronic databases of patents and publications. This type of material is called "prior art." Prior art is generally technical information and knowledge that was known to the public either before the invention by the applicant or more than one year

before the filing date of the application. Documents found in the search of prior art are typically called "references." In conducting the search of prior art, the Examiner notes in writing on the patent application file the classes or subclasses of the prior art which was searched and considered by the Examiner.

The compilation of the papers concerning the proceedings before the Patent Office is commonly referred to as the "prosecution history," "file wrapper," or "file history." The PTO does not have its own laboratories or testing facilities.

The Examiner may "reject" the claims if he or she believes that they are not patentable in light of the prior art, or because the patent specification does not adequately describe the claimed inventions. The applicant may then amend the claims to respond to the Examiner's rejections. If, after reviewing the prior art, the Examiner concludes that the claims presented by the applicant define the applicant's claimed invention over the most relevant known prior art in a manner that is patentable and that the patent meets the other requirements for patentability, the application is granted as a U.S. patent.

SOURCE: Delaware Uniform Jury Instructions Proposed Preliminary Instruction.

## [ANDERSEN'S PROPOSED] PRELIMINARY JURY INSTRUCTION NO. 14

## CONTINUATION PATENT APPLICATIONS

A patent application can be the parent to one or more applications, which are called continuation applications. Continuation applications are useful and are standard, acceptable practice. The applications for the Deaner patents were filed in 1994, but they are continuations, or children, of a parent patent application that was filed on August 31, 1992. You can find this family history on the face of the Deaner patents.

As long as certain requirements are met, United States patent law and the Patent and Trademark Office allow an inventor to file a continuation application that is considered to have been filed on the date its parent application was filed. Because the applications of the Deaner patents met all of the applicable legal requirements, they are entitled to an effective filing date of August 31, 1992, the same filing date as their parent application.

SOURCE: 35 U.S.C. § 120; Harmon, *Patents and the Federal Circuit* § 18.1 (6th ed. 2003); 4 Donald S. Chisum, *Chisum on Patents* § 13.03[2] (2003).

## [ANDERSEN'S PROPOSED] PRELIMINARY JURY INSTRUCTION NO. 15

## SUMMARY OF PATENT ISSUES

**[Fiber Composites Objects to the Following Instruction]**

In this case, you must decide several things according to the instructions that I shall give you. They include:

1. Whether Andersen has proven, by clear and convincing evidence, that Fiber Composites' infringement was willful.
2. Whether Fiber Composites has proven by clear and convincing evidence that certain asserted claims of the Deaner patents are invalid.
3. If you find that any of the asserted claims of the Deaner patents are valid, the amount of damages Andersen has proven by a preponderance of the evidence.

SOURCE: Jury instruction given in *Honeywell v. Victor Co.*, Civ. No. 99-1607 (D. Minn. 2003) (Frank, J.) at 14-15 (modified).

**[FIBER COMPOSITES' PROPOSED] PRELIMINARY JURY INSTRUCTION NO. 16**

**SUMMARY OF THE PATENT ISSUES**

**[Andersen Objects to the Following Instruction]**

In this case, you must decide several things according to the instructions that I will give you at the end of the trial. Those instructions will repeat this summary and will provide a more detailed explanation of the applicable law.

One thing you will need not decide is the meaning of the patent claims. That is one of my jobs -- to explain to you what the patent claims mean. By the way, the word "claims" is a term of art and I will instruct you on its meaning at trial's end. In essence, you must decide:

(1) whether Andersen has proven by a preponderance of the evidence that Fiber Composites' accused products made by formulas after January 1, 2001 infringe one or more of the asserted claims of the patents-in-suit;

(2) whether Andersen has proven by clear and convincing evidence that one or more claims of its patents-in-suit were willfully infringed;

(3) whether Fiber Composites has proven by clear and convincing evidence that the patents-in-suit or their asserted claims are invalid; and

(4) if any of the asserted claims are valid and infringed, then you will have to consider the issue of damages and determine the amount of damages that Andersen is owed by Fiber Composites.

SOURCE: Delaware Uniform Jury Instructions Proposed Preliminary Instruction.

## AGREED PRELIMINARY JURY INSTRUCTION NO. 17

## JUROR'S DUTIES

It is your duty as jurors to follow the law as I shall state it to you, and to apply that law to the facts as you find them from the evidence in the case. You are not to single out one instruction alone as stating the law, but must consider the instructions as a whole. The instructions I give you at the end of the trial are just as important as the ones I give you now. You must follow all instructions, whenever given and whether in writing or not, and you should not be concerned with the wisdom of any rule of law stated by me.

The questions that you must decide will be submitted to you in the form of a special verdict. You must answer these questions by applying the facts as you may find them to be. I shall give to you the rules of law that apply to these questions and you must apply them in arriving at your answers. It is the duty of the court to order judgment according to the law and the answers you have returned.

During the trial, counsel may quite properly refer to some of the governing rules of law in their arguments. If, however, any difference appears to you between the law as stated by counsel and that stated by the court in these instructions, you of course are to be governed by these instructions.

Nothing I say in these instructions is to be taken as an indication that I have any opinion about the facts of the case, or what that opinion is. And you must not read into these instructions, or into anything the court may say or do, any suggestion from the court as to what verdict you should reach. I do not intend during the course of the trial to indicate my opinion regarding the facts or the outcome of the case. If during this trial I say or do anything which suggests to you that I am inclined to favor the claims or positions of either party, you must not

allow yourselves to be influenced by any such suggestion. I will not express, nor intend to express, nor will I intend to intimate any opinion as to which witnesses are or are not worthy of belief. If any expression of mine seems to indicate an opinion relating to any of these matters, I instruct you to disregard it. It is not my function to determine the facts, but rather yours.

Deciding questions of fact is your exclusive responsibility. In doing so, you must consider all of the evidence you will hear and see in this trial and the reasonable inferences to be drawn from that evidence. And you must disregard anything you may hear or see elsewhere about this case.

You must perform your duties as jurors without bias or prejudice as to any party. The law does not permit you to be governed by sympathy, prejudice or public opinion. All parties expect that you will carefully and impartially consider all of the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences. This case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar stations of life. All persons stand equal before the law and are to be dealt with as equals in a court of justice.

SOURCE: Jury instruction given in *Honeywell, Inc. v. Victor Co. of Japan*, Civ. No. 99-1607 (D. Minn. 2003) (Frank, J.) (modified) at 1-3.

**AGREED PRELIMINARY JURY INSTRUCTION NO. 18**

**EVIDENCE**

The evidence from which you will find the facts will consist of the testimony of witnesses; (the testimony of witnesses consist of the answers of the witnesses to questions posed by the attorneys or the court -- you may not ask questions). Evidence will also consist of documents and other things received into the record as exhibits, and any facts that the lawyers agree to or stipulate to or that I may instruct you to find.

Certain things are not evidence and must not be considered by you. I will list them for you now:

1. Statements, arguments, and questions by lawyers are not evidence.

2. Objections to questions are not evidence. Lawyers have an obligation to their clients to make objections when they believe evidence being offered is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it. If the objection is sustained, you should ignore the question as well as any inference from the question. If the objection is overruled, you must treat the answer like any other. If you are instructed that some item of evidence is received for a limited purpose only, you must follow that instruction. If an objection is sustained, you should disregard the question and any inference which may be drawn.

3. Testimony that the court has excluded or told you to disregard is not evidence and must not be considered.

4. Anything you may have seen or heard outside the courtroom is not evidence and must not influence your decision. You are to decide the case solely on the evidence presented here in the courtroom.

There are two kinds of evidence: direct and circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness. Circumstantial evidence is proof of facts from which you may infer or conclude that other facts exist. As a general rule, the law makes no distinction between these two types of evidence, but simply requires that you find facts from all the evidence in the case, whether direct or circumstantial or a combination of the two.

SOURCE: Delaware Uniform Jury Instructions Proposed Preliminary Instruction.

# [ANDERSEN'S PROPOSED] FINAL JURY INSTRUCTION NO. 19

## BURDENS OF PROOF

**[Fiber Composites Objects to the Following Instruction]**

The term "burden of proof" refers to the obligation of a party that claims certain facts exist to prove those facts by a required weight of evidence. In this case you are faced with two types of burdens of proof, each of which requires a different weight of evidence: (1) proof of a fact by preponderance of evidence, and (2) proof of a fact by clear and convincing evidence. You will be told which burden of proof applies to which facts. You may have heard of the term "proof beyond a reasonable doubt." That is a stricter standard that applies in criminal cases. It does not apply in civil cases such as this. You should therefore, put it out of your minds.

The first standard of proof is proof by preponderance of the evidence. To "establish by the preponderance of the evidence" means to prove that something is more likely so than it is not so. In other words, a preponderance of the evidence in the case means such evidence as, when considered and compared to that opposed to it, has more convincing force, and produces in your mind a belief that what is sought to be proved is more likely true than not true. So long as you find that the scales tip, however slightly, in favor of the party with this burden of proof—that what the party claims is more likely true than not true—then that element will have been proved by a preponderance of the evidence.

In determining whether any fact in issue has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

If a preponderance of the evidence does not support each essential element of a claim or defense which must be proven by that burden of proof, then you should find against the party having the burden of proof on that issue.

As I will explain in greater detail later, Andersen has the burden of establishing by a preponderance of the evidence the facts necessary to prove the following allegations:

1. The amount of damages to which Andersen is entitled as a result of Fiber Composites' infringement of the Deaner patents.

The second standard of proof is clear and convincing evidence. Clear and convincing evidence involves a greater degree of persuasion then that which will satisfy a preponderance of the evidence standard. When a party has the burden of proof on any claim or affirmative defense by clear and convincing evidence, it means you must be persuaded that the claim or defense is true. The evidence must be free from serious doubt. Clear and convincing evidence must produce in your mind a firm belief or conviction as to the matter sought to be established. You must be convinced that the fact is indeed true in order to meet the clear and convincing burden.

In determining whether any fact in issue has been proved by clear and convincing evidence, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

If clear and convincing evidence does not support each essential element of a claim or defense which must be proven by that burden of proof, then you should find against the party having that burden of proof on that issue.

As I will explain in greater detail later, Fiber Composites has the burden of establishing by clear and convincing evidence the facts necessary to prove the following allegations:

1. That any claims of the Deaner patents are invalid.

A patent is presumed valid. This presumption of validity continues in effect in favor of the plaintiff unless there is clear and convincing evidence which leads the jury to a different or contrary conclusion.

As I will explain in greater detail later, Andersen has the burden of establishing by clear and convincing evidence the facts necessary to prove the following allegation:

1. That Fiber Composites' infringement of the Deaner patents was willful.

SOURCE: Jury instruction given in *Honeywell v. Victor Co.*, Civ. No. 99-1607 (D. Minn. 2003) (Frank, J.) at 8-10 (modified to the facts of the case); 4-86 *Modern Federal Jury Instructions-Civil* P. 86-6 (Matthew Bender 3d ed.) (modified); 35 U.S.C. § 282 (2003); *Price v. Symsek*, 988 F.2d 1187, 1190, 1194 (Fed. Cir. 1993); *E.I. du Pont de Nemours & Co. v. Phillips Petroleum Co.*, 849 F.2d 1430, 1439-40 (Fed. Cir. 1988), *cert. denied*, 488 U.S. 986 (1988); *Lemelson v. United States*, 752 F.2d 1538, 1547 (Fed. Cir. 1985).

## [FIBER COMPOSITES' PROPOSED] PRELIMINARY JURY INSTRUCTION NO. 20

## BURDENS OF PROOF

**[Andersen Objects to the Following Instruction]**

As I have already told you, in this case, Andersen is the owner of the two patents-in-suit which it contends Fiber Composites infringes. Andersen, therefore, has the burden of proving infringement by what is called a preponderance of the evidence. That means Andersen has to produce evidence which, considered in the light of all the facts, leads you to believe that what the patent owner alleges is more likely true than not. To put it differently, if you were to put Andersen's and Fiber Composites' evidence on opposite sides of a scale, the evidence supporting Andersen's allegations would have to make the scale tip just somewhat on its side. If Andersen fails to meet this burden, the verdict must be for Fiber Composites. Andersen must also prove its damages by a preponderance of the evidence.

In this case, Fiber Composites asserts that Andersen's patents are invalid. A patent, however, is presumed as a matter of law to be valid. Accordingly, Fiber Composites, as the party challenging the validity of the patents, has the burden of proving invalidity by clear and convincing evidence. Clear and convincing evidence is evidence that produces an abiding conviction that the truth of a factual contention is highly probable. Proof by clear and convincing evidence is thus a higher burden than the proof by a preponderance of the evidence by which Andersen must prove infringement. In addition to claiming Fiber Composites infringes its patents, Andersen also contends that Fiber Composites willfully infringed the patent. Andersen must prove willful infringement by clear and convincing evidence.

Those of you who have sat on criminal cases will have heard of proof beyond a reasonable doubt. That requirement does not apply to a civil case; therefore, you should put it out of your mind.

SOURCE: Delaware Uniform Jury Instructions Proposed Preliminary Instruction.

**AGREED PRELIMINARY JURY INSTRUCTION NO. 21**

**JUROR'S CONDUCT**

To insure fairness, you as jurors must obey the following rules:

*First*, do not talk among yourselves about this case, or about anyone involved with it, until the end of the case when you go to the jury room to decide on your verdict.

*Second*, do not talk with anyone else about this case, or about anyone involved with it, until the trial has ended and you have been discharged as jurors.

*Third*, when you are outside the courtroom, do not let anyone tell you anything about the case, or about anyone involved with it [until the trial has ended and your verdict has been accepted by me]. If someone should try to talk to you about the case [during the trial], please report it to me.

*Fourth*, during the trial you should not talk with or speak to any of the parties, lawyers or witnesses involved in this case—you should not even pass the time of day with any of them. It is important not only that you do justice in this case, but that you also give the appearance of doing justice. If a person from one side of the lawsuit sees you talking to a person from the other side—even if it is simply to pass the time of day—an unwarranted and unnecessary suspicion about your fairness might be aroused. If any lawyer, party or witness does not speak to you when you pass in the hall, ride the elevator or the like, remember it is because they are not supposed to talk or visit with you either.

*Fifth*, do not read any news stories or articles about the case, or about anyone involved with it, or listen to any radio or television reports about the case or about anyone involved with it. [In fact, until the trial is over I suggest that you avoid reading any newspapers or news journals at all, and avoid listening to any TV or radio newscasts at all. I do not know whether

there might be any news reports of this case, but if there are you might inadvertently find yourself reading or listening to something before you could do anything about it. If you want, you can have your spouse or a friend clip out any stories and set them aside to give you after the trial is over. I can assure you, however, that by the time you have heard the evidence in this case, you will know more about the matter than anyone will learn through the news media.]

*Sixth*, do not do any research (including research in the dictionary) or make any investigation about the case on your own.

*Seventh*, do not make up your mind during the trial about what the verdict should be. Keep an open mind until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence.

SOURCE: 8th Cir. Civil Jury Instr. 1.05 (2001).

**[ANDERSEN'S PROPOSED] PRELIMINARY JURY INSTRUCTION NO. 22**

**COURSE OF THE TRIAL**

**[Fiber Composites Objects to the Following Instruction]**

The trial will proceed in the following manner:

First, Andersen's attorney may make an opening statement. Next, Fiber Composites' attorney may make an opening statement. An opening statement is not evidence but is simply a summary of what the attorney expects the evidence to be.

Andersen will then present evidence and counsel for Fiber Composites may cross-examine. Following Andersen's case, Fiber Composites may present evidence and Andersen's counsel may cross-examine. Andersen then has the opportunity to offer rebuttal evidence.

After presentation of evidence is completed, the attorneys will make their closing arguments to summarize and interpret the evidence for you. As with opening statements, closing arguments are not evidence. The court will instruct you further on the law. After that you will retire to deliberate on your verdict.

SOURCE: 8th Cir. Civil Jury Instr. 1.06 (2001).

## [FIBER COMPOSITES' PROPOSED] PRELIMINARY JURY INSTRUCTION NO. 23

## COURSE OF THE TRIAL

**[Andersen Objects to the Following Instruction]**

This trial, like most jury trials, comes in seven stages or phases. We have already been through the first phase, which was to select you as jurors. The remaining stages are:

(2) These preliminary instructions to you;

(3) Opening statements which are intended to explain to you what each side intends to prove and are offered only for the purpose of helping you follow the evidence which will be presented. The opening statements are not, however, evidence. The lawyers are not required to make opening statements at this time and they may defer this opening until it is their turn to present evidence;

(4) The presentation of the evidence which will include live witnesses and may also include previously recorded testimony, as well as documents and things;

(5) My final instructions on the law to you;

(6) The closing arguments of the lawyers which will be offered to help you make your determination; and, finally,

(7) Your deliberations where you will evaluate and discuss the evidence among yourselves and determine the outcome of the case.

Please keep in mind that evidence is often introduced somewhat piecemeal. So, as the evidence comes in, you as jurors need to keep an open mind and consider all of the evidence before reaching any conclusion.

SOURCE: Delaware Uniform Jury Instructions Proposed Preliminary Instruction.

## AGREED PRELIMINARY JURY INSTRUCTION NO. 24

## CREDIBILITY OF WITNESSES - WEIGHING CONFLICTING TESTIMONY

You are the sole judges of each witness' credibility. You should consider each witness' source of knowledge; strength of memory; opportunity to observe; how reasonable or unreasonable the testimony is; whether it is consistent or inconsistent; whether it has been contradicted; the witness' biases, prejudices, or interests; the witness' manner or demeanor on the witness stand; and all circumstances that, according to the evidence, could affect the credibility of a particular witness' testimony.

If you find a particular witness' testimony to be contradictory, you may try to reconcile it, if reasonably possible, so as to make one harmonious story of all the evidence presented. But if you can't do this, then it is your duty and privilege to believe the evidence that, in your judgment, is most believable and disregard any testimony or other evidence that, in your judgment, is not believable. This instruction applies to the testimony of all witnesses, including expert witnesses.

SOURCE: Delaware Uniform Jury Instructions Proposed Preliminary Instruction.

## AGREED FINAL JURY INSTRUCTION NO. 25

## GENERAL INSTRUCTIONS

## INTRODUCTION

Now that you have heard the evidence and the argument, it becomes my duty to give you the instructions of the court as to the law applicable to this case. The instructions I gave at the beginning of the trial and during the trial remain in effect, and you must follow the instructions I gave you earlier as well as those I give you now.

SOURCE: Jury instruction given in *Honeywell, Inc. v. Victor Co. of Japan*, Civ. No. 99-1607 (D. Minn. 2003) (Frank, J.) at 1; 8th Cir. Civil Jury Instr. 3.01 (2001) (modified).

## [ANDERSEN'S PROPOSED] FINAL JURY INSTRUCTION NO. 26

## BURDENS OF PROOF

**[Fiber Composites Objects to the Following Instruction]**

The term "burden of proof" refers to the obligation of a party that claims certain facts exist to prove those facts by a required weight of evidence. In this case you are faced with two types of burdens of proof, each of which requires a different weight of evidence: (1) proof of a fact by preponderance of evidence, and (2) proof of a fact by clear and convincing evidence. You will be told which burden of proof applies to which facts. You may have heard of the term "proof beyond a reasonable doubt." That is a stricter standard that applies in criminal cases. It does not apply in civil cases such as this. You should therefore, put it out of your minds.

The first standard of proof is proof by preponderance of the evidence. To "establish by the preponderance of the evidence" means to prove that something is more likely so than it is not so. In other words, a preponderance of the evidence in the case means such evidence as, when considered and compared to that opposed to it, has more convincing force, and produces in your mind a belief that what is sought to be proved is more likely true than not true. So long as you find that the scales tip, however slightly, in favor of the party with this burden of proof—that what the party claims is more likely true than not true—then that element will have been proved by a preponderance of the evidence.

In determining whether any fact in issue has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

If a preponderance of the evidence does not support each essential element of a claim or defense which must be proven by that burden of proof, then you should find against the party having the burden of proof on that issue.

As I will explain in greater detail later, Andersen has the burden of establishing by a preponderance of the evidence the facts necessary to prove the following allegations:

1. The amount of damages to which Andersen is entitled as a result of Fiber Composites' infringement of the Deaner patents.

The second standard of proof is clear and convincing evidence. Clear and convincing evidence involves a greater degree of persuasion then that which will satisfy a preponderance of the evidence standard. When a party has the burden of proof on any claim or affirmative defense by clear and convincing evidence, it means you must be persuaded that the claim or defense is true. The evidence must be free from serious doubt. Clear and convincing evidence must produce in your mind a firm belief or conviction as to the matter sought to be established. You must be convinced that the fact is indeed true in order to meet the clear and convincing burden.

In determining whether any fact in issue has been proved by clear and convincing evidence, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

If clear and convincing evidence does not support each essential element of a claim or defense which must be proven by that burden of proof, then you should find against the party having that burden of proof on that issue.

A patent is presumed valid. This presumption of validity continues in effect in favor of the plaintiff unless there is clear and convincing evidence which leads the jury to a different or contrary conclusion.

As I will explain in greater detail later, Fiber Composites has the burden of establishing by clear and convincing evidence the facts necessary to prove the following allegations:

1. That any claims of the Deaner patents are invalid.

As I will explain in greater detail later, Andersen has the burden of establishing by clear and convincing evidence the facts necessary to prove the following allegation:

1. That Fiber Composites' infringement of the Deaner patents was willful.

SOURCE: Jury instruction given in *Honeywell v. Victor Co.*, Civ. No. 99-1607 (D. Minn. 2003) (Frank, J.) at 8-10 (modified); 4-86 *Modern Federal Jury Instructions-Civil* P. 86-6 (Matthew Bender 3d ed.) (modified); 35 U.S.C. § 282 (2003); *Price v. Symsek*, 988 F.2d 1187, 1190, 1194 (Fed. Cir. 1993); *E.I. du Pont de Nemours & Co. v. Phillips Petroleum Co.*, 849 F.2d 1430, 1439-40 (Fed. Cir. 1988), *cert. denied*, 488 U.S. 986 (1988); *Lemelson v. United States*, 752 F.2d 1538, 1547 (Fed. Cir. 1985).

## [FIBER COMPOSITES' PROPOSED] FINAL JURY INSTRUCTION NO. 27

## BURDENS OF PROOF

**[Andersen Objects to the Following Instruction]**

In any legal action, facts must be proved by a required weight of the evidence, known as the "burden of proof." In a civil case such as this, there are two different burdens of proof that are used. The first is called preponderance of the evidence. The second is called clear and convincing evidence.

When a party has the burden of proof by a preponderance of the evidence, it means you must be persuaded that what the party seeks to prove is more probably true than not true. Put in another way, if you were to put the evidence for and against the party who must prove the fact on the opposite sides of a scale, a preponderance of the evidence requires that the scale tip at least somewhat toward the party who has the burden of proof.

The clear and convincing evidence burden is a heavier one. When a party has the burden of proof by clear and convincing evidence, it means you must be persuaded that it is highly probable that what the party seeks to prove its true. In other words, if you were to put the evidence for and against the party who must prove the fact on opposite sides of a scale, clear and convincing evidence requires that the scale tip heavily toward the party who has the burden of proof.

You may have heard of a burden of proof beyond a reasonable doubt in criminal cases. That requirement is the highest burden of proof. It does not apply to a civil case and you should, therefore, put it out of your mind.

I will now give you some background about the nature of this case and the issues you will be deciding. For each issue, I will instruct you as to the burden of proof that will apply. At the end of the trial I will review for you the burden of proof to apply to each issue in this case.

SOURCE: The Federal Circuit Bar Association Draft Model Jury Instructions, § 1.1.

## AGREED FINAL JURY INSTRUCTION NO. 28

## EVIDENCE DEFINED

You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath, deposition transcript testimony that was played or read to you, the exhibits that I allowed into evidence, the stipulations that the lawyers agreed to, and the facts that I have judicially noticed. Certain charts, summaries, and graphics have been used to illustrate testimony from witnesses. In general, these charts, summaries, and graphics are not themselves evidence, and are only as good as the underlying evidence supporting them. You should, therefore, give them only as much weight as you think the underlying evidence deserves.

During the trial I may have not let you hear the answers to some of the questions that the lawyers asked. I also may have ruled that you could not see some of the exhibits that the lawyers wanted you to see. And sometimes I may have ordered you to disregard things that you saw or heard, or I struck things from the record. You must completely ignore all of these things. Do not even think about them. Do not speculate about what a witness might have said if he or she had been allowed to answer, or what an exhibit might have shown had I admitted it. These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

Make your decision based only on the evidence, as I have defined it here, and nothing else.

SOURCE: Delaware Uniform Instructions § 1.4.

**AGREED FINAL JURY INSTRUCTION NO. 29**

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Now, some of you may have heard the terms "direct evidence" and "circumstantial evidence."

Direct evidence is simply evidence like the testimony of any eyewitness, which, if you believe it, directly proves a fact. If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining.

Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one, nor does it say that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

SOURCE: Delaware Uniform Instructions § 1.6.