**AGREED FINAL JURY INSTRUCTION NO. 30**

**CONSIDERATION OF EVIDENCE**

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

SOURCE: Delaware Uniform Instructions § 1.5.

## AGREED FINAL JURY INSTRUCTION NO. 31

## CREDIBILITY OF WITNESSES

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely about some important fact, or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something that was different from the testimony he gave at the trial.

You should remember that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth. People may tend to forget some things or remember other things inaccurately. If a witness has made a misstatement, you must consider whether it was simply an innocent lapse of memory or an intentional falsehood, and that may depend upon whether it concerns an important fact or an unimportant detail.

SOURCE: Delaware Uniform Instructions § 1.7.

## AGREED FINAL JURY INSTRUCTION NO. 32

## EXPERT WITNESSES

The rules of evidence ordinarily do not permit witnesses to testify as to opinions or conclusions. An exception to this rule exists as to those whom we call "expert witnesses." Witnesses who, by education and experience, have become expert in some art, science, profession, or calling, may state their opinions as to relevant and material matters, in which they profess to be expert, and may also state their reasons for the opinion.

You should consider each expert opinion received in evidence in this case and give it such weight as you may think it deserves. In determining the weight to be given any opinion, you should consider the qualifications and credibility of the expert and the reasons given for his or her opinion. If you should decide that the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude that the reasons given in support of the opinion are not sound, or if you feel that it is outweighed by other evidence, you may disregard the opinion entirely.

SOURCE: Jury instruction given in *Honeywell v. Victor Co.*, Civ. No. 99-1607 (D. Minn. 2003) (Frank, J.) at 6.

**AGREED FINAL JURY INSTRUCTION NO. 33**

**NUMBER OF WITNESSES**

If you find that the testimony of a smaller number of witnesses is more credible to you than the testimony of a larger number of witnesses, you may reject the testimony of the larger number of witnesses in favor of the smaller number of witnesses. The testimony of a single witness which produces in your minds belief in the likelihood of truth is sufficient for the proof of any fact, and would justify a verdict in accordance with such testimony. The test is not which side brings the greater number of witnesses, or presents the greater quantity of evidence, but which witness, and which evidence appeals to your minds as being most accurate, and otherwise trustworthy.

SOURCE: Jury instruction given in *Honeywell v. Victor Co.*, Civ. No. 99-1607 (D. Minn. 2003) (Frank, J.) at 7-8.

**[ANDERSEN'S PROPOSED] FINAL JURY INSTRUCTION NO. 34**

**DEPOSITION TESTIMONY**

The sworn testimony of several witnesses was taken by deposition prior to this trial. Such testimony is given under oath and in the presence of the attorneys for the parties, who question the witness. Some of this sworn testimony was presented by reading the transcript to you; some of this sworn testimony was presented to you by videotape. You must consider this evidence in the same light and subject to the same tests that apply to testimony of other witnesses who appear live at trial.

SOURCE: Jury instruction given in *Honeywell v. Victor Co.*, Civ. No. 99-1607 (D. Minn. 2003) (Frank, J.) at 7 (modified).

## [ANDERSEN'S PROPOSED] FINAL JURY INSTRUCTION NO. 35

## THE PARTIES

**[Fiber Composites Objects to the Following Instruction]**

Plaintiff Andersen is a Minnesota corporation based in Bayport, Minnesota, that manufactures and sells windows and doors, among other products. Andersen is the owner by assignment of United States Patent No. 5,539,027, and U.S. Patent No. 5,486,553, which are referred to as the '027 patent and the '553 patent, and sometimes called the Deaner patents. The Deaner patents concern composite structural members made from polymer and wood fiber, which are suitable alternatives to wood. Products made from these composite structural members include building materials such as windows, doors, framing, railing, and decking.

Michael Deaner, Giuseppe Puppin, and Kurt Heikkila are the inventors of the inventions disclosed in the Deaner patents. While employed by Andersen, the inventors assigned, that is transferred, their patents to Andersen. Andersen now owns the Deaner patents and that is why the plaintiff is Andersen instead of the inventors.

Defendant Fiber Composites is a Delaware limited liability corporation based in New London, North Carolina. Fiber Composites has developed, designed, manufactured and sold FIBERON Decking Railing Systems in the State of Minnesota and elsewhere in the United States that are the subject of this lawsuit.

SOURCE: Jury instruction given in *Honeywell v. Victor Co.*, Civ. No. 99-1607 (D. Minn. 2003) (Frank, J.) at 13 (modified); American Intellectual Property Law Association Model Patent Jury Instructions at 1 (modified); Federal Circuit Bar Association Model Patent Jury Instructions, No. 2.1 (modified); First Am. Compl. at 1-2; Answer to Am. Compl. at 1.

# [FIBER COMPOSITES' PROPOSED] FINAL JURY INSTRUCTION NO. 36

## THE PARTIES

**[Andersen Objects to the Following Instruction]**

The plaintiff, Andersen, is the owner of U.S. Patent Nos. 5,486,553 and 5,539,027, which are the patents asserted in this case. I may refer to these patents as the '553 patent and the '027 patent. Andersen has the exclusive right to exclude others from making, using, selling, and offering for sale any product that is covered by the claims of the '553 and the '027 patents.

The defendant, Fiber Composites, has marketed a railing system that comprises four basic parts, a top rail, a bottom rail, a post and some ballisters. Andersen has accused each of these four parts of infringement in this case.

AUTHORITIES: 35 U.S.C. § 271

SOURCE: The pleadings and Andersen's expert report on infringement.

**[ANDERSEN'S PROPOSED] FINAL JURY INSTRUCTION NO. 37**

**PLAINTIFF'S CONTENTIONS**

**[Fiber Composites Objects to the Following Instruction]**

Andersen, the owner of the Deaner patents, filed a lawsuit against Fiber Composites, contending that Fiber Composites infringes the asserted claims of the Deaner patents by manufacturing, using, offering to sell and selling FIBERON Decking Railing System.

Andersen specifically asserted that Fiber Composites' products infringe claims 1, 2, 3, 4, 5, 6, and 9 of the '027 patent, and claims 1, 2, 3, 4, 5, 6, and 22 of the '553 patent. I have already ruled that Fiber Composites' products with 30% or more of wood-fiber weight literally infringe all of the asserted claims of the Deaner patents. Andersen contends that it has suffered damages as a result of Fiber Composites' infringement, and therefore, it is entitled to damages in an amount not less than a reasonable royalty. Andersen also contends that Fiber Composites' infringement of the Deaner patents was willful.

Andersen also contends that Fiber Composites has failed to rebut the presumption that the Deaner Patents are valid.

SOURCE: 35 U.S.C. §§ 271, 282, 284 (2003); Court's Summ. J. Order dated July 22, 2003 at 12.

## [FIBER COMPOSITES' PROPOSED] FINAL JURY INSTRUCTION NO. 38

## ANDERSEN'S CONTENTIONS

**[Andersen Objects to the Following Instruction]**

Andersen contends that each of Fiber Composites' four railing parts made by its formulas after January 1, 2001 infringe claims 1, 2, 3, 4, 5, 6 and 22 of the '553 patent. Andersen also contends that each of Fiber Composites' four railing parts made by its formulas after January 1, 2001 infringe claims 1, 2, 3, 4, 5, 6 and 9 of the '027 patent.

SOURCE: Andersen's claims charts.

## [ANDERSEN'S PROPOSED] FINAL JURY INSTRUCTION NO. 39

## DEFENDANT'S CONTENTIONS

**[Fiber Composites Objects to the Following Instruction]**

I have already ruled that Fiber Composites' products with 30% or more of wood-fiber weight literally infringe all of the asserted claims of the Deaner patents.

Fiber Composites denies that its infringement of the Deaner patents was willful. Fiber Composites also contends that certain claims of the Deaner patents are invalid. Accordingly, Fiber Composites denies that Andersen is entitled to any damages or relief.

SOURCE: Court's Summ. J. Order dated July 22, 2003 at 12; Fiber Composites' Opp'n to Andersen's Mot. Partial Summ. J. of Infringement at 1; Fiber Composites's Answer to First Am. Compl. at 3-6.

**[FIBER COMPOSITES' PROPOSED] FINAL JURY INSTRUCTION NO. 40**

**FIBER COMPOSITES' CONTENTIONS**

**[Andersen Objects to the Following Instruction]**

Fiber Composites contends that none of its four railing parts made by its formulas after January 1, 2001 infringe any claim of either of Andersen's patents.

Fiber Composites also contends that the claims of both patents are invalid because, based on the prior art, they were anticipated or obvious to one of ordinary skill at the time of the alleged invention.

In addition, Fiber Composites further contends that the patents are invalid because they do not teach one of ordinary skill how to make the invention without undue experimentation and because the patents do not contain a complete written description of the invention. Fiber Composites further contends that claims of the patents are invalid because they do not particularly point out and distinctly claim the invention.

SOURCE: Fiber Composites' claim charts and expert reports.

**AGREED FINAL JURY INSTRUCTION NO. 41**

**STIPULATED FACTS**

The parties have stipulated—that is, they have agreed—that certain facts are as the lawyers have stated them to be. You should, therefore, treat those facts as having been proved.

SOURCE: Jury instruction given in *Honeywell v. Victor Co.*, Civ. No. 99-1607 (D. Minn. 2003) (Frank, J.) at 4; 8th Cir. Civil Jury Instr. 2.03 (2001) (modified).

## [ANDERSEN'S PROPOSED] FINAL JURY INSTRUCTION NO. 42

## CONSTITUTIONAL BASIS FOR PATENT GRANT

**[Fiber Composites Objects to the Following Instruction]**

In this country, the federal government encourages invention by granting to inventors patents for their inventions. The basis for the grant of patents is found in the United States Constitution, which provides:

> The Congress shall have the power . . . to promote the progress of science and useful arts, by securing for limited times to authors and inventors the exclusive right to their respective writings and discoveries.

In accordance with the Constitution, the United States Congress passed the Patent Statute, which provides that:

> Whoever invents or discovers any new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof, may obtain a patent therefor.

SOURCE: Jury instruction given in *Honeywell, Inc. v. Victor Co. of Japan*, Civ. No. 99-1607 (D. Minn. 2003) (Frank, J.) at 10; 4-86 *Modern Federal Jury Instructions-Civil*, P. 86-2 (Matthew Bender 3d ed.) (modified); U.S. Const. Art. 1, § 8, cl. 8; 35 U.S.C. § 101; *Kewanee Oil Co. v. Bicron Corp.*, 416 U.S. 470, 480 (1974).

# [ANDERSEN'S PROPOSED] FINAL JURY INSTRUCTION NO. 43

## WHAT A PATENT IS AND HOW ONE IS OBTAINED

**[Fiber Composites Objects to the Following Instruction]**

A patent is a property right granted by the United States. To obtain this right, the inventor must file a patent application and be granted a patent by the Patent and Trademark Office. The patent gives its owner the right to exclude others from making, using or selling the invention anywhere in the United States during the term of the patent.

The patent owner may transfer, sell or convey to another person, all or part of the owner's property interest in the patent, that is, the right to exclude others from making, using or selling the invention. The person to whom this interest is transferred is called an assignee. In this case, Messrs. Deaner, Puppin, and Heikkila assigned their '027 and '553 patents, also referred to as the Deaner patents, to Andersen, and Andersen is the owner of the Deaner patents.

The patent laws of the United States permit a patent owner or assignee to protect his or her patent rights, by bringing a patent infringement lawsuit against whoever, without authority, makes, uses or sells any patented invention, within the United States during the term of the patent.

You learned from the video [if the video is played] how one obtains a patent from the United States Patent and Trademark Office, as well as with the contents of a patent, including the specification or written description and the claim or claims by which the applicant defines the subject matter of his or her invention.

I will briefly go over some of the terms for you again so that you have this background in mind before you deliberate. The United States Patent and Trademark Office is sometimes referred to as the PTO. The PTO is in the Washington, D.C. area and is an agency of the Federal

Government. It has more than a thousand technically educated examiners who examine applications for patents.

The application is the initial set of papers filed with the PTO by the applicant. In addition to some other papers, the application includes the inventor's oath and a specification. The inventor's oath provides, among other things, that: "I acknowledge my duty to disclose information of which I am aware is material to the examination of this application . . . ."

The specification must have written description of the invention telling what the invention is, how it works, and how to make and use it so as to enable others skilled in the art (i.e. knowledgeable in that field) to do so. The specification concludes with one or more numbered sentences. These are the claims. The purpose of the claims is to particularly point out what the applicant regards as his or her invention. When the patent is eventually issued by the PTO, the claims define the scope of the patent owner's exclusive rights during the life of the patent. In a few minutes, I will describe for you the meaning of the claims of the Deaner patents.

After the applicant files the application, a PTO patent examiner reviews the patent application to determine whether the claims are patentable and whether the specification adequately describes the invention claims. In examining a patent application, the patent examiner makes a search of the PTO records for prior art to the patent application claims. The examiner considers, among other things, whether each claim defines an invention that is new, useful, and not obvious in view of this prior art. The prior art is defined by statute and I will give specific instructions regarding prior art shortly. But generally it is technical information and knowledge that was known to the public either before the invention by the applicant or more than a year before the filing date of the application.

Following the prior art search and examination of the application, the patent examiner advises the applicant in writing what the examiner has found and whether he or she has "allowed" any claim. The writing from the PTO examiner is called an office action. More often than not, the patent examiner's initial office action rejects the claims. The applicant then responds to this, and sometimes changes the claims or submits new claims. This process may go back and forth between the patent examiner in the PTO and the applicant for several months or even for years until the examiner is satisfied that the application and claims meet the conditions for patentability or the application is abandoned. The papers generated during this time of corresponding back and forth between the PTO patent examiner and the applicant is what is called the "prosecution history."

SOURCE: Jury instruction given in *Honeywell, Inc. v. Victor Co.*, Civ. No. 99-1607 (D. Minn. 2003) (Frank, J.) at 10-13 (modified); American Intellectual Property Law Association Model Jury Instructions, at 1-4 (modified); U.S. Const. Art. I § 8, cl. 8; 35 U.S.C.§ 1 *et. seq.* (2003).

**[ANDERSEN'S PROPOSED] FINAL JURY INSTRUCTION NO. 44**

**SUMMARY OF PATENT ISSUES**

**[Fiber Composites Objects to the Following Instruction]**

In this case, you must decide several things according to the instructions that I shall give you. They include:

1. Whether Andersen has proven, by clear and convincing evidence, that Fiber Composites' infringement was willful.
2. Whether Fiber Composites has proven by clear and convincing evidence that certain asserted claims of the Deaner patents are invalid.
3. If you find that any of the asserted claims of the Deaner patents are valid, the amount of damages Andersen has proven by a preponderance of the evidence.

SOURCE: Jury instruction given in *Honeywell v. Victor Co.*, Civ. No. 99-1607 (D. Minn. 2003) (Frank, J.) at 14-15 (modified).

**[ANDERSEN'S PROPOSED] FINAL JURY INSTRUCTION NO. 45**

**CONSTRUCTION OF CLAIMS**

**[Fiber Composites Objects to the Following Instruction.]**

Interpretation of the patent claims is a matter of law. In other words, it is my job to decide what the claims mean. It is your job to decide, based on my claim interpretation, whether Fiber Composites' infringement of the Deaner patents was willful, whether the Deaner patents are valid, and the damages Andersen is entitled to. My interpretation of the language should not be taken as an indication that I have a view regarding these issues.

I am instructing you that this Court has determined the meaning of a claim term found in the claims of the Deaner Patents. The term "composite structural member," as found in claims 1, 2, and 3 of the '553 patent and claims 1, 2, and 3 of the '027 patent means "a polymer and wood article having load bearing capability, which can be obtained through a direct extrusion process or made from a composite material without a particular form."

Any claim term not construed by me should be given its plain meaning, and if there are several plain meanings of a term in a given context, then you should assume the term can have all applicable plain meanings.

SOURCE: Jury instruction given in *Honeywell v. Victor Co.*, Civ. No. 99-1607 (D. Minn. 2003) (Frank, J.) at 17-18 (modified); Court's *Markman* Order dated April 9, 2002, at 23; *Markman v. Westview Instruments*, 517 U.S. 370, 384-85 (1996); *Tex. Digital Sys. Inc. v. Telegenix, Inc.*, 308 F.3d 1193, 1201-04 (Fed. Cir. 2002).

## [FIBER COMPOSITES' PROPOSED] FINAL JURY INSTRUCTION NO. 46

## CONSTRUCTION OF CLAIMS

**[Andersen Objects to the Following Instruction]**

In deciding whether or not an accused product infringes a patent claim, the first step is to understand the meaning of the words used in the patent claims. It is my job as Judge to determine what the patent claims mean and to instruct you about that meaning. You must accept the meanings I give you and use them when you decide whether or not the patent is infringed and whether or not it is invalid.

Before I instruct you about the meaning of the words of the claims, I will explain to you the different types of claims that are at issue in this case.

It may be helpful to refer to the copy of the patent in suit that you have been given as I discuss the claims at issue here. The claims are at the end of the patent in suit.

AUTHORITIES: *Markman v. Westview Instruments, Inc.*, 517 U.S. 370, 384-391 (1996); *AFG Indus., Inc. v. Cardinal IG Co., Inc.*, 239 F.3d 1239, 1244-45 (Fed. Cir. 2001); *Hill-Rom Co. v. Kinetic Concepts, Inc.*, 209 F.3d 1337, 1340-41 (Fed. Cir. 2000); *Pitney Bowes, Inc. v. Hewlett-Packard Co.*, 182 F.3d 1298, 1304-06 (Fed. Cir. 1999); *Johnson Worldwide Assocs., Inc. v. Zebco Corp.*, 175 F.3d 985, 988-90 (Fed. Cir. 1999); *Cybor Corp. v. FAS Techs., Inc.*, 138 F.3d 1448, 1455-56 (Fed. Cir. 1998); *Vitronics Corp. v. Conceptronic, Inc.*, 90 F.3d 1576, 1581-84 (Fed. Cir. 1996); *Markman v. Westview Instruments*, 52 F.3d 967, 977 (Fed. Cir. 1995) (en banc).

SOURCE: The Federal Circuit Bar Association Draft Model Patent Jury Instructions § 7.1.

## AGREED FINAL JURY INSTRUCTION NO. 47

## INDEPENDENT AND DEPENDENT CLAIMS

There are two different types of claims in the Deaner patents. The first type is called an independent claim. An independent claim does not refer to any other claim of the patent, and it is read separately to determine its scope. Claims 1 and 22 are the independent claims of the '553 patent; claim 1 is the only independent claim of the '027 patent. You know this because these claims mention no other claim. Accordingly, the words of these claims are read by themselves in order to determine what the claims cover.

A dependent claim, on the other hand, refers to at least one other claim in the patent and thus incorporates whatever that other claim says. Accordingly, to determine what a dependent claim covers, you must read both the dependent claim and the claim or claims to which it refers. Claims 2, 3, 4, 5, and 6 of the '553 patent, and claims 2, 3, 4, 5, 6, and 9 of the '027 patent, are dependent claims. For example, the words of claims 1 and 2 must be read together in order to determine what the dependent claim, claim 2, covers.

Each claim of a patent represents a legally separate invention. Claim "elements" or "limitations" are words and phrases in a claim that describe the claimed invention.

SOURCE: Jury instruction given in *Honeywell v. Victor Co.*, Civ. No. 99-1607 (D. Minn. 2003) (Frank, J.) at 17 (modified); 35 U.S.C. § 112 (2003).

**AGREED FINAL JURY INSTRUCTION NO. 48**

**TRANSITIONAL STATEMENT**

At the beginning of the trial, I gave you some general information about patents and the patent system and a brief overview of the patent laws relevant to this case. I will now give you more detailed instructions about the patent laws that specifically relate to this case. If you would like to review my instructions at any time during your deliberations, they will be available to you in the jury room.

SOURCE: The Federal Circuit Bar Association Draft Model Patent Jury Instructions § 6.

# [ANDERSEN'S PROPOSED] FINAL JURY INSTRUCTION NO. 49

## INFRINGEMENT GENERALLY

**[Fiber Composites Objects to the Following Instruction]**

A patent owner may enforce his right to exclude others from making, using or selling the patented invention by filing a lawsuit for patent infringement. Here, Andersen, the patent owner, has sued Fiber Composites, the accused infringer, and has alleged that Fiber Composites' FIBERON Decking Railing System infringes the asserted claims of the Deaner patents.

Patent law provides that any person or business entity which imports, manufactures, uses, offers to sell, or sells, without the patent owner's permission, any product, apparatus, or method legally protected by at least one claim of a patent within the United States before the patent expires, infringes the patent.

As I mentioned earlier, I have already ruled that Fiber Composites' products with 30% or more of wood-fiber weight infringe all of the asserted claims of the Deaner patents. This means that I found that the accused products include each and every element found in all of the asserted claims of the Deaner patents.

SOURCE: Court's Summ. J. Order dated July 22, 2003 at 12; 35 U.S.C. §§ 271, 281; *Builders Concrete, Inc. v. Bremerton Concrete Prods. Co.*, 757 F.2d 255, 257 (Fed. Cir. 1985); *Amstar Corp. v. Envirotech Corp.*, 730 F.2d 1476, 1484 (Fed. Cir. 1984); *Mannesmann Demag Corp. v. Engineered Metal Prods. Co.*, 793 F.2d 1279, 1282 (Fed. Cir. 1986); *Specialty Composites v. Cabot Corp.*, 845 F.2d 981, 987 (Fed Cir. 1988); *Texas Instruments, Inc. v. U.S. Int'l Trade Comm'n*, 805 F.2d 1558, 1562 (Fed. Cir. 1986); *Read Corp. v. Portec, Inc.*, 970 F.2d 816, 821 (Fed. Cir. 1992); *Rite-Hite Corp. v. Kelley Co.*, 819 F.2d 1120, 1124 (Fed. Cir. 1987).

## AGREED JURY INSTRUCTION NO. 50

## PATENT CLAIMS—GENERALLY

As I told you at the beginning of the trial, the claims of a patent are the numbered sentences at the end of the patent. The claims describe the invention made by the inventor and describe what the patent owner owns and what the patent owner may prevent others from doing. Claims may describe products, such as machines or chemical compounds, a system, such as a group of machines working together, or processes for making or using a product.

Claims are usually divided into parts, called "elements" or "limitations". For example, a claim that covers the invention of a table may recite the tabletop, four legs and the glue that secures the legs to the tabletop. The tabletop, legs and glue are each a separate limitation of the claim.

SOURCE: The Federal Circuit Bar Association Draft Model Patent Jury Instructions § 7.

# [FIBER COMPOSITES' PROPOSED] FINAL JURY INSTRUCTION NO. 51

## PATENT INFRINGEMENT

**[Andersen Objects to the Following Instruction]**

A patent owner has the right to stop others from using the invention covered by its patent claims during the life of the patent. If any person makes, uses, sells, offers to sell, or imports what is covered by the patent claims without the patent owner's permission, that person is said to infringe the patent.

In this case, Andersen alleges that all of the four railing parts made by Fiber Composites using its post-January 1, 2001 formulas infringe claims of the patents-in-suit.

It is your job to determine whether or not Andersen has proved that each of Fiber Composites' parts has infringed of one or more of the claims of the patents in suit. Andersen must prove any such infringement separately for each asserted claim and for each accused part by a preponderance of the evidence.

In reaching your decision on infringement, keep in mind that only the claims of a patent can be infringed. You must compare each of the patent claims, as I have define them, to each accused part, and determine whether or not there is infringement. You should not compare Fiber Composites' railing parts with any specific example set out in the patent in suit, or with any other products. The only correct comparison is with the language of the claims themselves.

You must consider each claim individually and must reach your decision as to each assertion of infringement based on my instructions about the meaning and scope of the claims, the legal requirements for infringement, and the evidence presented to you by the parties.

AUTHORITIES: 35 U.S.C. §§ 271-281 (1984 & Supp. 2000); *Payless Shoesource, Inc. v. Reebok Int'l Ltd.*, 998 F.2d 985, 990 (Fed. Cir. 1993); *Atlantic Thermoplastics Co. v. Faytex Corp.*, 974 F.2d 1299, 1300 (Fed. Cir. 1992); *Loctite Corp. v. Ultraseal Ltd.*, 781 F.2d 861, 867 (Fed. Cir. 1985).

SOURCE: The Federal Circuit Bar Association Draft Model Patent Jury Instructions § 8.1.

**[FIBER COMPOSITES' PROPOSED] FINAL JURY INSTRUCTION NO. 52**

**KNOWLEDGE IMMATERIAL**

**[Andersen Objects to the Following Instruction]**

As I have just explained, you must decide whether or not Andersen has proved by a preponderance of the evidence that Fiber Composites has sold railing parts covered by one or more of the claims of the patents-in-suit. Whether or not Fiber Composites knew that what it was doing was an act of infringement does not matter. A person may be found to be an infringer of a patent even if he or she believes in good faith that what he or she is doing is not an infringement of any patent and even if he or she does not even know of the patent.

AUTHORITIES: 35 U.S.C. § 271(a) (Supp. 2000); *Warner-Jenkinson Co., Inc. v. Hilton Davis Chemical Co.*, 520 U.S. 17, 36 (1997); *Florida Prepaid Postsecondary Educ. Expense Andersen. v. College Sav. Bank*, 527 U.S. 627, 644 (1999); *DeMarini Sports, Inc. v. Worth, Inc.*, 239 F.3d 1314, 1330 (Fed. Cir. 2001); *Andersen Corp. v. United States Int'l Trade Comm'n*, 946 F.2d 821, 832 (Fed. Cir. 1991).

SOURCE: The Federal Circuit Bar Association Draft Model Patent Jury Instructions § 8.2.

## [FIBER COMPOSITES' PROPOSED] FINAL JURY INSTRUCTION NO. 53

## THE DOCTRINE OF EQUIVALENTS—ALL ELEMENTS

**[Andersen Objects to the Following Instruction]**

You must compare each railing part with each asserted claim. In order for any of the four railing parts to infringe, each claim limitation or its substantial equivalent of that claim limitation must be found in the railing part. If even a single claim limitation is missing from the part, you must find that the part does not infringe.

SOURCE: *Pennwalt Corp. v. Durand-Wayland, Inc.*, 833 F.2d 931 (Fed. Cir. 1989) (en banc).

## [FIBER COMPOSITES' PROPOSED] FINAL JURY INSTRUCTION NO. 54

## THE DOCTRINE OF EQUIVALENTS—DEFINED

**[Andersen Objects to the Following Instruction]**

Infringement in this case is determined under what is called the doctrine of equivalents. In other words, each limitation of the asserted claims may not be literally found in the accused railing parts. In deciding whether there is infringement under the doctrine of equivalents, each element contained in a patent claim is important. Therefore, the question is whether each of Fiber Composites' railing parts contains each limitation of the asserted claim, either literally or equivalently. The question is not whether Fiber Composites' railing part is an overall equivalent to the Andersen invention as a whole. What is important is that there must be an equivalent for each limitation of the claim somewhere in the accused part.

SOURCE: *Warner-Jenkinson*, 117 S.Ct. at 1049; *Graver Tank*, 339 U.S. at 609, *quoted with approval in Warner-Jenkinson*, 117 S.Ct. at 1049; *Corning Glass Works v. Sumitomo Elec., U.S.A.*, 868 F.2d 1251, 9 U.S.P.Q.2d 1962 (Fed. Cir. 1989).

## [FIBER COMPOSITES' PROPOSED] FINAL JURY INSTRUCTION NO. 55

## THE DOCTRINE OF EQUIVALENTS—INSUBSTANTIAL DIFFERENCES

**[Andersen Objects to the Following Instruction]**

For those claim limitations that are not literally found in an accused railing part, you should consider whether what is in the accused product represents a change that a person of ordinary skill in the art would have considered insubstantial at the time of the infringement. Another test you may apply to determine equivalence is whether one of ordinary skill in the art would consider that Fiber Composites performs substantially the same function in substantially the same way to produce substantially the same result compared to the corresponding limitation of Andersen's claims. The question of whether a component of Fiber Composites' railing parts is equivalent to the corresponding limitation in Andersen's claims is to be determined based on the knowledge of one of ordinary skill in the art as of the time of the alleged infringement, not when the patent application was filed or when the patent issued.

AUTHORITIES: *Warner-Jenkinson*, 117 S.Ct. at 1052; *Graver Tank*, 339 U.S. at 608; *Moeller v. Ionetics, Inc.*, 794 F.2d 1565, 229 U.S.P.Q. 992, 995 (Fed. Cir. 1986); *Atlas Powder Company v. E.I. duPont de Nemours & Co.*, 750 F.2d 1569, 1579-1580 (Fed. Cir. 1984); *Warner-Jenkinson*, 117 S.Ct. at 1053.

**[FIBER COMPOSITES' PROPOSED] FINAL JURY INSTRUCTION NO. 56**

**OBJECTIVE EVIDENCE**

**[Andersen Objects to the Following Instruction]**

It is Andersen's burden to prove equivalence by means of objective evidence, rather than generalized conclusions offered by an expert or other witness.

AUTHORITIES: *Hilton-Davis Chemical Co. v. Warner-Jenkinson Co. Inc.*, 62 F.3d 1512, 1518-19 (Fed. Cir. 1995) (en banc), *reversed on other grounds*, *Warner-Jenkinson Co. Inc. v. Hilton-Davis Chemical Co*, 520 U.S. 17 (1997).

## [FIBER COMPOSITES' PROPOSED] FINAL JURY INSTRUCTION NO. 57

## INDEPENDENT EXPERIMENTATION

**[Andersen Objects to the Following Instruction]**

The need for independent experimentation by the party accused of infringement can be objective evidence that a claim limitation is not equivalent to something different found in the accused product.

AUTHORITY: *Warner-Jenkinson Co. Inc. v. Hilton-Davis Chemical Co.*, 117 S.Ct. 1040, 1052 (1997).

## [FIBER COMPOSITES' PROPOSED] FINAL JURY INSTRUCTION NO. 58

## INFRINGEMENT OF DEPENDENT CLAIMS

**[Andersen Objects to the Following Instruction]**

A dependent claim includes each of the limitations of the independent claim to which it refers. In order to find that a Fiber Composites rail part infringes a dependent claim, you must first find that part infringes the independent claim from which the dependent claim depends.

If you find that an independent claim is not infringed, you must find that all its dependent claims are not infringed.

SOURCE: The Federal Circuit Bar Association Draft Model Patent Jury Instructions § 8.12.

## [FIBER COMPOSITES' PROPOSED] FINAL JURY INSTRUCTION NO. 59

## CLAIM CONSTRUCTION

**[Andersen Objects to the Following Instruction]**

I now instruct you as to the meaning of the following claim limitations:

"composite structure member" means a part that is solid. It must be made from a composite matter. It cannot be made from a single material alone such as polyvinyl chloride.

"about 35% to 55 wt% wood fiber" means that it cannot have less than 30% wood fiber by weight.

"composite rail" means a piece of a window or door. It does not mean a railing or part of a railing.

"a continuous organic phase" means that the material is continuous from edge to edge across the structural part.

SOURCE: The expert report of Robert Liukkonen; Fiber Composites' Markman Brief and claim charts.

## [ANDERSEN'S PROPOSED] FINAL JURY INSTRUCTION NO. 60

## WILLFUL INFRINGEMENT

**[Fiber Composites Objects to the Following Instruction]**

Andersen contends that Fiber Composites has willfully infringed the Deaner patent claims. I have already ruled that Fiber Composites' products with 30% or more of wood-fiber weight literally infringe all of the asserted claims of the Deaner patents. You must decide whether Fiber Composites' infringement was willful.

The burden of proving that the infringement was willful is the clear and convincing standard. Andersen must prove two things by clear and convincing evidence: (1) Fiber Composites was aware of the Deaner patents; and (2) Fiber Composites proceeded with the activities that are accused of infringement but had no reasonable basis for believing that either: (a) its products did not infringe the Deaner patents; or (b) that the Deaner patents were invalid.

If Fiber Composites knew about the Deaner patents, it had an affirmative duty of care to determine whether its products infringe. This duty of care includes obtaining competent legal advice from counsel before engaging in activity that may result in infringement. Fiber Composites did not obtain an opinion of counsel and you may consider this in making your determination that Fiber Composites' infringement was willful.

The issue of willful infringement is relevant to the amount of damages to which Andersen is entitled. A finding of willful infringement may, in certain circumstances, entitle the patent owner to increased damages. If you decide that Fiber Composites willfully infringed the Deaner patent claims, then it is my job to decide whether or not to award increased damages to Andersen.

SOURCE: Court's Summ. J. Order dated July 22, 2003 at 12; Federal Circuit Bar Association Model Patent Jury Instructions, No. 9 (modified); 35 U.S.C. § 284; *Knorr-Bremse Systeme Fuer Nutzfahrzeuge GmbH v. Dana Corp.*, 383 F.3d 1337, 1343 (Fed. Cir. 2004) (citing *Underwater Devices Inc. v. Morrison-Knudsen Co.*, 717 F.2d 1380, 1389-90 (Fed. Cir. 1983)); *Transclean Corp. v. Bridgewood Servs.*, 290 F.3d 1364, 1377-78 (Fed. Cir. 2002); *LNP Eng'g Plastics, Inc. v. Miller Waste Mills, Inc.*, 275 F.3d 1347, 1357 (Fed. Cir. 2001); *Datascope Corp. v. SMEC, Inc.*, 879 F.2d 820, 828 (Fed. Cir. 1989); *Read Corp. v. Portec, Inc.*, 970 F.2d 816, 826 (Fed. Cir. 1992).

**[FIBER COMPOSITES' PROPOSED] FINAL JURY INSTRUCTION NO. 61**

**WILLFUL INFRINGEMENT**

**[Andersen Objects to the Following Instruction]**

Andersen contends that Fiber Composites has willfully infringed the claims of the patents-in-suit.

If you find on the basis of the evidence and the law as I have explained it that Fiber Composites' railing parts infringe at least one claim of the patents-in-suit, you must then decide whether or not Fiber Composites' infringement was willful.

The issue of willful infringement is not relevant to your decision of whether or not there is infringement but only to the amount of damages to which Andersen is entitled. A finding of willful infringement may, in certain circumstances, entitle the patent owner to increased damages. If you decide that Fiber Composites willfully infringed the claims of the patent in suit, then it is my job to decide whether or not to award increased damages to Andersen.

Although, Andersen must prove infringement by a preponderance of the evidence, Andersen has the burden of proving that the infringement was willful by the higher clear and convincing evidence burden.

To establish willful infringement, Andersen must prove two things by clear and convincing evidence. First, Andersen must prove that Fiber Composites was aware of whichever patent you find infringed, and secondly, Andersen must prove that Fiber Composites proceeded with the activities that are accused of infringement without a good faith belief that the patent was either invalid, not infringed, or both. In determining whether or not Fiber Composites acted in good faith, you should consider all of the circumstances.

One factor you should consider in determining willfulness is whether or not, in designing the products accused of infringement, Fiber Composites copied the disclosures of the patent in suit, or whether or not Fiber Composites instead tried to design a product that Fiber Composites believed did not infringe the patent claims. On the other hand, evidence that the accused infringer attempted to avoid infringement by designing around the patent claims, even if that attempt was unsuccessful, is evidence that infringement was not willful.

The fact that you may have determined that Fiber Composites was wrong and that the patents-in-suit are infringed does not necessarily mean that Fiber Composites' infringement was willful. If you find that Fiber Composites had a good faith belief that it did not infringe or that the patent was invalid, and that Fiber Composites' belief was reasonable under all of the circumstances, then Fiber Composites' infringement was not willful.

AUTHORITIES: 35 U.S.C. § 284 (2000); *Crystal Semiconductor Corp. v. Tritech Microelectronics Int'l Inc.*, 246 F.3d 1336, 1351 (Fed. Cir. 2001); *WMS Gaming Inc. v. Int'l Game Tech.*, 184 F.3d 1339, 1354 (Fed. Cir. 1999); *Georgia-Pacific Corp. v. United States Gypsum Co.*, 195 F.3d 1322, 1334 (Fed. Cir. 1999); *John's Hopkins University v. Cellpro*, 152 F.3d 1342, 1363 (Fed. Cir. 1998); *Comark Comm., Inc. v. Harris Corp.*, 156 F.3d 1182, 1191 (Fed. Cir. 1998); *SRI Int'l, Inc. v. Advanced Tech. Labs.*, 127 F.3d 1462, 1465 (Fed. Cir. 1997); *Critikon, Inc. v. Becton Dickinson Vascular Access, Inc.*, 120 F.3d 1253, 1259-60 (Fed. Cir. 1997); *Nat'l Presto Indus. v. West Bend Co.*, 76 F.3d 1185, 1192-93 (Fed. Cir. 1996); *Stryker Corp. v. Intermedics Orthopedics Inc.*, 96 F.3d 1409, 1414 (Fed. Cir. 1996); *Amsted Indus. Inc. v. Buckeye Steel Castings Co.*, 24 F.3d 178, 180 (Fed. Cir. 1994); *Westvaco Corp. v. Int'l Paper Co.*, 991 F.2d 735, 745 (Fed. Cir. 1993); *Ortho Pharmaceutical Corp. v. Smith*, 959 F.2d 936, 944 (Fed. Cir. 1992); *Read Corp. v. Portec, Inc.*, 970 F.2d 816, 826 (Fed. Cir. 1992); *Studiengesellschaft Kohle v. Dart Indus., Inc.*, 862 F.2d 1564, 1579 (Fed. Cir. 1988).

SOURCE: The Federal Circuit Bar Association Draft Model Patent Jury Instructions § 9.

**AGREED FINAL JURY INSTRUCTION NO. 62**

**DEFENSE OF INVALIDITY**

I will now instruct you on the rules you must follow in deciding whether Fiber Composites has proven that certain claims of the Deaner patents are invalid. To prove invalidity of any patent claim, Fiber Composites must persuade you by clear and convincing evidence that the claim is invalid. Instructions regarding each of Fiber Composites' invalidity defenses follow.

SOURCE: *Graham v. John Deere Co.*, 383 U.S. 1, 17 (1966).

**[FIBER COMPOSITES' PROPOSED] FINAL JURY INSTRUCTION NO. 63**

**INVALIDITY—GENERAL**

**[Andersen Objects to the Following Instruction]**

Only a valid patent may be infringed. For a patent to be valid, the invention claimed in the patent must be new, useful and non-obvious. A patent cannot take away from people their right to use what was known or what would have been obvious when the invention was made. The terms "new," "useful" and "non-obvious" have special meaning under the patent laws. I will explain these terms to you as we discuss Fiber Composites' grounds for asserting invalidity. The invention claimed in a patent must also be adequately described. In return for the right to exclude others from making, using, selling or offering for sale the claimed invention, the patent owner must provide the public with a complete description in the patent of the invention and how to make and use it. In addition, it must also particularly point out and distinctly claim the invention.

Fiber Composites has challenged the validity of the asserted claims and the patents-in-suit on a number of grounds. It must prove that a patent is invalid by clearly convincing evidence.

I will now explain each of Fiber Composites' grounds for invalidity in detail.

AUTHORITIES: *Morton Int'l v. Cardinal Chem. Co.*, 5 F.3d 1464, 1471-2 (Fed. Cir. 1993); *Avia Group Int'l, Inc. v. L.A. Gear Cal.*, 853 F.2d 1557, 1562 (Fed. Cir. 1988); *DMI, Inc. v. Deere & Co.*, 802 F.2d 421, 427 (Fed. Cir. 1986); *Stratoflex, Inc. v. Aeroquip Corp.*, 713 F.2d 1530, 1534 (Fed. Cir. 1983).

SOURCE: Federal Circuit Bar Association Model Patent Jury Instruction 10.1.

**[ANDERSEN'S PROPOSED] FINAL JURY INSTRUCTION NO. 64**

**PRESUMPTION OF VALIDITY**

**[Fiber Composites Objects to the Following Instruction]**

The granting of a patent by the Patent Office carries with it the presumption that the patent is valid. From issuance of the patent, it is presumed that its subject matter is new, useful and constitutes an advance that was not, at the time the invention was made, obvious to one of ordinary skill in the art. The law presumes, in the absence of clear and convincing evidence to the contrary, that the Patent Office acted correctly in issuing the patent. Nevertheless, once the validity of a patent has been put in issue, it is the responsibility of the jury to review what the Patent Office has done consistent with these instructions on the law.

The presumption of validity puts the burden of proving invalidity on Fiber Composites. While this presumption can be rebutted, the burden is on Fiber Composites to do so. This burden requires that Fiber Composites provide by clear and convincing evidence that in this case each of the asserted claims is invalid. Each asserted claim, whether independent or dependent, must be analyzed individually. Clear and convincing evidence is evidence that produces an abiding conviction that the truth of the factual contention is highly probable. Proof by clear and convincing evidence is a higher burden than proof by a preponderance of the evidence.

Each of the asserted claims is presumed valid independently of the validity of each other claim.

SOURCE: 35 U.S.C. § 282; *Oakley Inc. v. Sunglass Hut, Int'l*, 316 F.3d 1331, 1339 (Fed. Cir. 2003); *Sandt Tech. Ltd. v. Resco Metal & Plastics Corp.*; 264 F.3d 1344, 1356 (Fed. Cir. 2001); *Am. Hoist & Derrick Co. v. Sowa & Sons, Inc.*, 725 F.2d 1350, 1358-60 (Fed. Cir. 1984).

# [ANDERSEN'S PROPOSED] FINAL JURY INSTRUCTION NO. 65

## PRIOR ART DEFINED

**[Fiber Composites Objects to the Following Instruction}**

You have heard the attorneys and witnesses speak of "prior art" throughout the trial, particularly in connection with the issue of the validity of the Deaner patents. The term "prior art" is a legal term of art in the patent law and I will explain this term to you. "Prior art" is used to describe what others had done in the field before the invention was made. Prior art is the general body of knowledge in the public domain.

Prior art can be a printed publication, a prior invention in the United States, or an earlier United States patent. Prior art can be used to invalidate a patent only if the accused infringer meets the clear and convincing burden to overcome the presumption of validity.

Prior art, however, does not include publications that are published after the inventors conceive of an invention. Therefore, to show that a publication is prior art, Fiber Composites must prove by clear and convincing evidence that the publication was published before the inventors conceived of their invention. If there are any publications that occurred after the inventors conceived of the invention and while they were working diligently to reduce the invention to practice, you must disregard them--they are not prior art.

Also, any prior art that was cited by the Patent Office while it was considering the applications for the Deaner patents, which are listed at the beginning of each patent, are presumed not to teach the invention claimed in the patent.

SOURCE: Final Jury Instruction 4.4 in Honeywell Int'l Inc. v. Hamilton Sundstrand Corp., C.A. No. 99-309 (D. Del. 2001) (Sleet, J.) (modified); 35 U.S.C. Sec. 102.

**[FIBER COMPOSITES' PROPOSED] FINAL JURY INSTRUCTION NO. 66**

**PRIOR ART**

**[Andersen Objects to the Following Instruction]**

Under the patent laws, a person is entitled to a patent only if the invention claimed in the patent is new and unobvious in light of what came before. That which came before is referred to as the "prior art."

SOURCE: The Federal Circuit Bar Association Draft Model Patent Jury Instructions §10.6.

**[ANDERSEN'S PROPOSED] FINAL JURY INSTRUCTION NO. 67**

**PATENT VALIDITY—CLAIMS TO BE CONSIDERED SEPARATELY**

**[Fiber Composites Objects to the Following Instruction]**

Each claim of a patent must be considered separately. A patent may contain some claims which are valid and some claims which are invalid. That is why you must consider each of the asserted claims of the Deaner patents, and consider separately whether each claim is valid.

SOURCE: Jury instruction given in *Honeywell v. Victor Co.*, Civ. No. 99-1607 (D. Minn. 2003) (Frank, J.) at 24 (modified); *Siftung v. Renishaw PLC*; 945 F.2d 1173, 1181 (Fed. Cir. 1991).

# [ANDERSEN'S PROPOSED] FINAL JURY INSTRUCTION NO. 68

## ANTICIPATION

**[Fiber Composites Objects to the Following Instruction]**

One of the requirements for a valid patent is that the invention defined in the claims must be new. This is known as the requirement of novelty. Something that shows that the invention was not new or novel is called anticipation. Patents are presumed by law to be novel. In this case, to prove anticipation, Fiber Composites must show that each and every element of an invention, as expressed in one of the claims of the Deaner patents, can be found in a single piece of prior art. You must decide whether the publication or thing qualifies as prior art as I instruct you. Fiber Composites must show that certain asserted patent claims are anticipated by clear and convincing evidence.

In deciding whether a single item of prior art anticipates a patent claim, you should consider that which is expressly stated or present in the item of prior art, and also that which is inherently present. Something is inherent in an item of prior art if it is always present in the prior art or always results from the practice of the prior art and if a person skilled in the art would understand that to be the case.

To show inherency, Fiber Composites must demonstrate that the prior art necessarily includes the claim elements of the Deaner patents. The claims of the Deaner patents must be an inherent characteristic and necessary part of the prior art. Inherency may not be established by probabilities or possibilities. Similarly, the mere fact that a certain thing may result from a given set of circumstances is not sufficient to establish inherency.

There is no anticipation unless all of the elements of the claimed invention are found in a single prior art reference, namely a prior publication, prior invention in the United States, or

prior U.S. patent that qualifies as prior art. You may not combine two or more items of prior art to make out anticipation. You may not use any other prior art references to explain or fill in the gaps of the prior art reference relied on for anticipation.

In determining whether each and every element of the claimed invention are found in a single prior art reference, it is necessary that testimony concerning anticipation must be from one skilled in the art and must identify each claim element, state the witness' interpretation of the claim element, and explain in detail how each claim element is disclosed in the prior art reference. The prior art references standing alone and general and conclusory testimony about the reference does not suffice as clear and convincing evidence of invalidity.

In addition, the prior art reference must be complete enough to enable one of ordinary skill in the art to practice the invention, without undue experimentation.

SOURCE: *Koito Mfg. Co. v. N. Am. Lighting, Inc.*, 381 F.3d 1142, 1151 (Fed. Cir. 2004); *Elan Pharmaceuticals, Inc. v. Mayo Found. for Med. Educ.*, 346 F.3d 1051, 1054 (Fed. Cir. 2003); *Schering Corp. v. Geneva Pharm., Inc.*, 339 F.3d 1373, 1377 (Fed. Cir. 2003); *Trintec Indus., Inc. v. Top-U.S.A. Corp.*, 295 F.3d 1292, 1295 (Fed. Cir. 2002); *Telemac Cellular Corp. v. Topp Telecom, Inc.*, 247 F.3d 1316, 1327 (Fed. Cir. 2001); *In re Robertson*, 169 F.3d 743, 745 (Fed. Cir. 1999); *In re Baxter Travenol Labs*, 952 F.2d 388, 390 (Fed. Cir. 1991); *Cont'l Can Co. USA v. Monsanto Co.*, 948 F.2d 1264, 1268-69 (Fed. Cir. 1991), *reh'g denied*, 1991 U.S. App. LEXIS 29979 (Fed. Cir. Dec. 26, 1991) (unpublished); *Scripps Clinic & Research Found. v. Genentech, Inc.*, 927 F.2d 1565, 1576 (Fed. Cir. 1991); *Reading & Bates Constr. Co. v. Baker Energy Res. Corp*, 748 F.2d 645, 651 (Fed. Cir. 1984); *Studiengesellschaft Kohle, M.B.H. v. Dart Indus., Inc.*, 726 F.2d 724, 726-727 (Fed. Cir. 1984), *aff'd by*, 862 F.2d 1564 (Fed. Cir. 1988)).

**[FIBER COMPOSITES' PROPOSED] FINAL JURY INSTRUCTION NO. 69**

**ANTICIPATION**

**[Andersen Objects to the Following Instruction]**

A person cannot obtain a patent on an invention if someone else has already made the same invention. In other words, the invention must be new. If it is not new, we say that it was "anticipated" by the prior art. An invention that is "anticipated" by the prior art is not entitled to patent protection. A party challenging the validity of a patent must prove anticipation by clear and convincing evidence.

In order for a patent claim to be anticipated by the prior art, each and every limitation of the claim must be present within a single item of prior art, such as a prior patent or publication. In deciding whether or not a single item of prior art anticipates a patent claim, you should consider that which is expressly stated or present in the item of prior art, and also that which is inherently present. Something is inherent in a prior art patent if it is necessarily present in the patent or necessarily results from the practice of the prior art and if a skilled person would understand that to be the case.

AUTHORITIES: *Ecolochem, Inc. v. S. Cal. Edison Co.*, 227 F.3d 1361, 1367-70 (Fed. Cir. 2000); *Atlas Powder Co. v. IRECO Inc.*, 190 F.3d 1342, 1346 (Fed. Cir. 1999); *Abbot Labs. v. Geneva Pharms., Inc.*, 182 F.3d 1315, 1318 (Fed. Cir. 1999); *Finnegan Corp. v. Int'l Trade Comm'n*, 180 F.3d 1354, 1364 (Fed. Cir. 1999); *C. R. Bard, Inc. v. M3 Sys., Inc.*, 157 F.3d 1340, 1349 (Fed. Cir. 1998); *Continental Can Co. USA, v. Monsanto Co.*, 948 F.2d 1264, 1268 (Fed. Cir. 1991); *W. L. Gore & Assocs., Inc. v. Garlock, Inc.*, 721 F.2d 1540, 1548 (Fed. Cir. 1983).

SOURCE: The Federal Circuit Bar Association Draft Model Patent Jury Instructions §10.8.

## [FIBER COMPOSITES' PROPOSED] FINAL JURY INSTRUCTION NO. 70

## SAME CLAIM INTERPRETATION

**[Andersen Objects to the Following Instruction]**

The same claim limitations interpreted the same way for the infringement question are used for determining invalidity. If the prior art patent would have literally infringed a claim (had the prior art patent been later in time than the patent-in-suit), then the prior art patent anticipates that claim, and the claim is invalid.

AUTHORITY: *Lewmar Marine, Inc. v. Barient, Inc.*, 827 F.2d 744 (Fed. Cir. 1988).

**[FIBER COMPOSITES' PROPOSED] FINAL JURY INSTRUCTION NO. 71**

**CLAIMS CONTAINING RANGES**

**[Andersen Objects to the Following Instruction]**

Some of the claims of the patents-in-suit contain ranges of values, such as a range in terms of percentage of wood fiber. For the purposes of invalidity, a prior art reference which discloses a value within the range is considered to anticipate that claimed range.

AUTHORITIES: *In re Wertheim*, 541 F.2d 257, 267 (CCPF, 1976); *Titanium Metal Corp. v. Banner*, 778 F.2d 775, 781 (Fed. Cir. 1985).

**[ANDERSEN'S PROPOSED] FINAL JURY INSTRUCTION NO. 72**

**PRIOR PRINTED PUBLICATION**

**[Fiber Composites Objects to the Following Instruction]**

Fiber Composites contends that certain claims of the Deaner patents were anticipated because the invention defined in those claims was described in a prior publication, such as an article or another patent. For a printed publication to anticipate the claims of the Deaner patents, Fiber Composites must show that the printed publication, when read by a person of ordinary skill in the art, expressly discloses each element of Andersen's claim.

The disclosure must be complete enough to enable one of ordinary skill in the art to practice the invention, without undue experimentation. In determining whether the disclosure is enabling, you should take into account what would have been within the knowledge of a person of ordinary skill in the art at the time, and you may consider expert testimony and other publications that shed light on the knowledge such a person would have had at that time.

SOURCE: *Akzo N.V. v. United States ITC*, 808 F.2d 1471, 1479-80 (Fed. Cir. 1996); *Mahurkar v. C.R. Bard, Inc.* 79 F.3d 1572, 1576 (Fed. Cir. 1996).

**[ANDERSEN'S PROPOSED] FINAL JURY INSTRUCTION NO. 73**

**[Andersen does not propose this instruction unless the Court denies Andersen's Motion in Limine to Exclude Evidence and Argument Regarding the Vannelli Window]**

**EXPERIMENTAL USE**

**[Fiber Composites Objects to the Following Instruction]**

Under certain circumstances, the public use, sale or offer for sale by the inventor or patent owner of the claimed invention may constitute prior art. However, the public use, sale or offer for sale by the inventor or patent owner of the claimed invention, is not prior art even if it was more than one year before the filing of the patent application. This occurs when the public use was for experimental rather than commercial purposes.

In order to qualify as experimentation, the public use, sale or offer for sale must be by, or for the benefit of, the patent owner or inventor, and must relate to the claimed features of the invention. It must also be for the purposes of technological development, not commercial gain. Any commercial gain that does occur should be merely incidental to the primary purpose of experimentation.

Personal relationships and surrounding circumstances indicating that the claimed invention will be kept confidential are factors in determining whether the claimed invention is not in public use or on sale. *Moleculon Research Corp. v. CBS, Inc.*, 793 F.2d 1261, 1266 (Fed. Cir. 1986), *cert. denied*, 479 U.S. 1030 (1987), *rev'd on other grounds*, 872 F.2d 407 (Fed. Cir. 1989) (affirming trial court's ruling that an invention was not in public use or on sale).

SOURCE: Federal Circuit Bar Association Model Patent Jury Instructions, No. 10.6.6 (modified) (citing *New Railhead Mfr., L.L.C. v. Vermeer Mfr. Co.*, 2002 WL 1758933 (Fed. Cir. 2002); *Monon Corp. v. Stoughton Trailers, Inc.*, 239 F.3d 1253,

1257-61 (Fed. Cir. 2001); *Cont'l Plastic Containers v. Owens Brockway Plastic Prods., Inc.*, 141 F.3d 1073, 1079-80 (Fed. Cir. 1998); *Baxter Int'l Inc. v. Cobe Labs., Inc.*, 88 F.3d 1054, 1059-60 (Fed. Cir. 1996); *Lough v. Brunswick Corp.*, 86 F.3d 1113, 1119 (Fed. Cir. 1996), *reh'g en bane denied*, 103 F.3d 1517 (Fed. Cir. 1997); *W. Marine Elecs., Inc. v. Furuno Elec. Co.*, 764 F.2d 840, 846-47 (Fed. Cir. 1985)).