**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Andersen Corporation, Case No. 00-CV-2548 JNE/JGL

Plaintiff,

v.

Fiber Composites, LLC,

Defendant.

---

**ANDERSEN AND FIBER COMPOSITES' REVISED AGREED AND PROPOSED PRELIMINARY AND FINAL JURY INSTRUCTIONS**

Plaintiff Andersen Corporation ("Andersen") and Defendant Fiber Composites, LLC ("Fiber Composites") respectfully submit the foregoing Revised Agreed and Proposed Preliminary and Final Jury Instructions. The parties exchanged proposed jury instructions on March 18, 2005. They met and conferred just three days later, on March 21, 2005, in an effort to resolve their differences and reach an agreement on the jury instructions. After submission to the court, the parties met and conferred on March 31, 2005, and April 1, 2005, to further resolve their differences.

Those instructions on which the parties agree are so noted. To the extent the parties have any objections to specific instructions, it is indicated that the instruction is "Proposed." Specifically, if one party objects to an instruction in its entirety, it indicates which party is proposing the instruction, and it will state that it is "Andersen's Proposed" or "Fiber Composites' Proposed" instruction. If the parties agree to an instruction, but have objections to portions of the instruction, it indicates that it is "Proposed," and the objections are contained within the instruction.

# TABLE OF CONTENTS

**Page**


INTRODUCTION ........ 1
THE PARTIES AND THE NATURE OF THE CASE ........ 2
PLAINTIFF'S CONTENTIONS ........ 4
DEFENDANT'S CONTENTIONS—ANDERSEN'S PROPOSED ........ 6
DEFENDANT'S CONTENTIONS—FIBER COMPOSITE'S PROPOSED ........ 7
CONSTITUTIONAL BASIS FOR PATENT GRANT ........ 8
THE SIGNIFICANCE OF PATENT CLAIMS ........ 9
**EXCLUSIONARY RIGHT AND TERM OF A PATENT** ........ 10
WHAT A PATENT IS AND HOW ONE IS OBTAINED—ANDERSEN'S PROPOSED ........ 11
**THE PARTS OF A PATENT**—FIBER COMPOSITES' PROPOSED ........ 14
PRESUMPTION OF VALIDITY—ANDERSEN'S PROPOSED ........ 16
CONTINUATION PATENT APPLICATIONS—ANDERSEN'S PROPOSED ........ 18
SUMMARY OF PATENT ISSUES ........ 19
JUROR'S DUTIES ........ 20
EVIDENCE ........ 22
BURDENS OF PROOF ........ 24
JUROR'S CONDUCT ........ 27
COURSE OF THE TRIAL ........ 29
CREDIBILITY OF WITNESSES - WEIGHING CONFLICTING TESTIMONY ........ 30
GENERAL INSTRUCTIONS—INTRODUCTION ........ 31
BURDENS OF PROOF ........ 32
EVIDENCE DEFINED ........ 35
DIRECT AND CIRCUMSTANTIAL EVIDENCE ........ 36
CONSIDERATION OF EVIDENCE ........ 37
CREDIBILITY OF WITNESSES ........ 38
EXPERT WITNESSES ........ 39
NUMBER OF WITNESSES ........ 40
DEPOSITION TESTIMONY ........ 41
THE PARTIES AND THE NATURE OF THE CASE ........ 42
PLAINTIFF'S CONTENTIONS ........ 44
DEFENDANT'S CONTENTION - ANDERSON'S PROPOSED ........ 46
DEFENDANT'S CONTENTIONS—FIBER COMPOSITE'S PROPOSED ........ 47
STIPULATED FACTS ........ 48
CONSTITUTIONAL BASIS FOR PATENT GRANT ........ 49
WHAT A PATENT IS AND HOW ONE IS OBTAINED—ANDERSEN'S PROPOSED ........ 50
SUMMARY OF PATENT ISSUES—AGREED FINAL ........ 53
CONSTRUCTION OF CLAIMS—ANDERSEN'S PROPOSED ........ 54
CONSTRUCTION OF CLAIMS—FIBER COMPOSITES' PROPOSED ........ 55
INDEPENDENT AND DEPENDENT CLAIMS ........ 56
TRANSITIONAL STATEMENT ........ 57
INFRINGEMENT GENERALLY—ANDERSEN'S PROPOSED ........ 58
PATENT CLAIMS—GENERALLY ........ 59




Word 20129762.1

CLAIM CONSTRUCTION—FIBER COMPOSITES' PROPOSED ........ 60
WILLFUL INFRINGEMENT—ANDERSEN'S PROPOSED ........ 61
WILLFUL INFRINGEMENT—FIBER COMPOSITES' PROPOSED ........ 63
DEFENSE OF INVALIDITY ........ 65
INVALIDITY—GENERAL—FIBER COMPOSITES' PROPOSED ........ 66
PRESUMPTION OF VALIDITY—ANDERSEN'S PROPOSED ........ 67
PRIOR ART DEFINED—ANDERSEN'S PROPOSED ........ 68
PRIOR ART—FIBER COMPOSITES' PROPOSED ........ 69
PATENT VALIDITY—CLAIMS TO BE CONSIDERED SEPARATELY—ANDERSEN'S PROPOSED ........ 70
ANTICIPATION—ANDERSEN'S PROPOSED ........ 71
ANTICIPATION—FIBER COMPOSITES' PROPOSED ........ 73
SAME CLAIM INTERPRETATION—FIBER COMPOSITES' PROPOSED ........ 74
CLAIMS CONTAINING RANGES—FIBER COMPOSITES' PROPOSED ........ 75
PRIOR PRINTED PUBLICATION—ANDERSEN'S PROPOSED ........ 76
EXPERIMENTAL USE—ANDERSEN'S PROPOSED ........ 77
OBVIOUSNESS—ANDERSEN'S PROPOSED ........ 79
OBVIOUSNESS—FIBER COMPOSITES' PROPOSED ........ 81
SCOPE AND CONTENT OF THE PRIOR ART—ANDERSEN'S PROPOSED ........ 83
THE SCOPE AND CONTENT OF PRIOR ART—FIBER COMPOSITES' PROPOSED ........ 84
DIFFERENCES BETWEEN PRIOR ART AND INVENTION—ANDERSEN'S PROPOSED ........ 85
DIFFERENCES BETWEEN THE INVENTION OF THE CLAIMS AND THE PRIOR ART—FIBER COMPOSITES' PROPOSED ........ 86
LEVEL OF ORDINARY SKILL—ANDERSEN'S PROPOSED ........ 87
LEVEL OF ORDINARY SKILL—FIBER COMPOSITES' PROPOSED ........ 88
MOTIVATION TO COMBINE—ANDERSEN'S PROPOSED ........ 89
MOTIVATION TO COMBINE—FIBER COMPOSITES' PROPOSED ........ 90
OBJECTIVE EVIDENCE OF NON-OBVIOUSNESS—ANDERSEN'S PROPOSED ........ 91
OBJECTIVE INDICATIONS CONCERNING OBVIOUSNESS—FIBER COMPOSITES' PROPOSED ........ 93
OBVIOUSNESS - MANNER OF INVENTING IMMATERIAL—ANDERSEN'S PROPOSED ........ 95
PATENT CLAIMS INVOLVING COMBINATIONS OF KNOWN ELEMENTS—ANDERSEN'S PROPOSED ........ 96
OBVIOUSNESS - HINDSIGHT—ANDERSEN'S PROPOSED ........ 97
WRITTEN DESCRIPTION—ANDERSEN'S PROPOSED ........ 99
WRITTEN DESCRIPTION—FIBER COMPOSITES' PROPOSED ........ 100
ENABLEMENT—ANDERSEN'S PROPOSED ........ 101
ENABLEMENT—FIBER COMPOSITES' PROPOSED ........ 102
INOPERATIVE EMBODIMENTS—FIBER COMPOSITES' PROPOSED ........ 103
CLAIM SCOPE UNDER 35 U.S.C. § 112(2)—FIBER COMPOSITES' PROPOSED ........ 104
DAMAGES—ANDERSEN'S PROPOSED ........ 105
DAMAGES—GENERALLY—FIBER COMPOSITES' PROPOSED ........ 106

RESOLUTION OF DOUBTS—ANDERSEN'S PROPOSED ... 107
COMPENSATORY PATENT DAMAGES—FIBER COMPOSITES' PROPOSED ... 108
REASONABLE ROYALTY AS A MEASURE OF DAMAGES—
ANDERSEN'S PROPOSED ... 109
REASONABLE ROYALTY—FIBER COMPOSITES' PROPOSED ... 111
TIME OF HYPOTHETICAL NEGOTIATION, DAMAGES PERIOD, AND ROYALTY
RATE—ANDERSEN'S PROPOSED ... 112
FACTORS FOR DETERMINING A REASONABLE ROYALTY—ANDERSEN'S
PROPOSED ... 113
REASONABLE ROYALTY FACTORS—FIBER COMPOSITES' PROPOSED ... 115
ADDITIONAL DAMAGES—ANDERSEN'S PROPOSED ... 118
NONINFRINGING ALTERNATIVE—ANDERSEN'S PROPOSED ... 119
ENTIRE MARKET VALUE RULE—ANDERSEN'S PROPOSED ... 121
DAMAGES INSTRUCTIONS—FIBER COMPOSITES' PROPOSED ... 122
DELIBERATIONS ... 123
UNANIMOUS VERDICT ... 126

**AGREED PRELIMINARY JURY INSTRUCTION NO. 1**

**INTRODUCTION**

Ladies and gentlemen: I will take a few moments now to give you some initial instructions about this case and about your duties as jurors. At the end of the trial I will give you further instructions. I may also give you instructions during the trial. Unless I specifically tell you otherwise, all such instructions—both those I give you now and those I give you later—are equally binding on you and must be followed.

SOURCE: 8th Cir. Civil Jury Instr. 1.01 (2001) (modified).

**AGREED PRELIMINARY JURY INSTRUCTION NO. 2**

**THE PARTIES AND THE NATURE OF THE CASE**

**[The parties jointly propose the following instruction; however, each party objects to the inclusion of certain language, as set forth below]**

The parties in this case are the plaintiff, Andersen Corporation, and the defendant, Fiber Composites, LLC.

You may recall that during the process that led to your selection as jurors, I advised you that this is a civil action for patent infringement arising under the patent laws of the United States.

Andersen owns U.S. Patent No. 5,486,553 and U.S. Patent No. 5,539,027. Patents are often referred to by their last three digits, or by the named inventor of the patents. The patents in this case will be referred to as the '027 and '553 patents, or sometimes called the patents-in-suit or the "Deaner patents." Michael Deaner, Giuseppe Puppin, and Kurt Heikkila are the inventors of the Deaner patents. While employed by Andersen, the inventors assigned, that is transferred, their patents to Andersen. Andersen now owns the Deaner patents and that is why the plaintiff is Andersen instead of the inventors.

**[Andersen proposes the following paragraph, to which Fiber Composites objects:]**

The Deaner patents concern composite structural members made from polymer and wood fiber, which are suitable alternatives to wood. Products made from these composite structural members include building materials such as windows, doors, framing, railing, and decking. During the trial the parties will offer testimony to familiarize you with this technology.

[Fiber Composites proposes the following paragraph, to which Andersen objects:]

The patents-in-suit all relate to a polymer and wood composite material, from which window frames, door parts or other similar structural parts can be made.

The dispute between the parties relates to Fiber Composites' FIBERON railing systems made from a wood fiber and polyvinyl chloride composition. During the trial, the parties will offer testimony to familiarize you with this technology.

SOURCE: Jury instruction given in *Honeywell v. Victor Co.*, Civ. No. 99-1607 (D. Minn. 2003) (Frank, J.) at 13 (modified); American Intellectual Property Law Association Model Patent Jury Instructions at 1 (modified); Federal Circuit Bar Association Model Patent Jury Instructions, No. 2.1 (modified); First Am. Compl. at 1-2; Answer to Am. Compl. at 1; Delaware Uniform Jury Instructions Proposed Preliminary Instruction (modified).

**AGREED PRELIMINARY JURY INSTRUCTION NO. 3**

**PLAINTIFF'S CONTENTIONS**

**[The parties jointly propose the following instruction; however, each party objects to the inclusion of certain language, as set forth below]**

Andersen, the owner of the Deaner patents, filed a lawsuit against Fiber Composites, contending that Fiber Composites infringes the asserted claims of the Deaner patents by manufacturing, using, offering to sell and selling FIBERON Decking Railing System.

Andersen specifically asserted that Fiber Composites' products infringed claims 1, 2, 3, 4, 5, 6, and 9 of the '027 patent, and claims 1, 2, 3, 4, 5, 6, and 22 of the '553 patent. Andersen's proposal, to which Fiber Composites objects: <u>I have already ruled that Fiber Composites' products with 30% or more of wood-fiber weight literally infringe all of the asserted claims of the Deaner patents.</u> Fiber Composites' proposal, to which Andersen objects: The Court has previously ruled that Fiber Composites did not infringe 4 of the 6 patents asserted by Andersen in this case. The Court also ruled that Fiber Composites' railing parts made from formulas with less than 30% wood fiber content do not infringe the patents-in-suit. Fiber Composites has admitted that its railing parts made from formulas with 30% or more wood fiber content infringe the patents-in-suit, if the patents are valid. Andersen contends that it has suffered damages as a result of Fiber Composites' infringement, and therefore, it is entitled to damages in an amount not less than a reasonable royalty. Andersen also contends that Fiber Composites' infringement of the Deaner patents was willful.

Andersen also contends that Fiber Composites has failed to rebut the presumption that the Deaner Patents are valid.

SOURCE: 35 U.S.C. §§ 271, 282, 284 (2003); Court's Summ. J. Order dated July 22, 2003 at 12.

**[ANDERSEN'S] PRELIMINARY JURY INSTRUCTION NO. 4**

**DEFENDANT'S CONTENTIONS**

**[Fiber Composites Objects to this Instruction:]**

Fiber Composites denies that its admitted infringement of the Deaner patents for approximately six weeks is willful. In addition, Fiber Composites contends that Andersen's patents-in-suit are invalid. Accordingly, Fiber Composites denies that Andersen is entitled to any damages or relief.

SOURCE: Court's Summ. J. Order dated July 22, 2003 at 12; Fiber Composites' Opp'n to Andersen's Mot. Partial Summ. J. of Infringement at 1; Fiber Composites's Answer to First Am. Compl. at 3-6.

## [FIBER COMPOSITES'] PRELIMINARY JURY INSTRUCTION NO. 5

## DEFENDANT'S CONTENTIONS

**[Andersen Objects to this Instruction:]**

Fiber Composites contends that the claims of Andersen's patents are invalid. Fiber Composites also contends that Andersen has failed to prove its alleged damages and that Andersen has failed to prove that Fiber Composites' admitted infringement of the patents-in-suit, if the patents are valid, is willful.

## AGREED PRELIMINARY JURY INSTRUCTION NO. 6

## CONSTITUTIONAL BASIS FOR PATENT GRANT

**[The parties jointly propose the following instruction; however, Fiber Composites objects to the inclusion of the underlined sentence because it is biased toward the patentee and incomplete as written. Andersen believes the underlined sentence is appropriate because it is an accurate description of the U.S. patent system, and this jury instruction was given by Judge Frank in *Honeywell, Inc. v. Victor Co. of Japan*, Civ. No. 99-1607 (D. Minn. 2003)]**

In this country, the federal government encourages invention by granting to inventors patents for their inventions. The basis for the grant of patents is found in the United States Constitution, which provides:

> The Congress shall have the power . . . to promote the progress of science and useful arts, by securing for limited times to authors and inventors the exclusive right to their respective writings and discoveries.

In accordance with the Constitution, the United States Congress passed the Patent Statute, which provides that:

> Whoever invents or discovers any new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof, may obtain a patent therefore, subject to the conditions and requirements of this title.

SOURCE: Jury instruction given in *Honeywell, Inc. v. Victor Co. of Japan*, Civ. No. 99-1607 (D. Minn. 2003) (Frank, J.) (modified) at 10; 4-86 *Modern Federal Jury Instructions-Civil*, P. 86-2 (Matthew Bender 3d ed.) (modified); U.S. Const. Art. 1, § 8, cl. 8; 35 U.S.C. § 101; *Kewanee Oil Co. v. Bicron Corp.*, 416 U.S. 470, 477-78 (1974).

## AGREED PRELIMINARY JURY INSTRUCTION NO. 7

## THE SIGNIFICANCE OF PATENT CLAIMS

The claims of a patent are the main focus of a patent case because it is the claims that define the patent owner's rights under the law. That is, the claims define what the patent owner may exclude others from doing during the term of the patent.

The claims of a patent serve two purposes. First, they set out the boundaries of the invention covered by the patent. Second, they provide notice to the public of those boundaries. Thus, when the validity of a patent is challenged, it is the patent claims that are at issue. In reaching your determination with respect to invalidity, you must consider each claim separately.

SOURCE: Federal Circuit Bar Association Model Patent Jury Instructions, No. 2.4 (modified); 35 U.S.C. § 271.

## AGREED PRELIMINARY JURY INSTRUCTION NO. 8

## EXCLUSIONARY RIGHT AND TERM OF A PATENT

The United States Patent and Trademark Office is responsible for reviewing patent applications and granting patents. Once the "Patent Office" or "PTO" has issued a patent, the patent is presumed to be valid and the patent owner has the right to exclude others from making, using, selling, and/or offering for sale the invention throughout the United States for the length of the patent term.

A person who, without the patent owner's permission makes, uses, sells, or offers to sell a product that is covered by one or more claims of a valid patent, infringes the patent.

SOURCE: Delaware Uniform Jury Instructions Proposed Preliminary Instruction (modified).

**[ANDERSEN'S PROPOSED] PRELIMINARY JURY INSTRUCTION NO. 9**

**WHAT A PATENT IS AND HOW ONE IS OBTAINED**

**[Fiber Composites Objects to the Following Instruction because it is not neutral and is biased toward the patentee. Further, the instruction is not based on any model jury instructions. Andersen responds that this jury instruction is neutral, will be helpful to the jury, and was given by Judge Frank in *Honeywell, Inc. v. Victor Co. of Japan*, Civ. No. 99-1607 (D. Minn. 2003)]**

A patent is a property right granted by the United States. To obtain this right, the inventor must file a patent application and be granted a patent by the Patent and Trademark Office. The patent gives its owner the right to exclude others from making, using or selling the invention anywhere in the United States during the term of the patent.

The patent owner may transfer, sell or convey to another person, all or part of the owner's property interest in the patent, that is, the right to exclude others from making, using or selling the invention. The person to whom this interest is transferred is called an assignee. In this case, Messrs. Deaner, Puppin, and Heikkila assigned their patents to Andersen.

The patent laws of the United States permit a patent owner or assignee to protect his or her patent rights, by bringing a patent infringement lawsuit against whoever, without authority, makes, uses or sells any patented invention, within the United States during the term of the patent.

During the trial, the parties will offer testimony to familiarize you with how one obtains a patent from the United States Patent and Trademark Office (sometimes referred to as "the PTO"), as well as with the contents of a patent, including the specification or written description and the claim or claims by which the applicant defines the subject matter of his or her invention.

I will briefly describe some of the terms for you so that you have some background in patent terminology. The PTO is in the Washington, D.C. area and is an agency of the Federal Government. It has more than a thousand technically educated examiners who examine applications for patents.

The application is the initial set of papers filed with the PTO by the applicant. In addition to some other papers, the application includes the inventor's oath and a specification. The inventor's oath provides, among other things, that: "I acknowledge my duty to disclose information of which I am aware is material to the examination of this application . . . ."

The specification must have written description of the invention telling what the invention is, how it works, and how to make and use it so as to enable others skilled in the art (i.e. knowledgeable in that field) to do so. The specification concludes with one or more numbered sentences. These are the claims. The purpose of the claims is to particularly point out what the applicant regards as his or her invention. When the patent is eventually issued by the PTO, the claims define the scope of the patent owner's exclusive rights during the life of the patent. In a few minutes, I will describe for you the meaning of the claims of the Deaner patents.

After the applicant files the application, a PTO patent examiner reviews the patent application to determine whether the claims are patentable and whether the specification adequately describes the invention claims. In examining a patent application, the patent examiner makes a search of the PTO records for prior art to the patent application claims. The examiner considers, among other things, whether each claim defines an invention that is new, useful, and not obvious in view of this prior art. The prior art is defined by statute and I will give specific instructions regarding prior art shortly. But generally it is technical information and

knowledge that was known to the public either before the invention by the applicant or more than a year before the filing date of the application.

Following the prior art search and examination of the application, the patent examiner advises the applicant in writing what the examiner has found and whether he or she has "allowed" any claim. The writing from the PTO examiner is called an office action. More often than not, the patent examiner's initial office action rejects the claims. The applicant then responds to this, and sometimes changes the claims or submits new claims. This process may go back and forth between the patent examiner in the PTO and the applicant for several months or even for years until the examiner is satisfied that the application and claims meet the conditions for patentability or the application is abandoned. The papers generated during this time of corresponding back and forth between the PTO patent examiner and the applicant is what is called the "prosecution history."

SOURCE: Jury instruction given in *Honeywell, Inc. v. Victor Co.*, Civ. No. 99-1607 (D. Minn. 2003) (Frank, J.) at 10-13; American Intellectual Property Law Association Model Jury Instructions, at 1-4 (modified); U.S. Const. Art. I § 8, cl. 8; 35 U.S.C.§ 1 *et. seq.* (2003).

## [FIBER COMPOSITES' PROPOSED] PRELIMINARY JURY INSTRUCTION NO. 10

## THE PARTS OF A PATENT

**[Andersen Objects to the Following Instruction, and specifically objects to the underlined language, which is not contained in the Delaware Uniform Jury Instructions. These additions, which change the Delaware Uniform Jury Instruction, remove neutrality and cause this instruction to favor the defendant. Fiber Composites responds that the slight modifications to the model instruction do not remove neutrality. Instead, these modifications are fair and legally correct.]**

I will next briefly describe the parts of a patent and some of the procedures followed by those attempting to obtain patents.

Under the patent laws, the United States Patent and Trademark Office examines patent applications and issues patents to determine if the subject matter is patentable. For an invention to be patentable, it must be new, useful, and, at the time the invention was made, must not have been obvious to a person having ordinary skill in the art to which the subject matter pertains. I will instruct you later concerning the legal standards which you must employ in making such determinations.

A person applying for a patent must include a number of items in his or her application. The application must includes a written description of the invention called a "specification" and may include drawings that illustrate the invention. The specification must conclude with one or more claims that particularly point out and distinctly claim the subject matter that the inventor regards as his or her particular invention.

When a patent application is received at the Patent and Trademark Office, it is assigned to a government official called an Examiner. The Examiner reviews the application, including the claims, to determine whether the application complies with the requirements of the U.S. patent laws. As part of the examination process, the Examiner reviews the prior work of others in the form of voluminous files and electronic databases of patents and publications. This type

of material is called "prior art." Prior art is generally technical information and knowledge that was known to the public either before the invention by the applicant or more than one year before the filing date of the application. Documents found in the search of prior art are typically called "references." In conducting the search of prior art, the Examiner notes in writing on the patent application file the classes or subclasses of the prior art which was searched and considered by the Examiner.

The compilation of the papers concerning the proceedings before the Patent Office is commonly referred to as the "prosecution history," "file wrapper," or "file history." The PTO does not have its own laboratories or testing facilities.

The Examiner may "reject" the claims if he or she believes that they are not patentable in light of the prior art, or because the patent specification does not adequately describe the claimed inventions. The applicant may then amend the claims to respond to the Examiner's rejections. If, after reviewing the prior art, the Examiner concludes that the claims presented by the applicant define the applicant's claimed invention over the most relevant known prior art in a manner that is patentable and that the patent meets the other requirements for patentability, the application is granted as a U.S. patent.

SOURCE: Delaware Uniform Jury Instructions Proposed Preliminary Instruction (modified).

**[ANDERSEN'S PROPOSED] PRELIMINARY JURY INSTRUCTION NO. 11**

**PRESUMPTION OF VALIDITY**

**[Fiber Composites Objects to the Following Instruction because Fiber Composites does not believe that such an instruction is needed in the preliminary instructions.**

**It is Andersen's position that a preliminary instruction on the presumption of validity is vital since the patent law video, which Andersen proposed and Fiber Composites objected to, will not be played. Adding an instruction on the presumption of validity will educate the jury on the presumption of validity that a patent has once it issues from the Patent Office.]**

The granting of a patent by the Patent Office carries with it the presumption that the patent is valid. From issuance of the patent, it is presumed that its subject matter is new, useful and constitutes an advance that was not, at the time the invention was made, obvious to one of ordinary skill in the art. The law presumes, in the absence of clear and convincing evidence to the contrary, that the Patent Office acted correctly in issuing the patent. Nevertheless, once the validity of a patent has been put in issue, it is the responsibility of the jury to review what the Patent Office has done consistent with these instructions on the law.

The presumption of validity puts the burden of proving invalidity on Fiber Composites. While this presumption can be rebutted, the burden is on Fiber Composites to do so. This burden requires that Fiber Composites provide by clear and convincing evidence that in this case each of the asserted claims is invalid. Each asserted claim, whether independent or dependent, must be analyzed individually. Clear and convincing evidence is evidence that produces an abiding conviction that the truth of the factual contention is highly probable. Proof by clear and convincing evidence is a higher burden than proof by a preponderance of the evidence.

Each of the asserted claims is presumed valid independently of the validity of each other claim.

SOURCE: 35 U.S.C. § 282; *Oakley Inc. v. Sunglass Hut, Int'l*, 316 F.3d 1331, 1339 (Fed. Cir. 2003); *Sandt Tech. Ltd. v. Resco Metal & Plastics Corp.*; 264 F.3d 1344, 1356 (Fed. Cir. 2001); *Am. Hoist & Derrick Co. v. Sowa & Sons, Inc.*, 725 F.2d 1350, 1358-60 (Fed. Cir. 1984).

**[ANDERSEN'S PROPOSED] PRELIMINARY JURY INSTRUCTION NO. 12**

**CONTINUATION PATENT APPLICATIONS**

**[Fiber Composites does not object to the entire instruction, but does object to the second sentence.]**

A patent application can be the parent to one or more applications, which are called continuation applications. Continuation applications are useful and are standard, acceptable practice. The applications for the Deaner patents were filed in 1994, but they are continuations, or children, of a parent patent application that was filed on August 31, 1992. You can find this family history on the face of the Deaner patents.

As long as certain requirements are met, United States patent law and the Patent and Trademark Office allow an inventor to file a continuation application that is considered to have been filed on the date its parent application was filed. Because the applications of the Deaner patents met all of the applicable legal requirements, they are entitled to an effective filing date of August 31, 1992, the same filing date as their parent application.

SOURCE: 35 U.S.C. § 120; Harmon, *Patents and the Federal Circuit* § 18.1 (6th ed. 2003); 4 Donald S. Chisum, *Chisum on Patents* § 13.03[2] (2003).

**AGREED PRELIMINARY JURY INSTRUCTION NO. 13**

**SUMMARY OF PATENT ISSUES**

In this case, you must decide several things according to the instructions that I shall give you. They include:

1. Whether Andersen has proven by clear and convincing evidence that Fiber Composites' infringement was willful.
2. Whether Fiber Composites has proven by clear and convincing evidence that certain asserted claims of Andersen's '027 and '553 patents are invalid.
3. If you find that any of the asserted claims of Andersen's '027 and '553 patents are valid, the amount of damages Andersen has proven by a preponderance of the evidence.

SOURCE: Jury instruction given in *Honeywell v. Victor Co.*, Civ. No. 99-1607 (D. Minn. 2003) (Frank, J.) at 14-15 (modified).

## AGREED PRELIMINARY JURY INSTRUCTION NO. 14

## JUROR'S DUTIES

It is your duty as jurors to follow the law as I shall state it to you, and to apply that law to the facts as you find them from the evidence in the case. You are not to single out one instruction alone as stating the law, but must consider the instructions as a whole. The instructions I give you at the end of the trial are just as important as the ones I give you now. You must follow all instructions, whenever given and whether in writing or not, and you should not be concerned with the wisdom of any rule of law stated by me.

The questions that you must decide will be submitted to you in the form of a special verdict. You must answer these questions by applying the facts as you may find them to be. I shall give to you the rules of law that apply to these questions and you must apply them in arriving at your answers. It is the duty of the court to order judgment according to the law and the answers you have returned.

During the trial, counsel may quite properly refer to some of the governing rules of law in their arguments. If, however, any difference appears to you between the law as stated by counsel and that stated by the court in these instructions, you of course are to be governed by these instructions.

Nothing I say in these instructions is to be taken as an indication that I have any opinion about the facts of the case, or what that opinion is. And you must not read into these instructions, or into anything the court may say or do, any suggestion from the court as to what verdict you should reach. I do not intend during the course of the trial to indicate my opinion regarding the facts or the outcome of the case. If during this trial I say or do anything which suggests to you that I am inclined to favor the claims or positions of either party, you must not

allow yourselves to be influenced by any such suggestion. I will not express, nor intend to express, nor will I intend to intimate any opinion as to which witnesses are or are not worthy of belief. If any expression of mine seems to indicate an opinion relating to any of these matters, I instruct you to disregard it. It is not my function to determine the facts, but rather yours.

Deciding questions of fact is your exclusive responsibility. In doing so, you must consider all of the evidence you will hear and see in this trial and the reasonable inferences to be drawn from that evidence. And you must disregard anything you may hear or see elsewhere about this case.

You must perform your duties as jurors without bias or prejudice as to any party. The law does not permit you to be governed by sympathy, prejudice or public opinion. All parties expect that you will carefully and impartially consider all of the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences. This case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar stations of life. All persons stand equal before the law and are to be dealt with as equals in a court of justice.

SOURCE: Jury instruction given in *Honeywell, Inc. v. Victor Co. of Japan*, Civ. No. 99-1607 (D. Minn. 2003) (Frank, J.) (modified) at 1-3.

## AGREED PRELIMINARY JURY INSTRUCTION NO. 15

## EVIDENCE

The evidence from which you will find the facts will consist of the testimony of witnesses; (the testimony of witnesses consist of the answers of the witnesses to questions posed by the attorneys or the court -- you may not ask questions). Evidence will also consist of documents and other things received into the record as exhibits, and any facts that the lawyers agree to or stipulate to or that I may instruct you to find.

Certain things are not evidence and must not be considered by you. I will list them for you now:

1. Statements, arguments, and questions by lawyers are not evidence.

2. Objections to questions are not evidence. Lawyers have an obligation to their clients to make objections when they believe evidence being offered is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it. If the objection is sustained, you should ignore the question as well as any inference from the question. If the objection is overruled, you must treat the answer like any other. If you are instructed that some item of evidence is received for a limited purpose only, you must follow that instruction. If an objection is sustained, you should disregard the question and any inference which may be drawn.

3. Testimony that the court has excluded or told you to disregard is not evidence and must not be considered.

4. Anything you may have seen or heard outside the courtroom is not evidence and must not influence your decision. You are to decide the case solely on the evidence presented here in the courtroom.

There are two kinds of evidence: direct and circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness. Circumstantial evidence is proof of facts from which you may infer or conclude that other facts exist. As a general rule, the law makes no distinction between these two types of evidence, but simply requires that you find facts from all the evidence in the case, whether direct or circumstantial or a combination of the two.

SOURCE: Delaware Uniform Jury Instructions Proposed Preliminary Instruction.

## AGREED PRELIMINARY JURY INSTRUCTION NO. 16

## BURDENS OF PROOF

**[The parties jointly propose the following instruction; however, Andersen objects to the inclusion of the underlined language because the Court found that Fiber Composites infringes the '027 and '553 patents, and, accordingly, Fiber Composites owes Andersen damages for that infringement. Fiber Composites believes that the underlined language is necessary because __________________________.]**

The term "burden of proof" refers to the obligation of a party that claims certain facts exist to prove those facts by a required weight of evidence. In this case you are faced with two types of burdens of proof, each of which requires a different weight of evidence: (1) proof of a fact by preponderance of evidence, and (2) proof of a fact by clear and convincing evidence. You will be told which burden of proof applies to which facts. You may have heard of the term "proof beyond a reasonable doubt." That is a stricter standard that applies in criminal cases. It does not apply in civil cases such as this. You should therefore, put it out of your minds.

The first standard of proof is proof by preponderance of the evidence. To "establish by the preponderance of the evidence" means to prove that something is more likely so than it is not so. In other words, a preponderance of the evidence in the case means such evidence as, when considered and compared to that opposed to it, has more convincing force, and produces in your mind a belief that what is sought to be proved is more likely true than not true. So long as you find that the scales tip, however slightly, in favor of the party with this burden of proof—that what the party claims is more likely true than not true—then that element will have been proved by a preponderance of the evidence.

In determining whether any fact in issue has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all

witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

If a preponderance of the evidence does not support each essential element of a claim or defense which must be proven by that burden of proof, then you should find against the party having the burden of proof on that issue.

As I will explain in greater detail later, Andersen has the burden of establishing by a preponderance of the evidence the facts necessary to prove the following allegations:

1. The amount of damages, if any, to which Andersen is entitled as a result of Fiber Composites' infringement of the patents-in-suit. **[Andersen objects to the inclusion of "if any."]**

The second standard of proof is clear and convincing evidence. Clear and convincing evidence involves a greater degree of persuasion then that which will satisfy a preponderance of the evidence standard. When a party has the burden of proof on any claim or affirmative defense by clear and convincing evidence, it means you must be persuaded that the claim or defense is true. The evidence must be free from serious doubt. Clear and convincing evidence must produce in your mind a firm belief or conviction as to the matter sought to be established. You must be convinced that the fact is indeed true in order to meet the clear and convincing burden.

In determining whether any fact in issue has been proved by clear and convincing evidence, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

If clear and convincing evidence does not support each essential element of a claim or defense which must be proven by that burden of proof, then you should find against the party having that burden of proof on that issue.

As I will explain in greater detail later, Fiber Composites has the burden of establishing by clear and convincing evidence the facts necessary to prove the following allegations:

1. That any claims of the patents-in-suit are invalid.

A patent is presumed valid. This presumption of validity continues in effect in favor of the plaintiff unless there is clear and convincing evidence which leads the jury to a different or contrary conclusion.

As I will explain in greater detail later, Andersen has the burden of establishing by clear and convincing evidence the facts necessary to prove the following allegation:

1. That Fiber Composites' admitted infringement of the patents-in-suit was willful.

SOURCE: Jury instruction given in *Honeywell v. Victor Co.*, Civ. No. 99-1607 (D. Minn. 2003) (Frank, J.) at 8-10 (modified to the facts of the case); 4-86 *Modern Federal Jury Instructions-Civil* P. 86-6 (Matthew Bender 3d ed.) (modified); 35 U.S.C. § 282 (2003); *Price v. Symsek*, 988 F.2d 1187, 1190, 1194 (Fed. Cir. 1993); *E.I. du Pont de Nemours & Co. v. Phillips Petroleum Co.*, 849 F.2d 1430, 1439-40 (Fed. Cir. 1988), *cert. denied*, 488 U.S. 986 (1988); *Lemelson v. United States*, 752 F.2d 1538, 1547 (Fed. Cir. 1985).

## AGREED PRELIMINARY JURY INSTRUCTION NO. 17

## JUROR'S CONDUCT

To insure fairness, you as jurors must obey the following rules:

*First,* do not talk among yourselves about this case, or about anyone involved with it, until the end of the case when you go to the jury room to decide on your verdict.

*Second,* do not talk with anyone else about this case, or about anyone involved with it, until the trial has ended and you have been discharged as jurors.

*Third*, when you are outside the courtroom, do not let anyone tell you anything about the case, or about anyone involved with it [until the trial has ended and your verdict has been accepted by me]. If someone should try to talk to you about the case [during the trial], please report it to me.

*Fourth*, during the trial you should not talk with or speak to any of the parties, lawyers or witnesses involved in this case—you should not even pass the time of day with any of them. It is important not only that you do justice in this case, but that you also give the appearance of doing justice. If a person from one side of the lawsuit sees you talking to a person from the other side—even if it is simply to pass the time of day—an unwarranted and unnecessary suspicion about your fairness might be aroused. If any lawyer, party or witness does not speak to you when you pass in the hall, ride the elevator or the like, remember it is because they are not supposed to talk or visit with you either.

*Fifth*, do not read any news stories or articles about the case, or about anyone involved with it, or listen to any radio or television reports about the case or about anyone involved with it. [In fact, until the trial is over I suggest that you avoid reading any newspapers or news journals at all, and avoid listening to any TV or radio newscasts at all. I do not know whether

there might be any news reports of this case, but if there are you might inadvertently find yourself reading or listening to something before you could do anything about it. If you want, you can have your spouse or a friend clip out any stories and set them aside to give you after the trial is over. I can assure you, however, that by the time you have heard the evidence in this case, you will know more about the matter than anyone will learn through the news media.]

*Sixth*, do not do any research (including research in the dictionary) or make any investigation about the case on your own.

*Seventh*, do not make up your mind during the trial about what the verdict should be. Keep an open mind until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence.

SOURCE: 8th Cir. Civil Jury Instr. 1.05 (2001).

## AGREED PRELIMINARY JURY INSTRUCTION NO. 18

## COURSE OF THE TRIAL

The trial will proceed in the following manner:

First, Andersen's attorney may make an opening statement. Next, Fiber Composites' attorney may make an opening statement. An opening statement is not evidence but is simply a summary of what the attorney expects the evidence to be.

Andersen will then present evidence and counsel for Fiber Composites may cross-examine. Following Andersen's case, Fiber Composites may present evidence and Andersen's counsel may cross-examine. Andersen then has the opportunity to offer rebuttal evidence.

After presentation of evidence is completed, the attorneys will make their closing arguments to summarize and interpret the evidence for you. As with opening statements, closing arguments are not evidence. The court will instruct you further on the law. After that you will retire to deliberate on your verdict.

SOURCE: 8th Cir. Civil Jury Instr. 1.06 (2001).

## AGREED PRELIMINARY JURY INSTRUCTION NO. 19

## CREDIBILITY OF WITNESSES - WEIGHING CONFLICTING TESTIMONY

You are the sole judges of each witness' credibility. You should consider each witness' source of knowledge; strength of memory; opportunity to observe; how reasonable or unreasonable the testimony is; whether it is consistent or inconsistent; whether it has been contradicted; the witness' biases, prejudices, or interests; the witness' manner or demeanor on the witness stand; and all circumstances that, according to the evidence, could affect the credibility of a particular witness' testimony.

If you find a particular witness' testimony to be contradictory, you may try to reconcile it, if reasonably possible, so as to make one harmonious story of all the evidence presented. But if you can't do this, then it is your duty and privilege to believe the evidence that, in your judgment, is most believable and disregard any testimony or other evidence that, in your judgment, is not believable. This instruction applies to the testimony of all witnesses, including expert witnesses.

SOURCE: Delaware Uniform Jury Instructions Proposed Preliminary Instruction.

# AGREED FINAL JURY INSTRUCTION NO. 20

## GENERAL INSTRUCTIONS

## INTRODUCTION

Now that you have heard the evidence and the argument, it becomes my duty to give you the instructions of the court as to the law applicable to this case. The instructions I gave at the beginning of the trial and during the trial remain in effect, and you must follow the instructions I gave you earlier as well as those I give you now.

SOURCE: Jury instruction given in *Honeywell, Inc. v. Victor Co. of Japan*, Civ. No. 99-1607 (D. Minn. 2003) (Frank, J.) at 1; 8th Cir. Civil Jury Instr. 3.01 (2001) (modified).

**AGREED FINAL JURY INSTRUCTION NO. 21**

**BURDENS OF PROOF**

**[The parties jointly propose the following instruction; however, Andersen objects to the inclusion of the underlined language because the Court found that Fiber Composites infringes the '027 and '553 patents, and, accordingly, Fiber Composites owes Andersen damages for that infringement. Fiber Composites believes that the underlined language is necessary because __________________________.]**

The term "burden of proof" refers to the obligation of a party that claims certain facts exist to prove those facts by a required weight of evidence. In this case you are faced with two types of burdens of proof, each of which requires a different weight of evidence: (1) proof of a fact by preponderance of evidence, and (2) proof of a fact by clear and convincing evidence. You will be told which burden of proof applies to which facts. You may have heard of the term "proof beyond a reasonable doubt." That is a stricter standard that applies in criminal cases. It does not apply in civil cases such as this. You should therefore, put it out of your minds.

The first standard of proof is proof by preponderance of the evidence. To "establish by the preponderance of the evidence" means to prove that something is more likely so than it is not so. In other words, a preponderance of the evidence in the case means such evidence as, when considered and compared to that opposed to it, has more convincing force, and produces in your mind a belief that what is sought to be proved is more likely true than not true. So long as you find that the scales tip, however slightly, in favor of the party with this burden of proof—that what the party claims is more likely true than not true—then that element will have been proved by a preponderance of the evidence.

In determining whether any fact in issue has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all

witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

If a preponderance of the evidence does not support each essential element of a claim or defense which must be proven by that burden of proof, then you should find against the party having the burden of proof on that issue.

As I will explain in greater detail later, Andersen has the burden of establishing by a preponderance of the evidence the facts necessary to prove the following allegations:

1. The amount of damages, if any, to which Andersen is entitled as a result of Fiber Composites' infringement of the patents-in-suit. **[Andersen objects to the inclusion of "if any."]**

The second standard of proof is clear and convincing evidence. Clear and convincing evidence involves a greater degree of persuasion then that which will satisfy a preponderance of the evidence standard. When a party has the burden of proof on any claim or affirmative defense by clear and convincing evidence, it means you must be persuaded that the claim or defense is true. The evidence must be free from serious doubt. Clear and convincing evidence must produce in your mind a firm belief or conviction as to the matter sought to be established. You must be convinced that the fact is indeed true in order to meet the clear and convincing burden.

In determining whether any fact in issue has been proved by clear and convincing evidence, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

If clear and convincing evidence does not support each essential element of a claim or defense which must be proven by that burden of proof, then you should find against the party having that burden of proof on that issue.

As I will explain in greater detail later, Fiber Composites has the burden of establishing by clear and convincing evidence the facts necessary to prove the following allegations:

1. That any claims of the patents-in-suit are invalid.

A patent is presumed valid. This presumption of validity continues in effect in favor of the plaintiff unless there is clear and convincing evidence which leads the jury to a different or contrary conclusion.

As I will explain in greater detail later, Andersen has the burden of establishing by clear and convincing evidence the facts necessary to prove the following allegation:

1. That Fiber Composites' admitted infringement of the patents-in-suit was willful.

SOURCE: Jury instruction given in *Honeywell v. Victor Co.*, Civ. No. 99-1607 (D. Minn. 2003) (Frank, J.) at 8-10 (modified to the facts of the case); 4-86 *Modern Federal Jury Instructions-Civil* P. 86-6 (Matthew Bender 3d ed.) (modified); 35 U.S.C. § 282 (2003); *Price v. Symsek*, 988 F.2d 1187, 1190, 1194 (Fed. Cir. 1993); *E.I. du Pont de Nemours & Co. v. Phillips Petroleum Co.*, 849 F.2d 1430, 1439-40 (Fed. Cir. 1988), *cert. denied*, 488 U.S. 986 (1988); *Lemelson v. United States*, 752 F.2d 1538, 1547 (Fed. Cir. 1985).

## AGREED FINAL JURY INSTRUCTION NO. 22

## EVIDENCE DEFINED

You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath, deposition transcript testimony that was played or read to you, the exhibits that I allowed into evidence, the stipulations that the lawyers agreed to, and the facts that I have judicially noticed. Certain charts, summaries, and graphics have been used to illustrate testimony from witnesses. In general, these charts, summaries, and graphics are not themselves evidence, and are only as good as the underlying evidence supporting them. You should, therefore, give them only as much weight as you think the underlying evidence deserves.

During the trial I may have not let you hear the answers to some of the questions that the lawyers asked. I also may have ruled that you could not see some of the exhibits that the lawyers wanted you to see. And sometimes I may have ordered you to disregard things that you saw or heard, or I struck things from the record. You must completely ignore all of these things. Do not even think about them. Do not speculate about what a witness might have said if he or she had been allowed to answer, or what an exhibit might have shown had I admitted it. These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

Make your decision based only on the evidence, as I have defined it here, and nothing else.

SOURCE: Delaware Uniform Instructions § 1.4.

## AGREED FINAL JURY INSTRUCTION NO. 23

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

Now, some of you may have heard the terms "direct evidence" and "circumstantial evidence."

Direct evidence is simply evidence like the testimony of any eyewitness, which, if you believe it, directly proves a fact. If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining.

Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one, nor does it say that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

SOURCE: Delaware Uniform Instructions § 1.6.

## AGREED FINAL JURY INSTRUCTION NO. 24

## CONSIDERATION OF EVIDENCE

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

SOURCE: Delaware Uniform Instructions § 1.5.

## AGREED FINAL JURY INSTRUCTION NO. 25

## CREDIBILITY OF WITNESSES

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely about some important fact, or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something that was different from the testimony he gave at the trial.

You should remember that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth. People may tend to forget some things or remember other things inaccurately. If a witness has made a misstatement, you must consider whether it was simply an innocent lapse of memory or an intentional falsehood, and that may depend upon whether it concerns an important fact or an unimportant detail.

SOURCE: Delaware Uniform Instructions § 1.7.

**AGREED FINAL JURY INSTRUCTION NO. 26**

**EXPERT WITNESSES**

The rules of evidence ordinarily do not permit witnesses to testify as to opinions or conclusions. An exception to this rule exists as to those whom we call "expert witnesses." Witnesses who, by education and experience, have become expert in some art, science, profession, or calling, may state their opinions as to relevant and material matters, in which they profess to be expert, and may also state their reasons for the opinion.

You should consider each expert opinion received in evidence in this case and give it such weight as you may think it deserves. In determining the weight to be given any opinion, you should consider the qualifications and credibility of the expert and the reasons given for his or her opinion. If you should decide that the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude that the reasons given in support of the opinion are not sound, or if you feel that it is outweighed by other evidence, you may disregard the opinion entirely.

SOURCE: Jury instruction given in *Honeywell v. Victor Co.*, Civ. No. 99-1607 (D. Minn. 2003) (Frank, J.) at 6.

## AGREED FINAL JURY INSTRUCTION NO. 27

## NUMBER OF WITNESSES

If you find that the testimony of a smaller number of witnesses is more credible to you than the testimony of a larger number of witnesses, you may reject the testimony of the larger number of witnesses in favor of the smaller number of witnesses. The testimony of a single witness which produces in your minds belief in the likelihood of truth is sufficient for the proof of any fact, and would justify a verdict in accordance with such testimony. The test is not which side brings the greater number of witnesses, or presents the greater quantity of evidence, but which witness, and which evidence appeals to your minds as being most accurate, and otherwise trustworthy.

SOURCE: Jury instruction given in *Honeywell v. Victor Co.*, Civ. No. 99-1607 (D. Minn. 2003) (Frank, J.) at 7-8.

**AGREED FINAL JURY INSTRUCTION NO. 28**

**DEPOSITION TESTIMONY**

The sworn testimony of some witnesses was taken by deposition prior to this trial. Such testimony is given under oath and in the presence of the attorneys for the parties, who question the witness. Some of this sworn testimony was presented by reading the transcript to you; some of this sworn testimony was presented to you by videotape. You must consider this evidence in the same light and subject to the same tests that apply to testimony of other witnesses who appear live at trial.

SOURCE: Jury instruction given in *Honeywell v. Victor Co.*, Civ. No. 99-1607 (D. Minn. 2003) (Frank, J.) at 7 (modified).

**AGREED FINAL JURY INSTRUCTION NO. 29**

**THE PARTIES AND THE NATURE OF THE CASE**

**[The parties jointly propose the following instruction; however, each party objects to the inclusion of certain language, as set forth below]**

The parties in this case are the plaintiff, Andersen Corporation, and the defendant, Fiber Composites, LLC.

You may recall that during the process that led to your selection as jurors, I advised you that this is a civil action for patent infringement arising under the patent laws of the United States.

Andersen owns U.S. Patent No. 5,486,553 and U.S. Patent No. 5,539,027. Patents are often referred to by their last three digits, or by the named inventor of the patents. The patents in this case will be referred to as the '027 and '553 patents, or sometimes called the patents-in-suit or the "Deaner patents." Michael Deaner, Giuseppe Puppin, and Kurt Heikkila are the inventors of the Deaner patents. While employed by Andersen, the inventors assigned, that is transferred, their patents to Andersen. Andersen now owns the Deaner patents and that is why the plaintiff is Andersen instead of the inventors.

**[Andersen proposes the following paragraph, to which Fiber Composites objects:]**

The Deaner patents concern composite structural members made from polymer and wood fiber, which are suitable alternatives to wood. Products made from these composite structural members include building materials such as windows, doors, framing, railing, and decking. During the trial the parties will offer testimony to familiarize you with this technology.

[redacted]

[redacted]

The dispute between the parties relates to Fiber Composites' FIBERON Railing Systems made from a wood fiber and polyvinyl chloride composition. During the trial, the parties will offer testimony to familiarize you with this technology.

SOURCE: Jury instruction given in *Honeywell v. Victor Co.*, Civ. No. 99-1607 (D. Minn. 2003) (Frank, J.) at 13 (modified); American Intellectual Property Law Association Model Patent Jury Instructions at 1 (modified); Federal Circuit Bar Association Model Patent Jury Instructions, No. 2.1 (modified); First Am. Compl. at 1-2; Answer to Am. Compl. at 1; Delaware Uniform Jury Instructions Proposed Preliminary Instruction (modified).

**AGREED FINAL JURY INSTRUCTION NO. 30**

**PLAINTIFF'S CONTENTIONS**

**[The parties jointly propose the following instruction; however, each party objects to the inclusion of certain language, as set forth below]**

Andersen, the owner of the Deaner patents, filed a lawsuit against Fiber Composites, contending that Fiber Composites infringes the asserted claims of the Deaner patents by manufacturing, using, offering to sell and selling FIBERON Decking Railing System.

Andersen specifically asserted that Fiber Composites' products infringed claims 1, 2, 3, 4, 5, 6, and 9 of the '027 patent, and claims 1, 2, 3, 4, 5, 6, and 22 of the '553 patent. Andersen's proposal, to which Fiber Composites objects: I have already ruled that Fiber Composites' products with 30% or more of wood-fiber weight literally infringe all of the asserted claims of the Deaner patents. [redacted] Andersen contends that it has suffered damages as a result of Fiber Composites' infringement, and therefore, it is entitled to damages in an amount not less than a reasonable royalty. Andersen also contends that Fiber Composites' infringement of the Deaner patents was willful.

Andersen also contends that Fiber Composites has failed to rebut the presumption that the Deaner Patents are valid.

SOURCE: 35 U.S.C. §§ 271, 282, 284 (2003); Court's Summ. J. Order dated July 22, 2003 at 12.

**[ANDERSEN'S] FINAL JURY INSTRUCTION NO. 31**

**DEFENDANT'S CONTENTIONS**

**[Fiber Composites objects to this instruction:]**

Fiber Composites denies that its admitted infringement of the Deaner patents for approximately six weeks is willful. In addition, Fiber Composites contends that Andersen's patents-in-suit are invalid. Accordingly, Fiber Composites denies that Andersen is entitled to any damages or relief.

SOURCE: Court's Summ. J. Order dated July 22, 2003 at 12; Fiber Composites' Opp'n to Andersen's Mot. Partial Summ. J. of Infringement at 1; Fiber Composites's Answer to First Am. Compl. at 3-6.

## [FIBER COMPOSITES'] FINAL JURY INSTRUCTION NO. 32

## DEFENDANT'S CONTENTIONS

**[Andersen objects to this instruction:]**

Fiber Composites contends that the claims of Andersen's patents are invalid because, based on the prior art, they were anticipated or obvious to one of ordinary skill at the time of the alleged invention.

Fiber Composites also contends that the claims of Andersen's patents are invalid because they do not teach one of ordinary skill how to make the invention without undue experimentation and because the patents do not contain a complete written description of the invention. Fiber Composites further contends that the claims of Andersen's patents are invalid because they do not particularly point out and distinctly claim the invention.

In addition, Fiber Composites contends that Andersen has failed to prove its alleged damages and that Andersen has failed to prove that Fiber Composites' admitted infringement of the patents-in-suit, if the patents are valid, is willful.

## AGREED FINAL JURY INSTRUCTION NO. 33

## STIPULATED FACTS

The parties have stipulated—that is, they have agreed—that certain facts are as the lawyers have stated them to be. You should, therefore, treat those facts as having been proved.

SOURCE: Jury instruction given in *Honeywell v. Victor Co.*, Civ. No. 99-1607 (D. Minn. 2003) (Frank, J.) at 4; 8th Cir. Civil Jury Instr. 2.03 (2001) (modified).

**AGREED FINAL JURY INSTRUCTION NO. 34**

**CONSTITUTIONAL BASIS FOR PATENT GRANT**

**[The parties jointly propose the following instruction; however, Fiber Composites objects to the inclusion of the underlined sentence because it is biased toward the patentee and incomplete as written. Andersen believes the underlined sentence is appropriate because it is an accurate description of the U.S. patent system, and this jury instruction was given by Judge Frank in *Honeywell, Inc. v. Victor Co. of Japan*, Civ. No. 99-1607 (D. Minn. 2003)]**

In this country, the federal government encourages invention by granting to inventors patents for their inventions. The basis for the grant of patents is found in the United States Constitution, which provides:

> The Congress shall have the power . . . to promote the progress of science and useful arts, by securing for limited times to authors and inventors the exclusive right to their respective writings and discoveries.

In accordance with the Constitution, the United States Congress passed the Patent Statute, which provides that:

> Whoever invents or discovers any new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof, may obtain a patent therefore, subject to the conditions and requirements of this title.

SOURCE: Jury instruction given in *Honeywell, Inc. v. Victor Co. of Japan*, Civ. No. 99-1607 (D. Minn. 2003) (Frank, J.) (modified) at 10; 4-86 *Modern Federal Jury Instructions-Civil*, P. 86-2 (Matthew Bender 3d ed.) (modified); U.S. Const. Art. 1, § 8, cl. 8; 35 U.S.C. § 101; *Kewanee Oil Co. v. Bicron Corp.*, 416 U.S. 470, 477-78 (1974).