**[ANDERSEN'S PROPOSED] FINAL JURY INSTRUCTION NO. 35**

**WHAT A PATENT IS AND HOW ONE IS OBTAINED**

**[Fiber Composites Objects to the Following Instruction because it is not neutral and biased toward the patentee. Further, the instruction is not based on any model jury instructions. Andersen responds that this jury instruction is neutral, will be helpful to the jury, and was given by Judge Frank in** *Honeywell, Inc. v. Victor Co. of Japan*, Civ. No. 99-1607 (D. Minn. 2003)**]**

A patent is a property right granted by the United States. To obtain this right, the inventor must file a patent application and be granted a patent by the Patent and Trademark Office. The patent gives its owner the right to exclude others from making, using or selling the invention anywhere in the United States during the term of the patent.

The patent owner may transfer, sell or convey to another person, all or part of the owner's property interest in the patent, that is, the right to exclude others from making, using or selling the invention. The person to whom this interest is transferred is called an assignee. In this case, Messrs. Deaner, Puppin, and Heikkila assigned their '027 and '553 patents, also referred to as the Deaner patents, to Andersen, and Andersen is the owner of the Deaner patents.

The patent laws of the United States permit a patent owner or assignee to protect his or her patent rights, by bringing a patent infringement lawsuit against whoever, without authority, makes, uses or sells any patented invention, within the United States during the term of the patent.

During the trial, the parties offered testimony to familiarize you with how one obtains a patent from the United States Patent and Trademark Office, as well as with the contents of a

patent, including the specification or written description and the claim or claims by which the applicant defines the subject matter of his or her invention.

I will briefly go over some of the terms for you again so that you have this background in mind before you deliberate. The United States Patent and Trademark Office is sometimes referred to as the PTO. The PTO is in the Washington, D.C. area and is an agency of the Federal Government. It has more than a thousand technically educated examiners who examine applications for patents.

The application is the initial set of papers filed with the PTO by the applicant. In addition to some other papers, the application includes the inventor's oath and a specification. The inventor's oath provides, among other things, that: "I acknowledge my duty to disclose information of which I am aware is material to the examination of this application . . . ."

The specification must have a written description of the invention telling what the invention is, how it works, and how to make and use it so as to enable others skilled in the art (i.e. knowledgeable in that field) to do so. The specification concludes with one or more numbered sentences. These are the claims. The purpose of the claims is to particularly point out what the applicant regards as his or her invention. When the patent is eventually issued by the PTO, the claims define the scope of the patent owner's exclusive rights during the life of the patent. In a few minutes, I will describe for you the meaning of the claims of the Deaner patents.

After the applicant files the application, a PTO patent examiner reviews the patent application to determine whether the claims are patentable and whether the specification adequately describes the invention claims. In examining a patent application, the patent examiner makes a search of the PTO records for prior art to the patent application claims. The examiner considers, among other things, whether each claim defines an invention that is new,

useful, and not obvious in view of this prior art. The prior art is defined by statute and I will give specific instructions regarding prior art shortly. But generally it is technical information and knowledge that was known to the public either before the invention by the applicant or more than a year before the filing date of the application.

Following the prior art search and examination of the application, the patent examiner advises the applicant in writing what the examiner has found and whether he or she has "allowed" any claim. The writing from the PTO examiner is called an office action. More often than not, the patent examiner's initial office action rejects the claims. The applicant then responds to this, and sometimes changes the claims or submits new claims. This process may go back and forth between the patent examiner in the PTO and the applicant for several months or even for years until the examiner is satisfied that the application and claims meet the conditions for patentability or the application is abandoned. The papers generated during this time of corresponding back and forth between the PTO patent examiner and the applicant is what is called the "prosecution history."

SOURCE: Jury instruction given in *Honeywell, Inc. v. Victor Co.*, Civ. No. 99-1607 (D. Minn. 2003) (Frank, J.) at 10-13 (modified); American Intellectual Property Law Association Model Jury Instructions, at 1-4 (modified); U.S. Const. Art. I § 8, cl. 8; 35 U.S.C.§ 1 *et. seq.* (2003).

## AGREED FINAL JURY INSTRUCTION NO. 36

## SUMMARY OF PATENT ISSUES

In this case, you must decide several things according to the instructions that I shall give you. They include:

1. Whether Andersen has proven by clear and convincing evidence that Fiber Composites' infringement was willful.
2. Whether Fiber Composites has proven by clear and convincing evidence that certain asserted claims of Andersen's '027 and '553 patents are invalid.
3. If you find that any of the asserted claims of Andersen's '027 and '553 patents are valid, the amount of damages Andersen has proven by a preponderance of the evidence.

SOURCE: Jury instruction given in *Honeywell v. Victor Co.*, Civ. No. 99-1607 (D. Minn. 2003) (Frank, J.) at 14-15 (modified).

**[ANDERSEN'S PROPOSED] FINAL JURY INSTRUCTION NO. 37**

**CONSTRUCTION OF CLAIMS**

**[Fiber Composites Objects to the Following Instruction.]**

Interpretation of the patent claims is a matter of law. In other words, it is my job to decide what the claims mean. It is your job to decide, based on my claim interpretation, whether Fiber Composites' infringement of the Deaner patents was willful, whether the Deaner patents are valid, and the damages Andersen is entitled to. My interpretation of the language should not be taken as an indication that I have a view regarding these issues.

I am instructing you that this Court has determined the meaning of a claim term found in the claims of the Deaner Patents. The term "composite structural member," as found in claims 1, 2, and 3 of the '553 patent and claims 1, 2, and 3 of the '027 patent means "a polymer and wood article having load bearing capability, which can be obtained through a direct extrusion process or made from a composite material without a particular form."

Any claim term not construed by me should be given its plain meaning, and if there are several plain meanings of a term in a given context, then you should assume the term can have all applicable plain meanings.

SOURCE: Jury instruction given in *Honeywell v. Victor Co.*, Civ. No. 99-1607 (D. Minn. 2003) (Frank, J.) at 17-18 (modified); Court's *Markman* Order dated April 9, 2002, at 23; *Markman v. Westview Instruments*, 517 U.S. 370, 384-85 (1996); *Tex. Digital Sys. Inc. v. Telegenix, Inc.*, 308 F.3d 1193, 1201-04 (Fed. Cir. 2002).

**[FIBER COMPOSITES' PROPOSED] FINAL JURY INSTRUCTION NO. 38**

**CONSTRUCTION OF CLAIMS**

**[Andersen Objects to the Following Instruction]**

It is my job as Judge to determine what the patent claims mean and to instruct you about that meaning. You must accept the meanings I give you and use them when you decide whether or not the '027 and '553 patents are invalid.

Before I instruct you about the meaning of the words of the claims, I will explain to you the different types of claims that are at issue in this case.

It may be helpful to refer to the copy of the '027 and '553 patents that you have been given as I discuss the claims at issue here. The claims are at the end of the '027 and '553 patents.

AUTHORITIES: *Markman v. Westview Instruments, Inc.*, 517 U.S. 370, 384-391 (1996); *AFG Indus., Inc. v. Cardinal IG Co., Inc.*, 239 F.3d 1239, 1244-45 (Fed. Cir. 2001); *Hill-Rom Co. v. Kinetic Concepts, Inc.*, 209 F.3d 1337, 1340-41 (Fed. Cir. 2000); *Pitney Bowes, Inc. v. Hewlett-Packard Co.*, 182 F.3d 1298, 1304-06 (Fed. Cir. 1999); *Johnson Worldwide Assocs., Inc. v. Zebco Corp.*, 175 F.3d 985, 988-90 (Fed. Cir. 1999); *Cybor Corp. v. FAS Techs., Inc.*, 138 F.3d 1448, 1455-56 (Fed. Cir. 1998); *Vitronics Corp. v. Conceptronic, Inc.*, 90 F.3d 1576, 1581-84 (Fed. Cir. 1996); *Markman v. Westview Instruments*, 52 F.3d 967, 977 (Fed. Cir. 1995) (en banc).

SOURCE: The Federal Circuit Bar Association Draft Model Patent Jury Instructions § 7.1.

**AGREED FINAL JURY INSTRUCTION NO. 39**

**INDEPENDENT AND DEPENDENT CLAIMS**

There are two different types of claims in the Deaner patents. The first type is called an independent claim. An independent claim does not refer to any other claim of the patent, and it is read separately to determine its scope. Claims 1 and 22 are the independent claims of the '553 patent; claim 1 is the only independent claim of the '027 patent. You know this because these claims mention no other claim. Accordingly, the words of these claims are read by themselves in order to determine what the claims cover.

A dependent claim, on the other hand, refers to at least one other claim in the patent and thus incorporates whatever that other claim says. Accordingly, to determine what a dependent claim covers, you must read both the dependent claim and the claim or claims to which it refers. Claims 2, 3, 4, 5, and 6 of the '553 patent, and claims 2, 3, 4, 5, 6, and 9 of the '027 patent, are dependent claims. For example, the words of claims 1 and 2 must be read together in order to determine what the dependent claim, claim 2, covers.

Each claim of a patent represents a legally separate invention. Claim "elements" or "limitations" are words and phrases in a claim that describe the claimed invention.

SOURCE: Jury instruction given in *Honeywell v. Victor Co.*, Civ. No. 99-1607 (D. Minn. 2003) (Frank, J.) at 17 (modified); 35 U.S.C. § 112 (2003).

## AGREED FINAL JURY INSTRUCTION NO. 40

## TRANSITIONAL STATEMENT

At the beginning of the trial, I gave you some general information about patents and the patent system and a brief overview of the patent laws relevant to this case. I will now give you more detailed instructions about the patent laws that specifically relate to this case. If you would like to review my instructions at any time during your deliberations, they will be available to you in the jury room.

SOURCE: The Federal Circuit Bar Association Draft Model Patent Jury Instructions § 6.

## [ANDERSEN'S PROPOSED] FINAL JURY INSTRUCTION NO. 41

## INFRINGEMENT GENERALLY

**[Fiber Composites Objects to the Following Instruction]**

A patent owner may enforce his right to exclude others from making, using or selling the patented invention by filing a lawsuit for patent infringement. Here, Andersen, the patent owner, has sued Fiber Composites, the accused infringer, and has alleged that Fiber Composites' FIBERON Decking Railing System infringes the asserted claims of the Deaner patents.

Patent law provides that any person or business entity which imports, manufactures, uses, offers to sell, or sells, without the patent owner's permission, any product, apparatus, or method legally protected by at least one claim of a patent within the United States before the patent expires, infringes the patent.

As I mentioned earlier, I have already ruled that Fiber Composites' products with 30% or more of wood-fiber weight infringe all of the asserted claims of the Deaner patents. This means that I found that the accused products include each and every element found in all of the asserted claims of the Deaner patents.

SOURCE: Court's Summ. J. Order dated July 22, 2003 at 12; 35 U.S.C. §§ 271, 281; *Builders Concrete, Inc. v. Bremerton Concrete Prods. Co.*, 757 F.2d 255, 257 (Fed. Cir. 1985); *Amstar Corp. v. Envirotech Corp.*, 730 F.2d 1476, 1484 (Fed. Cir. 1984); *Mannesmann Demag Corp. v. Engineered Metal Prods. Co.*, 793 F.2d 1279, 1282 (Fed. Cir. 1986); *Specialty Composites v. Cabot Corp.*, 845 F.2d 981, 987 (Fed Cir. 1988); *Texas Instruments, Inc. v. U.S. Int'l Trade Comm'n*, 805 F.2d 1558, 1562 (Fed. Cir. 1986); *Read Corp. v. Portec, Inc.*, 970 F.2d 816, 821 (Fed. Cir. 1992); *Rite-Hite Corp. v. Kelley Co.*, 819 F.2d 1120, 1124 (Fed. Cir. 1987).

**AGREED JURY INSTRUCTION NO. 42**

**PATENT CLAIMS—GENERALLY**

As I told you at the beginning of the trial, the claims of a patent are the numbered sentences at the end of the patent. The claims describe the invention made by the inventor and describe what the patent owner owns and what the patent owner may prevent others from doing. Claims may describe products, such as machines or chemical compounds, a system, such as a group of machines working together, or processes for making or using a product.

Claims are usually divided into parts, called "elements" or "limitations". For example, a claim that covers the invention of a table may recite the tabletop, four legs and the glue that secures the legs to the tabletop. The tabletop, legs and glue are each a separate limitation of the claim.

SOURCE: The Federal Circuit Bar Association Draft Model Patent Jury Instructions § 7.

## [FIBER COMPOSITES' PROPOSED] FINAL JURY INSTRUCTION NO. 43

## CLAIM CONSTRUCTION

**[Andersen Objects to the Following Instruction]**

I now instruct you as to the meaning of the following claim limitations:

"composite structure member" means a part that is solid. It must be made from a composite matter. It cannot be made from a single material alone such as polyvinyl chloride. "about 35% to 55 wt% wood fiber" means that it cannot have less than 30% wood fiber by weight.

"composite rail" means a piece of a window or door. It does not mean a railing or part of a railing.

"a continuous organic phase" means that the material is continuous from edge to edge across the structural part.

SOURCE: The expert report of Robert Liukkonen; Fiber Composites' Markman Brief and claim charts.

**[ANDERSEN'S PROPOSED] FINAL JURY INSTRUCTION NO. 44**

**WILLFUL INFRINGEMENT**

**[Fiber Composites Objects to the Following Instruction]**

Andersen contends that Fiber Composites has willfully infringed the Deaner patent claims. I have already ruled that Fiber Composites' products with 30% or more of wood-fiber weight literally infringe all of the asserted claims of the Deaner patents. You must decide whether Fiber Composites' infringement was willful.

The burden of proving that the infringement was willful is the clear and convincing standard. Andersen must prove two things by clear and convincing evidence: (1) Fiber Composites was aware of the Deaner patents; and (2) Fiber Composites proceeded with the activities that are accused of infringement but had no reasonable basis for believing that either: (a) its products did not infringe the Deaner patents; or (b) that the Deaner patents were invalid.

If Fiber Composites knew about the Deaner patents, it had an affirmative duty of care to determine whether its products infringe. This duty of care includes obtaining competent legal advice from counsel before engaging in activity that may result in infringement. You may consider whether Fiber Composites did not obtain an opinion of counsel in making your determination that Fiber Composites' infringement was willful.

The issue of willful infringement is relevant to the amount of damages to which Andersen is entitled. A finding of willful infringement may, in certain circumstances, entitle the patent owner to increased damages. If you decide that Fiber Composites willfully infringed the Deaner patent claims, then it is my job to decide whether or not to award increased damages to Andersen.

SOURCE: Court's Summ. J. Order dated July 22, 2003 at 12; Federal Circuit Bar Association Model Patent Jury Instructions, No. 9 (modified); 35 U.S.C. § 284; *Knorr-Bremse Systeme Fuer Nutzfahrzeuge GmbH v. Dana Corp.*, 383 F.3d 1337, 1343 (Fed. Cir. 2004) (citing *Underwater Devices Inc. v. Morrison-Knudsen Co.*, 717 F.2d 1380, 1389-90 (Fed. Cir. 1983)); *Transclean Corp. v. Bridgewood Servs.*, 290 F.3d 1364, 1377-78 (Fed. Cir. 2002); *LNP Eng'g Plastics, Inc. v. Miller Waste Mills, Inc.*, 275 F.3d 1347, 1357 (Fed. Cir. 2001); *Datascope Corp. v. SMEC, Inc.*, 879 F.2d 820, 828 (Fed. Cir. 1989); *Read Corp. v. Portec, Inc.*, 970 F.2d 816, 826 (Fed. Cir. 1992).

**[FIBER COMPOSITES' PROPOSED] FINAL JURY INSTRUCTION NO. 45**

**WILLFUL INFRINGEMENT**

**[Andersen Objects to the Following Instruction]**

Andersen contends that Fiber Composites has willfully infringed the claims of the patents-in-suit. A finding of willful infringement may, in certain circumstances, entitle the patent owner to increased damages. If you decide that Fiber Composites willfully infringed the claims of the patents-in-suit, then it is my job to decide whether or not to award increased damages to Andersen.

Andersen has the burden of proving that infringement was willful by the higher clear and convincing evidence burden. To establish willful infringement, Andersen must prove two things by clear and convincing evidence. First, Andersen must prove that Fiber Composites was aware of the patents-in suit. Second, Andersen must proved that Fiber Composites proceeded with infringement without a good faith belief that the patents were either invalid, not infringed, or both. In determining whether or not Fiber Composites aced in good faith, you should consider all of the circumstances.

One factor you should consider in determining willfulness is whether or not, in designing the products accused of infringement, Fiber Composites copied the disclosures of the patents-in-suit, or whether or not Fiber Composites instead tried to design a product that Fiber Composites believed did not infringe the patent claims. On the other hand, evidence that the accused infringer attempted to avoid infringement by designing around the patent claims, even if that attempt was unsuccessful, is evidence that infringement was not willful.

The fact that Fiber Composites admitted infringement of the patents-in-suit, if they are valid, does not necessarily mean that Fiber Composites' infringement was willful. If you find

that Fiber Composites had a good faith belief that it did not infringe or that the patent was invalid, and that Fiber Composites' belief was reasonable under all of the circumstances, then Fiber Composites' infringement was not willful.

## AGREED FINAL JURY INSTRUCTION NO. 46

## DEFENSE OF INVALIDITY

I will now instruct you on the rules you must follow in deciding whether Fiber Composites has proven that certain claims of the Deaner patents are invalid. To prove invalidity of any patent claim, Fiber Composites must persuade you by clear and convincing evidence that the claim is invalid. Instructions regarding each of Fiber Composites' invalidity defenses follow.

SOURCE: *Graham v. John Deere Co.*, 383 U.S. 1, 17 (1966).

## [FIBER COMPOSITES' PROPOSED] FINAL JURY INSTRUCTION NO. 47

## INVALIDITY—GENERAL

**[Andersen Objects to the Following Instruction]**

Only a valid patent may be infringed. For a patent to be valid, the invention claimed in the patent must be new, useful and non-obvious. A patent cannot take away from people their right to use what was known or what would have been obvious when the invention was made. The terms "new," "useful" and "non-obvious" have special meaning under the patent laws. I will explain these terms to you as we discuss Fiber Composites' grounds for asserting invalidity. The invention claimed in a patent must also be adequately described. In return for the right to exclude others from making, using, selling or offering for sale the claimed invention, the patent owner must provide the public with a complete description in the patent of the invention and how to make and use it. In addition, it must also particularly point out and distinctly claim the invention.

Fiber Composites has challenged the validity of the asserted claims and the patents-in-suit on a number of grounds. It must prove that a patent is invalid by clearly convincing evidence.

I will now explain each of Fiber Composites' grounds for invalidity in detail.

AUTHORITIES: *Morton Int'l v. Cardinal Chem. Co.*, 5 F.3d 1464, 1471-2 (Fed. Cir. 1993); *Avia Group Int'l, Inc. v. L.A. Gear Cal.*, 853 F.2d 1557, 1562 (Fed. Cir. 1988); *DMI, Inc. v. Deere & Co.*, 802 F.2d 421, 427 (Fed. Cir. 1986); *Stratoflex, Inc. v. Aeroquip Corp.*, 713 F.2d 1530, 1534 (Fed. Cir. 1983).

SOURCE: Federal Circuit Bar Association Model Patent Jury Instruction 10.1 (modified).

**[ANDERSEN'S PROPOSED] FINAL JURY INSTRUCTION NO. 48**

**PRESUMPTION OF VALIDITY**

**[Fiber Composites Objects to the Following Instruction]**

The granting of a patent by the Patent Office carries with it the presumption that the patent is valid. From issuance of the patent, it is presumed that its subject matter is new, useful and constitutes an advance that was not, at the time the invention was made, obvious to one of ordinary skill in the art. The law presumes, in the absence of clear and convincing evidence to the contrary, that the Patent Office acted correctly in issuing the patent. Nevertheless, once the validity of a patent has been put in issue, it is the responsibility of the jury to review what the Patent Office has done consistent with these instructions on the law.

The presumption of validity puts the burden of proving invalidity on Fiber Composites. While this presumption can be rebutted, the burden is on Fiber Composites to do so. This burden requires that Fiber Composites provide by clear and convincing evidence that in this case each of the asserted claims is invalid. Each asserted claim, whether independent or dependent, must be analyzed individually. Clear and convincing evidence is evidence that produces an abiding conviction that the truth of the factual contention is highly probable. Proof by clear and convincing evidence is a higher burden than proof by a preponderance of the evidence.

Each of the asserted claims is presumed valid independently of the validity of each other claim.

SOURCE: 35 U.S.C. § 282; *Oakley Inc. v. Sunglass Hut, Int'l*, 316 F.3d 1331, 1339 (Fed. Cir. 2003); *Sandt Tech. Ltd. v. Resco Metal & Plastics Corp.*; 264 F.3d 1344, 1356 (Fed. Cir. 2001); *Am. Hoist & Derrick Co. v. Sowa & Sons, Inc.*, 725 F.2d 1350, 1358-60 (Fed. Cir. 1984).

**[ANDERSEN'S PROPOSED] FINAL JURY INSTRUCTION NO. 49**

**PRIOR ART DEFINED**

**[Fiber Composites Objects to the Following Instruction}**

You have heard the attorneys and witnesses speak of "prior art" throughout the trial, particularly in connection with the issue of the validity of the Deaner patents. The term "prior art" is a legal term of art in the patent law and I will explain this term to you. "Prior art" is used to describe what others had done in the field before the invention was made. Prior art is the general body of knowledge in the public domain.

Prior art can be a printed publication or an earlier United States patent. Prior art can be used to invalidate a patent only if the accused infringer meets the clear and convincing burden to overcome the presumption of validity.

Also, any prior art that was cited by the Patent Office while it was considering the applications for the Deaner patents, which are listed at the beginning of each patent, are presumed not to teach the invention claimed in the patent.

SOURCE: Final Jury Instruction 4.4 in Honeywell Int'l Inc. v. Hamilton Sundstrand Corp., C.A. No. 99-309 (D. Del. 2001) (Sleet, J.) (modified); 35 U.S.C. Sec. 102.

**[FIBER COMPOSITES' PROPOSED] FINAL JURY INSTRUCTION NO. 50**

**PRIOR ART**

**[Andersen Objects to the Following Instruction]**

Under the patent laws, a person is entitled to a patent only if the invention claimed in the patent is new and unobvious in light of what came before. That which came before is referred to as the "prior art."

SOURCE: The Federal Circuit Bar Association Draft Model Patent Jury Instructions §10.6.

## [ANDERSEN'S PROPOSED] FINAL JURY INSTRUCTION NO. 51

## PATENT VALIDITY—CLAIMS TO BE CONSIDERED SEPARATELY

**[Fiber Composites Objects to the Following Instruction]**

Each claim of a patent must be considered separately. A patent may contain some claims which are valid and some claims which are invalid. That is why you must consider each of the asserted claims of the Deaner patents, and consider separately whether each claim is valid.

SOURCE: Jury instruction given in *Honeywell v. Victor Co.*, Civ. No. 99-1607 (D. Minn. 2003) (Frank, J.) at 24 (modified); *Siftung v. Renishaw PLC*; 945 F.2d 1173, 1181 (Fed. Cir. 1991).

# [ANDERSEN'S PROPOSED] FINAL JURY INSTRUCTION NO. 52

## ANTICIPATION

**[Fiber Composites Objects to the Following Instruction]**

One of the requirements for a valid patent is that the invention defined in the claims must be new. This is known as the requirement of novelty. Something that shows that the invention was not new or novel is called anticipation. Patents are presumed by law to be novel. In this case, to prove anticipation, Fiber Composites must show that each and every element of an invention, as expressed in one of the claims of the Deaner patents, can be found in a single piece of prior art. You must decide whether the publication or thing qualifies as prior art as I instruct you. Fiber Composites must show that certain asserted patent claims are anticipated by clear and convincing evidence.

In deciding whether a single item of prior art anticipates a patent claim, you should consider that which is expressly stated or present in the item of prior art, and also that which is inherently present. Something is inherent in an item of prior art if it is always present in the prior art or always results from the practice of the prior art and if a person skilled in the art would understand that to be the case.

To show inherency, Fiber Composites must demonstrate that the prior art necessarily includes the claim elements of the Deaner patents. The claims of the Deaner patents must be an inherent characteristic and necessary part of the prior art. Inherency may not be established by probabilities or possibilities. Similarly, the mere fact that a certain thing may result from a given set of circumstances is not sufficient to establish inherency.

There is no anticipation unless all of the elements of the claimed invention are found in a single prior art reference, namely a prior publication, prior invention in the United States, or

prior U.S. patent that qualifies as prior art. You may not combine two or more items of prior art to make out anticipation. You may not use any other prior art references to explain or fill in the gaps of the prior art reference relied on for anticipation.

In determining whether each and every element of the claimed invention are found in a single prior art reference, it is necessary that testimony concerning anticipation must be from one skilled in the art and must identify each claim element, state the witness' interpretation of the claim element, and explain in detail how each claim element is disclosed in the prior art reference. The prior art references standing alone and general and conclusory testimony about the reference does not suffice as clear and convincing evidence of invalidity.

In addition, the prior art reference must be complete enough to enable one of ordinary skill in the art to practice the invention, without undue experimentation.

SOURCE: *Koito Mfg. Co. v. N. Am. Lighting, Inc.*, 381 F.3d 1142, 1151 (Fed. Cir. 2004); *Elan Pharmaceuticals, Inc. v. Mayo Found. for Med. Educ.*, 346 F.3d 1051, 1054 (Fed. Cir. 2003); *Schering Corp. v. Geneva Pharm., Inc.*, 339 F.3d 1373, 1377 (Fed. Cir. 2003); *Trintec Indus., Inc. v. Top-U.S.A. Corp.*, 295 F.3d 1292, 1295 (Fed. Cir. 2002); *Telemac Cellular Corp. v. Topp Telecom, Inc.*, 247 F.3d 1316, 1327 (Fed. Cir. 2001); *In re Robertson*, 169 F.3d 743, 745 (Fed. Cir. 1999); *In re Baxter Travenol Labs*, 952 F.2d 388, 390 (Fed. Cir. 1991); *Cont'l Can Co. USA v. Monsanto Co.*, 948 F.2d 1264, 1268-69 (Fed. Cir. 1991), *reh'g denied*, 1991 U.S. App. LEXIS 29979 (Fed. Cir. Dec. 26, 1991) (unpublished); *Scripps Clinic & Research Found. v. Genentech, Inc.*, 927 F.2d 1565, 1576 (Fed. Cir. 1991); *Reading & Bates Constr. Co. v. Baker Energy Res. Corp*, 748 F.2d 645, 651 (Fed. Cir. 1984); *Studiengesellschaft Kohle, M.B.H. v. Dart Indus., Inc.*, 726 F.2d 724, 726-727 (Fed. Cir. 1984), *aff'd by*, 862 F.2d 1564 (Fed. Cir. 1988)).

## [FIBER COMPOSITES' PROPOSED] FINAL JURY INSTRUCTION NO. 53

## ANTICIPATION

**[Andersen Objects to the Following Instruction]**

A person cannot obtain a patent on an invention if someone else has already made the same invention. In other words, the invention must be new. If it is not new, we say that it was "anticipated" by the prior art. An invention that is "anticipated" by the prior art is not entitled to patent protection. A party challenging the validity of a patent must prove anticipation by clear and convincing evidence.

In order for a patent claim to be anticipated by the prior art, each and every limitation of the claim must be present within a single item of prior art, such as a prior patent or publication. In deciding whether or not a single item of prior art anticipates a patent claim, you should consider that which is expressly stated or present in the item of prior art, and also that which is inherently present. Something is inherent in a prior art patent if it is necessarily present in the patent or necessarily results from the practice of the prior art and if a skilled person would understand that to be the case.

AUTHORITIES: *Ecolochem, Inc. v. S. Cal. Edison Co.*, 227 F.3d 1361, 1367-70 (Fed. Cir. 2000); *Atlas Powder Co. v. IRECO Inc.*, 190 F.3d 1342, 1346 (Fed. Cir. 1999); *Abbot Labs. v. Geneva Pharms., Inc.*, 182 F.3d 1315, 1318 (Fed. Cir. 1999); *Finnegan Corp. v. Int'l Trade Comm'n*, 180 F.3d 1354, 1364 (Fed. Cir. 1999); *C. R. Bard, Inc. v. M3 Sys., Inc.*, 157 F.3d 1340, 1349 (Fed. Cir. 1998); *Continental Can Co. USA, v. Monsanto Co.*, 948 F.2d 1264, 1268 (Fed. Cir. 1991); *W. L. Gore & Assocs., Inc. v. Garlock, Inc.*, 721 F.2d 1540, 1548 (Fed. Cir. 1983).

SOURCE: The Federal Circuit Bar Association Draft Model Patent Jury Instructions §10.8 (modified).

## [FIBER COMPOSITES' PROPOSED] FINAL JURY INSTRUCTION NO. 54

## SAME CLAIM INTERPRETATION

**[Andersen Objects to the Following Instruction]**

The same claim limitations are interpreted the same way for the infringement question and for determining invalidity. If the prior art patent would have literally infringed a claim (had the prior art patent been later in time than the patent-in-suit), then the prior art patent anticipates that claim, and the claim is invalid.

AUTHORITY: *Lewmar Marine, Inc. v. Barient, Inc.*, 827 F.2d 744 (Fed. Cir. 1988).

**[FIBER COMPOSITES' PROPOSED] FINAL JURY INSTRUCTION NO. 55**

**CLAIMS CONTAINING RANGES**

**[Andersen Objects to the Following Instruction]**

Some of the claims of the patents-in-suit contain ranges of values, such as a range in terms of percentage of wood fiber. For the purposes of invalidity, a prior art reference which discloses a value within the range is considered to anticipate that claimed range.

AUTHORITIES: *In re Wertheim*, 541 F.2d 257, 267 (CCPF, 1976); *Titanium Metal Corp. v. Banner*, 778 F.2d 775, 781 (Fed. Cir. 1985).

# [ANDERSEN'S PROPOSED] FINAL JURY INSTRUCTION NO. 56

## PRIOR PRINTED PUBLICATION

**[Fiber Composites Objects to the Following Instruction]**

Fiber Composites contends that certain claims of the Deaner patents were anticipated because the invention defined in those claims was described in a prior publication, such as an article or another patent. For a printed publication to anticipate the claims of the Deaner patents, Fiber Composites must show that the printed publication, when read by a person of ordinary skill in the art, expressly discloses each element of Andersen's claim.

The disclosure must be complete enough to enable one of ordinary skill in the art to practice the invention, without undue experimentation. In determining whether the disclosure is enabling, you should take into account what would have been within the knowledge of a person of ordinary skill in the art at the time, and you may consider expert testimony and other publications that shed light on the knowledge such a person would have had at that time.

SOURCE: *Akzo N.V. v. United States ITC*, 808 F.2d 1471, 1479-80 (Fed. Cir. 1996); *Mahurkar v. C.R. Bard, Inc.* 79 F.3d 1572, 1576 (Fed. Cir. 1996).

**[ANDERSEN'S PROPOSED] FINAL JURY INSTRUCTION NO. 57**

**[Andersen does not propose this instruction unless the Court denies Andersen's Motion in Limine to Exclude Evidence and Argument Regarding the Vannelli Window]**

**EXPERIMENTAL USE**

**[Fiber Composites Objects to the Following Instruction]**

Under certain circumstances, the public use, sale or offer for sale by the inventor or patent owner of the claimed invention may constitute prior art. However, the public use, sale or offer for sale by the inventor or patent owner of the claimed invention, is not prior art even if it was more than one year before the filing of the patent application. This occurs when the public use was for experimental rather than commercial purposes.

In order to qualify as experimentation, the public use, sale or offer for sale must be by, or for the benefit of, the patent owner or inventor, and must relate to the claimed features of the invention. It must also be for the purposes of technological development, not commercial gain. Any commercial gain that does occur should be merely incidental to the primary purpose of experimentation.

Personal relationships and surrounding circumstances indicating that the claimed invention will be kept confidential are factors in determining whether the claimed invention is not in public use or on sale. *Moleculon Research Corp. v. CBS, Inc.*, 793 F.2d 1261, 1266 (Fed. Cir. 1986), *cert. denied*, 479 U.S. 1030 (1987), *rev'd on other grounds*, 872 F.2d 407 (Fed. Cir. 1989) (affirming trial court's ruling that an invention was not in public use or on sale).

SOURCE: Federal Circuit Bar Association Model Patent Jury Instructions, No. 10.6.6 (modified) (citing *New Railhead Mfr., L.L.C. v. Vermeer Mfr. Co.*, 2002 WL 1758933 (Fed. Cir. 2002); *Monon Corp. v. Stoughton Trailers, Inc.*, 239 F.3d 1253,

1257-61 (Fed. Cir. 2001); *Cont'l Plastic Containers v. Owens Brockway Plastic Prods., Inc.*, 141 F.3d 1073, 1079-80 (Fed. Cir. 1998); *Baxter Int'l Inc. v. Cobe Labs., Inc.*, 88 F.3d 1054, 1059-60 (Fed. Cir. 1996); *Lough v. Brunswick Corp.*, 86 F.3d 1113, 1119 (Fed. Cir. 1996), *reh'g en bane denied*, 103 F.3d 1517 (Fed. Cir. 1997); *W. Marine Elecs., Inc. v. Furuno Elec. Co.*, 764 F.2d 840, 846-47 (Fed. Cir. 1985)).

**[ANDERSEN'S PROPOSED] FINAL JURY INSTRUCTION NO. 58**

**OBVIOUSNESS**

**[Fiber Composites Objects to the Following Instruction]**

Fiber Composites contends that certain claims of the Deaner patents are invalid because the invention was "obvious." To be patentable, an invention must not be obvious to a person of ordinary skill in the art at the time the invention was made. The issue is not whether the claimed invention would be obvious to you as a layperson, to me as a judge, or to a genius in the art, but whether it would have been obvious to one of ordinary skill in the art at the time it was made.

I instruct you that a patent is invalid if the defendant establishes by clear and convincing evidence that the subject matter as a whole would have been obvious to a person of ordinary skill in the pertinent art at the time the invention was made.

To determine obviousness or non-obviousness of the claimed subject matter of each of the Deaner patents, you should determine the following factors:

1. Determine the scope and content of the prior art relied upon by Fiber Composites.
2. Identify the difference, if any, between each asserted claim of the Deaner patents and the prior art.
3. Determine the level of ordinary skill in the pertinent art at the time the Deaner patents were invented.
4. Consider objective factors of non-obviousness.

Against this background, you must then decide whether the claimed subject matter would have been either obvious or non-obvious to a person of ordinary skill in the pertinent art.

Now we are going to go through the first factor.

SOURCE: *Structural Rubber Products Co. v. Park Rubber Co.*, 749 F.2d 707, 721 (Fed. Cir. 1984); *Orthopedic Equipment Company v. All Orthopedic Appliances, Inc.*, 707 F.2d 1376, 1379-82 (Fed. Cir. 1983); *Stratoflex, Inc. v. Aeroquip Corp.*, 713 F.2d 1530, 1535-40 (Fed. Cir. 1983); *Graham v. John Deere Co.*, 383 U.S. 1, 17 (1966).

## [FIBER COMPOSITES' PROPOSED] FINAL JURY INSTRUCTION NO. 59

## OBVIOUSNESS

**[Andersen Objects to the Following Instruction]**

An inventor is not entitled to a patent if his or her invention would have been obvious to a person of ordinary skill in the art at the time the invention was made.

Unlike anticipation, obviousness may be shown by considering more than one item of prior art. The question is, would it have been obvious for a skilled person who knew of the prior art to make the claimed invention? If the answer to that question is yes, then the patent claims are invalid. Fiber Composites has the burden of proving by clear and convincing evidence that claims of the patents-in-suit are invalid for obviousness.

Obviousness is determined from the perspective of a person of ordinary skill in the field to which the patent relates. The issue is not whether the claimed invention would have been obvious to you, to me as a judge, or to a genius in the art. Rather, the question is whether or not the invention would have been obvious to a person of ordinary skill in the art.

In deciding obviousness, you must avoid using hindsight; that is, you should not consider what is known today or what was learned from the teachings of the patent. You should not use the patent as a road map for selecting and combining items of prior art.

You must put yourself in the place of a person of ordinary skill at the time the invention was made.

You must also keep in mind that the test for obviousness is not whether or not it would have been obvious to try to make the invention, but rather whether or not the invention would have been obvious to a person of ordinary skill in the inventor's field at the time the invention was made.

In determining whether or not these claims would have been obvious, you should make the following determinations:

First, what is the scope and content of the prior art?

Second, what differences, if any, are there between the invention of the claims of the patent and the prior art?

Third, what was the level of ordinary skill in the art at the time the invention was made?

Fourth, are there any objective indications of non-obviousness? Against this background, you must decide whether or not the invention covered by the claims of the patents-in-suit would have been obvious. I will now describe these specific determinations you must make in deciding whether or not the claimed invention would have been obvious.

AUTHORITIES: *Graham v. John Deere Co.*, 383 U.S. 1, 27-28 (1966); *Ruiz v. A. B. Chance Co.*, 544 F.3d 654, 662-68 (Fed. Cir. 2000); *Yamanouchi Pharm. Co. v. Danbury Pharmacal, Inc.*, 231 F.3d 1339, 1343-45 (Fed. Cir. 2000); *Brown & Williamson Tobacco Corp. v. Philip Morris Inc.*, 229 F.3d 1120, 1124-31 (Fed. Cir. 2000); *Ecolochem, Inc. v. S. Cal. Edison Co.*, 227 F.3d 1361, 1371-81 (Fed. Cir. 2000); *In re Kotzab*, 217 F.3d 1365, 1369 (Fed. Cir. 2000); *In re Dembiczak*, 175 F.3d 994, 998-1000 (Fed. Cir. 1999); *In re Rouffet*, 149 F.3d 1350, 1355-56 (Fed. Cir. 1998); *In re Deuel*, 51 F.3d 1552, 1557-60 (Fed. Cir. 1995); *Orthokinetics, Inc. v. Safety Travel Chairs, Inc.*, 806 F.2d 1565, 1574-75 (Fed. Cir. 1986).

SOURCE: The Federal Circuit Bar Association Draft Model Patent Jury Instructions §10.9.

## [ANDERSEN'S PROPOSED] FINAL JURY INSTRUCTION NO. 60

## SCOPE AND CONTENT OF THE PRIOR ART

**[Fiber Composites Objects to the Following Instruction]**

As I just instructed you, in arriving at your decision on the issue of whether or not the claimed invention is obvious to one of ordinary skill in the art, you must first determine the scope and content of the prior art. This means that you must determine what prior art is reasonably pertinent to the particular problem with which the inventor was faced. The prior art may include prior patents that issued before August 31, 1991 and prior publications having a publication date before August 31, 1991.

SOURCE: 35 U.S.C. §102; *Lindemann Maschinenfabrik GmbH v. Am. Hoist & Derrick Co.*, 730 F.2d 1452 (Fed. Cir. 1984); *Stratoflex, Inc. v. Aeroquip Corp.*, 713 F.2d 1530, 1535-36 (Fed. Cir. 1983); *Graham v. John Deere Co.*, 383 U.S. 1, 17-18 (1966).

## [FIBER COMPOSITES' PROPOSED] FINAL JURY INSTRUCTION NO. 61

## THE SCOPE AND CONTENT OF PRIOR ART

**[Andersen Objects to the Following Instruction]**

Determining the scope and content of the prior art means that you should determine what is disclosed in the prior art relied on by Fiber Composites. You must decide whether this prior art was reasonably relevant to the particular problem the inventor faced in making the invention covered by the patent claims. Such relevant prior art includes prior art in the field of the invention, and also prior art from other fields that a person of ordinary skill would look to when attempting to solve the problem.

AUTHORITIES: *Graham v. John Deere Co.*, 383 U.S. 1, 27-28 (1966); *Ruiz v. A. B. Chance Co.*, 544 F.3d 654, 664-65 (Fed. Cir. 2000); *In re Kotzab*, 217 F.3d 1365, 1369 (Fed. Cir. 2000); *SIBIA Neurosciences, Inc. v. Cadus Pharm. Corp.*, 225 F.3d 1349, 1356-57 (Fed. Cir. 2000); *In re Dembiczak*, 175 F.3d 994, 999-1000 (Fed. Cir. 1999); *In re Rouffet*, 149 F.3d 1350, 1355-56 (Fed. Cir. 1998); *Monarch Knitting Mach. Corp. v. Sulzer Morat GmbH*, 139 F.3d 877, 881-83 (Fed. Cir. 1998); *Wang Lab. v. Toshiba Corp.*, 993 F.2d 858, 863 (Fed. Cir. 1993); *Ryko Mfg. Co. v. Nu-Star, Inc.*, 950 F.2d 714, 716-17 (Fed. Cir. 1991).

SOURCE: The Federal Circuit Bar Association Draft Model Patent Jury Instructions §10.9.1.

## [ANDERSEN'S PROPOSED] FINAL JURY INSTRUCTION NO. 62

## DIFFERENCES BETWEEN PRIOR ART AND INVENTION

**[Fiber Composites Objects to the Following Instruction]**

The next factual issue you must consider is what are the differences between the prior art and the invention.

The defendant has the burden to show that the prior art taken as a whole suggests the obviousness of making the combination that is in the form of the patented invention. In determining what, if any, differences there are between the prior art and the patented invention, you must consider the prior art as it appeared to a person of ordinary skill in the art at the time of the invention. You cannot use hindsight to reconstruct any of the prior art devices or materials, nor can you assemble the invention from parts made up of individual elements of the prior art devices, unless it would have been obvious to do so at the time to one of ordinary skill in the art.

SOURCE: 4-86 *Modern Federal Jury Instructions-Civil*, P. 86-27 (Matthew Bender 3d ed.) (citing *Panduit Corp. v. Dennison Mfg. Co.*, 810 F.2d 1561, 1566 (Fed. Cir. 1987), *cert. denied*, 481 U.S. 1052 (1987).

## [FIBER COMPOSITES' PROPOSED] FINAL JURY INSTRUCTION NO. 63

## DIFFERENCES BETWEEN THE INVENTION OF THE CLAIMS AND THE PRIOR ART

**[Andersen Objects to the Following Instruction]**

In determining the differences between the invention covered by the patent claims and the prior art, you should not look at the individual differences in isolation. You must consider the claimed invention as a whole, and determine whether or not it would have been obvious in light of all of the prior art.

In deciding whether to combine what is described in various items of prior art, you should keep in mind that there must be some motivation or suggestion for a skilled person to make the combination covered by the patent claims. You should also consider whether or not the prior art teaches away from the invention covered by the patent claims.

AUTHORITIES: *Graham v. John Deere Co.*, 383 U.S. 1, 27-28 (1966); *Ruiz v. A. B. Chance Co.*, 544 F.3d 654, 664-65 (Fed. Cir. 2000); *Yamanouchi Pharm. Co. v. Danbury Pharmacal, Inc.*, 231 F.3d 1339, 1343-45 (Fed. Cir. 2000); *Ecolochem, Inc. v. S. Cal. Edison Co.*, 227 F.3d 1361, 1371-81 (Fed. Cir. 2000); *In re Kotzab*, 217 F.3d 1365, 1369 (Fed. Cir. 2000); *Winner Int'l Royalty Corp. v. Wang*, 202 F.3d 1340, 1349 (Fed. Cir. 2000); *In re Dembiczak*, 175 F.3d 994, 998-1000 (Fed. Cir. 1999); *Monarch Knitting Mach. Corp. v. Sulzer Morat GmbH*, 139 F.3d 877, 881-83 (Fed. Cir. 1998); *Nyko Manufacturing Co. v. Nu-Star*, 950 F.2d 714, 717 (Fed. Cir. 1991).

SOURCE: The Federal Circuit Bar Association Draft Model Patent Jury Instructions §10.9.2.

## [ANDERSEN'S PROPOSED] FINAL JURY INSTRUCTION NO. 64

## LEVEL OF ORDINARY SKILL

**[Fiber Composites Objects to the Following Instruction]**

Next, you are to determine the level of ordinary skill in the art to which the claimed invention pertains at the time the claimed invention was made. Factors to be considered in determining the level of ordinary skill in the pertinent art include the educational level of the inventor, the types of problems encountered in the field, the prior art patents and publications, the activities of others and prior art solutions of the problems encountered by the inventor, the sophistication of the technology and the education of others working in the field.

The actual inventor's skill does not represent the level of skill in the art. A person of ordinary skill in the art is one who thinks along the line of conventional wisdom in the art and is not one who undertakes to innovate.

In your determination of the level of ordinary skill in the art, you may consider the opinions of the parties' experts regarding the level of ordinary skill in the art.

SOURCE: Jury instruction given in *Honeywell v. Victor Co.*, Civ. No. 99-1607 (D. Minn. 2003) (Frank, J.) at 27; *Graham v. John Deere Co.*, 383 U.S. 1, 17-18 (1966); *Custom Accessories v. Jeffrey-Allan Indus.*, 807 F.2d 955, 962 (Fed. Cir. 1986); *Envtl. Designs, Ltd. v. Union Oil Co. of Cal.*, 713 F.2d 693, 696-97 (Fed. Cir. 1983), *cert. denied*, 464 U.S. 1043 (1984); *Bausch & Lomb, Inc. v. Barnes-Hind/Hydrocurve*, 796 F.2d 443, 449-50 (Fed. Cir. 1986), *cert. denied*, 484 U.S. 823 (1987); *Standard Oil Co. v. American Cynamid Co.*, 774 F.2d 448, 454 (Fed. Cir. 1985).

## [FIBER COMPOSITES' PROPOSED] FINAL JURY INSTRUCTION NO. 65

## LEVEL OF ORDINARY SKILL

**[Andersen Objects to the Following Instruction]**

Obviousness is determined from the perspective of a person of ordinary skill in the art. This person is presumed to know all of the prior art, not just what the inventor may have known. When faced with a problem, this ordinary skilled person is able to apply his or her experience and ability to the problem and also to look to any available prior art to help in solving the problem.

Factors to consider in determining the level of ordinary skill in the art include the educational level and experience of people working in the field, the types of problems faced by workers in the art and the solutions found to those problems, and the sophistication of the technology in the field.

AUTHORITIES: *Graham v. John Deere Co.*, 383 U.S. 1, 27-28 (1966); *Ruiz v. A. B. Chance Co.*, 544 F.3d 654, 666-67 (Fed. Cir. 2000); *Brown & Williamson Tobacco Corp. v. Philip Morris Inc.*, 229 F.3d 1120, 1125 (Fed. Cir. 2000); *SIBIA Neurosciences, Inc. v. Cadus Pharm. Corp.*, 225 F.3d 1349, 1356-57 (Fed. Cir. 2000); *In re Dembiczak*, 175 F.3d 994, 998-99 (Fed. Cir. 1999); *Al-Site Corp. v. VSI Int'l, Inc.*, 174 F.3d 1308, 1323-25 (Fed. Cir. 1999); *In re Dance*, 160 F.3d 1339, 1343 (Fed. Cir. 1998); *Ryko Mfg. Co. v. Nu-Star, Inc.*, 950 F.2d 714, 718-19 (Fed. Cir. 1991).

SOURCE: The Federal Circuit Bar Association Draft Model Patent Jury Instructions §10.9.3.

**[ANDERSEN'S PROPOSED] FINAL JURY INSTRUCTION NO. 66**

**MOTIVATION TO COMBINE**

**[Fiber Composites Objects to the Following Instruction]**

Prior art references may be combined to show obviousness only if there is some motivation or suggestion to combine the references and if the combination would be reasonably likely to achieve the goal of the invention. The suggestion or motivation to combine must be found in the prior art. The suggestion, teaching, or motivation to combine may flow from the prior art references themselves, the knowledge of one of ordinary skill in the art, or, in some cases, from the nature of the problem to be solved. Both the suggestion or motivation to combine and the expectation of success must be found in the prior art.

SOURCE: *Draft Uniform Jury Instruction of Patent Cases in the U.S. District Court for the District of Delaware No. 4.8.4 (2004)* (modified).

**[FIBER COMPOSITES' PROPOSED] FINAL JURY INSTRUCTION NO. 67**

**MOTIVATION TO COMBINE**

**[Andersen Objects to the Following Instruction]**

Once the prior art is assembled and considered, you should determine whether the prior art, considered as a whole, suggests the claimed invention. Prior art references may be combined to show obviousness if there is some motivation or suggestion to combine the references and if the combination would be reasonably likely to achieve the goal of the invention. The suggestion or motivation to combine must be found in the prior art. The suggestion, teaching, or motivation to combine may flow from the prior art references themselves, the knowledge of one of ordinary skill in the art, or, in some cases, from the nature of the problem to be solved.

AUTHORITY: *See In re Dembiczak*, 175 F.3d 994, 999 (Fed. Cir. 1999).

**[ANDERSEN'S PROPOSED] FINAL JURY INSTRUCTION NO. 68**

**OBJECTIVE EVIDENCE OF NON-OBVIOUSNESS**

**[Fiber Composites Objects to the Following Instruction]**

Before reaching your decision on the obviousness question, you must also consider whether objective evidence tends to show that the invention was not obvious. Objective evidence, composed of real-world facts that may tend to negate Fiber Composites' claim of obviousness, is entitled to consideration.

Objective evidence tending to show non-obviousness includes (1) commercial success of the invention, (2) long felt but unresolved need for the invention, (3) failure of others to make the invention, (4) copying of the invention by others, (5) unexpected results achieved by the invention, (6) praise for the invention in the industry and (7) licenses showing industry respect for the invention.

Thus, even if the prior art provides significant support for the conclusion that the patented invention would have been obvious, evidence of objective considerations may serve to establish that an invention appearing to have been obvious in light of the prior art was not obvious.

However, you must determine that there is a connection, or nexus, between the evidence showing any of these factors and the claimed invention if this evidence is to be given weight by you in arriving at your conclusion. For example, if commercial success is due to features of a product other than those claimed in the Deaner patents, then any commercial success of the product may have no relation to the issue of obviousness.

None of these factors are required conditions of patentability. Therefore, the absence of any or all of these factors does not necessarily support a conclusion that the invention was obvious.

SOURCE: Jury instruction given in *Honeywell v. Victor Co.*, Civ. No. 99-1607 (D. Minn. 2003) (Frank, J.) at 28-29 (modified); *Graham v. John Deere Co.*, 383 U.S. 1, 17 (1966); *In re Rouffet*, 149 F.3d 1350, 1355 (Fed. Cir. 1998); *Gillette Co. v. S.C. Johnson & Son*, 919 F.2d 720, 725 (Fed. Cir. 1990); *In re Dow Chemical Co.*, 837 F.2d 469, 472 (Fed. Cir. 1988); *Akzo NV v. United States ITC*, 808 F.2d 1471, 1480 (Fed. Cir. 1986), *cert. denied*, 482 U.S. 909 (1987); *Hybritech Inc. v. Monoclonal Antibodies, Inc.*, 802 F.2d 1367, 1380 (Fed. Cir. 1986); *Simmons Fastener Corp. v. Illinois Tool Works*, 739 F.2d 1573, 1575 (Fed. Cir.), *cert. denied*, 471 U.S. 1065 (1984).

## [FIBER COMPOSITES' PROPOSED] FINAL JURY INSTRUCTION NO. 69

## OBJECTIVE INDICATIONS CONCERNING OBVIOUSNESS

**[Andersen Objects to the Following Instruction]**

You also must consider what are referred to as objective indications of nonobviousness. Some of these indications are:

1. Commercial success or lack of commercial success of products covered by the patent claims or made by a process covered by the patent claims;
2. A long-felt need for the invention;
3. Failed attempts by others to make the invention;
4. Copying of the invention by others in the field;
5. Unexpected results achieved by the invention;
6. Praise of the invention by the infringer or others in the field;
7. The taking of licenses under the patent by others;
8. Expressions of surprise by experts and those skilled in the art at the making of the invention; and
9. The patent owner proceeded contrary to accepted wisdom of prior art.

These objective indications are only relevant to obviousness if there is a connection, or nexus, between them and the invention covered by the patent claims. For example, commercial success is relevant to obviousness only if the success of the product is related to a feature of the patent claims. If the commercial success is the result of something else, such as innovative marketing, and not to a patented feature, then you should not consider it to be an indication of non-obviousness.

If you find that Fiber Composites has proved by clear and convincing evidence that the invention covered by the asserted claims of the patents-in-suit would have been obvious to a person of ordinary skill in the art at the time the invention of the claims was made then you should find that the claims are invalid for obviousness.

AUTHORITIES: *Graham v. John Deere Co.*, 383 U.S. 1, 27-28 (1966); *Ruiz v. A. B. Chance Co.*, 544 F.3d 654, 667-68 (Fed. Cir. 2000); *Brown & Williamson Tobacco Corp. v. Philip Morris Inc.*, 229 F.3d 1120, 1129-31 (Fed. Cir. 2000); *SIBIA Neurosciences, Inc. v. Cadus Pharm. Corp.*, 225 F.3d 1349, 1356-57 (Fed. Cir. 2000); *In re Dance*, 160 F.3d 1339, 1343 (Fed. Cir. 1998); *Ryko Mfg. Co. v. Nu-Star, Inc.*, 950 F.2d 714, 718-19 (Fed. Cir. 1991).

SOURCE: The Federal Circuit Bar Association Draft Model Patent Jury Instructions §10.9.4 (modified).

**[ANDERSEN'S PROPOSED] FINAL JURY INSTRUCTION NO. 70**

**OBVIOUSNESS - MANNER OF INVENTING IMMATERIAL**

**[Fiber Composites Objects to the Following Instruction]**

In your deliberation on the issue of obviousness, you must not equate simplicity with obviousness. The patent statute does not require that an invention be complex in order to be patentable.

In determining non-obviousness, you may not consider the manner in which the invention was made. Technological advance is often the fruit of methodical, persistent investigation, not a flash of genius.

In deciding the obviousness/non-obviousness question, you should not base your decision on what you think "ought" to be or "ought not" to be patentable.

SOURCE: 35 U.S.C. § 103; *Panduit Corp. v. Dennison Mfg.*, 810 F.2d 1561, 1573 (Fed. Cir. 1987), *cert. denied*, 481 U.S. 1052 (1987).

**[ANDERSEN'S PROPOSED] FINAL JURY INSTRUCTION NO. 71**

**PATENT CLAIMS INVOLVING COMBINATIONS OF KNOWN ELEMENTS**

**[Fiber Composites Objects to the Following Instruction]**

The Deaner patents' claims are not invalid simply because Andersen may have, in effect, combined features which were known in the art, even if those features were used for the same purpose in the invention.

A claim can be patentable whether it be composed of elements all new, partly new, or all old. Virtually all inventions are combinations which include at least some old elements. You must consider whether the invention as a whole was taught by the prior art, not merely whether individual elements or features of the invention are found somewhere in the prior art.

SOURCE: *Fromson v. Advanced Offset Plate, Inc.*, 755 F.2d 1549, 1550, n.3 (Fed. Cir. 1985); *Lindemann Maschinenfabrik FmbH v. Am. Hoist & Derrick Co.*, 730 F.2d 1452, 1462 (Fed. Cir. 1984); *Envtl. Designs v. Union Oil Co. of Cal.*, 713 F.2d 693, 698 (Fed. Cir. 1983), *cert. denied*, 464 U.S. 1043 (1984).

## [ANDERSEN'S PROPOSED] FINAL JURY INSTRUCTION NO. 72

## OBVIOUSNESS - HINDSIGHT

**[Fiber Composites Objects to the Following Instruction]**

The question of non-obviousness is simple to ask, but difficult to answer. The difficulty comes from a strong temptation to rely on hindsight in determining non-obviousness. You must not use the Deaner patents as a guide through the maze of prior art references, combining just the right references in just the right way to recreate the claimed invention which is the subject of the asserted claims of the Deaner patents.

You are instructed that when you consider the prior art, whether in the form of writings, physical exhibits, or patents, you must consider them for what they actually disclose to one of ordinary skill in the art, and no more. You cannot use current knowledge or thinking to go back in time to fill in gaps in the prior art, or to assemble the invention from parts taken from different prior art devices; nor can you combine the teachings of prior art references unless there exists some teaching, suggestion, or incentive for the combination apparent to one of ordinary skill in the art. A prior art reference must be considered in the context of the technological environment at the time the invention was made. It must be considered as a whole, including portions arguing against or teaching away from the invention.

You may not judge the inventions of the Deaner patents in light of the present-day knowledge or from what you learned from or about the Deaner patents during trial. You must evaluate the invention in terms of what was known before the invention was made—not after.

It is not enough that one of ordinary skill in the art would have been able to produce the claimed invention. It must have been obvious to produce the claimed invention at the time it was made without the benefit of hindsight.

SOURCE: *In re Roufett*, 149 F.3d 1350, 1357 (Fed. Cir. 1998); *Sensonics, Inc. v. Aerosonic Corp.*, 81 F.3d 1566, 1570 (Fed. Cir. 1996); *Texas Instruments v. United States Int'l Trade Com'n*, 988 F.2d 1165, 1178 (Fed. Cir. 1993); *In re Gorman*, 933 F.2d 982, 986-87 (Fed. Cir. 1991); *In re Fine*, 837 F.2d 1071, 1075 (Fed. Cir. 1988); *Uniroyal, Inc. v. Rudkin-Wiley Corp.*, 837 F.2d 1044, 1051-52 (Fed. Cir. 1988), *cert. denied*, 488 U.S. 825 (1988); *Orthokinetics, Inc. v. Safety Travel Chairs, Inc.*, 806 F.2d 1565, 1574-75 (Fed. Cir. 1986); *Diamond Rubber Co. v. Consol. Tire Co.*, 220 U.S. 428, 434-35 (1911).

**[ANDERSEN'S PROPOSED] FINAL JURY INSTRUCTION NO. 73**

**[Andersen objects to a written description instruction. To the extent that a written description instruction is given, Andersen proposes the following text:]**

**WRITTEN DESCRIPTION**

Fiber Composites contends that the claims of the Deaner patents are invalid based on the written description requirement. For the Deaner patents to be invalid under the written description requirement, Fiber Composites must prove by clear and convincing evidence that the inventors did not describe the claimed invention in enough detail so that a person of ordinary skill in the art would recognize that the inventors had possession of the claimed invention. The description does not have to be exact.

SOURCE: 35 U.S.C. § 112; *Vas-Cath Inc. v. Mahurkar*, 935 F.2d 1555, 1563 (Fed. Cir. 1991).