**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Andersen Corporation,

Plaintiff,

v.

Fiber Composites, LLC,

Defendant.

Case No. 00-CV-2548 JNE/JGL

**PLAINTIFF ANDERSEN'S MEMORANDUM IN SUPPORT OF ITS RENEWED MOTION TO PRECLUDE DOUGLAS J. GARDNER FROM TESTIFYING AS AN EXPERT WITNESS**

Plaintiff Andersen Corporation respectfully renews its motion to exclude Douglas J. Gardner from testifying at trial as an expert witness. Andersen originally filed a motion to exclude the testimony of Professor Gardner [docket no. 288] in its entirety, which Fiber Composites opposed, and which this Court denied at the Pretrial Conference. Order dated March 29, 2005.

At a minimum, Professor Gardner should not be allowed to testify as an expert witness in this case. On its Witness List, Fiber Composites stated that "Professor Gardner will provide expert testimony concerning the field of wood-fiber composites generally; the level of ordinary skill in the art; Andersen's expert's infringement report and testimony; and his ability to make the material disclosed in the prior art." Andersen moved to exclude his testimony on the ground that Professor Gardner failed to comply with the Rules of Civil Procedure. In opposing Andersen's original motion to exclude the testimony of Professor Gardner, Fiber Composites stated that Professor Gardner drew no conclusion and made no opinion on his testing: "Professor

Gardner did the test and reported the results he received. He drew no conclusion and made no opinion. He simply reported his test results, and it was purely in response to Andersen's specious distinctions as to the prior art." Fiber Composites' Opp. Andersen's Mot. Exclude Testimony of Gardner, at 3.

During the Pretrial Conference, after Fiber Composites' counsel stated that "So the idea that [Andersen is] surprised that [Professor Gardner is] an expert in this case is not supported by their own record of deposing him and challenging him on his opinions," the Court responded that "I thought you weren't going to call him as an expert. I thought he was just going to testify about the tests he did." Pretrial Conference Transcript at 25 (attached as Exhibit 1).

Yet, during opening statements, Fiber Composites' counsel, Mr. Skenyon, stated that one of Fiber Composites' "experts" was instructed to "extrude a product with 33 percent wood and 67 percent polyvinyl chloride" and "he was able to do it without any problem. And he came up with the numbers that matched, closely matched what we did here." Trial Transcript, 4/5/05 at 180-181 (attached as Exhibit 2). Of course, Professor Gardner did not manufacture a composite of 33 percent wood and 67 percent PVC; rather, his composite was manufactured from a mixture of 35 percent wood and 65 percent PVC. More significantly, characterizing Professor Gardner as an expert witness to the jury, after characterizing his testimony as fact testimony both to Andersen and the Court, seriously prejudices Andersen by inappropriately bolstering Professor Gardner's standing in the eyes of the jury.

Professor Gardner should be precluded from testifying as an expert, who, by Fiber Composites' own admission, "drew no conclusion and made no opinion," but rather, "simply reported his test results." Fiber Composites' Opp. Andersen's Mot. Exclude Testimony of Gardner, at 3. Professor Gardner did not submit an expert report within the meaning of Fed. R.

Civ. P 26(a)(2)(B) on any issue relating to the validity of Andersen's patents-in-suit. Professor Gardner's submissions in this case do not satisfy the requirements of the Rules of Evidence or the Rules of Civil Procedure, and preclude his testimony at trial as an expert witness. *See* Fed. R. Civ. P. 37(c) ("A party that without substantial justification fails to disclose information required by Rule 26(a)…is not, unless such failure is harmless, permitted to use as evidence at trial…any witness or information not so disclosed."); *Transclean Corp. v. Bridgewood Servs., Inc.*, 101 F. Supp. 2d 788, 796 (D. Minn. 2000) ("Consequently, it is inescapable that the untimely disclosure of Johnson's second supplement report effectively denies Transclean the opportunity to depose Johnson on the new opinions which were added to his initial report, much less develop rebuttal expert opinion evidence, in view of the rapidly approaching Trial date.").

Gardner's research fails to satisfy the mandate of Fed. R. Civ. P. 26, and Gardner's research and testimony are still not admissible because of a failure to satisfy Federal Rule of Evidence 702. Rule 702 permits an expert witness to testify only when such testimony will "assist the trier of fact to understand the evidence or to determine a fact in issue[.]" Fed. R. Evid. 702.

**CONCLUSION**

Andersen respectfully requests the Court to preclude Professor Douglas Gardner from testifying as an expert witness.

Dated: April 7, 2005

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

By: s/ Misti Nelc
Ronald J. Schutz (#130849)
Becky R. Thorson (#254861)
Misti Nelc (#0296090)
Nicholas S. Boebel (#030217X)

2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, Minnesota 55402-2015
(612) 349-8500

ATTORNEYS FOR PLAINTIFF
ANDERSEN CORPORATION