UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

ANDERSEN CORPORATION,

Plaintiff,

v.

FIBER COMPOSITES, LLC.,

Defendant.

CIV NO. 00-CV-2548 (JNE/JGL)

**FIBER COMPOSITES' MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR JUDGMENT OF NON-INFRINGEMENT**

Now that the jury has reached a verdict and trial is concluded in this case, Fiber Composites respectfully requests that the Court enter judgment that Fiber Composites' products with less than 30% wood fiber content do not infringe the '027 and '553 patents asserted by Andersen Corporation in this suit. On the eve of trial, Andersen abandoned any and all remaining infringement allegations against these products. Andersen did so after Fiber Composites drafted several motions in limine related to Andersen's remaining doctrine of equivalents ("DOE") case and pointed out Andersen's burden of proof problems on these now-abandoned allegations.

Fiber Composites is entitled to judgment on Andersen's abandoned allegations. Andersen charged Fiber Composites with infringement, filing suit without prior notice.

Andersen maintained its allegations after Fiber Composites changed the wood fiber content of its accused railing parts. Andersen opposed Fiber Composites' motion for summary judgment of non-infringement by its railing parts with wood fiber content below 30%. Andersen prevailed on this opposition, convincing the Court that Andersen had a DOE case to present to the jury. And Andersen's infringement expert concluded, albeit superficially and insufficiently under the law, that there was DOE infringement by Fiber Composites in his expert report. Yet within days of trial, Andersen communicated to Fiber Composites and to the Court that Andersen would not assert any further claims of infringement. Given these actions, Andersen has no basis to claim that Fiber Composites has no legal right to seek judgment of non-infringement.

Andersen's DOE allegations may not simply fall by the wayside. This would be tantamount to a voluntary dismissal of a claim without prejudice, and such a resolution would be entirely inappropriate at this stage of the case. *See* Fed. R. Civ. P. 41(a)(1)(i) ("[A]n action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs . . . ."); *In Re Piper Aircraft Distribution System Anti-trust Litigation*, 551 F.2d 213, 220 (8th Cir. 1977). The time for any possible dismissal of Andersen's infringement claims without preclusive effect is long past:

> The purpose of Rule 41(a)(1)(i) is to fix the point at which the resources of the court and the defendant are so committed that dismissal without preclusive consequences can no longer be had as of right. This point is now fixed at a

> relatively early stage of the proceedings: the time when the defendant first answers or files a summary judgment motion.

*Piper Aircraft*, 551 F.2d at 220.

Dismissing Andersen's claims without prejudice now would be extremely unfair and prejudicial to Fiber Composites given Andersen's previous actions in this suit. The parties have been litigating this dispute for almost five years, and challenging Andersen's DOE allegations during this time and preparing to litigate them at trial put Fiber Composites to great expense.

Andersen alleged DOE infringement from the beginning, including such allegations in its complaint and accusing Fiber Composites' railing parts with less than 30% wood fiber content—products clearly excluded from the literal reach of Andersen's patents.[1] Andersen only survived Fiber Composites' motion for summary judgment of non-infringement by these products by convincing the court that DOE infringement was a question for the jury. Fiber Composites prepared for trial based on Andersen's actions and brought several motions in limine attacking Andersen's DOE case. Only after Fiber Composites had prepared these motions did Andersen communicate that it had decided to drop its DOE case. Since the issue of infringement is now completely over and resolved, Fiber Composites is fully entitled to a judgment of non-

1 Fiber Composites believes that it is entitled to judgment that Fiber Composites' products with less than 30% wood fiber content do not infringe the '027 and '553 patents because Andersen agreed that the claim limitation of "about 35 to 55 wt-% of wood fiber" means that an infringing product cannot literally have less than 30% wood fiber by weight. At the very least, however, Fiber Composites is entitled to judgment that Fiber Composites' products with 29.4% or less wood fiber content do not infringe the '027 and '553 patents because

infringement on its products with less than 30% wood fiber content. *See Exxon Corp. v. Maryland Casualty Co*., 599 F.2d 659, 661 (5th Cir. 1979) ("[A]fter the defendant has become actively engaged in the defense of a suit, he is entitled to have the case adjudicated and it cannot, therefore, be terminated without either his consent, permission of the court, or a dismissal with prejudice that assures him against the renewal of hostilities").

According to Andersen's argument at the Court's Pretrial Conference on March 29, 2005, Andersen opposes Fiber Composites' request for judgment because Fiber Composites did not bring any counter claims. Andersen's argument does not make sense and has no apparent legal basis. Courts routinely enter judgment dismissing claims with prejudice when the party asserting them has abandoned them. *See, e.g.*, *Douris v. County of Bucks*, No. CIV.A. 99-3357, 2001 WL 767579, at *13 (E.D. Pa. July 3, 2001) ("Mr. Douris' civil conspiracy claim (Count XI) is dismissed with prejudice because Mr. Douris has chosen to abandon this claim."); *Peaches Entertainment Corp. v. Entertainment Repertoire Associates, Inc*., Civ. A. No. 92-3193, 1993 WL 534016, at *11 (E.D. La. Dec. 13, 1993) ("Considering that PEC has abandoned its unfair trade practice claims under Louisiana law, ERA is entitled to judgment dismissing such claims with prejudice."); *Robinson v. Credit Service Co*., Civ. No. 90-4321 (CSF), 1991 WL 186665, at *3 (D.N.J. Sept. 16, 1991) ("Plaintiff's claim that defendant violated 15 U.S.C. § 1692e(5) is dismissed with prejudice, pursuant to Fed.R.Civ.P. 41(a)(2), because plaintiff abandoned this

---

Andersen accused Fiber Composites' products with up to that percentage of wood fiber

particular claim after defendant had moved for summary judgment on the claim."). There is every reason to do the same here and no reason not to.

Andersen's further contention at the pretrial hearing that it is now simply amending its complaint to withdraw a claim is contrary to common sense, as well as the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 15(a) ("Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party."). Fiber Composites' request for judgment is proper, whether viewed simply as a request for judgment now that Andersen has abandoned its claims, *see, e.g.*, *Douris*, 2001 WL 767579, at *13; *Peaches*, 1993 WL 534016, at *11; *Robinson*, 1991 WL 186665, at *3, or as a renewal of Fiber Composites' motion for summary judgment of non-infringement by its line of products with less than 30% wood fiber content, *which motion Andersen previously opposed*, *see Hilgraeve, Inc. v. Symantec Corp.*, 271 F. Supp. 2d 964, 973 n.3 (E.D. Mich. 2003) ("Defendant has not disputed Plaintiff's contention that Defendant has abandoned the defense of anticipation under 35 U.S.C. § 102. Accordingly, Plaintiff is entitled to summary judgment on this issue."); *In re Dippin' Dots Patent Litigation*, 249 F. Supp. 2d 1346, 1377 (N.D. Ga. 2003) ("Plaintiffs are entitled to summary judgment on any sham litigation claims, since Defendants have abandoned the claim."). Accordingly, now that trial is over, Fiber Composites respectfully requests that the Court enter judgment that Fiber Composites' products with wood fiber content below 30% do not infringe the '027 and '553

---

content in this suit.

patents and dismiss with prejudice Andersen's claims that Fiber Composites' products with wood fiber content below 30% infringe the '027 and '553 patents. Fiber Composites deserves to be free from the cloud of Andersen's DOE allegations and assured that they will not come back to haunt it in the future.

Dated: April 12, 2005

FISH & RICHARDSON P.C., P.A.

By: s/ Katherine A. Moerke

Jonathan E. Singer (#283459)
Katherine A. Moerke (#312277)
3300 Dain Rauscher Plaza
60 South Sixth Street
Minneapolis, MN 55402
Telephone: (612) 335-5070

John M. Skenyon
Michael E. Zeliger
Fish & Richardson P.C.
225 Franklin Street
Boston, MA 02110-2804
Tel.: (617) 542-5070
Fax: (617) 542-8906

Attorneys for Defendant
FIBER COMPOSITES, LLC.

60285437.doc