**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Andersen Corporation,

Plaintiff,

Case No. 00-CV-2548 JNE/JGL

v.

Fiber Composites, LLC,

Defendant.

---

**PLAINTIFF ANDERSEN CORPORATION'S OPPOSITION TO FIBER COMPOSITES' MOTION FOR JUDGMENT OF NONINFRINGEMENT**

Having failed to assert a counterclaim at the outset of this litigation, Fiber Composites conflates several procedural devices in an attempt to fashion a mechanism that entitles it to judgment of noninfringement. While Fiber Composites has not clearly stated which rule of law it is trying to invoke, in no event is it entitled to an affirmative judgment of noninfringement. Fiber Composites' failure to counterclaim against Andersen for declaratory judgment (or anything else) leaves the Court without any claim upon which the Court can render affirmative judgment. Likewise, if Fiber Composites is seeking to renew its motion for summary judgment, that effort should be denied as untimely under the Court's scheduling order. If Fiber Composites is seeking dismissal under Federal Rule of Civil Procedure 41, any court order must be limited to Andersen's damages claims for sales of Fiber Composites' products with less than 30% wood-fiber from January 1, 2001 through the date of final judgment.[1] Accordingly, Fiber Composites'

[1] Fiber Composites has not produced any information regarding its product formulas or sales since August 2002. As a result, Andersen is completely in the dark with respect to additional sales of product which literally infringe and will move for an accounting of infringing sales from August 2002 through the date of final judgment to ensure that it receives all of the damages to which it is entitled.

motion for judgment of noninfringement with regard to its products with less than 30% wood-fiber content should be denied.

## BACKGROUND

In November 2000, Andersen filed suit against Fiber Composites, alleging general infringement of its patents. (Compl. at 4-9.) In response, Fiber Composites filed an answer that asserted four affirmative defenses, including noninfringement literally and under the doctrine of equivalents, but it did not make any counterclaims against Andersen. (Answer at 7.) Discovery in this case began in spring 2001 and closed in August 2002, almost three years before trial.

Eventually, Fiber Composites admitted that its products with at least 30% wood-fiber weight literally infringed the ‘027 and ‘553 patents, but represented that its products sold after January 1, 2001 did not infringe. (Def.’s Mem. Supp. Mot. Partial Summ. J. at 10). Before trial, Andersen made a strategic decision not to seek damages under the alternate infringement theory of the doctrine of equivalents for the time period before the Court. Accordingly, Andersen has waived its damages claim under the doctrine of equivalents relating to product Fiber Composites sold between January 1, 2001 and the date of final judgment only.

## ARGUMENT

### I. Fiber Composites Cannot Obtain an Affirmative Judgment in Its Favor Because It Failed to Make a Counterclaim Upon Which the Court Can Render Judgment.

Fiber Composites was required to assert a counterclaim against Andersen if it wanted to obtain an entry of judgment of noninfringement under the doctrine of equivalents with regard to its products with less than 30% wood-fiber content. “Counterclaims and affirmative defenses are separate and distinct terms; a ‘counterclaim’ is a cause of action which seeks affirmative relief, while an ‘affirmative defense’ defeats the plaintiff’s cause of action by denial or confession and avoidance.” 61A Am. Jur. 2d *Pleading* § 293; Fed. R. Civ. P. 8(c) (“A party shall set forth

affirmatively . . . any other matter constituting an avoidance or affirmative defense."); Fed. R. Civ. P. 13(a) ("A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim . . . .").

Affirmative defenses challenge the plaintiff's legal right to bring an action but, unlike counterclaims, do not allow for recovery. 3 *Moore's Federal Practice*, § 13.90[1] (Matthew Bender 3d ed.). Instead of asserting a counterclaim for declaratory judgment of noninfringement—which is routine practice in patent cases—Fiber Composites merely answered, asserting four affirmative defenses, including noninfringement literally and under the doctrine of equivalents. (Answer at 7.) Fiber Composites concedes that it never brought any counterclaims against Andersen, (Mem. Supp. Mot. J. Noninfringement at 4), and that the issue of infringement "is now completely over and resolved." (*Id.* at 3.) Thus, Fiber Composites waived any judicial determination on the broad issue of whether product with less than 30% wood-fiber weight infringed under the doctrine of equivalents.

As the Supreme Court explained in *Cardinal Chemical Co. v. Morton*, a ruling on Fiber Composites' affirmative defense of noninfringement is simply unavailable because, without a counterclaim, such a judgment is immaterial to the resolution of this case. 508 U.S. 83, 93-94 (1993); *see also Elec. Fittings Corp. v. Thomas Betts Co.*, 307 U.S. 241 242 (1939) (reversing the trial court's entry of affirmative judgment of patent validity when invalidity had been raised only as an affirmative defense). Unlike a necessary resolution of a counterclaim, a ruling on Fiber Composites' affirmative defense of noninfringement under the doctrine of equivalents is improper. *Cardinal*, 508 U.S. at 93-94. Because Fiber Composites failed to assert a counterclaim, the entire dispute between the parties does not go beyond Andersen's general

infringement claim; the controversy between the parties came to an end when the infringement issue was resolved. *Id.* at 94 (citation omitted).

## II. Any Attempt by Fiber Composites to Obtain Judgment by Renewing Its Motion for Summary Judgment Is Untimely and Should Be Denied.

Next, presumably arguing under Federal Rule of Civil Procedure 56, Fiber Composites suggests that judgment may be entered in its favor if it simply renews its motion for summary judgment of noninfringement by its line of products with less than 30% wood-fiber content. (Mem. Supp. Mot. J. Noninfringement at 5.) The Court's scheduling order required all dispositive motions to be briefed, filed and served in fall 2002, almost three years ago. Fed R. Civ. P. 16 (e); Aug. 19, 2002 Order; Sept. 11, 2002 Order. Fiber Composites has not shown good cause for amending the Court's scheduling order, nor has it moved for leave to renew its motion for summary judgment at this late date as required by Federal Rule of Civil Procedure 16(b). Accordingly, its attempt to renew any summary judgment motion should be denied as untimely.

Moreover, even if Fiber Composites had made a proper motion for the Court to amend its scheduling order, summary judgment is an inappropriate procedural device at this stage of the litigation. Summary judgment is intended to be a "means to avoid the time and expense of discovery, preparation of trial, and trial itself." Fed. R. Civ. P. 56 advisory committee's note (1987); *see also* 11 *Moore's Federal Practice*, § 56.02 (Matthew Bender 3d ed.) ("The purpose of summary judgment . . . is to 'determine whether trial is actually required.'") (citing *Wynne v. Tufts Univ. Sch. of Med.*, 976 F.2d 791, 794 (1st Cir. 1992)). In this case, the parties have already invested in and gone forward with trial—the time when Rule 56 could have served its purpose has long passed.

## III. Though Inappropriate in this Case, Even Dismissal with Prejudice Does Not Provide for a Judgment of Noninfringement in Fiber Composites' Favor.

Though Fiber Composites has not stated which rule it is relying upon, if Fiber Composites is contending that Federal Rule of Civil Procedure 41 entitles it to a judgment of noninfringement, its motion must fail. Rule 41 governs dismissal of actions, and does not provide an avenue to affirmative judgment on an action or claim. Rule 41(b) provides that a defendant may move for involuntary dismissal of any claim against it if the plaintiff fails to prosecute. Andersen, however, claimed infringement and prosecuted that claim. (Am. Compl. at 5-9). Fiber Composites eventually conceded liability for infringement, admitting its products literally infringed the '027 and '553 patents. At trial Andersen pursued damages based on Fiber Composites' admitted literally infringing sales during the six-week period from November 16 through December 31, 2000. Before trial, Andersen waived only its claim for damages under the doctrine of equivalents for product sales from January 2001 through the date of final judgment. Given Andersen's narrow waiver, to the extent that Fiber Composites seeks a dismissal with prejudice regarding Andersen's infringement claim in its entirety under Rule 41, its motion should be denied.

Further, if an order for dismissal under Rule 41 is entered, it must necessarily be limited to claims for damages under the doctrine of equivalents for Fiber Composites' infringing product sales from January 2001 through the date of final judgment. In other words, dismissal with prejudice does not "embrace[] more than the specific devices before the court . . . ." *Young Eng'rs, Inc. v. United States Int'l Trade Comm'n*, 721 F.2d 1305, 1316 (Fed. Cir. 1983). Dismissal cannot "be given the effect of extinguishing claims which did not even then exist and which could not possibly have been sued upon in the previous case," and the Court cannot grant Fiber Composites "immunity from civil liability for future violations" with respect to new

products with different formulas. *Lawlor v. Nat'l Screen Serv. Corp.*, 349 U.S. 322, 328-29 (1955).[2]

Finally, if the Court finds that any of Andersen's claims should be dismissed, Rule 41 provides for an order for dismissal, not an affirmative judgment in favor of the moving party. Fed. R. Civ. P. 41(a)(2) ("Except as provided in paragraph (1) . . . an action shall not be dismissed . . . save upon *order of the court* . . . .) (emphasis added); Fed. R. Civ. P. 41(b) ("Unless the court in its *order for dismissal* otherwise specifies . . . .") (emphasis added); *Douris v. County of Bucks*, No. CIV.A. 99-3357, 2001 WL 767579, at *13-14 (E.D. Pa July 3, 2001) (ordering two of the plaintiff's conspiracy claims dismissed with prejudice when the plaintiff dropped them in his response to the defendant's motion for summary judgment, but not entering affirmative judgment in favor of the defendants on the conspiracy issues); *Peaches Entertainment Corp. v. Entertainment Repertoire Assocs., Inc.* Civ. A. No. 92-3193, 1993 WL 534016, at *11 (E.D. La. Dec. 13, 1993) (stating that the defendant was entitled to dismissal of claims with prejudice when the plaintiff had dropped its state law unfair trade practice claims, but not entering an affirmative judgment in favor of the defendant on those claims); *Robinson v. Credit Serv. Co.*, Civ. No. 90-4321, 1991 WL 186665, at *3 (D.N.J. Sept. 16, 1991) (ordering one of the plaintiff's claims under the Fair Debt Collection Practices Act dismissed with prejudice under Rule 41(a)(2), without entering affirmative judgment in favor of the defendant

[2] Andersen's decision to forego damages for product made between January 1, 2001 and the date of final judgment under the doctrine of equivalents cannot operate to render judgment on whether products Fiber Composites might make in the future with less than 30% wood-fiber weight infringe. Any new product different from those presently before the court will "require[] determination on their own facts." *Pfaff v. Wells Elec., Inc.*, 5 F.3d 514, 517 (Fed. Cir. 1993) (citing *Del Mar Avionics, Inc. v. Quinton Instrument Co.*, 836 F.2d 1320, 1324 (Fed. Cir. 1987)). A determination would require not only an analysis of the amount of wood fiber in the new products; it would also require an analysis of each element of the patent claims. *See Pfaff*, 5 F.3d at 517-19 (citing *A.B. Dick Co. v. Burroughs Corp.*, 713 F.2d 700, 704 (Fed. Cir. 1983) (holding that summary judgment was improper in subsequent litigation because the alleged infringer's new products created a genuine issue of material fact with respect to whether those products infringed the patentee's previously-construed claims).

on that issue, when the plaintiff decided not to pursue the claim after the defendant had moved for summary judgment on the claim).

The plain language of Rule 41, then, and the very unpublished, non-precedential cases that Fiber Composites cites in support of its argument, indicate that Rule 41 does not permit the Court to enter an affirmative judgment of noninfringement under the doctrine of equivalents with regard to Fiber Composites' products that contain less than 30% wood-fiber weight. If the Court enters any order in Fiber Composites' favor, it should be an order of dismissal narrowly tailored to cover only the claims before the Court which Andersen waived. To that end, though Andersen requests that Fiber Composites' motion be denied entirely, Andersen has proposed an appropriately tailored order if the Court does enter an order of dismissal. Fiber Composites' overreaching request for affirmative judgment should be denied.

## CONCLUSION

For the reasons stated above, Andersen Corporation respectfully requests that the Court deny Fiber Composites' motion for judgment of noninfringement.

Dated: May 6, 2005

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

By: s/ Misti Nelc
Ronald J. Schutz (#130849)
Becky R. Thorson (#254861)
Misti Nelc (#0296090)
Nicholas S. Boebel (#030217X)

2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, Minnesota 55402-2015
(612) 349-8500

ATTORNEYS FOR PLAINTIFF
ANDERSEN CORPORATION