**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Andersen Corporation,

Plaintiff,

Case No. 00-CV-2548 JNE/JGL

v.

Fiber Composites, LLC,

Defendant.

---

**PLAINTIFF ANDERSEN CORPORATION'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR A DETERMINATION AND AWARD OF PREJUDGMENT AND POST-JUDGMENT INTEREST**

Now that final judgment has been entered in this case, Andersen respectfully requests that the Court enter awards of prejudgment and post-judgment interest. As explained more fully herein, the law provides that Andersen is entitled to an award of prejudgment interest in accordance with Andersen's damages expert's methodology and calculations, as well as post-judgment interest under 28 U.S.C. § 1961 (2003). Thus, Andersen respectfully requests that the Court grant its motion.

## ARGUMENT

### I. An Award of Prejudgment Interest is Appropriate and Necessary

Andersen is entitled to prejudgment interest under the patent statute, which provides:

> Upon finding for the claimant the court shall award the claimant damages adequate to compensate for the infringement, but in no event less than a reasonably royalty for the use made of the invention by the infringer, together with *interest* and costs as fixed by the court.



Word 20133493.1

35 U.S.C. § 284 (2003) (emphasis added). The United States Supreme Court and the Federal Circuit have made it clear that, to fulfill the statutory mandate, plaintiffs such as Andersen who win patent infringement suits are entitled to prejudgment interest:

> In the typical case an award of prejudgment interest is necessary to ensure that the patent owner is placed in as good a position as he would be in had the infringer entered into a reasonable royalty agreement. An award of interest from the time that the royalty payments would have been received merely serves to make the patent owner whole, since his damages consist not only of the value of the royalty payments but also of the forgone use of the money between the time of infringement and the date of judgment.

*General Motors v. Devex Corp.*, 461 U.S. 648, 655-56 (1983). In *General Motors*, the Court explained that awarding prejudgment interest served § 284's underlying purpose by "afford[ing] the plaintiff full compensation for the infringement" and that prejudgment interest "should be awarded absent some justification for withholding such an award." *Id.* at 657.

In following the statutory and Supreme Court directive, the Federal Circuit has held that "[p]rejudgment interest is typically included as part of the patentee's recovery to insure compliance with the statutory mandate of 35 U.S.C. § 284 that damages be 'adequate to compensate for the infringement.'" *Stickle v. Heublein, Inc.*, 716 F.2d 1550, 1564 (Fed. Cir. 1983) (citing *General Motors v. Devex Corp.*, 461 U.S. 648 (1983)); *Oiness v. Walgreen Co.*, 88 F.3d 1025, 1033 (Fed. Cir. 1996) ("Interest compensates the patent owner for the use of its money between the date of injury and the date of judgment."). Indeed, the Federal Circuit has recognized that the award of prejudgment interest is "the rule, not the exception, and that "prejudgment interest in patent cases is withheld only under exceptional circumstances." *Sensonics, Inc. v. Aerosonic Corp.*, 81

F.3d 1566, 1574 (Fed. Cir. 1996); *see also Transclean Corp. v. Bridgewood Servs., Inc.* Civ. No. 97-2298, 2001 U.S. Dist. LEXIS 24383, at *42 (D. Minn. Jan. 8, 2001) ("A patent owner, who is successful in proving infringement, is ordinarily entitled to an award of prejudgment interest.") (attached as Ex. 1 to Akinwale Decl.); *Itron, Inc. v. Benghiat*, Civ. No. 99-501, 2003 U.S. Dist. LEXIS 15039, at *50-51 (D. Minn. Aug. 29, 2003) ("The only recognized reason to withhold prejudgment interest is where 'the patent owner has been responsible for undue delay.'") (citing *General Motors Corp. v. Devex Corp.*, 461 U.S. 648, 657 (1983)) (attached as Ex. 2 to Akinwale Decl.). In this case, there is no basis to deny an award of prejudgment interest.

Prejudgment interest is necessary to make Andersen whole as required by § 284,[1] and to compensate Andersen for the loss of the use of its money from the date of infringement to the date of judgment. *Nickson Indus., Inc. v. Rol Mfg. Co.*, 847 F.2d 795, 800 (Fed. Cir. 1998); *Maxwell v. J. Baker, Inc.*, 879 F. Supp. 1007, 1009 (D. Minn. 1995). Trial courts are afforded wide latitude in selecting interest rates and "may award interest at or above the prime rate," *Uniroyal, Inc. v. Rudkins-Wiley Corp.*, 939 F.2d 1540, 1545 (Fed. Cir. 1991) (citations omitted), and "it has been recognized that 'an award of compound rather than simple interest assures the patent owner is fully compensated.'" *Transclean*, 2001 U.S. Dist. LEXIS 24383, at *44 (citing *Rite-Hite Corp. v. Kelly Co., Inc.*, 56 F.3d 1548, 1555 (Fed. Cir. 1995)).

---

[1] To ensure that it is made whole, Andersen has also moved this Court for an Accounting of Fiber Composites' Infringing Sales from August 23, 2002 to May 12, 2005.

Because the Court found infringement and the jury determined that the '027 and '553 patents are valid, Andersen is entitled to prejudgment interest from the date of filing, November 16, 2000, through the date of final judgment, May 12, 2005. Pursuant to her declaration, Andersen's expert, Carol Ludington, has performed prejudgment interest calculations using the prime interest rate, compounded annually, running from January 1, 2001 until May 12, 2005. (Attached as Ex. A to Ludington Decl.) Based on these calculations, Andersen requests that the Court award Andersen prejudgment interest in the amount of $11,058. (*Id.*)

## II. By Statute, Andersen Is Entitled to and Should Be Awarded Post-Judgment Interest

Post-judgment interest is appropriate under 28 U.S.C. § 1961, which provides that interest "shall be allowed on any money judgment in a civil case recovered in a district court" until the date the judgment is paid. 28 U.S.C. § 1961(a), (b). The statute also sets forth the manner in which post-judgment interest should be calculated. Post-judgment interest is "calculated from the date of entry of the judgment at a rate equal to the weekly average 1-year constant maturity Treasury yield . . . for the calendar week preceding the date of judgment," and must be "computed daily and compounded annually to the date of payment." § 1961(a), (b). The amount of post-judgment interest cannot yet be ascertained but can be determined upon the date of payment.

## CONCLUSION

Andersen is entitled to prejudgment and post-judgment interest in this case. With respect to prejudgment interest, the prime interest rate, compounded quarterly, is appropriate to make Andersen whole for Fiber Composites' infringement. Accordingly, Andersen requests that this Court award prejudgment interest in the amount of $ 11,058 and post-judgment interest in an amount to be determined as described under 28 U.S.C. § 1961.

Dated: May 16, 2005 ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

By: /s/ Busola A. Akinwale
Ronald J. Schutz (#130849)
Becky R. Thorson (#254861)
Misti Nelc (#0296090)
Nicholas S. Boebel (#030217X)
Busola A. Akinwale (#0338217)

2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, Minnesota 55402-2015
(612) 349-8500

ATTORNEYS FOR PLAINTIFF
ANDERSEN CORPORATION