**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Andersen Corporation,

Plaintiff,

v.

Fiber Composites, LLC,

Defendant.

Case No. 00-CV-2548 JNE/JGL

# PLAINTIFF ANDERSEN CORPORATION'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR AN ACCOUNTING OF FIBER COMPOSITES' INFRINGING SALES FROM AUGUST 23, 2002 TO MAY 12, 2005

Plaintiff Andersen Corporation ("Andersen") requests that the Court, according to its authority under 35 U.S.C. § 284 (2003), order Fiber Composites, LLC ("Fiber Composites") to account for any continued literally infringing sales from August 23, 2002, the date Fiber Composites last produced documents, through May 12, 2005, the date of final judgment. The damages evidence that the jury considered covered Fiber Composites' literal infringement from November 16, 2000 until December 31, 2000. Fiber Composites may have continued to manufacture and sell literally infringing railing systems since August 23, 2002. An accounting, therefore, is necessary to make a final tally of all infringing sales from August 23, 2002 to final judgment, and Fiber Composites should be ordered to preserve, maintain and identify its sales records from that period to ensure that the accounting is complete.

## BACKGROUND

This case was filed in November 2000. (Compl. at 10.) In an attempt to prepare for trial, both Andersen and Fiber Composites agreed to produce documents early in this litigation. Fiber Composites completed its production (after several Andersen motions to compel) on August 23, 2002. (Nelc Decl. Ex. 1.)

At the summary judgment stage, Fiber Composites admitted and this Court ruled that Fiber Composites' products with at least 30% wood-fiber weight infringe the '553 and '027 patents (the "Deaner patents"). (July 22, 2003 Summ. J. Order at 12.) At trial, the jury determined that the Deaner patents are not invalid and awarded Andersen damages for Fiber Composites' infringement from November 16, 2000 to December 31, 2000. (Apr. 12, 2005 Special Verdict Form.) On May 12, 2005, the Court adopted and entered judgment on the jury's verdict. (May 12, 2005 Order and Judgment in a Civil Case.) Because the jury was not able to consider infringing sales that occurred after Fiber Composites last produced documents, and because preliminary testing indicates that Fiber Composites may continue to sell literally infringing rail products, Andersen seeks a post-trial accounting on all infringing sales since August 23, 2002 up to May 12, 2005.

## ARGUMENT

### I. An Accounting of Fiber Composites's Literally Infringing Sales from August 23, 2002 through May 12, 2005 Is Proper and Necessary to Compensate Andersen for Fiber Composites' Literal Infringement.

Andersen's request for an accounting is proper. In its complaint, Andersen asked that Fiber Composites "be ordered to *account for* and pay to Andersen Corporation the damages to which Andersen Corporation is entitled as a consequence of Defendant's

infringement." (Am. Compl. at 10) (emphasis added). Statutory authority contemplates an accounting in patent infringement cases. *See* Fed. R. Civ. P. 62(a) ("a[n] *order directing an accounting* in an action for infringement for letters patent" shall not be stayed pending appeal) (emphasis added); *see also* 28 U.S.C. § 1292(c)(2) (2003) ("[T]he Federal Circuit shall have exclusive jurisdiction . . . of an appeal from a judgment in a civil action for patent infringement . . . and is final *except for an accounting*.") (emphasis added).

Indeed, this Court has recognized that "[c]ourts 'routinely grant motions for further accounting' where the jury did not consider certain periods of infringing activity." *Itron, Inc. v. Benghiat*, Civ. No. 99-501, 2003 U.S. Dist. LEXIS 15039, at *48-49 (D. Minn. Aug. 29, 2003) (attached as Exhibit 2 to Nelc Decl.) (holding that the plaintiff was entitled to an accounting when a relevant six-month period was not part of the jury's consideration); *Maxwell v. J. Baker, Inc.*, 879 F. Supp. 1007, 1011 (D. Minn. 1995) (noting that plaintiff would be entitled to a final accounting of infringing sales beyond the period the jury was able to consider); *see also Mikohn Gaming Corp. v. Acres Gaming, Inc.*, No. CV-S-97-1383, 2001 U.S. Dist. LEXIS 23416, at *52-54 (D. Nev. Aug. 1, 2001) (ordering an accounting as "standard practice in patent cases") (attached as Exhibit 3 to Nelc Decl.). At trial, both parties' experts presented damages evidence relating to Fiber Composites' literally infringing sales from November 16, 2000 until December 31, 2000. In making its reasonable royalty determination, then, the jury was necessarily limited to considering the sales data from November 16, 2000 until December 31, 2000. Therefore, an accounting of the damages that have accrued from Fiber Composites'

literally infringing sales since August 23, 2002, when Fiber Composites last chose to produce financial (or any other) information, is required to ensure that Andersen receives the damages it is due.

Under 35 U.S.C. § 284, Andersen must be awarded "damages adequate to compensate for the infringement, but in *no event* less than a reasonable royalty" for Fiber Composites's literal infringement of the Deaner patents. (emphasis added). In patent cases, plaintiffs are entitled to damages for infringing "use or manufacture that occurs between the filing of the original petition and the expiration of the patent or the entry of final judgment, whichever occurs first." *Calhoun v. United States*, 354 F.2d 337, 340 (Ct. Cl. 1965). In the three years since fact discovery in this case closed, Fiber Composites has admitted that its railing products with 30% or more wood-fiber weight literally infringe the Deaner patents, and the Court has granted summary judgment in Andersen's favor on that issue. (July 22, 2003 Order at 12.) So, to ensure that Andersen is fully compensated for Fiber Composites's literal infringement, Andersen is entitled to an accounting of Fiber Composites' sales from August 23, 2002 through May 12, 2005.

Andersen has properly proven damages from November 16, 2000 to December 31, 2000, and the jury awarded damages for that time period. Further, through the special verdict form, the jury set a reasonable royalty rate of 3%. The Court can now apply the 3% reasonable royalty rate the jury determined to any infringing sales the jury did not consider and calculate the total reasonable royalty Andersen is due. *See Braintree Labs., Inc. v. Nephro-Tech., Inc.*, 81 F. Supp. 2d 1122, 1140 (D. Kan. 2000) (noting that after an accounting, the court could simply apply the jury's reasonable royalty rate determination

to the additional infringing sales).

## II. This Court Should Order that Counsel for the Parties to Discuss a Plan for the Accounting Process and Make a Recommendation to the Court.

Andersen further requests that this Court order the parties to discuss and prepare a plan for the process for the accounting and submit it to the Court for its approval. This step is necessary because Andersen believes Fiber Composites continues to make and sell literally infringing product—despite Fiber Composties' representations otherwise (*see, e.g.*, Apr. 6, 2005 Trial Tr. 624:18-24). Andersen has retained an outside testing company to investigate Fiber Composites' products. Though the tests are not complete, the very preliminary results indicate that Fiber Composites continues to make and sell product with a wood-fiber weight of at least 30%**.** (Akinwale Decl. ¶ 7) The proposed plan, therefore, would likely discuss the disclosure of complete product testing results and also cover the nature and scope of discovery required to complete the accounting process in order to make a final tally of all sales from August 23, 2002 to May 12, 2005—the date of final judgment.

## III. Fiber Composites Should Be Ordered to Keep Track of Its Infringing Sales Until a Final Accounting Can Be Prepared.

Andersen also requests that this Court order Fiber Composites to preserve, maintain, and identify records of its sales of all railing product from August 23, 2002 through May 12, 2005 so that, when the final accounting is had, the records are accurate and complete. Andersen is entitled to the full damages "adequate to compensate it for [Fiber Composites's] infringement." 35 U.S.C. § 284; *Maxwell*, 879 F. Supp. at 1011 (ordering the defendant, which had not kept separate sales records despite being charged

with infringement and a jury verdict against it, to "establish and implement a record keeping system which distinguishes between infringing and noninfringing sales" until a final accounting could be had). As this Court recognized in *Maxwell*, compelling Fiber Composites to keep and produce records of its sales in connection with an accounting is the most appropriate way to address Andersen's right to adequate compensation consistent with statutory requirements. 879 F. Supp. at 1011; 35 U.S.C. § 284.

As set forth above, the preliminary testing indicates that Fiber Composites is making and selling product that literally infringes the '027 and '553 patents—requiring Fiber Composites to preserve, maintain, and identify of all railing system sales is appropriate to assist in the accounting process and to allow Andersen to examine whether Fiber Composites has accounted for the additional sales of infringing product. Accordingly, if Fiber Composites has sold or is selling infringing products since it last produced documents, those sales should of course be accounted for in determining the amount adequate to compensate Andersen for *all* of Fiber Composites' literal infringement.

If Fiber Composites has failed to keep track of its infringing sales, Andersen should not shoulder the burden imposed by Fiber Composites's inadequate record keeping. "[W]here it is impossible to make a mathematical or approximate apportionment between infringing and noninfringing items, the infringer must bear the burden and the entire risk." *Nickson Indus., Inc. v. Rol Mfg. Co.*, 847 F.2d 795, 799 (Fed. Cir. 1988) (citation omitted). Furthermore, "adverse inferences are appropriately drawn" when damage calculation has been impeded by an infringer's incomplete records.

*Sensonics, Inc. v. Aerosonic Corp.*, 81 F.3d 1566, 1572 (Fed. Cir. 1996); *see also TWM Mfg. Co. v. Dura Corp.*, 789 F.2d 895, 900 (Fed. Cir. 1986) (citation omitted) (recognizing that "any adverse consequences must rest on the infringer when the inability to ascertain [damages] is due to the infringer's own failure to keep accurate or complete records"). Thus, any doubts regarding the precise amount of damages must be resolved in Andersen's favor.

**CONCLUSION**

For the foregoing reasons, Andersen respectfully requests that the Court grant Andersen's request for a post-judgment accounting of damages for all of Fiber Composites' infringing sales that occurred from August 23, 2002 through May 12, 2005. In addition, Andersen requests that the Court order counsel for the parties to discuss a plan for the accounting process and make a recommendation to the Court, as well as order Fiber Composites to keep records of all of its railing system sales until the final accounting is completed.

Dated: May 16, 2005. **ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**

By: /s/ Busola A. Akinwale
Ronald J. Schutz (#130849)
Becky R. Thorson (#254861)
Misti Nelc (#296090)
Nicholas S. Boebel (#030217X)
Busola A. Akinwale (#0338217)

2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, Minnesota 55402-2015
(612) 349-8500

**ATTORNEYS FOR PLAINTIFF ANDERSEN CORPORATION**