UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

ANDERSEN CORPORATION,

Plaintiff,

v.

FIBER COMPOSITES, LLC,

Defendant.

CIV NO. 00-CV-2548 (JNE/JGL)

**DEFENDANT FIBER COMPOSITES, LLC'S MEMORANDUM IN RESPONSE TO PLAINTIFF ANDERSEN CORPORATION'S MOTION FOR A DETERMINATION AND AWARD OF PREJUDGMENT AND POST-JUDGMENT INTEREST**

Andersen has moved for an award of pre- and post-judgment interest. While these awards are discretionary with the Court, and there is ample reason for the Court to deny them here, Fiber Composites opposes the motion, in particular, to the extent that Andersen has calculated the pre-judgment interest in a manner as to make it excessive.

**I. Background**

This case began with Fiber Composites accused of infringing six patents. By the time of trial, four of Andersen's patents had been removed from the case on summary judgment, and for the remaining two, the damages period lasted just six weeks from November 16, 2000 until December 31, 2000. During that time (and thereafter), Andersen was not selling a competing railing product, and there is no evidence it had any licenses under the patents-in-suit for railing products at that time. Consequently, any royalties Andersen obtained for this short damage period would, in effect, be added revenue which Andersen would not have otherwise received.

On April 12, 2005, the jury returned a verdict finding that Fiber Composites' admitted literal infringement for that six week damages period was not willful, and the jury awarded damages to Andersen in the amount of only $ 46,020.00. Nevertheless, Andersen has now computed pre-judgment interest in the amount of over $11,000 which is almost 25% of the actual damages award. That amount is excessive under the circumstances.

## II. Argument

### A. Prejudgment Interest Is Authorized Under 35 U.S.C. § 284.

The United States Supreme Court has made it clear that any award of prejudgment interest pursuant to 35 U.S.C. § 284 is discretionary with the court. *See General Motors Corp. v. Devex Corp.*, 461 U.S. 648, 655-57 (1983) ("We do not construe § 284 as requiring the award of prejudgment interest whenever infringement is found."). In addition, the district court has "substantial discretion" to determine the interest rate of any prejudgment interest awarded in patent infringement cases. *See Gyromat Corp. v. Champion Spark Plug Co.*, 735 F.2d 549, 556 (Fed. Cir. 1984) (citing *Railroad Dynamics, Inc. v. A. Stucki Co.*, 727 F.2d 1506 (Fed. Cir. 1984)). Likewise, whether to award simple or compound interest is also a matter largely within the discretion of the district court. *Gyromat*, 735 F.2d at 557 (declining to rule that prejudgment interest must be compounded rather than simple as a matter of law).

Here, Andersen has selected the prime rate as the pre-judgment interest rate. To the extent the Court exercises its discretion to award any pre-judgment interest at all, the prime rate is reasonable. However, Fiber Composites submits that if the Court awards

prejudgment interest to Andersen in this case, the interest should be simple rather than compounded. *In Rite-Hite Corp. v. Kelley Co., Inc.*, 56 F.3d 1538, 1555 (Fed. Cir. 1995), the Federal Circuit said:

> Rite-Hite also argues that the district court erred in awarding interest at a simple rather than a compound rate because, as a matter of law, prejudgment interest must be compounded. We disagree. It has been recognized that 'an award of compound rather than simple interest assures that the patent owner is fully compensated.' *Fromson v. Western Litho Plate & Supply Co.*, 13 USPQ2d 1856, 1989 WL 149268 (E.D. Mo. 1989), *aff'd mem.*, 909 F.2d 1495 (Fed. Cir. 1990). However, the determination whether to award simple or compound interest is a matter largely within the discretion of the district court. *Gyromat Corp. v. Champion Spark Plug Co.*, 735 F.2d 549, 557, 222 USPQ 4, 10 (Fed. Cir. 1984) (declining to rule that prejudgment interest must be compounded as a matter of law). Rite-Hite has not persuaded us that the court abused its discretion in awarding interest at a simple rate.

In this case, Andersen has made no showing whatsoever that compounding the pre-judgment interest is necessary to "fully compensate" it. Indeed, the evidence is otherwise. Andersen was not making a competing railing product at the time (and in fact never made a competing product). There is no evidence that these six weeks of infringing sales cost Andersen any licensing revenue either, as it appears that Andersen's licenses to Fiber Composites' competitors came later (and the licenses were never introduced into evidence by Andersen). Consequently, the damages award itself is simply extra money for Andersen. And as a result, the interest should not be compounded, resulting in a damages amount that is about 25% higher than the amount the jury awarded Andersen. To the extent any discretionary interest should be awarded at all, the award should be prime rate with simple interest.

**B. Post-judgment Interest Is Authorized Under 28 U.S.C. § 1961.**

Fiber Composites agrees that 28 U.S.C. § 1961 authorizes the award of post-judgment interest in civil suits, i*d*. ("Interest shall be allowed on any money judgment in a civil case recovered in a district court."), but Fiber Composites views this issue as premature at this time.

## III. Conclusion

Fiber Composites respectfully requests that, if the Court awards prejudgment interest, it should be simple rather than compound. Fiber Composites also maintains the right to object to post-judgment interest computations if not in conformity with 28 U.S.C. § 1961.

Dated: May 31, 2005

FISH & RICHARDSON P.C., P.A.

By: s/Katherine A. Moerke

Katherine A. Moerke (#312277)
3300 Dain Rauscher Plaza
60 South Sixth Street
Minneapolis, MN 55402
Telephone: (612) 335-5070

John M. Skenyon
Michael E. Zeliger
Fish & Richardson P.C.
225 Franklin Street
Boston, MA 02110-2804
Tel.: (617) 542-5070
Fax: (617) 542-8906

Attorneys for Defendant
FIBER COMPOSITES, LLC

21097576.doc