**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Andersen Corporation,

Plaintiff,

Case No. 00-CV-2548 JNE/JGL

v.

Fiber Composites, LLC,

Defendant.

---

# PLAINTIFF ANDERSEN CORPORATION'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION FOR A DETERMINATION AND AWARD OF PREJUDGMENT AND POST-JUDGMENT INTEREST

Fiber Composites, L.L.C. ("Fiber Composites") concedes that federal statutes provide for prejudgment and post-judgment interest. The Court therefore should grant Andersen Corporation's ("Andersen") motion for prejudgment interest, using compound interest, which is appropriate in this case to compensate Andersen for its lost time value of money. Likewise, the Court should order that Andersen is entitled to post-judgment interest, which should be calculated as mandated under 28 U.S.C. § 1961 (2003).

## ARGUMENT

### I. Andersen's Request for Prejudgment Interest at the Prime Rate and Compounded Annually is Appropriate.

On the prejudgment interest issue, the only point of contention between the parties is whether the Court should award Andersen simple or compound interest. Fiber Composites concedes that an award of prejudgment interest is authorized under 35 U.S.C. § 284, and merely states without explanation or argument, that there is "ample reason" for the Court to deny Andersen's request. (Fiber Composites Mem. at 1-2.). Fiber Composites does not argue that the only recognized "exceptional circumstance" for withholding prejudgment interest —i.e., when the patent owner is responsible for undue delay—is present in this case, nor does Fiber Composites offer any other justification for the Court to withhold prejudgment interest. *See Sensonics , Inc. v. Aerosonic Corp.*, 81 F.3d 1566, 1574 (Fed. Cir. 1996); *General Motors v. Devex Corp.*, 461 U.S. 648, 657 (1983); *Itron v. Benghiat*, Civ. No. 99-501, 2003 U.S. Dist. LEXIS 15039, at *50-51 (D. Minn. Aug. 29, 2003). Andersen, therefore, is entitled to an award of prejudgment interest computed from November 16, 2000, the date the complaint was filed, until May 12, 2005, the date final judgment was entered. *See id.* at 655-56.

The parties agree that the prime rate is reasonable for the prejudgment interest rate. (Fiber Composites Mem. at 2; Andersen Mem. at 4.) To fully compensate Andersen for the harm Fiber Composite's admitted infringement caused, the Court should award compounded interest rather than simple interest as Fiber Composites suggests. (Fiber Composites Mem. at 2-3.) Contrary to Fiber Composites' assertions, the purpose

of awarding compound interest is *not* to compensate Andersen for any sales lost to Fiber Composites, or to compensate Andersen for any licensing revenue it lost because of Fiber Composites' admitted infringement. (Fiber Composites Mem. at 3.) These factors relate to the value of royalty payments and are beside the point. Rather, the purpose of an award of compound interest is to compensate Andersen for its loss of the use of $46,020—the money that the jury awarded. Andersen's "damages consist not only of the value of the royalty payments but *also of the forgone use of the money* between the time of infringement and the date of judgment." *General Motors*, 46 U.S. at 655-56 (emphasis added).

Thus, while the Court has discretion in determining whether interest should be simple or compound, "it has been recognized that that 'an award of compound rather than simple interest assures the patent owner is fully compensated'" for the lost time value of money. *Rite-Hite Corp. v. Kelly Co., Inc.*, 56 F.3d 1548, 1555 (Fed. Cir. 1995) (citation omitted). Minnesota courts have followed this guidance, awarding interest at a compound, rather than a simple, rate. *See, e.g.*, *Maxwell v. J. Baker, Inc.*, 879 F. Supp. 1007, 1009 (D. Minn. 1995) (awarding prejudgment interest at the prime rate compounded annually); *Transclean Corp. v. Bridgewood Servs., Inc.*, Civ. No. 97-2298, 2001 U.S. Dist. LEXIS 24383, at *45 (D. Minn. Jan. 8, 2001) (awarding prejudgment interest at the prime rate compounded annually, resulting in an interest award that was 36% higher than infringement damages alone). Fiber Composites has not cited any Minnesota authority to support its assertion that compound interest is inappropriate in this case. Accordingly, this Court, too, should award Andersen prejudgment interest

calculated at the prime rate and compounded annually to adequately remedy Andersen's injury.

**II. It Is Ripe and Proper for the Court to Grant Andersen's Motion for Post-Judgment Interest, the Precise Amount of Which Can Be Determined After Fiber Composites Pays the Judgment.**

Fiber Composites concedes that 28 U.S.C. §1961 provides for an award of post-judgment interest but states, again without any explanation, that it views the issue as premature. (Fiber Composites Mem. at 4.) Andersen is not suggesting that the Court should calculate and award the amount of post-judgment interest at this time. Rather, Andersen simply requests the Court to order such a calculation to be made, as § 1961 requires, once Fiber Composites pays the money Andersen is due according to the jury verdict and the Court's judgment.

**CONCLUSION**

For the reasons stated herein, and those stated in its initial memorandum, Andersen Corporation respectfully requests that the Court grant its motion for a determination and award of prejudgment and post-judgment interest.

Dated: June 15, 2005

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

By: /s/ Busola A. Akinwale
Ronald J. Schutz (#130849)
Becky R. Thorson (#254861)
Misti Nelc (#0296090)
Nicholas S. Boebel (#030217X)
Busola A. Akinwale (#0338217)

2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, Minnesota 55402-2015
(612) 349-8500

ATTORNEYS FOR PLAINTIFF
ANDERSEN CORPORATION