**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Andersen Corporation,

Plaintiff,

v.

Fiber Composites, LLC,

Defendant.

Case No. 00-CV-2548 JNE/JGL

---

**PLAINTIFF ANDERSEN CORPORATION'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION FOR AN ACCOUNTING OF FIBER COMPOSITES' INFRINGING SALES FROM AUGUST 23, 2002 TO MAY 12, 2005**

In the interest of a fair, efficient conclusion to this litigation, the Court should grant Andersen Corporation's ("Andersen") motion for an accounting of Fiber Composites, L.L.C.'s ("Fiber Composites") infringing sales between August 23, 2002 and May 12, 2005. Andersen asked for an accounting in its initial pleadings and has preserved its right to an accounting throughout the course of this law suit. Before now, Fiber Composites never challenged Andersen's right to an accounting. Both statutory and case law provide for such a remedy, and Andersen never waived its right to the damages it is due for any infringement that may have occurred after discovery closed. Thus, to ensure that it is adequately compensated for any continuing infringement by Fiber Composites, Andersen's motion for an accounting should be granted.

## ARGUMENT

**I. Under Applicable Law, an Accounting is Appropriate in This Case.**

Having requested an accounting in its pleadings and preserved its right to the remedy during the course of this litigation, Andersen's request for an accounting is proper. *See Mikohn Gaming Corp. v. Acres Gaming, Inc.*, Case No. CV-S-97-1383, 2001 U.S. Dist. LEXIS 23416, at *55 (D. Nev. Aug. 1, 2001) (stating that the plaintiff was entitled to an accounting even though it had failed to ask for it separately).

Fiber Composites concedes that Minnesota courts acknowledge that "[c]ourts 'routinely grant motions for further accounting' where the jury did not consider certain periods of infringing activity," yet argues that the case before the Court is distinguishable from those where accountings are granted because here the infringement is not ongoing. (Fiber Composites Mem. at 3-6.) Despite Fiber Composites' suggestions otherwise, (*see*, *e.g.*, Fiber Composites Mem. at 3, 5, 10), Andersen was under no obligation to continue to obtain evidence or test Fiber Composites' products through the date of trial so that it could produce such evidence at trial. Further, Fiber Composites does not cite any legal authority for its contention.

Indeed, Federal Rule of Civil Procedure 16(b) requires courts to set fact discovery deadlines and, as Fiber Composites admits, infringing sales can be proven only through "some pretrial date." (Fiber Composites Mem. at 3.); *see also In re Control Data Corp. Sec. Litig.*, 933 F.2d 616, 621 (8th Cir. 1991) (holding that the pre-trial order "controls the subsequent course of the action;" consequently, parties may not offer evidence that violates the pretrial order's terms) (citing Fed. R. Civ. P. 16(e)). In this case, discovery

closed almost three years ago and Fiber Composites last produced documents on August 23, 2002. So, in making its damages determination at trial, the jury could not possibly have had "sufficient evidence from which to determine damages from [any] infringement" that occurred after August 23, 2002. *Itron, Inc. v. Benghiat*, Civ No. 99-501, 2003 U.S. Dist. LEXIS 15039, at *49 (D. Minn. Aug. 29, 2003). An accounting, therefore, is required in this case to update Fiber Composites' post-August 23, 2003 product and sales information so that Andersen is fully compensated for any continuing infringement by Fiber Composites.

Moreover, Fiber Composites' reliance on an Illinois district court case, *Syndia Corp. v. Gillette Co.*, No. 01 C 2485, 2002 WL 2012473 (N.D. Ill. Aug. 30, 2002), is misplaced. (Fiber Composites Mem. at 7-9.) In *Syndia*, the plaintiff sought an accounting not only on sales that took place between the close of discovery and the date of final judgment, but on sales that occurred *after the date judgment was entered*. 2002 WL 2012473, at *1-2. The *Syndia* court recognized that "it is apparent that [the plaintiff] is entitled at least to discovery about the number of units . . . sold up to the date of judgment," but held that the plaintiff was not entitled to information on sales made after the date of judgment *Id.* at *1-3. Thus, *Syndia* actually demonstrates that Andersen's routine request for accounting of sales from August 23, 2002, the date Fiber Composites last produced documents, until May 12, 2005, the date of final judgment, enjoys ample support in case law.

## II. An Order Requiring Counsel to Meet Regarding the Accounting Process Will Address Fiber Composites' Concerns About Andersen's Test Results.

Because Andersen received a jury verdict that its patents are not invalid, and because the information available at trial was almost three years old, Andersen is entitled to an accounting of any infringing sales from August 23, 2002 to May 12, 2005. At this stage, Andersen's testing of Fiber Composites' products is still only preliminary and complete testing results are not yet available. For that reason, as set forth in its Proposed Order, Andersen also proposes that counsel for the parties meet and discuss the accounting process as a whole, including the disclosure of Andersen's testing results, to determine the appropriate scope of any accounting.

## CONCLUSION

For the reasons stated above, and those in its initial memorandum, Andersen respectfully requests that the Court grant its motion for an accounting for any of Fiber Composites' infringing sales that occurred between August 23, 2002 and May 12, 2005.

Dated: June 15, 2005

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

By: /s/ Busola A. Akinwale
Ronald J. Schutz (#130849)
Becky R. Thorson (#254861)
Misti Nelc (#0296090)
Nicholas S. Boebel (#030217X)
Busola A. Akinwale (#0338217)

2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, Minnesota 55402-2015
(612) 349-8500

ATTORNEYS FOR PLAINTIFF
ANDERSEN CORPORATION