**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Andersen Corporation,

Plaintiff,

Case No. 00-CV-2548 JNE/JGL

v.

Fiber Composites, LLC,

Defendant.

---

**PLAINTIFF ANDERSEN CORPORATION'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION FOR A PERMANENT INJUNCTION PROHIBITING INFRINGEMENT OF U.S. PATENT NO. 5,539,027 AND U.S. PATENT NO. 5,486,553**

The Court should grant Andersen's routine motion for a permanent injunction because the rules provide for it and there is no sound reason to deny it. To the extent that an order for injunctive relief needs to be further tailored, Andersen is submitting an alternative proposed order along with this memorandum.

**ARGUMENT**

Andersen has established that Fiber Composites' railing parts with at least 30% wood-fiber weight literally infringe claims 1, 2, 3, 4, 5, 6, and 9 of U.S. Patent No. 5,539,027 ("the '027 patent") and claims 1, 2, 3, 4, 5, 6, and 22 of U.S. Patent No. 5,486,553 ("the '553 patent"). (*See* July 22, 2003 Order at 12). Andersen, therefore, is entitled to an injunction to exclude Fiber Composites from continuing to infringe these claims. *Richardson v. Suzuki Motor Co.*, 868 F.2d 1226, 1246-47 (Fed. Cir. 1989)

("Infringement having been established, it is contrary to the laws of property . . . to deny the patentee's right to exclude others from the use of his property."). Because the general rule is that an injunction will issue when infringement has been adjudged, and because Fiber Composites has not presented a sound reason for denying it, Andersen's motion for a permanent injunction should be granted. *See id.* at 1247.

Fiber Composites asserts that the evidence that it is no longer infringing is "very persuasive" and that there is "overwhelming" evidence that further infringement will not take place. (Fiber Composites Mem. at 5.) Fiber Composites, however, has not produced any product or sales information since August 2002. To support its contention that infringement has stopped, Fiber Composites relies merely on a formula chart that includes information only through May 2001 and self-serving statements made by a Fiber Composites officer. (Fiber Composites Mem. at 5.) Accordingly, the exception to the rule that "[t]he fact that the defendant has stopped infringing is generally not a reason for denying an injunction against future infringement unless the evidence is *very persuasive* that further infringement will not take place" does not apply here. *W.L. Gore & Assocs. v. Garlock, Inc.*, 842 F.2d 1275, 1281 (Fed. Cir. 1988) (emphasis added). Andersen's motion for a permanent injunction should not be denied on the scant evidence Fiber Composites has presented since August 2002.

The permanent injunction must prohibit "infringement of the patent by the adjudicated devices and infringement by devices not more than colorably different from the adjudicated devices." *Int'l Rectifier Corp. v. IXYS Corp.*, 383 F.3d 1312, 1316 (Fed. Cir. 2004). Despite Fiber Composites' assertions, a permanent injunction should not

merely prohibit infringement by products made within a particular time frame that have been adjudged to infringe. (Fiber Composites Mem. at 11.) Indeed, it would defeat the purpose of injunctive relief against future infringement for the Court to issue an injunction that, as Fiber Composites suggests, prohibits Fiber Composites from infringing with products made four years ago. Rather, as Fiber Composites recognizes, (*id.*) in designing appropriate injunctive relief the Court should focus on the actual products adjudged to infringe. This Court held that Fiber Composites' railing parts with at least 30% wood-fiber weight literally infringe the asserted claims of the '027 and '553 patents. (July 22, 2003 Order at 12.) Therefore, the injunction should prohibit Fiber Composites from infringing the patents with railing parts with at least 30% wood-fiber weight and with products not colorably different.

Moreover, Fiber Composites' proposed order is too broad and would serve as an improper adjudication of infringement under the doctrine of equivalents, an issue that was not before the Court at trial. (Fiber Composites Proposed Order ¶ 7); *see Int'l Rectifier*, 383 F.3d at 1318. By proposing that the Court order that Fiber Composites' railing parts with less than 30% wood-fiber weight do not infringe the asserted claims of the '027 and '553 patents, Fiber Composites is merely making yet another improper attempt to obtain a judgment on its noninfringement affirmative defense. For the same reasons Andersen articulated in its opposition to Fiber Composites' memorandum in support of its motion for judgment of noninfringement, and because Fiber Composites' products with less than 30% wood-fiber weight were not at issue at trial and were not adjudicated in this case, the Court should not grant Fiber Composites a back-door

judgment of noninfringement under the doctrine of equivalents via Andersen's motion for injunctive relief. *See Int'l Rectifier*, 383 F.3d at 1318.

**CONCLUSION**

For the reasons stated herein and in Andersen's initial memorandum, Andersen's motion for a permanent injunction should be granted.

Dated: June 15, 2005

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

By: /s/ Busola A. Akinwale

Ronald J. Schutz (#130849)
Becky R. Thorson (#254861)
Misti Nelc (#0296090)
Nicholas S. Boebel (#030217X)
Busola A. Akinwale (#0338217)

2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, Minnesota 55402-2015
(612) 349-8500

ATTORNEYS FOR PLAINTIFF
ANDERSEN CORPORATION