**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Andersen Corporation,

Plaintiff,

v.

Fiber Composites, LLC,

Defendant.

Case No. 00-CV-2548 JNE/JGL

---

**PLAINTIFF ANDERSEN CORPORATION'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR JUDGMENT OF WILLFUL INFRINGEMENT AS A MATTER OF LAW PURSUANT TO RULE 50 OF THE FEDERAL RULES OF CIVIL PROCEDURE**

Andersen Corporation ("Andersen") asks this Court, under Federal Rule of Civil Procedure 50, for judgment of willful infringement as a matter of law. During the summary judgment stage of this case, Fiber Composites admitted and this Court found that Fiber Composites infringed Andersen's patents, U.S. Patent Nos. 5,539,027 ("the '027 patent") and 5,486,553 ("the '553 patent"). This case was tried before a jury beginning on April 5, 2005. On April 12, the jury returned a verdict, finding that Andersen's patents are not invalid and that Andersen is entitled to damages for Fiber Composites' infringement, but that Fiber Composites' infringement is not willful.

Based on the evidence presented at trial, no reasonable jury could have found that Fiber Composites' infringement was not willful. The undisputed evidence showed, clearly and convincingly, that Fiber Composites knew of Andersen's patents yet

continued to make infringing products without obtaining an opinion of counsel and without any reasonable basis for believing that its products did not infringe or that the patents were invalid. Accordingly, this Court should grant Andersen's motion for judgment of willful infringement as a matter of law.

## ARGUMENT

### I. Applicable Legal Standards

"[W]ith respect to issues involving issues of substantive patent law and certain procedures pertaining to patent law," this Court should apply Federal Circuit law. *See, e.g.*, *Utah Med. Prods., Inc. v. Graphic Controls Corp.*, 350 F.3d 1376, 1381 (Fed. Cir. 2003). On non-patent issues such as judgment as a matter of law, however, the Court should apply the law of the Eighth Circuit. *Id.*

Andersen has met the standard for judgment as a matter of law under Rule 50; that is, each "party has been heard on [the willfulness] issue and there is no legally sufficient evidentiary basis for a reasonable jury to find" that Fiber Composites did not willfully infringe the '027 and '553 patents. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 149 (2000) (quoting Fed. R. Civ. P. 50(a)). "[I]n entertaining a motion for judgment as a matter of law, the [C]ourt should review all of the evidence in the record." *Id.* at 150. When considering all the evidence, the Court "must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." *Id.* The Court should also give credence to the evidence "supporting the moving party that is uncontradicted and unimpeached, at least to the extent that that evidence comes from disinterested witnesses." *Id.* at 151 (citation omitted). Moreover,

the nonmoving party is entitled to only the benefit of reasonable inferences—"[w]hen the record contains no proof beyond speculation to support the verdict, judgment as a matter of law is appropriate." *Kinserlow v. CMI Corp.*, 217 F.3d 1021, 1026 (8th Cir. 2000) (citation omitted). Weighing those factors, in this case "all of the evidence points one way and 'is susceptible of no reasonable inference supporting the position of [Fiber Composites];'" accordingly, judgment of willful infringement as a matter of law is appropriate here. *Id.* at 1025 (citation omitted).

To establish willful infringement, at trial Andersen was required to prove, by clear and convincing evidence and under the totality of the circumstances, that Fiber Composites was aware of Andersen's patents, and that Fiber Composites proceeded to infringe without a reasonable basis for believing that its products did not infringe or that the patents were invalid. *Crystal Semiconductor Corp. v. Tritech, Inc.*, 246 F.3d 1336, 1351-52 (Fed. Cir. 2001); *Rite-Hite Corp. v. Kelley Co.*, 819 F.2d 1120, 1125-26 (Fed. Cir. 1987) (Jury Instruction on Willful Infringement, Tr. 1139:14-1140:17) (Akinwale Decl. Ex. 1). As shown below, no reasonable jury could have read the Court's instruction on willful infringement and found that Andersen did not prove that Fiber Composites willfully infringed Andersen's patents.

## II. At Trial Andersen Proved That Fiber Composites Willfully Infringed, and No Reasonable Jury Could Have Found Otherwise.

Through testimony of Fiber Composites' witnesses and the introduction of deposition testimony of third-party PolyOne witnesses, at trial Andersen met its burden to prove, by clear and convincing evidence, that Fiber Composites' infringement was

willful. Based on the evidence presented at trial, no reasonable jury could have found that Fiber Composites' infringement was not willful.

Fiber Composites conceded, and this Court found during summary judgment, that Fiber Composites literally infringed each asserted claim of the '027 and '553 patents. Further, the undisputed evidence at trial showed that Fiber Composites' Chief Operating Officer, James Przybylinski, knew about the Andersen wood fiber/PVC patents, (Tr. 477:10-16) (Akinwale Decl. Ex. 1), including the range of literal infringement long before this case was filed, (Pl.'s Exs. 252 and 254) (Akinwale Decl. Exs. 2 and 3), and yet Fiber Composites continued to infringe without seeking any legal opinion. (Def.'s Ex. 12; Tr. 720:1-5) (Akinwale Decl. Exs. 4 and 1).

The facts showing willful infringement were uncontradicted at trial. In February 2000, nine months before Andersen filed suit against Fiber Composites, but years after the '027 and '553 patents were issued by the Patent Office, Fiber Composites' Chief Operating Officer**,** James Przybylinski, told James Pajer, an employee of PolyOne Corporation, that he was using less than 30% wood in Fiber Composites' railing system because it allowed him "to avoid violation of the Andersen patent." (Pl.'s Exs. 252 and 254; Tr. 485:6-25-486:1-21) (Akinwale Decl. Exs. 2 and 3; Akinwale Decl. Ex. 1). Yet, in documents that Mr. Przybylinski created and that Fiber Composites produced in this case, it is clear that Fiber Composites continued to manufacture product where the inputs included more than 30% wood fiber until, at least, January 2001—nearly 10 months after his statement to Mr. Pajer. (Def.'s Ex. 12) (Akinwale Decl. Ex. 4). Further, Fiber Composites *admits* it made infringing product even after Mr. Przybylinski's February

2000 statement. (July 22, 2002 Order at 12.) Thus, the uncontradicted and unimpeached testimony of disinterested third-party witnesses and Fiber Composites' own officer showed that by at least February 2000, Mr. Przybylinski 1) was aware of the existence of the Andersen PVC-wood fiber patents, and 2) knew the percentage for the composite structural member to avoid literal infringement, yet continued to manufacture railing products with greater than 30% wood fiber weight. *Id.*; '027 Patent, Claim 1; '553 Patent, Claim 1; (Pl.'s Ex. 1; Pl.'s Ex. 2) (Akinwale Decl. Exs. 5 and 6); *Hoechst Celanese Corp. v. BP Chems. Ltd.*, 78 F.3d 1575, 1583-84 (Fed. Cir. 1996) (noting that willfulness is assessed against an objective standard of "reasonable commercial behavior").

Throughout 2000, PolyOne continued to call on Fiber Composites to form a relationship to sell PVC powder for use in Fiber Composites' railing products. (Tr. 439-25-440:1-5; 444:3-12) (Akinwale Decl. Ex. 1). In early October 2000, more than six weeks before Andersen filed suit, Mr. Pajer directed PolyOne's legal staff to prepare a notice, which he then instructed Fiber Composites' account manager, Kimberly Alanis to provide to Fiber Composites. (Tr. 441:1-22; Pl.'s Ex. 249.) (Akinwale Decl. Exs. 1 and 7). The notification was directed "TO: **Customers of PolyOne's PVC Compound Designed for Accepting Wood Fibers**," and Ms. Alanis personally handed the document to Mr. Przybylinski during a sales call. (Tr. 442:13-19) (Akinwale Decl. Ex. 1). The notice expressly warned Fiber Composites of Andersen's patent rights in the area of PVC wood fiber composites, and provided the address of the U.S. Patent and Trademark Office so Fiber Composites could examine Andersen's patent portfolio:

> One company that has several U.S. Patents covering PVC and wood fiber mixtures is Andersen Corporation of Bayport, Minnesota. Andersen likely has other patents pending. There may be patents issued and pending by persons other than Andersen which are relevant to PVC/wood fiber mixtures. The full text of patents is available on the web site of the U.S. Patent and Trademark Office at http://ftp.USPTO.gov/patft/index.html.

(Pl.'s Ex. 249) (Akinwale Decl. Ex. 7). Mr. Przyblylinski's and Mr. Mancosh's testimony established that Mr. Przybylinski reviewed the notice, signed it, and faxed it back to Ms. Alanis on October 6, 2000. (*Id.*; Tr. 721:10-12) (Akinwale Decl. Ex. 1).

Moreover, Mr. Przybylinksi's deposition testimony introduced at trial, and Mr. Mancosh's trial testimony, established that Fiber Composites took no action whatsoever that could be construed as complying with its affirmative duty of due care not to infringe Andersen's patents. (Tr. 477:10-25-478:1-6; 653:1-19; 720:1-25-721:1-9) (Akinwale Decl. Ex. 1); *see also Knorr-Bremse Systeme Fuer Nutzfahrzeuge GmbH v. Dana Corp.*, 383 F.3d 1337, 1343 (Fed Cir. 2004) (quoting *L.A. Gear, Inc. v. Thom McAn Shoe Co.*, 988 F.2d 1117, 1127 (Fed. Cir. 1993) ("[T]here continues to be 'an affirmative duty of due care to avoid infringement of the known patent rights of others.'"). Indeed,

> where, as here, a potential infringer has actual notice of another's patent rights, he has an affirmative duty to exercise due care to determine whether or not he is infringing, including 'the duty to seek and obtain competent legal advice from counsel before the initiation of any possible infringing activity.'

*Knorr-Bremse* 383 F.3d at 1343 (citation omitted).

At trial, the evidence proved that Fiber Composites not only failed to stop infringing when it first learned about Andersen's patents, but that Fiber Composites never sought or received an opinion of counsel that its railing products do not infringe the

claims of Andersen's patents or that the patents were invalid. (Tr. 720:1-25-721:1-9) (Akinwale Decl. Ex. 1). Rather, Fiber Composites chose to litigate the infringement case in the hope that this Court would hold Andersen's patents invalid. *Ryco, Inc. v. Ag-Bag Corp.*, 857 F.2d 1418, 1429 (Fed. Cir. 1988). While Fiber Composites' failure to produce an opinion of counsel no longer gives rise to an adverse inference with respect to the content of the opinion or prospective opinion, Fiber Composites' "aggressive strategy," entirely unsupported by any analysis of the Andersen patents by counsel or otherwise, represents just the sort of conduct that the law of willful infringement seeks to prevent. *Knorr-Bremse*, 383 F.3d at 1343; *Ryco*, 857 F.2d at 1428.

In *Underwater Devices, Inc. v. Morrison-Knudsen Co.*, 717 F.2d 1380 (Fed. Cir. 1983) the court stressed the legal obligation to respect valid patent rights. The court's opinion quoted the infringer's attorney who, without obtaining review by patent counsel of the patents at issue, advised the client to "continue to refuse to even discuss the payment of a royalty." *Id*. at 1385. The attorney advised that "courts, in recent years, have -- in patent infringement cases -- found the patents claimed to be infringed upon invalid in approximately 80% of the cases," and that for this reason the patentee would probably not risk filing suit. *Id.* On this record of flagrant disregard of presumptively valid patents without analysis, the Federal Circuit ruled that the *Knorr-Bremse* court eliminated the adverse inference with respect to the content, or prospective content, of Fiber Composites' opinion, *i.e.*, "that an opinion of counsel was or would have been unfavorable." *Id.* But the fact that Fiber Composites did not even seek an opinion of counsel is fundamental to whether Fiber Composites' satisfied its "affirmative duty of

due care" under the "totality of the circumstances." *Underwater Devices,* 717 F.2d at 1389-90; *see also Knorr-Bremse*, 383 F.3d at 1343 ("Fundamental to determination of willful infringement is the duty to act in accordance with law."); *Crystal Semiconductor,* 246 F.3d at 1351-52; *Rolls Royce Ltd. v. GTE Valeron Corp.,* 800 F.2d 1101, 1109-10 (Fed. Cir. 1986). Because the undisputed evidence showed that Fiber Composites failed completely in its duty of care to act in accordance with the law, no reasonable jury could have found that Fiber Composites' infringement was not willful.

Because Mr. Przybylinski was aware of the Andersen patents at least as early as February 2000, (Tr. 477:10-16) (Akinwale Decl. Ex. 1), and because Fiber Composites failed to exercise due care to avoid infringement of Andersen's patents, the evidence Andersen presented at trial proved, by clear and convincing evidence, that Fiber Composites' infringement was willful. There was no basis for a reasonable jury to find otherwise.

## CONCLUSION

Based on the undisputed evidence regarding Fiber Composites' willful infringement presented at trial, no reasonable jury could have found that Fiber Composites' infringement was not willful. Therefore, Andersen's request for judgment of willful infringement as a matter of law should be granted.

Dated: June 16, 2005

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

By: /s/ Busola A. Akinwale
Ronald J. Schutz (#130849)
Becky R. Thorson (#254861)
Misti Nelc (#0296090)

Nicholas S. Boebel (#030217X)
Busola A. Akinwale (#0338217)

2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, Minnesota 55402-2015
(612) 349-8500

ATTORNEYS FOR PLAINTIFF
ANDERSEN CORPORATION