# EXHIBIT 4

UNITED S [illegible]TES DEPARTMENT OF COMMERCE
Patent and Trademark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| SERIAL NUMBER | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. |
|---|---|---|---|
| 07/938.365 | 08/31/92 | DEANER | M 9340.333-US- |

EXAMINER: DEWITT,L

15M1/0831

MERCHANT. GOULD, SMITH, EDELL,
WELTER & SCHMIDT
1000 NORWEST CENTER
ST. PAUL, MN 55101-[illegible]701

| ART UNIT | PAPER NUMBER |
|---|---|
| 1511 | 3 |

DATE MAILED: 08/31/93

This is a communication from the examiner in charge of your application.
COMMISSIONER OF PATENTS AND TRADEMARKS

☒ This application has been examined ☒ Responsive to communication filed on 9/21/92 ☐ This action is made final.

A shortened statutory period for response to this action is set to expire THREE month(s), — days from the date of this letter.
Failure to respond within the period for response will cause the application to become abandoned. 35 U.S.C. 133

**Part I THE FOLLOWING ATTACHMENT(S) ARE PART OF THIS ACTION:**

1. ☐ Notice of References Cited by Examiner, PTO-892.
2. ☒ Notice of Draftsman's Patent Drawing Review, PTO-948.
3. ☒ Notice of Art Cited by Applicant, PTO-1449.
4. ☐ Notice of Informal Patent Application, PTO-152.
5. ☒ Information on How to Effect Drawing Changes, PTO-1474.
6. ☐ ______

**Part II SUMMARY OF ACTION**

1. ☒ Claims 1-26 are pending in the application.

   Of the above, claims ______ are withdrawn from consideration.

2. ☐ Claims ______ have been cancelled.
3. ☐ Claims ______ are allowed.
4. ☒ Claims 1-26 are rejected.
5. ☐ Claims ______ are objected to.
6. ☐ Claims ______ are subject to restriction or election requirement.
7. ☐ This application has been filed with informal drawings under 37 C.F.R. 1.85 which are acceptable for examination purposes.
8. ☐ Formal drawings are required in response to this Office action.
9. ☐ The corrected or substitute drawings have been received on ______. Under 37 C.F.R. 1.84 these drawings are ☐ acceptable; ☐ not acceptable (see explanation or Notice of Draftsman's Patent Drawing Review, PTO-948).
10. ☐ The proposed additional or substitute sheet(s) of drawings, filed on ______, has (have) been ☐ approved by the examiner; ☐ disapproved by the examiner (see explanation).
11. ☐ The proposed drawing correction, filed ______, has been ☐ approved; ☐ disapproved (see explanation).
12. ☐ Acknowledgement is made of the claim for priority under 35 U.S.C. 119. The certified copy has ☐ been received ☐ not been received ☐ been filed in parent application, serial no. ______; filed on ______.
13. ☐ Since this application apppears to be in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under Ex parte Quayle, 1935 C.D. 11; 453 O.G. 213.
14. ☐ Other

Claims 1-26 are rejected under 35 U.S.C. § 112, second paragraph, as being indefinite for failing to particularly point out and distinctly claim the subject matter which applicant regards as the invention.

(a) Claims 1, 17, 20, 22 and 26 are indefinite in that a modulus is recited for the manufactured article. Since the term modulus includes modulus of rupture and modulus of elasticity, the examiner is unable to determine the scope of the claims. Please clarify.

(b) Claim 3 is vague in that a word is missing between "depth" and "than" at line 3 of claim 3.

(c) Claim 25 is vague in that applicant has failed to recite a claim range for the coefficient of thermal expansion.

(d) Claim 5, 17, 22 and 26 are vague in that there is no antecedent basis for "elongated extrudate".

(e) Claim 7 is vague in that there is no antecedent basis for the phrase "elongated member".

(f) Claim 19 is vague in that it does not further limit claim 17, but repeats the modulus and coefficient of thermal expansion values. Please clarify.

(g) Claims 21 and 22 are indefinite in that the preamble

recites the stile of claim 18; however, claim 18 is directed to a sill rather than a stile. Thus, the claim dependency is improper.

(h) Claims 1, 17, 20, 23 and 26 are confusing in that a wood composite structural member, wood composite sill, wood composite jamb or wood composite rail are claimed and applicant additionally recites the intended use (replacement member) which appears to form the basis for subsequent claim language. For example, claim 17 is directed to a sill, but is defined in terms of a <u>structural member</u> which is being replaced. The examiner needs applicant to <u>specifically</u> define what he/she intends to claim.

The following is a quotation of the first paragraph of 35 U.S.C. § 112:

> The specification shall contain a written description of the invention, and of the manner and process of making and using it, in such full, clear, concise, and exact terms as to enable any person skilled in the art to which it pertains, or with which it is most nearly connected, to make and use the same and shall set forth the best mode contemplated by the inventor of carrying out his invention.

The specification is objected to under 35 U.S.C. § 112, first paragraph, as the specification as originally filed, does not provide support for the invention as now claimed.

Claims 1-26 are replete with new matter limitations.

Claims 1-20 are rejected under 35 U.S.C. § 112, first paragraph, for the reasons set forth in the objection to the specification.

Claims 1, 2, 17, 19, 20, 22, 23, 25 and 26 recite a coefficient of thermal expansion less than $3X10^{-5}$; however, there is no numerical value stated in the specification for this particular property.

The following is a quotation of the first paragraph of 35 U.S.C. § 112:

> The specification shall contain a written description of the invention, and of the manner and process of making and using it, in such full, clear, concise, and exact terms as to enable any person skilled in the art to which it pertains, or with which it is most nearly connected, to make and use the same and shall set forth the best mode contemplated by the inventor of carrying out his invention.

The specification is objected to under 35 U.S.C. § 112, first paragraph, as failing to provide an adequate written description of the invention.

At pages 10 and 24, the applicant recites the molecular weight range for the polyvinyl chloride in terms ±. Such ranges must be recited as inclusive numbers, i.e., 90,000-50,000 and 35,000 10,000.

Please clarify.

The following is a quotation of the appropriate paragraphs of 35 U.S.C. § 102 that form the basis for the rejections under this section made in this Office action:

> A person shall be entitled to a patent unless --
> (b) the invention was patented or described in a printed publication in this or a foreign country or in public use or on sale in this country, more than one year prior to the date of application for patent in the United States.

Claims 1-6 are rejected under 35 U.S.C. § 102(b) as being anticipated by Beshay, US Patent 5,008,310, Miani, US Patent 4,915,764, Natov et al., US Patent 4,594,372, Fujita et al., US Patent 4,737,532, Hopperdietzel, US Patent 4,851,458 and Goettler, US Patent 4,376,144.

Each of the above references teach a wood fiber - vinyl chloride polymer composite. Since the examiner has determined that the specific modulus is indefinite and that the coefficient of thermal expansion value is new matter, it is presumed that a modulus of greater than 500,000 is an inherent property for the composite and that the coefficient of thermal expansion, although not a necessary physical property, is also inherent. See Beshay at columns 4-6; Miani columns 2-5; Natov at columns 1-2; Fujita at columns 1-2; Hopperdietzel at columns 1-4 and Goettler at columns 2, 6, 10 and 12.

The following is a quotation of 35 U.S.C. § 103 which forms the basis for all obviousness rejections set forth in this Office action:

> A patent may not be obtained though the invention is not identically disclosed or described as set forth in section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are such that

> the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains. Patentability shall not be negatived by the manner in which the invention was made.
>
> Subject matter developed by another person, which qualifies as prior art only under subsection (f) or (g) of section 102 of this title, shall not preclude patentability under this section where the subject matter and the claimed invention were, at the time the invention was made, owned by the same person or subject to an obligation of assignment to the same person.

Claims 1-20 are rejected under 35 U.S.C. § 103 as being unpatentable over Beshay, Miani, Natov, Fujita, Hopperdietzel and Goettler in view of Brooks et al. US Patent 5,082,605 and Goforth et al. 5,088,910.

Beshay, Miani, Natov, Fujita, Hopperdietzel and Goettler differ in that the specific use of the wood fibers - vinyl chloride composition for a particular building material is not disclosed. Brooks and Goforth both teach the use of cellulosic fibers and a polymer and waste plastic in formulating a composite useful for making various building materials such as paneling, moldings (structural members) window sills, sashes and the like. See Goforth at columns 1-3 and Brooks at columns 1-4. It would have been obvious to one of ordinary skill in the art to practice the primary reference teachings and make a particular building material since both are directed to polymer and cellulose

containing composites useful for manufactured articles. The modulus values would also have been obvious since all references are directed to making sheets/panels/building materials having increased strength.

**Crystal Mall 1 Fax Center**

A facsimile center has been established in Crystal Mall 1, room 10D08. The hours of operation are Monday through Friday, 8:45 AM to 4:45 PM. The telecopier number for accessing the facsimile machine is (703) 308-4227. This new location should be used in all instances when faxing any correspondence to Group 150. The existing facsimile center for the Patent Examining Corps can be used as a backup if you are unable to reach the Crystal Mall 1 center. The existing Patent Examining Fax Center telecopier numbers are (703) 308-3718 and (703) 308-3721. Use of the new Crystal Mall 1 center will facilitate rapid delivery of materials to the Group. The faxing of all papers must conform with the notice published in the Official Gazette, 1096 O.G. 30 (November 15, 1989).

Any inquiry concerning this communication should be directed to LaVonda Dewitt at telephone number (703) 308-4354.

PAUL R. MICHL
SUPERVISORY PATENT EXAMNINER
ART UNIT 156

LaVonda Dewitt

LaVonda Dewitt:cb
August 30, 1993

PTO FORM 948
(Rev 5-91)
GROUP 1504

U.S. DEPARTMENT OF COMMERCE
Patent and Trademark Office

ATTACHMENT TO PAPER NUMBER 3

APPLICATION NUMBER 938365

# NOTICE OF DRAFTSMAN'S PATENT DRAWING REVIEW

**The PTO Draftsmen review all originally filed drawings regardless of whether they were designated as informal or formal.**

The drawings filed 8/31/92.

A. ☐ are approved.

B. ☑ are objected to under 37 CFR 1.84 for reason(s) checked below. The examiner will require submission of new, corrected drawings at the appropriate time. Corrected drawings must be submitted according to the instructions listed on the back of this Notice.

1. Paper and ink. 37 CFR 1.84(a)
   ☐ Poor Quality Paper Must Be White. Transparent Paper Not Allowed.
   Sheet(s) ______

2. Size of Sheet and Margins. 37 CFR 1.84(b)
   Acceptable Paper Sizes and Margins

   Paper Size

| Margin | 8 1/2 by 14 inches | 8 1/2 by 13 inches | DIN size A4 21 by 29.7 cm. |
|---|---|---|---|
| Top | 2 inches | 1 inch | 2.5 cm. |
| Left | 1/4 inch | 1/4 inch | 2.5 cm. |
| Right | 1/4 inch | 1/4 inch | 1.5 cm. |
| Bottom | 1/4 inch | 1/4 inch | 1.0 cm. |

   ☐ Proper Size Paper Required. All Sheets Must be Same Size.
   Sheet(s) ______

   ☐ Proper Margins Required.
   Sheet(s) ______
   ☐ Top ☐ Right
   ☐ Left ☐ Bottom

3. Character of Lines. 37 CFR 1.84(c)
   ☑ Lines Pale, Rough and Blurred, ~~or Jagged.~~ Fig(s) 1 – 2C

   ☐ Solid Black Shading Not Allowed.
   Fig(s) ______

4. ☐ Photographs Not Approved.

☐ Comments:

5. Hatching and Shading. 37 CFR 1.84(d)
   ☐ Shade Lines are Required.
   Fig(s) ______

   ☐ Criss-Cross Hatching Not Allowed.
   Fig(s) ______

   ☐ Double Line Hatching Not Allowed.
   Fig(s) ______

   ☐ Parts in Section Must be Hatched Properly. Fig(s) ______

6. Reference Characters. 37 CFR 1.84(f)
   ☐ Reference Characters Poor or Rough and Blurred. Fig(s) ______

   ☐ Minimum 1/8 inch (3.2 mm.) in height is required. Fig(s) ______

   ☐ Figure Legends Poor or Placed Incorrectly. Fig(s) ______

7. Views. 37 CFR 1.84(i) & (j)
   ☐ Figures Must be Numbered Separately.

   ☐ Figures Must Not be Connected
   Fig(s) ______

8. Identification of Drawings. 37 CFR 1.84(l)
   ☐ Extraneous Matter or Copy Machine Marks Not Allowed. Fig(s) ______

9. ☐ Changes Not Completed from Prior PTO-948 dated ______

Telephone inquires concerning this review should be directed to the Chief Draftsman at telephone number (703) 557-6404.

Tarz
Reviewing Draftsman

10/5/92
Date