# EXHIBIT 3

FISH & RICHARDSON P.C.

3300 Dain Rauscher Plaza
60 South Sixth Street
Minneapolis, Minnesota 55402

Telephone
612 335-5070

Facsimile
612 288-9696

Web Site
www.fr.com

Frederick P. Fish
1855-1930

W.K. Richardson
1859-1951

BOSTON
DALLAS
DELAWARE
NEW YORK
SAN DIEGO
SILICON VALLEY
TWIN CITIES
WASHINGTON, DC

August 22, 2003

The Honorable Joan N. Ericksen **By Hand Delivery**
United States District Court Judge
Warren E. Burger Federal Building, Room 748
316 North Robert Street
St. Paul, MN 55101

Re: *Andersen Corporation v. Fiber Composites, LLC*
00-CV-2548 JNE/JGL

Dear Judge Ericksen:

This is defendant Fiber Composites, LLC's response to the plaintiff's letter of August 5, 2003 concerning trial scheduling and motions for reconsideration.

First, Fiber Composites agrees that this case is nearly ready for trial. However, Fiber Composites must finish one more task before the case is set for a pretrial conference. Fiber Composites is preparing a supplemental expert report concerning whether the key prior art reference, *Fill Thermoplastics with Wood* is properly enabled.

As the Court may recall, Andersen disclosed its theory that the 1974 article "*Fill Thermoplastics with Wood*" is not enabled, long after the deadline to do so. (Order of Mag. Judge Lebedoff, pg 5; affirmed by Judge Lancaster, Jan. 6, 2003). The parties previously briefed this issue in connection with Fiber Composites' disclosure pursuant to 35 U.S.C. §282. In response to that briefing, the Court concluded, "Plaintiff had the burden to come forth with evidence of lack of enablement, or at least put Defendant on notice of the issue during discovery. Because Plaintiff did not, Defendant is entitled to respond after the discovery period to this issue." (Id.). The Court's summary judgment Order reserved for trial the issue of whether *Fill Thermoplastics with Wood* invalidates the asserted claims of the Group II patents. Accordingly, Fiber Composites is preparing a supplemental expert report concerning enablement which it will serve by September 15, 2003.[1]

Second, Fiber Composites opposes Andersen's request for leave to move for reconsideration. Such a motion is simply not warranted. This Court "dimly view(s) Motions to Reconsider", *Transclean Corp. v. Bridgewood Services, Inc.*, 134 F.Supp.2d 1049, 1060 (D.Minn. 2001). Indeed, the general rule is that such requests are prohibited. D. Minn. L.R. 7.1(g). For this extraordinary request to be granted, Andersen must present compelling circumstances and show that the Court erred as a matter of law, *Snell v. Allianz Lif. Ins. Co. of N. Am.*, No. 97-2784, 2001 WL 1766338, at *1 (D.Minn. Dec. 3, 2001) (enclosed). While Andersen properly points

---

[1] If the Court had granted Fiber Composites' motion for summary judgment on this issue, there would have been no need for additional expert testimony. Thus, Fiber Composites did not ask its expert to prepare this report until after the Court's July 21, 2003 order.

out that its motion for summary judgment against Fiber Composites' defense of invalidity under § 112 was not limited to the Group I patents, there was ample evidence in the record to justify the Court ruling against Andersen. As Fiber Composites pointed out in its briefs, these are issues for trial. Accordingly, there is no compelling circumstance that justifies Andersen's request.

If, however, the Court is inclined to hear motions for reconsideration, then Fiber Composites requests leave to file its own motion. The Court denied Fiber Composites' motion for summary judgment of noninfringement with respect to the doctrine of equivalents based at least in part on expert testimony from Andersen's expert, Mr. Liukkonen. (Order, July 21, 2003, pg. 11. ("[A]ccording to the report prepared by Andersen's infringement expert, one of ordinary skill in the art would consider the difference between the wood-fiber weight of some of the parts and 30% insubstantial.")). Fiber Composites challenged Mr. Liukkonen's competence to provide this opinion. (Defendant Fiber Composites' Opposition in Part to Andersen's Motion for Partial Summary Judgment of Infringement of the '207 and '553 Patents, dated Sept. 20, 2002, pp. 8 –14). However, the Court did not decide this issue. Fiber Composites submits that the Court should have ruled on Mr. Liukkonen's qualifications before denying Fiber Composites' motion. "[A] party opposing summary judgment must show that admissible evidence will be available at trial to establish a genuine issue of material fact." *Financial Timing Publ'ns, Inc. v. Compugraphic Corp.*, 893 F.2d 936, 942 (8th Cir. 1990). Whether Mr. Liukkonen's testimony is inadmissible is ripe for determination at the summary judgment stage. "[I]t is appropriate to consider the admissibility of expert witness testimony during summary judgment. Additionally, if the expert testimony is inadmissible and the non-moving party is unable to generate a genuine issue of material fact without such testimony, it is appropriate to grant summary judgment." *Group Health Plan, Inc. v. Philip Morris Inc.*, 188 F.Supp. 2d 1122, 1130 n. 5 (D. Minn. 2002). If Mr. Liukkonen is not qualified to offer noninfringement opinions, then summary judgment, even under the doctrine of equivalents, is warranted. If the Court prefers not to reconsider its July 21, 2003 order, then Fiber Composites will raise this issue in a motion in limine or a separate *Daubert* motion.

Very truly yours,

R.J. Zayed

RJZ/jdr

cc: Ronald J. Schutz, Esq., Robins, Kaplan, Miller & Ciresi LLP

60162005.doc

Only the Westlaw citation is currently available.

United States District Court, D. Minnesota.

Keith SNELL and Theresa Snell, On Behalf of Themselves and All Others Similarly Situated, Plaintiffs,
v.
ALLIANZ LIFE INSURANCE COMPANY OF NORTH AMERICA and FIDELITY UNION LIFE INSURANCE COMPANY, Defendants.

No. CIV.97-2784(RLE).

Dec. 3, 2001.

ORDER

ERICKSON, Magistrate J.

I. *Introduction*

*1 On November 1, 2001, the Court heard argument on the Motion of Plaintiff-Intervenors Debra Wolinsky ("Wolinsky"), and Louis Gans ("Gans"), as Trustees of the Leonard Chavin Irrevocable Insurance Trust, for Reconsideration of this Court's Order of September 17, 2001, and for leave to intervene in these proceedings. At the time of the Hearing, the Plaintiff-Intervenors appeared by Leonard Becker, Robert C. Maki, and Michael Kanovitz, Esqs.; the Plaintiff Class appeared by Andrew W. Hutton, and John J. Stoia, Esqs., and the Defendant Allianz Life Insurance Company of North America appeared by Roland C. Goss, Esq. For reasons expressed at the close of the Hearing, and briefly reiterated below, we deny the Motion for Reconsideration, and we deny the Motion to Intervene as moot.

II. *Discussion*

The Motion of the Plaintiff-Intervenors for Reconsideration involves little more than a sleight-of-hand attempt to make something appear to be other than what it is. To succeed in securing a reconsideration, a litigant must show something more than mere legerdemain, for the litigant must demonstrate that the Court erred as a matter of law. Accordingly, we deny the Plaintiffs' attempt to seek a reconsideration, because they have failed to identify any "compelling circumstances" that would allow a further consideration. *D. Minn. LR 7.1(g)* ("Motions for reconsideration are prohibited except by express permission of the Court, which will be granted only upon a showing of compelling circumstances."). [FN1]

FN1. Under Local Rule 7.1, upon submission of a request to file a Motion to Reconsider, which is "made by letter to the Court of no more than two pages in length," the Court then determines whether "compelling circumstances" exist so as to warrant a Motion for Reconsideration. The Plaintiff-Intervenors's letter to the Court satisfied the letter request requirement. Nevertheless, the Plainiff-Intervenors assert, incorrectly, that they should be allowed to submit additional briefing before we render any determination on the reconsideration issue. However, since the Plaintiff-Intervenors have failed to surmount the first hurdle of showing "compelling circumstances," we are in need of no further briefing.

Under the law of this Circuit, a Motion for Reconsideration may be treated as the "functional equivalent to a motion to alter or amend the judgment under" Rule 59(e), Federal Rules of Civil Procedure. *Comsat Corp. v. St. Paul Fire and Marine Ins. Co.*, 246 F.3d 1101, 1105 (8th Cir.2001), quoting *DuBose v. Kelly*, 187 F.3d 999, 1002 (8th Cir.1999). As such, a Motion to Reconsider "cannot be used to raise arguments which could have been raised prior to the issuance of judgment." *Galman v. The Prudential Ins. Co. of America*, 254 F.3d 768, 771 (8th Cir.2001).

In seeking reconsideration of our Order denying Wolinsky's exclusion from the Class, the Plaintiff-Intervenors represent, erroneously, that the Motion to Exclude "was presented by counsel who [did] not represent Ms. Wolinsky and who, unfortunately, failed to create the unambiguous record needed for a proper disposition by th[e] Court." *Letter of Counsel for Plaintiff-Intervenors dated October 1, 2001*, at p. 1. In truth, at the time of the Hearing on Wolinsky's Motion to Exclude, her interests were represented by Class Counsel, and by personal counsel--Mr. Leonard Becker ("Becker"), who now represents the Plaintiff-Intervenors in their current Motion. At the start of the Hearing on the Motion to Exclude, we took pains to express our interest in considering any arguments that Becker should wish to proffer on behalf of the Plaintiff- Intervenors. See, *Hearing Transcript of September 13, 2001*, at pp. 3-4. Thereafter, on two separate occasions, we inquired of Becker, in order as to elicit any arguments that he might offer on Wolinsky's behalf. Notwithstanding these opportunities, Becker offered nothing for the Court's

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works

consideration. *Id.* at pp. 13-14, and 21. [FN2]

FN2. Specifically, we inquired of Becker, as follows:

THE COURT: Okay. Mr. Becker, did you want to add anything?

MR. BECKER: I'm sorry, Judge?

THE COURT: Did you want to add anything?

MR. BECKER: No, I'm not going to add anything.

*Hearing Transcript of September 13, 2001*, at pp. 13-14.

* * *

THE COURT: * * * Anything further then on behalf of class counsel?

MR. HUTTON: No, thank you, Your Honor.

THE COURT: Mr. Becker?

MR. BECKER: No, Your Honor.

*Id.* at p. 21.

*2 Now, apparently writing out of whole cloth, the Plaintiff-Intervenors contend that the Motion to Exclude was "erroneously crafted," that Class Counsel committed various "mistakes" in arguing the Motion to Exclude, and that "Ms. Wolinsky never requested that she be allowed to opt back into the settlement and never authorized Class Counsel to act on her behalf to that end." *Letter of Counsel for Plaintiff-Intervenors dated October 1, 2001*, at p. 2. Were any of these contentions correct, we could well have expected Becker to advance them at the time that he appeared before us--but, he did not, and neither he, nor counsel for Plaintiff-Intervenors, provide a cogent argument as to why those same arguments were not timely presented for our consideration. Becker's explanation, that he believed that he was invited to participate in our Hearing of September 13, 2001, as an observer only, borders on the surreal, for we pointedly invited Becker to comment, and he, equally pointedly, declined to do so.

Legal counsel, who do not represent a party in the matter before the Court, are not invited to "audit" the proceedings, and those who do represent a party, and who participate in a Hearing concerning the party they represent, should not, and cannot, as the Plaintiff-Intervenors do here, "raise arguments which could have been raised prior to the issuance of judgment" in a subsequent proceeding. *Galman v. The Prudential Ins. Co. of America,* supra at 771. Class Counsel did not disclaim representation of Wolinsky and, consistent with their duty of candor to the Court, any such "gap" in representation--as the Plaintiff-Intervenors characterize it--should have been promptly, and plainly, drawn to the Court's attention. The integrity of the Court, and of its processes, would be fragile, indeed, if litigants could revise history so as to conform to a subsequent plea for relief. In truth, the Motion for Reconsideration is a crusade in revisionism, and we deny it as such.

With respect to the Motion for leave to intervene, under the law of this Circuit, intervention is allowed only with a showing that a party has both Article III standing, and has met the requirements of Rule 24, Federal Rules of Civil Procedure. See, *Mausolf v. Babbitt,* 85 F.3d 1295, 1299 (8th Cir.1996). While the Supreme Court has yet to rule on the issue, the Eighth Circuit has held "that the Constitution requires that prospective intervenors have Article III standing to litigate their claims in federal court." *Id.* at 1300. The Eighth Circuit has found Article III's limitations on judicial power to be "as unyielding as that placed on Congress by, for example the First Amendment" and, because Rule 24 serves only practical considerations such as judicial economy, the Court has held that the Rule's requirements could not "circumvent Article III's limits on the judicial power." *Id.* at 1299. Therefore, before intervention by Wolinsky, and Gans, should be allowed, we must be certain that they have met the requirements of Rule 24, and have standing under Article III.

*3 The Supreme Court has enumerated three requisites to a finding of standing. The proposed intervenor must have an "injury in fact," which is defined as an "invasion of a legally protected interest;" there must be a causal connection between the injury alleged and the challenged conduct; and the injury claimed must be redressable by a favorable decision. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560-63 (1992); see also, *Friends of the Boundary Waters Wilderness v. Thomas,* 53 F.3d 881, 886 (8th Cir.1995). The Plaintiff-Intervenors assert an interest in this case, based upon their capacity as co-Trustees of the Leonard Chavin Irrevocable Trust. As proof of that status, they have provided us with an exclusion form, which is signed by both Wolinsky, and Gans, in which they are designated as co-trustees of an Allianz policy on the life of Leonard Chavin. [FN3] *Exhibit 1 attached to Memorandum of Law in Support of Class Plaintiffs' Motion to Exclude Debra Wolinsky From the Class.*

FN3. In seeking exclusion from the Class, the Plaintiff-Intervenors simply deny that a co-Trustee had requested Class Counsel to opt back into the Class. They do not suggest that, for example, under the governing law both co-Trustees must agree to the opt in, or that

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works

> the failure of both to do so in writing is a legal bar to their inclusion in the Class. Accordingly, any such argument, if one exists, has been waived. Moreover, when afforded an opportunity to present evidence to demonstrate that an attorney-client relationship did not exist between Class Counsel, and the Plaintiff-Intervenors, no such evidence was presented. Now, in seeking reconsideration, the Plaintiff-Intervenors baldly state that an attorney cannot bind his or her client in a settlement where no authority to settle has been extended to the attorney by the client--a legal proposition with which we do not quarrel. See, *Aetna Life & Casualty v. Anderson,* 310 N.W.2d 91, 95 (Minn.1981). Here, however, the Record, as it was presented during the Hearing on the Motion to Exclude and, indeed, since that time, fails to demonstrate that, in representing the interests of the Plaintiff- Intervenors, Class Counsel were operating without actual authority.

Based upon this documentation, we are satisfied that both Wolinsky, and Gans, have standing to contest our ruling concerning their effort to be excluded from the class. The opt-out document, which reflects their joint status as co- Trustees on an Allianz policy for the life of Leonard Chavin, convinces us that Wolinsky, and Gans, possess a legally protected interest in pursuing such a legal claim. We also recognize that they have claimed an injury to that interest, arising from their joinder as members of the Class, and that such an injury could be redressed by a reversal of our Order on appeal. Accordingly, we find the Plaintiff-Intervenors have Article III standing.

Likewise, the Plaintiff-Intervenors also meet the requirements to intervene of right, under Rule 24(a)(2), Federal Rules of Civil Procedure, which provides as follows:

> Upon timely application, anyone shall be permitted to intervene in an action * * * when the application claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

In order to intervene of right, a party must have a recognized interest in the subject matter of the litigation, which might be impaired by the disposition of the case, and which is not being adequately protected by those who are already parties to the action. See, *Mille Lacs Band of Indians v. Minnesota,* 989 F.2d 994, 997 (8th Cir.1993). Accordingly, for the same reasons that we found the Plaintiff-Intervenors to have Article III standing, we find that they have the requisite interest, and threat of impairment to that interest, under Rule 24. Further, because their status is unique in the case, the interest asserted by Wolinsky and Gans is not adequately protected by the parties to the case. Thus, the Plaintiff-Intervenors meet the requirements to intervene of right, in order to appeal our denial of Wolinsky's Motion to be excluded from the class, and our denial of the their Motion for Reconsideration.

*4 However, it does not follow that the Plaintiff-Intervenors should be allowed to intervene for broader purposes than an appeal from our denial of the Motion to Exclude, and this denial of reconsideration. In order to appeal the settlement approved by this Court, Wolinsky and Gans would have to intervene in this case because, as unnamed members, "they are not (strictly speaking) parties to the action." *In re: General American Life Ins. Co. Sales Practices Litigation,* 268 F.3d 627, 631-32 (8th Cir.2001). However, Wolinsky and Gans have failed to present any showing that they have satisfied the requirements of Rule 24, in order to intervene for any purpose other than appealing this Order, and the Order denying Wolinsky's Motion to be excluded from the Class. [FN4] We find no support for the Plaintiff-Intervenor's contention that they were wrongfully reintroduced to the class after the Fairness Hearing, and thus qualify for a broader scope of intervention. This argument is unavailing for three principal reasons.

> FN4. Our prior opinion in this case suggested that the denial of a Motion to Intervene of an unnamed Class Member was sufficient to confer standing to appeal an Order approving a Class Action with which the unnamed Class Member disagrees. We are now satisfied, by subsequently expressed authority, that the suggestion was wrong. As our Court of Appeals recently explained, in *In re General American Life Insurance Company Sales Practices Litigation,* 268 F.3d 627, 632 (8th Cir.2001):
>
> [The Appellant] is an absent class member, and so he is not a party entitled to appeal from the judgment entered by the district court. He moved to intervene in the district court in an effort to be recognized as a party, but the district court denied his motion as part of its omnibus December 2000 order. If [the Appellant] contested the district court's denial of intervention, and we reversed, [the Appellant] would be accorded party status

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works

> and he could then challenge the fairness of the class settlement.
>
> In this instance, however, [the Appellant] has not challenged the validity of the district court's order denying his motion to intervene. [The Appellant] devotes the entirety of his brief to arguing the merits of the settlement, an issue we may not reach until we first decide that [the Appellant] is a party (i.e., that he should have been permitted to intervene in the district court). [The Appellant] neglects to identify the intervention question as an issue in his Statement of Issues, and he does not even mention the word "intervene" in his brief. By failing to raise the intervention issue, [the Appellant] has waived the issue and effectively conceded his non-party status. He is therefore ineligible to challenge the district court's determination that the class settlement is fair. See Marino [v. Ortiz,] 484 U.S. [301,] 304 [ (1988) ] ("The rule that only parties to a lawsuit, or those that properly become parties, may appeal an adverse judgment, is well settled.
>
> Accordingly, denial of a Motion to Intervene does not, automatically, grant standing to challenge anything other than the Motion to Intervene on appeal.

First, in our Order of September 17, 2001, we clearly held that Wolinsky's "reintroduction to the Class was the product of the very mechanism agreed upon by the parties." Thus, despite her contention otherwise, Wolinsky was not wrongfully reintroduced to the Class. Secondly, the fact that Wolinsky was reintroduced after the Fairness Hearing implies an interest in sharing in the results of that Hearing, and not a desire to challenge its findings. As class members, Wolinsky and Gan's interests are "adequately represented by existing parties" and, therefore, they cannot satisfy the requirements of Rule 24, so as to intervene for any purpose related to the settlement, which has already been approved and implemented. Thirdly, stated otherwise, the Plaintiff- Intervenors have not submitted a "timely application" to intervene so as to challenge the settlement that has been reached in this matter. *Rule 24(a), Federal Rules of Civil Procedure.*

Both the Plaintiff Class, and the Defendants object to any intervention beyond one for the sole purpose of appealing our Orders which denied the Motion to Exclude, and the Motion for Reconsideration, and we agree that, to permit intervention for any other purpose at this late date, would substantially prejudice the interests of the remaining Class members. The parties to this action have expended years of time, and substantial resources, to reach a settlement of this matter, and any intervention which would now interfere with that settlement, would be plainly prejudicial to the interests of the Defendant and the Class. See, *Farmland Diaries v. Comm'r of the New York State Dept. of Agric.*, 847 F.2d 1038, 1044 (2nd Cir.1988); *United States v. City of Chicago*, 908 F.2d 197, 199 (7th Cir.1990) ("Litigation will have no end if every time parties resolve amicably (or drop) a point of contention, someone else intervenes to keep the ball in the air."), cert. denied, 498 U .S. 1067 (1991). Had the Plaintiff-Intervenors wished to have additional avenues to pursue their claims against the Defendants, they should have remained outside of the Class, but they did not.

*5 Therefore, while we grant the Motion to Intervene, we limit that intervention to the appeal of our denial of Wolinsky's Motion to be excluded from the Class, and our denial of the Plaintiff-Intervenor's Motion to Reconsider.

NOW, THEREFORE, It is--

ORDERED:

1. That the Motion to Intervene by Debra Wolinsky and Louis Gans [Docket No. 395] is GRANTED to the extent detailed in the text of this Order.

2. That the Request for Leave to File a Motion to Reconsider this Court's September 17, 2001 order by Debra Wolinsky and Louis Gans [Docket No. 404] is DENIED.

2001 WL 1766338 (D.Minn.)

END OF DOCUMENT

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works