**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Andersen Corporation,

Plaintiff,

v.

Fiber Composites, LLC,

Defendant.

Case No. 00-CV-2548 JNE/JGL

**PLAINTIFF ANDERSEN CORPORATION'S MEMORANDUM OPPOSING FIBER COMPOSITES' MOTION FOR A NEW TRIAL**

The Court should deny Fiber Composites' motion for a new trial on the anticipation invalidity issue. Fiber Composites' complaint that it has not had the opportunity to respond to Andersen's enablement challenge to Modern Plastics is without merit. Long before trial, this Court afforded Fiber Composites a generous remedy and permitted Fiber Composites to amend its 35 U.S.C. § 282 notice to address Andersen's lack of enablement theory. Fiber Composites made a strategic decision to squander that opportunity. Accordingly, at the pretrial stage when Fiber Composites moved in limine to exclude Andersen's expert evidence regarding Modern Plastics' lack of enablement, the Court appropriately denied Fiber Composites' renewed attempt to eliminate Andersen's lack of enablement argument. Even so, at trial Fiber Composites' expert testified on the enablement issue, and in its closing argument Fiber Composites pointed to expert evidence that it thought showed that Modern Plastics was enabled. Fiber

MP3 20140304.1

Composites has had its days in court on the invalidity issue; the Court's correct rulings on this issue were not prejudicial and do not result in a miscarriage of justice that would justify a new trial. Fiber Composites' motion for a new trial on the anticipation invalidity issue should therefore be denied.

## BACKGROUND

Despite the fact that Fiber Composites had earlier opportunities to be heard on the issue—i.e., when the Court allowed Fiber Composites to amend its § 282 notice, when Fiber Composites' belated supplemental expert report was stricken, and during the motions in limine stage—Fiber Composites now argues that it was deprived of the opportunity to respond to Andersen's rebuttal expert opinion. This argument, however, has no merit.

The Court's Scheduling Order explicitly required the parties to exchange information about the prior art in an orderly sequence: (1) Fiber Composites' Prior Art Statement; (2) Andersen's response to Fiber Composites' Prior Art Statement ("Prior Art Response"); (3) Fiber Composites' expert report; and (4) Andersen's rebuttal expert report to Fiber Composites' report. (*See* May 4, 2001 Order.) In accordance with this order, Fiber Composites served its Prior Art Statement, which cited forty-five prior art references, and Andersen served its response to that statement. In that response, Andersen explicitly reserved the right to further respond through expert reports. (Andersen Resp. at 2) (attached as Ex. 1 to Akinwale Decl.) Fiber Composites served one expert report on invalidity, in which Professor Sain focused on just eight references, and Andersen timely served a rebuttal expert report on validity, responding in kind to

Fiber Composites' narrowed allegations. (Sain Rep. at 11-24; Simonsen Rep. at 13-18.) (Attached as Exs. 2 and 3 to Akinwale Decl.) Each party's validity expert was deposed.

The Court's Scheduling Order provided for the filing of *both* a prior art statement and expert report for good reason. Andersen's expert, Dr. Simonsen, properly set forth his opinions and provided his own analysis of the prior art discussed in: (1) Andersen's Prior Art Response; and (2) in rebuttal to Fiber Composites' opening expert report. (Simonsen Rep. at 1, 3) (attached as Ex. 3 to Akinwale Decl.) Since Fiber Composites' expert failed to provide any opinion on whether the *Modern Plastics* article was enabling, Dr. Simonsen's report appropriately pointed out Fiber Composites' lack of opinion (or actual evidence) supporting the legal requirement of enablement. (Simonsen Rep. at 16-17) (attached as Ex. 3 to Akinwale Decl.) In that report, Andersen's expert opined that nothing in the Modern Plastics article discloses whether the wood and PVC components are measured by weight or volume, tells one of skill in the art what type of wood to use, nor tells one of skill in the art how to process the subject material. (Simonsen Rep. at 14) (attached as Ex. 3 to Akinwale Decl.) This he was permitted to do under both the Scheduling Order in this case and Rule 26.

The Court gave Fiber Composites a chance to address Dr. Simonsen's rebuttal report almost three years ago, (Nov. 21, 2002 Order at 7), but Fiber Composites chose not to take advantage of this opportunity. In October 2002, Fiber Composites filed notice under 35 U.S.C. § 282, which requires parties asserting invalidity or noninfringement to provide, at least 30 days before trial, information regarding prior art references, articles, patents and witnesses upon which it intends to rely. The Court granted Andersen's

motion to strike Fiber Composites' notice because the notice violated the Court's pretrial scheduling order and the discovery provisions of the Federal Rules of Civil Procedure. (Nov. 21, 2002 Order at 4.) Fiber Composites, however, complained to the Court that it was not on notice of Andersen's argument that Modern Plastics was not enabled. (*Id.* at 5.) In response, the Court generously permitted Fiber Composites to file an amended § 282 notice to attempt to show that Modern Plastics was enabled. (*Id.* at 7.)

Though it had the opportunity to augment its enablement evidence, in its amended § 282 notice Fiber Composites failed to mention any supplemental expert report or additional expert evidence on invalidity. (Oct. 21, 2003 Order at 4.) Instead, Fiber Composites chose to serve a supplemental expert report long after rebuttal expert reports were due and *nine months* after its amended § 282 notice was due. (July 25, 2002 Order at 1; Nov. 21, 2002 Order at 7.) As a result, this Court conscientiously ruled that Fiber Composites was not entitled to "a second trip to the well" and granted Andersen's motion to strike Fiber Composites' so-called supplemental report. (*Id.*)

Next, Fiber Composites repackaged its argument and moved in limine to exclude Andersen from introducing any prior art related evidence not specified in Andersen's January 8, 2002 prior art response, and both parties moved to limit expert testimony to matters contained in the experts' reports. The Court properly ruled that introducing Dr. Simonsen's validity opinion would not be prejudicial, (Mar. 29, 2005 Tr. 29:25-30:08) (attached as Ex. 4 to Akinwale Decl.), and that no expert would be permitted to testify about things they did not include in their expert report. (*Id.* 18:17-20.) Still, during its closing argument Fiber Composites asserted that sufficient evidence had been introduced

at trial to show that Modern Plastics was enabled. (Tr. 1093:4-1097:10) (attached as Ex. 5 to Akinwale Decl.). Considering the factual and procedural context, there is no basis for the Court to disturb its earlier rulings and grant Fiber Composites a new trial.

## ARGUMENT

### I. Fiber Composites cannot meet its heavy burden to establish grounds for a new trial.

While the grant of a new trial is committed to the trial court's discretion, "[m]otions for a new trial should be granted cautiously and sparingly and only in the furtherance of substantial justice." *Hansen v. Barrett*, 186 F. Supp. 527, 532 (D. Minn. 1960) (quoting *Leuba v. Bailey*, 88 N.W.2d 73, 83 (Minn. 1957)); *see also Maxwell v. J. Baker, Inc.*, 160 F.R.D. 580, 581 (D. Minn. 1995), *rev'd in part on other grounds*, 86 F.3d 1098 (Fed. Cir. 1996), *cert. denied*, 520 U.S. 1115 (1997). Indeed, a new trial should be "granted only to prevent injustice or when the verdict strongly conflicts with the great weight of the evidence. The court is not free to set aside a verdict merely because it would have ruled differently, or believes that the jury should have drawn different inferences and conclusions from the conflicting testimony." *Maxwell*, 160 F.R.D. at 581. In deciding whether a new trial should be granted, the "key question" is whether a new trial is necessary to "avoid a miscarriage of justice." *McKnight v. Johnson Controls, Inc.*, 36 F.3d 1396, 1400 (8th Cir. 1994). No miscarriage of justice is present in this case—as the Court has ruled, any inability to present expert testimony at trial on Fiber Composites' part was due to Fiber Composites' own strategic choices. (Oct. 21, 2003 Order.)

**II. The Court has already rejected the same arguments Fiber Composites no makes in support of its motion for a new trial.**

When it ruled on Fiber Composites' motion in limine to exclude Andersen from introducing any prior art related evidence not specified in Andersen's January 8, 2002 prior art response, the Court rejected the argument —the same argument that Fiber Composites now makes in support of its motion for a new trial—that Andersen's disclosure of the lack of enablement issue in its rebuttal expert report was somehow prejudicial. (Mar. 29, 2005 Tr. 29:13-33:20) (attached as Ex. 4 to Akinwale Decl.) Fiber Composites asserts that it had "considerable authority on its side" when it made these same arguments in its motion in limine. (Fiber Composites' Mem. at 5.) The nonprecedential authority Fiber Composites now cites in support of its motion for a new trial , however, is readily distinguishable from the present case. *Astrazeneca AB v. Mutual Pharm. Co.*, 278 F. Supp. 2d 491, 509 (E.D. Pa. 2003) (concluding that it would be unfair for the defendant to use at trial testing submitted *after the final expert report*); *Am. Stock Exch. v. Mopex, Inc.*, 215 F.R.D. 87, 95 (S.D.N.Y. 2002) (finding, in a declaratory judgment action, unfair prejudice when the plaintiff was *deprived of the opportunity for discovery* relating to the defendant's new counterclaim infringement claim); *Tex. Instruments, Inc. v. Hyundai Elec. Indus., Co.*, No. 2:98CV74, 1999 U.S. Dist. LEXIS 21523, at *12-15 (E.D. Tex. Mar. 5, 1999) (precluding the plaintiff from using evidence when its late disclosure prevented the defendant from taking discovery) (attached as Ex. 6 to Akinwale Decl.); *Suntiger, Inc. v. Scientific Research Funding Group*, 9 F. Supp. 2d 601, 606-07 (excluding evidence when the defendant failed to

comply with the court's discovery rules and the Federal Rules of Civil Procedure). Unlike the circumstances in the string of cases Fiber Composites cites, in the present case this Court has correctly reasoned that no prejudice resulted from Andersen's rebuttal report because the parties still had discovery opportunities available to them after they received each others' reports. (Mar. 29, 2005 Tr. 29:25-30:08) (attached as Ex. 4 to Akinwale Decl.)

Fiber Composites now complains that at trial it was not allowed to introduce an expert opinion on whether Modern Plastics was enabled. (Fiber Composites' Mem. at 10.) Fiber Composites relies on *Butera v. District of Columbia*, 235 F.3d 637, 660-62 (D.C. Cir. 2001)—a nonprecedential civil rights, negligence, and wrongful death action with an outcome favorable to Andersen—to support its contention that its inability to rebut Andersen's expert testimony resulted in a prejudicial imbalance that amounts to the kind of miscarriage of justice that would justify a new trial. (Fiber Composites Mem. at 10.) In *Butera*, the appellate court affirmed the district court's decision to strike the defendant's improper expert witness testimony even though the decision left the defendant without any expert opinion to rebut the plaintiff's expert. 235 F.3d at 660-62. Fiber Composites argues that, unlike the *Butera* defendant, it suffered an imbalanced trial because of an absence of expert witness opinion. (*Id.* at 11.)

Though, as set forth in the next section, Andersen disagrees with Fiber Composites' contention, any lack of admissible evidence on this issue was due to Fiber Composites' own inaction. Now, two years after Fiber Composites was given the chance to amend its § 282 notice, there is still no reason that Fiber Composites should be

indulged with a new trial on this issue. There is no miscarriage of justice here.

**III. At trial, Fiber Composites had the opportunity to introduce evidence regarding enablement; the fact that the jury found against it does not entitle Fiber Composites to a new trial.**

Here, Fiber Composites was not denied the chance to rebut Andersen's testimony. Rather, during his cross-examination at trial, Fiber Composites' invalidity expert, Professor Mohini Sain, testified regarding the enablement issue. (Tr. 774:3-776:14; 781:14-787:20) (attached as Ex. 5 to Akinwale Decl.) Fiber Composites was not precluded from more fully developing this expert testimony on redirect, and in its closing argument, Fiber Composites drew the jury's attention to Professor Gardner's and Dr. Simonsen's expert testimony as evidence in support of its argument that Modern Plastics was enabled. (Tr. 1093:4-1097:10) (attached as Ex. 5 to Akinwale Decl.) In this case, then, there was no "absence of an expert witness that would render the trial imbalanced" in the manner described in *Butera*. 235 F.3d at 662.

Additionally, Fiber Composites' conclusory, speculative assertion that "the opportunity to rebut [Dr. Simonsen's] expert testimony on enablement would likely have resulted in a different conclusion," (Fiber Composites Mem. at 11), is insufficient grounds for the Court to grant Fiber Composites a new trial. While the Court may weigh the evidence presented at trial in deciding whether a new trial is warranted, *Ryan v. McDonough Power Equip.*, 734 F.2d 385, 387 (8th Cir. 1984), it may not set aside the jury's verdict merely because it would have decided differently. *See Maxwell*, 160 F.R.D. 581.

Finally, contrary to Fiber Composites' assertion, case law does not entitle it to a

presumption that Modern Plastics was enabled. (Fiber Composites Mem. at 11.) *Amgen* held that a prior art *patent* was presumed enabled. *Amgen Inc. v. Hoechst Marion Roussel, Inc.*, 314 F.3d 1313, 1355 (Fed. Cir. 2003). In coming to its conclusion, the *Amgen* court cited *In re Sasse*, 629 F.2d 675, 681 (C.C.P.A. 1980), a case that relied on *In re Jacobs*, 318 F.2d 743, 746 (C.C.P.A. 1963), which recognized that a patent is presumed by statute to be valid, and, therefore, presumed to be enabled because enablement is a prerequisite to validity. The *Amgen* footnote to which Fiber Composites cites, (Fiber Composites Mem. at 11), is mere dicta, stating simply that the court's reasoning regarding an enablement presumption with respect to prior art patents "*might* also apply to prior art printed publications," but explicitly declining to actually decide the question. 314 F.3d at 1356 n. 22 (emphasis added). This footnote does not support Fiber Composites' contention that Modern Plastics, a two-page magazine article that has not survived the rigors of PTO scrutiny, should be rewarded with any presumption of enablement afforded an actual patent.

## CONCLUSION

For the reasons stated above, Andersen respectfully requests that the Court deny Fiber Composites' motion for a new trial.

Dated: July 6, 2005. **ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**

By: /s/ Busola A. Akinwale
Ronald J. Schutz (#130849)
Becky R. Thorson (#254861)
Misti Nelc (#296090)
Nicholas S. Boebel (#030217X)

Busola A. Akinwale (#0338217)

2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, Minnesota 55402-2015
(612) 349-8500

**ATTORNEYS FOR PLAINTIFF ANDERSEN CORPORATION**