# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Andersen Corporation,

Plaintiff,

v.

Fiber Composites, LLC,

Defendant.

CIV. NO. 00-CV-2548 RHK/AJB

**PLAINTIFF ANDERSEN CORPORATION'S RESPONSE TO DEFENDANT FIBER COMPOSITES' PRIOR ART STATEMENT**

## INTRODUCTION

Plaintiff Andersen Corporation ("Andersen") submits this Response to Fiber Composites' Prior Art Statement, as directed in the Court's Amended Pretrial Scheduling Order. The following Response provides Andersen's position on Fiber Composites' statement regarding what the prior art shows. In general, however, Fiber Composites has not provided, as required, a complete and detailed explanation of what the prior art shows, and how that art invalidates any asserted claim. Amended Pretrial Scheduling Order at 3. Nothing in Fiber Composites' Prior Art Statement meets or attempts to meet this last element in particular. For example, Fiber Composites does not identify how each reference cited allegedly invalidates asserted claims individually, under either section 102 or 103 of Title 35; or whether some combination of the cited references invalidates the asserted claims under Section 103; or whether the cited references invalidate some or all of the claims for some other reason. Nor does Fiber Composites identify whether any individual reference or combination of references invalidates some but not all of the asserted claims. Neither Attachment A (describing "the prior art references generally with respect to the state of the art") nor Attachment B (cross-



1-8

referencing "representative prior art references with" the asserted claims) substitute for or fulfill these requirements. Further, Attachment B is incomplete to the extent it does not identify all combinations of prior art that allegedly invalidates any of the asserted claims. Although Fiber Composites claims Attachment B "is not meant to limit [its] reliance upon the references" listed in Attachment A, the Amended Pretrial Order specifically directed identification of how the prior art identified invalidates the claims asserted. To the extent Attachment B is Fiber Composites' statement on this requirement, that attachment does in fact limit Fiber Composites to the references used in Attachment B.

Andersen reserves the right to respond further to this Statement, including by amending this Response or though expert reports. Andersen reserves the right to object, however, to any attempt or request by Fiber Composites to amend its Statement, Attachment A, or Attachment B, absent compliance with Paragraph 4, page 3, of the Amended Pretrial Scheduling Order.

**LEGAL STANDARDS**

Certain legal standards govern Fiber Composites' assertion of invalidity defenses, as well as its' use of or reliance upon any of the cited references. Under these legal standards, the vague and conclusory statements made regarding these references demonstrates that Fiber Composites will not prevail on any of its invalidity challenges to the asserted patents.

First, the patents are presumed valid. 35 U.S.C. § 282. Fiber Composites must therefore demonstrate the alleged invalidity of each asserted claim by clear and convincing evidence in light of the grounds for the alleged invalidity. *Al-Site Corp. v. VSI Int'l, Inc.*, 174 F.3d 1308, 1323 (Fed. Cir. 1999); *Kahn v. GMC*, 135 F.3d 1472, 1480 (Fed. Cir. 1998). For example, to demonstrate invalidity by anticipation, 35 U.S.C. § 102, Fiber Composites must show by clear and convincing