# EXHIBIT 6

LEXSEE 1999 U.S. DIST. LEXIS 21523

**TEXAS INSTRUMENTS, Inc., Plaintiff, v. HYUNDAI ELECTRONICS INDUSTRIES, Co. Ltd., HYUNDAI ELECTRONICS AMERICA, Inc., and HYUNDAI SEMICONDUCTOR AMERICA, Inc., Defendants.**

**2:98CV74 (TH) JURY**

**UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TEXAS, MARSHALL DIVISION**

*1999 U.S. Dist. LEXIS 21523*

**March 5, 1999, Decided**
**March 5, 1999, Filed; March 5, 1999, Entered**

**DISPOSITION:** [*1] Texas Instrument's Motion to Preclude Hyundai's Use of, or Reliance Upon Opinions of Counsel (in particular, Theodore G. Brown and Townsend Report) (Doc 143) GRANTED. Texas Instrument's Motion to Preclude Hyundai from Relying Upon Certain Alleged Prior Art as Part of its Invalidity Defense (specifically, Sundstrand) (Doc 131) GRANTED in part and DENIED in part.

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Plaintiff electronics corporation filed a motion to preclude defendant electronics corporations from using or relying upon opinions of counsel as a defense in an action alleging patent infringement.

**OVERVIEW:** Plaintiff alleged that defendant electronics corporations had notice of plaintiff's patent rights and that defendants had the duty to exercise due care to determine whether or not they were, in fact, infringing. Defendants contended that the duty to exercise due care included seeking and obtaining competent legal advise before engaging in a potentially infringing act. Defendants alleged that they sought and obtained legal advice. Plaintiff filed a motion to preclude defendants' use of the legal opinion. The court noted that competent legal advice must raise and address all issues, including possible literal infringement, infringement under the doctrine of equivalents, and validity of the patent. Failure to do so could be a reason to question the competence of the opinion. The court determined that defendants intentionally withheld production of pre-suit analysis documents and a relevant opinion. The court granted plaintiff's motion to preclude the legal opinion.

**OUTCOME:** The court granted plaintiff electronics corporation's motion to preclude defendant electronics corporation from using or relying on legal opinions in a patent infringement action because defendants intentionally withheld production of pre-suit analysis documents and a relevant opinion. The court asserted that defendants could not rely upon the opinion of counsel as a defense because the opinion did not address all the relevant issues.

**LexisNexis(R) Headnotes**

***Civil Procedure > Disclosure & Discovery > Privileged Matters***
***Patent Law > Infringement Actions > Infringing Acts > General Overview***
[HN1] Where a potential infringer has notice of a patentee's rights, the potential infringer has the duty to exercise due care to determine whether or not it is, in fact, infringing. This process usually includes the duty to seek and obtain competent legal advice before engaging in activity that may result in infringement. The potential infringer not required to rely upon advice of counsel as a defense against a claim of willful infringement; however, if an alleged infringer elects to defend against a charge of willful infringement by producing an opinion of counsel to the patentee, any privilege over that advice and related subjects is waived.

***Patent Law > Infringement Actions > Defenses > Patent Invalidity > Grounds***
[HN2] A competent opinion as to potentially infringing activity must address all issues, including possible literal infringement, infringement under the doctrine of equivalents, and validity of the patent. Failure to do so can be reason to question the competence of the opinion.

***Civil Procedure > Sanctions > Discovery Misconduct***
[HN3] A party that without substantial justification fails to disclose information required by *Fed. R. Civ. P. 26(a)* or *26(e)(1)* shall not, unless such failure is harmless, be permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed. *Fed. R. Civ. P.37(c)(1)*.

***Civil Procedure > Sanctions > Discovery Misconduct***
[HN4] The court has broad discretion to make whatever rulings that are just in light of the facts of the particular case. One of the options available is the power to preclude evidence when a party's discovery is evasive or misleading. The court also has the power to sanction or order payment of expenses and/or attorney fees.

***Civil Procedure > Sanctions > Discovery Misconduct***
[HN5] In determining whether violation of *Fed. R. Civ. P. 26* requiring disclosure of evidence is harmless, such that the evidence may be used at trial despite non-disclosure, the trial court's discretion is to be guided by the consideration of four factors: (1) the importance of the evidence or witness' testimony; (2) the prejudice to the opposing party of allowing the evidence in; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation, if any, for the party's failure to identify the witness or evidence.

**COUNSEL:** For TEXAS INSTRUMENTS INCORPORATED, plaintiff: Kenneth Robert Adamo, Jones Day Reavis & Pogue, Dallas, TX.

For TEXAS INSTRUMENTS INCORPORATED, plaintiff: Jay Carl Johnson, Texas Instruments Incorporated, Dallas, TX.

For TEXAS INSTRUMENTS INCORPORATED, plaintiff: Carl R Roth, Law Office of Carl R Roth, Marshall, Tx.

For TEXAS INSTRUMENTS INCORPORATED, plaintiff: Barry Satine, Michael Covino, Jones Day Reavis & Pogue, New York, NY.

For TEXAS INSTRUMENTS INCORPORATED, plaintiff: Jack William Campbell, IV, Jones Day Reavis & Pogue, Washington, DC.

For HYUNDAI ELECTRONICS INDUSTRIES CO LTD, HYUNDAI ELECTRONICS AMERICA INC, HYUNDAI SEMICONDUCTOR AMERICA INC, defendants: Thomas John Ward, Brown McCarroll & Oaks Hartline, Longview, TX.

For HYUNDAI ELECTRONICS INDUSTRIES CO LTD, HYUNDAI ELECTRONICS AMERICA [*2] INC, HYUNDAI SEMICONDUCTOR AMERICA INC, defendants: David J Beck, Beck Redden & Secrest LLP, Houston, TX.

For HYUNDAI ELECTRONICS INDUSTRIES CO LTD, HYUNDAI ELECTRONICS AMERICA INC, HYUNDAI SEMICONDUCTOR AMERICA INC, defendants: Danny Lloyd Williams, Williams Morgan & Amerson PC, Houston, TX.

For HYUNDAI ELECTRONICS INDUSTRIES CO LTD, HYUNDAI ELECTRONICS AMERICA INC, HYUNDAI SEMICONDUCTOR AMERICA INC, defendants: Kenneth L Nissly, Thelen Reid & Priest LLP, San Jose, CA.

For HYUNDAI ELECTRONICS INDUSTRIES CO LTD, defendant: Gregory A Castanias, Jones Day Reavis & Pogue, Washington, DC.

For NIKON PRECISION INC, movant: Elizabeth Ellen Mack, Locke Liddell & Sapp, Dallas, TX.

For NIKON PRECISION INC, movant: Anthony de Alcuaz, Howard Rice Nemerowski Canady, Palo Alto, CA.

For DNS ELECTRONICS LLC, movant: Roderick M Thompson, Pillsbury Madison & Sutro, San Francisco, CA.

**JUDGES:** Thad Heartfield, United States District Judge.

**OPINIONBY:** Thad Heartfield

**OPINION:**

**MEMORANDUM OPINION AND ORDER**

The court held a hearing on March 4, 1999 on the following pending motions:

> 1. Texas Instrument's Motion to Preclude Hyundai's Use of, or Reliance Upon

Opinions of Counsel [*3] (Theodore G. Brown) (Doc 143);

2. Texas Instrument's Motion to Preclude Hyundai from Relying Upon Certain Alleged Prior Art as Part of its Invalidity Defense (specifically, Sundstrand) (Doc 131). n1

An evidentiary hearing was held on February 4, 1999 wherein the court reserved ruling on the above motions, and ordered the parties to engage in more discovery directed at the heart of these motions. That has occurred and the court once again heard evidence and argument of counsel on these motions.

n1 Also pending and heard on the same date were the following motions: Texas Instruments' Motion in Limine and Hyundai's Opposition; Hyundai's Motion for Entry of Final Judgment in 2:98cv73; and Hyundai's Motion for Leave to Amend. This Memorandum Opinion and Order addresses only the motions listed above. All others will be handled in separate orders.

History of Discovery and Evidentiary Orders

In an effort to make the record on these issues crystal clear, the court will reiterate language from its prior [*4] order regarding the chronology of discovery orders in these cases:

This Court entered orders in each case pending before it on September 11, 1998 regarding discovery. The Court directed the parties to Local Rule CV-26(c), and the substantial delay of their initial disclosures. The Court ordered the parties to meet and confer regarding the docket control order as it related to discovery, the upcoming *Markman* hearing, and the appointment of a Special Master. The parties were to conclude this process by October 1, 1998.

A Docket Control Order was entered early on in the proceedings, and was superceded by a First Amended Docket Control Order entered on December 9, 1998. The order addressed discovery, motions, expert testimony, and other matters regarding the trial of this case. Many disputes have resulted over the discovery process despite the court's orders and the Local Rules, which have resulted in a multitude of evidentiary motions, replies, exhibits, charts and diagrams; thus, the court set the matters for hearing, which was held February 4, 1999.

The court entered another discovery order after the evidentiary hearing on February 4, 1999 which, of course, resulted in a new [*5] batch of motions, responses, and objections. The court reserved ruling on the issues of prior art and opinions of counsel, and directed the parties to meet, confer, take additional depositions, and hopefully reach some agreements or simple stipulations. A lengthy hearing was held, and the court discovered that apparently no agreements were made and new disputes have arisen.

***A. Opinions of Counsel***

Hyundai, [HN1] as a potential infringer, had notice of Texas Instruments' patent rights. Hyundai therefore had the duty to exercise due care to detemine whether or not they were, in fact, infringing. This process usually includes the duty to seek and obtain competent legal advise *before* engaging in activity that may result in infringement. *Bott v. Four Star Corp., 807 F.2d 1567, 1572 (Fed. Cir. 1986)*(quoting *Underwater Devices, Inc. v. Morrison-Knudsen Co., 717 F.2d 1380, 1389-90 (Fed. Cir. 1983)* (emphasis added). Hyundai is not required to rely upon advice of counsel as a defense against Texas Instruments' claim of willful infringement; however, if an alleged infringer, such as Hyundai, elects to defend against a charge of willful infringement by [*6] producing an opinion of counsel to the patentee, Texas Instruments, any privilege over that advice and related subjects is waived. *Rolls-Royce Ltd. v. GTE Valeron Corp., 800 F.2d 1101, 1109-10 (Fed. Cir. 1986); Botts, supra* at 1572. Since Hyundai has elected to use this defense, Texas Instruments, as the patentee, is entitled to inquire into the totality of the circumstances surrounding the opinion. *Botts, id.*

[HN2] Obviously, this defense raises other fact issues, a plethora of which are present in this case. A competent opinion must address all issues, including possible literal infringement, infringement under the doctrine of equivalents, and validity of the patent. Failure to do so can be reason to question the competence of the opinion. *In re Hayes Microcomputer Prod. Inc. Patent Litigation, 982 F.2d 1527, 1543 (Fed. Cir. 1992).*

On July 2, 1998 TI made its initial request to Hyundai and identified documents TI expected Hyundai to produce as part of its initial disclosures. Specifically, TI requested Hyundai to include each opinion of counsel they intended to use. *See* Reiter/Schwab letter, dated 7/9/98. Hyundai produced one box of documents [*7] which did not include any pre-1998 opinions. In fact, Hyundai specifically objected to producing any witnesses in response to identifying opinions of counsel. TI also made a Rule 30(b)(6) request, which was apparently ignored by Hyundai. The court is aware that the Townsend Opinion was not ready until October 15, 1998 and therefore could not be produced under the July 1998 request; however, Hyundai was under a continuing duty to supplement under Local Rule CV-26(g).

TI finally received the Townsend Opinion on January 11, 1999, and it bears the date October 15, 1998. This opinion was prepared by Theodore G. Brown, n2 Hyundai's trial counsel, and is apparently based upon pre-suit communications with tool manufacturing and analysis, and includes exhibits that Hyundai was aware of prior to the commencement of legal action. Mr. Brown also was the author of the December 11, 1998 letter in which he refused to produce any witnesses regarding opinions of counsel. It is patently obvious that Mr. Brown was aware of the Townsend Opinion when he sent his December 11 letter, because the opinion was already two months old and had not yet been disclosed. Hyundai had ample time to decide on whether [*8] to rely on the Townsend Opinion, and conveniently put that off until the day after fact discovery closed. n3 The proposition that Hyundai timely disclosed this opinion or that late disclosure is harmless in this case is patently wrong, particularly since Hyundai now says that the Townsend Opinion will be a significant part of its defense to willful infringement.

n2 The title "Townsend" comes from the name of Brown's law firm: Townsend, Townsend & Crew.

n3 Hyundai also contends that the opinion and all other pre-suit documents did not become material until January 11.

The production, on January 11, 1999, of the Townsend Opinion, was after the close of fact discovery. Hyundai intentionally withheld production of pre-suit analysis documents, and deliberately withheld the Townsend Opinion, in violation of Local Rule CV-26(g) and Rule 30(b)(6). Had Hyundai produced the opinion documents timely, TI would have been entitled to look into the totality of the circumstances surrounding this defense.

Another key issue [*9] is whether Hyundai met its affirmative duty of care requiring competent legal advice *before* infringing or continuing to infringe. *Minnesota Mining and Mfg. Co. v. Johnson & Johnson Orthopaedics, Inc., 976 F.2d 1559, 1580 (Fed.Cir. 1992)* (emphasis added). If Hyundai had acted accordingly, TI undoubtedly would have deposed all of the representatives who relied on the opinions, the lawyers who investigated the facts underlying the opinions, the lawyers who wrote and received copies of the opinions, and third parties who supplied the attorneys with information. This process also would have likely resulted in a plethora of additional discovery requests, specifically with regard to Hyundai's Privilege Log. Most importantly, potential questions would have been raised as to whether Brown could serve as trial counsel. Brown's appearance at counsel table would give the improper appearance of his role as a witness-advocate, even if he does not participate in trial.

Hyundai's duty to exercise due care, including obtaining competent legal advice, arose long before this litigation began; specifically, when the 1993 License Agreement expired at the end of October 1997. TI put [*10] Hyundai on notice of the expiration earlier in 1997 during negotiations; however, Brown's opinion being rendered 12 months after the expiration, during which time Hyundai's conduct was uninterrupted, constitutes at least some evidence of willful infringement.

***B. Prior Art***

Hyundai was previously ordered, after the February 4, 1999 hearing, to disclose all documents it intended to use and witnesses it intended to call on this subject, including those witnesses included in Dr. Wedig's expert opinion, together with all witnesses and documents to be used regarding the Sundstrand, Cincinnati Milacron, and Ingersol-Rand issues. Hyundai was also ordered to produce the witnesses, experts, and documents at a time and in a place deemed acceptable by Texas Instruments for depositions and inspection. The parties were instructed and warned that if such was not done between 2/8/99 and 2/26/99, the evidence would be precluded at trial. Now, a month after the initial evidentiary hearing, this court is once again confronted with the same discovery disputes.

When TI received the expert report of Dr. Robert Wedig on January 7, 1999, they discovered three pieces of alleged prior art which [*11] were never before disclosed by Hyundai, and particularly the "Sundstrand system." n4 Wedig also identified nearly 10,000 pages of schematics realting to this system that he had reviewed, only a small portion of which were actually produced by Hyundai prior to the close of discovery. Then, on January 19, 1999, as part of a flurry of summary judgment motions, "new" expert analyses on invalidity, authored by Dr. Wedig, were included. That is not the end.

n4 Also included in that report were the "Ingersoll-Miling system" and the Cincinnati Milacron's "Variable Mission Machine."

Lastly, on February 8, 1999, four days after the evidentiary hearing, Wedig filed a supplemental expert report containing three new Sundstrand analyses. From February 16 through the 23rd, TI took depositions of consultants on the Sunstrand issue that had been disclosed. Although it is clear that Hyundai knew who

these people were since at least July 1998, and obviously had addresses and telephone numbers for them, disclosure was not made until [*12] December 1998.

The Sundstrand system appears at the heart of Wedig's invalidity opinion, and it is clear that Wedig and Hyundai had knowledge of the alleged new prior art months before finally disclosing it to TI. Interestingly, once again, Hyundai waited until January 7, one business day before the close of fact discovery, to finally disclose these important facts. This also included 12 new fact witnesses. Had Hyundai followed the spirit, much less the letter, of Rules 26 and 37, significant discovery would have occurred. Once again, this is another example of Hyundai's cliched discovery process of holding their defenses close to their vest -- so close that no one knows exactly what they consist of until the eleventh hour. Hyundai would revel in trial by ambush should this late-disclosed evidence be allowed at trial.

Scope of the Court's Power

The court will reiterate, from its February 4, 1999 order regarding evidentiary matters, the following principles of law applicable to these matters:

This Court enjoys wide latitude in matters of evidence, as provided by *Federal Rules of Civil Procedure 37*:

> [HN3]
> A party that without substantial justification fails to disclose information [*13] required by Rule 26(a) or 26(e)(1) shall not, unless such failure is harmless, be permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed.

*FED. R. CIV. P. 37(c)(1).*

[HN4] The court has broad discretion to make whatever rulings that are just in light of the facts of the particular case. As recited above, one of the options available is the power to preclude evidence when a party's discovery is evasive or misleading. The court also has the power to sanction or order payment of expenses and/or attorney fees. *Id.*

[HN5] In determining whether violation of Rule 26 requiring disclosure of evidence is harmless, such that the evidence may be used at trial despite non-disclosure, the trial court's discretion is to be guided by the consideration of four factors: (1) the importance of the evidence or witness' testimony; (2) the prejudice to the opposing party of allowing the evidence in; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation, if any, for the party's failure to identify the witness or evidence. *FED. R. CIV. P. 26(a)*, (e)(1), *37(c)(1)*; *U.S. v. $ 9,041,598.68, 163 F.3d 238* [*14] (5th Cir. December 15, 1998). The court is not required to make express findings of fact or conclusions of law concerning the existence of substantial justification or harmless failure to disclose, either by the express language of Rule 37, the Advisory Committee Notes, or Fifth Circuit case law. *Id.; see also Bradley v. United States, 866 F.2d 120, 125 (5th Cir. 1989).* Such rulings by the trial court will not be disturbed on appeal absent a showing of abuse of discretion. *See Harris v. Amoco Production Co., 768 F.2d 669, 684 (5th Cir. 1985).*

Conclusion and Order

In this case, Hyundai's behavior has been an extreme example of tactical delay and total disregard for the rules governing discovery and the inherent powers of the court to control that process. The entire spirit of the discovery process has been twisted, abused, and ignored by Hyundai. The court has given Hyundai ample opportunity to correct their wrongs and to provide TI with the requested information, long after the end of fact discovery. This practice has caused TI considerable prejudice in preparing to meet Hyundai's defenses at trial.

Because of the blatant violations of Rules [*15] 26(g) and Rule 37, the court makes the following orders:

1. Texas Instrument's Motion to Preclude Hyundai's Use of, or Reliance Upon Opinions of Counsel (in particular, Theodore G. Brown and the Townsend Report) (Doc 143) is **GRANTED.** This finding is supported by the record and the briefs of the parties, specifically that repeated requests were made for the information by Texas Instruments which were systematically denied, objected to, or ignored completely by Hyundai. Therefore, Hyundai's reliance on the opinion of Brown, the Townsend Opinion, shall be **EXCLUDED.**

2. Texas Instrument's Motion to Preclude Hyundai from Relying Upon Certain Alleged Prior Art as Part of its Invalidity Defense (specifically, Sundstrand) (Doc 131) is **GRANTED in part and DENIED in part**. Late disclosure is, indeed prejudicial, as to the February 8, 1999 Wedig report. The evidence regarding Sundstrand, specifically as to the information in the supplemental report provided to TI on February 8, 1999, shall be **EXCLUDED.** The information provided to TI regarding Sundstrand prior to the February 8 report shall be **ADMITTED** at trial, subject to TI's Motion in Limine, paragraphs 7, 8, and [*16] 9. Though delayed and nondisclosed, TI had some opportunity to discover, but discovery was rendered futile by the time the supplemental report of February 8, 1999 was filed as

evidenced by the demonstrative charts TI provided the court at the hearing.

It is SO ORDERED.

Signed this 5th day of March, 1999.

Thad Heartfield

United States District Judge