**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Andersen Corporation,

Plaintiff,

Case No. 00-CV-2548 JNE/JGL

v.

Fiber Composites, LLC,

Defendant.

---

# PLAINTIFF ANDERSEN CORPORATION'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION FOR JUDGMENT OF WILLFUL INFRINGEMENT AS A MATTER OF LAW PURSUANT TO RULE 50 OF THE FEDERAL RULES OF CIVIL PROCEDURE

The uncontradicted evidence at trial showed that Fiber Composites was aware of Andersen's patents but continued to manufacture infringing products despite this knowledge. Fiber Composites did not present any evidence that it had any reasonable, good faith basis for doing so. The totality of the circumstances indicate that, under the Court's instruction, no reasonable jury could have found that Fiber Composites' infringement of Andersen's patents was not willful; accordingly, Andersen's motion for judgment of willful infringement as a matter of law should be granted.

## ARGUMENT

At trial, the unrebutted evidence showed that Fiber Composites knew about Andersen's patents, knew the wood-fiber percentage necessary to avoid literal infringement of those patents, and decided to disregard the patents and keep making



MP3 20142279.1

infringing products anyway. Though it was aware of Andersen's patents, Fiber Composites admitted that it continued to infringe and there was no evidence that it had a good faith basis to justify its conduct.

In this case, all of the testimonial and documentary evidence introduced at trial demonstrated that Fiber Composites was aware of the Andersen patents, but continued to infringe despite having no reasonable good faith basis for concluding that Fiber Composites did not infringe these patents. At trial, the James Pajer's deposition testimony established that "[Mr. Przbylinski] told me that he was using less than 30%. So there would not be a problem with his violating the patent." (Tr. at 486:13-18) (Akinwale Decl. Ex. 1.)[1] This testimony was corroborated by documentary evidence showing that "[h]e [Jim Przyblinski] says <30% allows him to avoid violation of the Andersen patent." (Pl.'s Exs. 252 and 254) (Akinwale Decl. Exs. 2 and 3.) It was likewise uncontested that Fiber Composites kept making products with more than 30% wood-fiber until the end of 2000:

> MR. SCHUTZ: And the basis for admitting that infringement is that you have sold product that contained more than 30 percent wood fiber, correct?
> MR. MANCOSH: That is correct.
> MR. SCHUTZ: But you had sold product containing more than 30 percent wood fiber for a period much longer than November through the end of December 2000, correct?
> MR. MANCOSH: That is correct.

---

[1] All cites to exhibits to the Akinwale declaration refer to the Declaration of Busola A. Akinwale and Exhibit Index, and attached exhibits, in support of Andersen's initial Memorandum in Support of Its Motion for Judgment of Willful Infringement as a Matter of Law Pursuant to Rule 50 of the Federal Rules of Civil Procedure, filed electronically on June 16, 2005.

> MR. SCHUTZ: In fact, if we go to this chart basically from the beginning of your company's operations until the end of 2000 you sold product with more than 30 percent wood fiber?
> MR. MANCOSH: Some products, yes. Not all railing products.
> MR. SCHUTZ: But a good chunk if we go look at this chart, right?
> MR. MANCOSH: Yes, a good chunk. That's correct.

(Tr. at 643:10-25; *see also* Def.'s Ex. 12) (Akinwale Decl. Ex. 1 and 4.) This clear and convincing evidence that Fiber Composites was aware of Andersen's patents and yet continued to make its infringing products was unrebutted.

Similarly, the evidence Andersen adduced at trial regarding Fiber Composites' lack of a reasonable good faith basis for concluding that it did not infringe Andersen's patents was unanswered at trial. As illustrated by the Court's instruction to the jury, in making a willfulness determination, "the primary consideration is whether the infringer, acting in good faith and upon due inquiry, had sound reason to believe that it had the right to act in the manner that was found to be infringing." *SRI Int'l v. Advanced Tech. Labs., Inc.*, 127 F.3d 1462, 1464-65 (Fed. Cir. 1997). Minimally tolerable behavior is not acceptable; rather, legal and commercial actions must be prudent and ethical. *Id.* at 1465. Here, there is no indication that Fiber Composites acted in good faith and upon due inquiry, much less that it had a reasonable basis for its continued infringing acts. Indeed, Fiber Composites has never contended that it took any steps to comply with its obligation to act prudently; instead, it now tries to wiggle out of its legal and commercial responsibility to act prudently by stating that Anderson did not ask the right questions. (Fiber Composites Mem. Opp. at 8.) Andersen, however, showed that Fiber Composites did not seek an opinion of counsel, nor did it take any other action, to satisfy its

affirmative duty of due care. (Tr. 477:10-478:6; 653:1-19; 720:1-721:9.) That Fiber Composites knew that it infringed Andersen's patents when it made railing parts with more than 30% wood-fiber weight, but continued to make those infringing products for at least nine more months without any reasonable basis for doing so, is clear and convincing evidence of willful infringement that no reasonable jury could deny.

## CONCLUSION

For the reasons stated herein, and those stated in its initial memorandum, Andersen respectfully requests that this Court grant its motion for judgment of willful infringement as a matter of law.

Dated: July 15, 2005

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

By: /s/ Busola A. Akinwale
Ronald J. Schutz (#130849)
Becky R. Thorson (#254861)
Misti Nelc (#0296090)
Nicholas S. Boebel (#030217X)
Busola A. Akinwale (#0338217)

2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, Minnesota 55402-2015
(612) 349-8500

ATTORNEYS FOR PLAINTIFF
ANDERSEN CORPORATION



MP3 20142279.1