UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

ANDERSEN CORPORATION,

Plaintiff,

v.

FIBER COMPOSITES, LLC,

Defendant.

CIV NO. 00-CV-2548 (JNE/JGL)

**FIBER COMPOSITES, LLC'S REPLY MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR A NEW TRIAL ON INVALIDITY**

In its opposing brief, Andersen fails to refute Fiber Composites' showing that a new trial should be granted on the discrete issue of whether the *Modern Plastics* prior art reference is enabled. As Fiber Composites demonstrated in its moving brief, its inability to respond with expert testimony to expert testimony on Andersen's improperly withheld argument that *Modern Plastics* is not enabled resulted in a fundamentally unfair and prejudicial trial in this respect.

**I. Argument**

Fiber Composites has shown that the prejudice resulting from the imbalance of expert testimony at trial on the key issue of whether *Modern Plastics* is enabled resulted in a fundamental miscarriage of justice. *See White v. Pence*, 961 F.2d 776, 779 (8th Cir 1992); *see also* 11 Wright & Miller, Federal Practice and Procedure § 2805 (2d ed. 1995) ("[A district court has] the power and duty to order a new trial whenever, in its judgment, this action is required in order to prevent injustice."). Therefore, the Court should exercise its discretion to grant a new trial so that Fiber Composites may respond with

expert testimony to Andersen's untimely argument and corresponding expert testimony that *Modern Plastics* is not enabled. *See Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 36 (1980) (per curiam).

### A. The Prior Motion Practice in This Case Shows Andersen's Wrongdoing and the Consequent Harm to Fiber Composites.

Andersen's presentation of the procedural history in this case regarding the *Modern Plastics* prior art reference and Andersen's failure to disclose its argument that this anticipatory reference is not enabled is seriously misleading. (*See* Andersen Mem. at 2-5.) Contrary to Andersen's contention, the motion practice concerning this reference actually demonstrates that Andersen improperly withheld its argument that *Modern Plastics* is not enabled in violation of Court order—and that Fiber Composites was unfairly prejudiced as a result.

Andersen feebly tries to explain away its failure to disclose its nonenablement argument in its Prior Art Statement by pointing to boilerplate language purportedly reserving "the right to further respond through expert reports" in this pleading. (*See* Andersen Mem. at 2.) But the Court's Scheduling Order (*see* Docket No. 28) required such an enablement argument in response to the prior art disclosure by Fiber Composites, not elsewhere. As explained in Fiber Composites' moving brief, this order required Andersen to "state in detail . . . why the prior art does not invalidate the patents in suit." (*Id.*) Andersen's boilerplate "reservation of rights" language obviously did not satisfy this requirement.

Indeed, the Court has recognized that Andersen failed to satisfy this requirement. In the words of Chief Magistrate Judge Lebedoff, "Plaintiff had the burden to come forth with evidence of lack of enablement, or at least put Defendant on notice of the issue, during discovery. . . . Plaintiff did not . . . ." (Order by Chief United States Chief Magistrate Judge Lebedoff, dated November 21, 2002, Docket No. 204, at 5, affirmed by Judge Lancaster, January 6, 2003, Docket No. 212.) Because the Court recognized Andersen's wrongdoing, Fiber Composites was allowed to file an amended 35 U.S.C. § 282 notice.[1] Fiber Composites filed such a notice, contrary to Andersen's false charges of Fiber Composites' "strategic decision to squander that opportunity" and "inaction." (*See* Andersen Mem. at 1, 7.) And in this amended notice, Fiber Composites included new prior art references showing that the *Modern Plastics* reference is enabled, including the Bauman reference, which was introduced at trial for this purpose as well. (*See* Ex. 1; *see also*, *e.g.*, April 8, 2005 Trans. at 912-16.)

In addition to the record in this case, the authority on which Fiber Composites relies fully supports its motion for a new trial, contrary to Andersen's contention. (*See* Andersen Mem. at 6-7.) Andersen states that this authority is "readily distinguishable" but then fails to distinguish it. (*See id.*) Just as one of the parties in each of those cases Fiber Composites has referenced, Fiber Composites has been prejudiced because of Andersen's late disclosure of something substantial in clear violation of a court order. Andersen's only attempt to distinguish those cases is its claim that "no prejudice resulted

[1] Notably, the Court order did not provide that the supplemental notice pursuant to 35 U.S.C. § 282 would be the exclusive remedy to address Andersen's wrongful withholding of its enablement challenge to *Modern Plastics*.

from Andersen's rebuttal report," but Andersen fails to explain why no prejudice resulted in this case. (*See* Andersen Mem. at 7.) The opposite position is exactly Fiber Composites' argument in this motion—Andersen improperly withheld a theory; Fiber Composites was not allowed to respond to this theory with expert evidence; and Fiber Composites was prejudiced as a result, because Fiber Composites could not put such evidence to the jury, and the jury found against Fiber Composites on its anticipation defense *solely on this basis*.

**B. An Amended 35 U.S.C. § 282 Notice Did Not Allow for an Amended Expert Report.**

Andersen's suggestion that Fiber Composites could have responded to Andersen's improperly withheld lack of enablement theory by "mention[ing]" a "supplemental expert report or additional expert evidence on invalidity" in Fiber Composites' amended Section 282 notice is ridiculous. (*See* Andersen Mem. at 4.) A Section 282 notice simply requires a party to provide a list of the prior art to be used at trial:

> In actions involving the validity or infringement of a patent the party asserting invalidity or noninfringement shall give notice in the pleadings or otherwise in writing to the adverse party at least thirty days before the trial, of the country, number, date, and name of the patentee of any patent, the title, date, and page numbers of any publication to be relied upon as anticipation of the patent in suit or, except in actions in the United States Claims Court [United States Court of Federal Claims], as showing the state of the art, and the name and address of any person who may be relied upon as the prior inventor or as having prior knowledge of or as having previously used or offered for sale the invention of the patent in suit. In the absence of such notice proof of the said matters may not be made at the trial except on such terms as the court requires.

35 U.S.C. § 282. To Fiber Composites' knowledge, nothing in the law—either in this statutory provision itself or in any cases—would allow an expert report to be attached to or part of such a notice of prior art. Indeed, the language of this provision shows that it is

a requirement about providing a list of factual evidence, not expert testimony or other opinion evidence.

Moreover, Fiber Composites reminds the Court that Andersen objected to Fiber Composites' original Section 282 notice because it listed patents, including the Bauman reference, that had not been listed in prior pleadings. Yet now Andersen has the audacity to suggest that Fiber Composites could and should have attached an expert opinion to its amended Section 282 notice. Even putting aside the point that, as the wrongdoer, Andersen is not the party to proffer the proper remedy to correct the prejudice resulting from its wrongdoing, one can only imagine Andersen's reaction if Fiber Composites had done what Andersen now suggests.

Thus, for these reasons, Andersen's suggestion that the harm caused by its late disclosure of its enablement argument could have been corrected by this notice alone is absurd.

### C. Fiber Composites Did Not Present and Could Not Have Presented Expert Evidence on the Enablement of *Modern Plastics* at Trial.

Finally, Andersen's argument that Fiber Composites had the opportunity to present expert evidence on enablement at trial is extremely disingenuous. (*See* Andersen Mem. at 8-9; *see also id.* at 1 ("[A]t trial Fiber Composites' expert testified on the enablement issue.").) Fiber Composites was not allowed to do so by Court order—and upon Andersen's request. As Andersen even references in its brief (Andersen Mem. at 4), Andersen brought a motion in limine "to preclude Mohini Sain from testifying on matters not contained in his expert report." (Docket No. 260.) The Court viewed

Andersen's motion as having to with the level of detail in Sain's report since "obviously he can't testify about things—nobody gets to testify about things that they didn't put in their expert report." (March 29, 2005 Trans. at 18.) Thus, because Fiber Composites' supplemental expert report addressing Andersen's rebuttal expert report that *Modern Plastics* is not enabled was stricken, Fiber Composites was not allowed to introduce expert testimony at trial addressing Andersen's expert testimony either.

Therefore, contrary to Andersen's claim (Andersen Mem. at 8), an "absence of an expert witness that would render the trial imbalanced" is exactly what resulted in this case. *See Butera v. District of Columbia*, 235 F.3d 637, 662 (D.C. Cir. 2001). And this is exactly why Fiber Composites should be granted the relief it seeks in the present motion. Fiber Composites should be granted a new trial on invalidity and allowed to introduce expert testimony that *Modern Plastics* is enabled. Not allowing Fiber Composites to introduce such evidence in response to Andersen's like evidence after Andersen's late disclosure of this argument was fundamentally unfair.

## II. Conclusion

For the reasons provided above and in its moving brief, Fiber Composites respectfully requests that the Court grant its motion for a new trial on invalidity on the discrete issue of whether the *Modern Plastics* article is enabling prior art.

Dated: July 15, 2005

FISH & RICHARDSON P.C., P.A.

By: s/Katherine A. Moerke

Katherine A. Moerke (#312277)
3300 Dain Rauscher Plaza
60 South Sixth Street
Minneapolis, MN 55402
Telephone: (612) 335-5070

John M. Skenyon
Michael E. Zeliger
Fish & Richardson P.C.
225 Franklin Street
Boston, MA 02110-2804
Tel.: (617) 542-5070
Fax: (617) 542-8906

Attorneys for Defendant
FIBER COMPOSITES, LLC.

60305396