# EXHIBIT 5

MAIL ROOM NOV 15 1993 PAT. & TRADEMARK OFC.

9340.337-US-01 **PATENT**

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Applicants: Michael J. Deaner et al. Examiner:

Serial No.: 07/938,364 Group Art Unit: 1508

Filed: August 31, 1992 Docket: 9340.337-US-01

Title: ADVANCED POLYMER WOOD COMPOSITE

#7A/W.M. 11-30

DATE OF DEPOSIT: 12 Nov 93

I hereby certify that this paper is being deposited in the U.S. Postal Service, as first class mail, in an envelope addressed to the Commissioner of Patents and Trademarks, Washington, D.C. 20231.

MARK DiPietro
Printed Name

Mark DiPietro
Signature

**AMENDMENT AND RESPONSE**

Hon. Commissioner of Patents
and Trademarks
Washington, D.C. 20231

Dear Sir:

In response to the Office Action mailed July 14, 1993, Applicant provides the following amendments and remarks.

AMENDMENTS

In the Claims

1. (Once Amended) A composite pellet, capable of formation into a structural member, which pellet comprises a cylindrical extrudate having a radius of about 1 to 5 mm, a length of about 1 to 10 mm;

Sub D1

the pellet composition comprising:

(a) about 45 to 70 wt-% of a polymer comprising vinyl chloride;

Sub B1 Cont'd

(b) about 30 to 50 wt-% of wood fiber having a minimum thickness of 1 μm and a minimum length of 3 μm and a minimum aspect ratio of about 1.8; and

(c) less than about 8 wt-% water; and

wherein the wood fiber is dispersed throughout a continuous <u>thermoplastic</u> polymer phase.

---

12. (Once Amended) A polymer and wood fiber composite capable of formation into a structural member, which composite comprises a cylindrical linear extrudate having a radius of about 1 to 5 mm; the linear extrudate composition comprising:

B Sub D2

(a) about 45 to 70 wt-% of a polymer comprising vinyl chloride;

(b) about 30 to 50 wt-% of wood fiber having a minimum thickness of 1 mm and a minimum length of 3 mm and an aspect ratio of about 1.8;

(c) less than about 8 wt-% water; and

wherein the wood fiber is dispersed throughout a continuous <u>thermoplastic</u> polymer phase.

---

22. (Once Amended) A composite composition, capable of extrusion into a dimensionally stable structural member, which composition comprises:

B Sub D3

(a) about 40 to 70 wt-% of a polymer comprising vinyl chloride;

(b) about 30 to 50 wt-% of a wood fiber having a minimum width of 0.3 mm and a minimum length of 1 mm and an aspect ratio of greater than about 1.8;

Sub D3 cntd

(c) about 0.01 to 25 wt-% of an intentionally recycled impurity comprising thermoplastic polymer, an adhesive, a paint, a thermoplastic resin or mixtures thereof; and

(d) less than about 10 wt-% water;

wherein the wood fiber is dispersed throughout a continuous thermoplastic polymer phase.

## REMARKS

Applicant has now amended the claims as detailed above. Support for the amendments may be found in the specification at page 8, lines 12-14 and page 16, lines 9-15 (thermoplastic polymer).

## THE REJECTION

The Examiner has apparently rejected claims 1-30 under 35 U.S.C. §103 as being unpatentable over Hamed in view of Maldas. Applicant respectfully traverses this rejection.

## THE INVENTION

The invention resides in part in a thermoplastic composite pellet. The invention also resides in a vinyl chloride polymer and wood fiber composite material, with a controlled water content, in the form of a thermoplastic pellet, wherein the wood fiber is intimately contacted and wetted by the thermoplastic polymer. The moisture control combined with the intimate contact and wetting between the components in the pelletizing process and other pellet characteristics ensures high quality physical properties in the extruded composite material after manufacture. The thermoplastic is free of any crosslinking agent that will

result in a thermoset composition. Applicant's invention comprises a pellet comprising specific proportion of thermoplastic polymer, a wood fiber and less than about 8 wt-% water. These these proportions are used to obtain the disclosed properties wihtout crosslinking agents.

CITED PUBLICATIONS

Hamed, U.S. Patent No. 3,943,079, teaches a composite material comprising a high aspect ratio cellulosic fiber using a vulcanizable elastomer, with other optional components, and a lubricant. The Hamed systems are vulcanized (thermoset) natural or synthetic rubber systems when used.

Maldas, et al., Journal of Vinyl Technology; V. 11, No. 2, teaches a crosslinked polyvinyl chloride wood fiber composite. The thermoplastic composites of Maldas, without crosslinking, fail to achieve the high structural properties claimed. An isocyanate coupling (crosslinking) agent is required to obtain structural properties such as high modulus.

DISCUSSION OF THE REJECTION

The Examiner has apparently asserted that an extruded thermoplastic pellet comprising polyvinyl chloride and wood materials as disclosed by Hamed with the specific fiber size limitations as taught by Maldas is obvious.

In summary, neither reference teaches a pellet material. Furhter, neither reference teaches the claimed limitations to achieve the desired structural properties in a thermoplastic composite. In contrast to the Examiner's position, both Hamed

and Maldas are not directed to thermoplastic materials, but are directed to using crosslinked materials (Maldas is discussed below).

Hamed requires a natural or synthetic, vulcanizable elastomer (a rubber). While Hamed teaches that polyvinylchloride (PVC) can be used in a composite, the PVC material is always used in combination with a rubber (Hamed, col. 5, lines 5-30). The Examples exclusively use a sulfur crosslinked rubber preparation and vulcanization promoters (Hamed, col. 7, lines 30-38). Hamed does not teach forming the material into the form of a pellet. Hamed teaches mixing, smearing, sheeting but not pellet formation (Hamed, col. 3 lines 20-34). The Examples are also sheeted.

Maldas teaches that the fiber size and aspect ratio may be chosen to affect desired physical properties in a final thermoplastic or crosslinked composite (see Maldas page 93, paragraphs 2-3). Maldas uses a coupling agent, poly(methylene(polyphenyl isocyanate)), to crosslink the polyvinylchloride/fiber systems. The coupling agent provides the improved structural properties (Maldas, page 95, col 2). Maldas teaches that merely encapsulating the fiber with polymer gives inferior properties Maldas page 95 col. 1). Some further treatment is required to obtain improved properties.

In contrast to this prior art, applicant's invention is directed to an unmodified thermoplastic composite material which cannot utilize a crosslinker. Crosslinking a thermoplastic polymer composition will result in a thermoset polymer.

Surprisingly, Applicant's thermoplastic composites have a substantially higher modulus than the thermoset polymers of Maldas. (c.f. Maldas Table 3 and the specification Table I).

Further, Maldas does not teach the pelletizing of the composite material. One skilled in the industry would not think to pelletize the composite material because this art teached that thermoplastic pellets would not have a sufficient modulus to form an effective structural member. Further, once pelletized, the Hamed and Maldas materials could not be used to form any member. Such thermoset materials cannot be melted and extruded into useful products.

In contrast, Applicant first pelletizes the thermoplastic composite material, and then, manufacturers a structural member from the pelleted materials by melting and extruding the composite. Thus, Maldas does not teach or suggest the manufacture or composition of the thermoplastic pellet materials of the Applicant's invention. In fact, Maldas teaches away from using a thermoplastic or uncrosslinked composite material to manufacture a pellet of the composite material.

Neither Hamed nor Maldas teach or suggest the combination of a pellet, less than 8% by weight of water; and 45 to 70% by weight of a thermoplastic vinyl chloride polymer. The combination of components claimed by the invention gives the surprisingly high modulus found in the composition of the invention.

Compared to the crosslinked compositions of Maldas and

Hamed, the composition of the invention has a substantially improved modulus. (See Heikkila affidavit, Table 1). One can see from the example in Table 1 of the Heikkila affidavit that the tensile modulus of the invention is about 152,700 psi compared to 7,758 psi for Maldas. Further, the composition of Hamed has a Young's Modulus of 49,717 psi compared to 996,700 for the example of Applicant's invention. The high modulus seen for Applicant's claimed thermoplastic composition is surprising in view of the thermoset prior art including Maldas and Hamed. One skilled in the art would not expect to achieve the modulus values that Applicant has achieved for the claimed compositions without substantial crosslinking as taught in the prior art.

The teachings in Hamed and Maldas are uncombinable. Hamed

is directed to a vulcanized composite material while Maldas is related to a urethane thermoset or isocyanate crosslinked material. The materials of the two references are so substantially different one skilled in the art would not seek to combine the teachings. Neither Hamed or Maldas teach nor suggest the use of Applicant's claimed thermoplastic pellet composition. Applicant traverses the rejection and requests favorable reconsideration of all claims.

Respectfully submitted,

MICHAEL J. DEANER ET AL.

By its Attorneys,

12 Nov 93
Date

Mark DiPietro
Mark DiPietro
Reg. No. 28,707
MERCHANT, GOULD, SMITH, EDELL,
WELTER & SCHMIDT, P.A.
1000 Norwest Center
St. Paul, Minnesota 55101-2701
Telephone: (612) 298-1055